UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
DOUGLAS J. HORN and CINDY HARP-HORN,   Civ. Action No.:

                Plaintiffs,

                **PLAINTIFF CIVIL RICO STATEMENT**

         -against-

MEDICAL MARIJUANA, INC.
DIXIE ELIXIRS AND EDIBLES,
RED DICE HOLDINGS, LLC, and
DIXIE BOTANICALS,

                Defendants.
----------------------------------------------------------------X

## PLAINTIFFS' CIVIL RICO CASE STATEMENT

Plaintiffs file this Civil RICO Case Statement pursuant to Local Rule 9 and allege on information and belief as follows.

1. **STATE WHETHER THE ALLEGED UNLAWFUL CONDUCT IS IN VIOLATION OF 18 U.S.C. SECTIONS 1962(a), (b), (c), AND/OR (d). IF YOU ALLEGE VIOLATIONS OF MORE THAN ONE SECTION 1962 SUBSECTION, TREAT EACH AS SEPARATE RICO CLAIM.**

   Plaintiffs assert violations of 18 U.S.C. § 1962(a), (b), (c) and (d).

2. **LIST EACH DEFENDANT, AND SEPARATELY STATE THE MISCONDUCT AND BASIS OF LIABILITY OF EACH DEFENDANT.**

   On information and belief, each of the corporate entity defendants are related through acquisition or merger though they carry out separate functions toward the common goal of profit from the racketeering activity alleged:

   MEDICAL MARIJUANA, INC.

   a) Defendant MEDICAL MARIJUANA, INC. is engaged in the business of, *inter alia,* the promotion, manufacture and distribution of hemp-based and cannabis products throughout the United States. Their primary purpose and function was and is to profit

1

from the marketing, distribution, promotion, advertising and/or sale of *inter alia* the Dixie X Elixir product sold to Plaintiff. Defendant was further responsible for the misrepresentations in advertising that the Dixie Products were safe and legal for all consumers to consume.

DIXIE ELIXIRS AND EDIBLES,

b) DIXIE ELIXIRS AND EDIBLES is a Colorado Corporation who is engaged in the business of, *inter alia,* the promotion, manufacture and distribution of hemp-based and cannabis products throughout the United States. On information and belief, Medical Marijuana, Inc. is the parent company of Dixie Elixers and does business under that corporate name.

RED DICE HOLDINGS, LLC

c) Red Dice Holdings LLC is a Colorado Corporation who is engaged in the business of, *inter alia,* the promotion, manufacture and distribution of hemp-based and cannabis products throughout the United States. On information and belief, it was formed as a joint venture between Dixie Holdings and Medical Marijuana, Inc. to hold the intellectual property of the Dixie Brand of products, Dixie Elixirs and Dixie Botanicals.

DIXIE BOTANICALS

d) Dixie Botanicals is a California Corporation who is engaged in the business of, *inter alia,* the promotion, manufacture and distribution of hemp-based and cannabis products throughout the United States. On information and belief, in 2014, Dixie Botanicals was acquired by Medical Marijuana Inc.

3)   **LIST THE ALLEGED WRONGDOERS, OTHER THAN THE DEFENDANTS LISTED ABOVE, AND STATE THE ALLEGED MISCONDUCT OF EACH WRONGDOER.**

Additional wrongdoers not named as Defendants include: (1) unknown employees of defendants who were responsible for *inter alia* marketing, manufacturing and distributing the product which brought about plaintiffs' damages; and (2) other wrongdoers, co-conspirators and aiders and abettors may be identified during the course of discovery.

4)   **LIST THE VICTIMS, AND STATE WHEN AND HOW EACH VICTIM WAS ALLEGEDLY INJURED.**

Plaintiffs, a husband and wife, worked as a team in the commercial trucking business for the same employer for the last ten (10) years.  Cindy Harp-Horn assisted and drove alongside her husband on almost all of their work trips.  On or around October 9, 2015, Plaintiffs were immediately terminated upon their employer Enterprise Transportation's discovery of a legally unacceptable level of THC in Douglas Horn's toxicology tests.  Plaintiffs subsequently lost his accumulated benefits, his current and hope for future lucrative employment.  Plaintiff's believe that they may never replace the successful employment track they were on before taking defendants' Dixie product.  As such, plaintiffs each suffer also from non-economic losses inclusive of emotional pain and anguish, humiliation, and degradation.

5)   **DESCRIBE IN DETAIL THE PATTERN OF RACKETEERING ACTIVITY OR COLLECTION OF AN UNLAWFUL DEBT FOR EACH RICO CLAIM. A DESCRIPTION OF THE PATTERN OF RACKETEERING ACTIVITY SHALL INCLUDE THE FOLLOWING INFORMATION:**

   a)   **List the predicate acts/incidents and the specific statutes allegedly violated;**

There exist numerous predicate acts of mail and wire fraud by the sending through interstate commerce the product manufactured, promoted, advertised, distributed and sold by defendants.  Most prominently, defendants each individually and to advance their common goal

acted in violation of 18 U.S.C. §1961(1)(A) dealing in a controlled substance or listed chemical (as defined in section 102 of the Controlled Substances Act), and (D) the felonious manufacture, importation, receiving, concealment, buying, selling, or otherwise dealing in a controlled substance or listed chemical (as defined in section 102 of the Controlled Substances Act), punishable under any law of the United States. Defendants violated 18 U.S.C. § 1341 and 18 U.S.C. § 1343 by sending their illegal product through U.S. mail and correspondence and billing through wire or electronic transfers. And in violation of 18 U.S.C. §1957(a) in knowingly engages or attempts to engage in a monetary transaction in criminally derived property.

    **b)    Provide the dates of the predicate acts/incidents, the participants in the predicate acts and a description of the facts surrounding each predicate act/incident.**

The date of defendants' predicate acts of racketeering activity with respect to plaintiffs was October 1, 2012 when he received and started to consume the product. On information and belief, defendants manufactured and advertised the product and only started to offer the product months earlier in or around February, 2012.

    **c)    If the RICO claim is based upon the predicate offenses of wire fraud, mail fraud, fraud in the sale of securities, or fraud in connection with a case under U.S.C. Title 11, the "circumstances constituting fraud or mistake shall be stated with particularity," Fed. R. Civ. P. 9(b)** *(Identifying the time, place and contents of the misrepresentations or omissions, and the identity of the persons to whom and by whom the misrepresentations were made);*

Defendants used both U.S. mail and electronic mail and money transfers to promote, distribute and sell the illegal product to plaintiffs in violation of 18 U.S.C. § 1341 and 1343.

    **d)    State whether there has been a criminal conviction for any of the predicate acts/incidents of criminal activity;**

Plaintiffs are unaware of any criminal conviction(s) related to the allegations in the instant action.

6) **DESCRIBE IN DETAIL THE ENTERPRISE FOR EACH RICO CLAIM. A DESCRIPTION OF THE ENTERPRISE SHALL INCLUDE THE FOLLOWING INFORMATION:**

   a) **State the names of the individuals, partnerships, corporations, associations, or other entities constituting the enterprise.**

   At present, plaintiffs are aware only of the listed Defendants as those persons constituting the Enterprise.

   b) **Describe the structure, purpose, roles, function and course of conduct of the enterprise.**

   Plaintiffs are currently unaware before discovery of the structure, purpose, roles, function and course of conduct of the enterprise.

   c) **State whether any defendants are employees, officers, or directors of the enterprise.**

   Plaintiffs have initially alleged liability only as against corporate entities and have not as yet identified individuals.

   d) **State whether any defendants are associated with the enterprise, and if so, how.**

   Reference is respectfully made to response c) above.

   e) **State whether you allege (i) that the defendants are individuals or entities separate from the enterprise, or (ii) that the defendants are the enterprise itself; or (iii) that the defendants are members of the enterprise.**

   Plaintiffs allege that defendants are the enterprise itself.

   f) **If you allege any defendants to be the enterprise itself, or members of the enterprise, explain whether such defendants are perpetrators, passive**

5

**instruments, or victims of the racketeering activity.**

Plaintiffs allege that the defendants are perpetrators and active participants in the alleged racketeering activity.

7) **STATE WHETHER YOU ALLEGE, AND DESCRIBE IN DETAIL, HOW THE PATTERN OF RACKETEERING / CRIMINAL ACTIVITY AND THE ENTERPRISE ARE SEPARATE OR HAVE THEY MERGED INTO ONE ENTITY.**

On information and belief, the enterprise is an association of the defendants which has an ascertainable structure stemming from the leadership of a common principal, merged into one common entity but with separate functions in the promotion, manufacture, distribution and sale of the product which brought about plaintiff's damages.

8) **DESCRIBE THE RELATIONSHIP BETWEEN THE ACTIVITIES AND THE PATTERN OF RACKETEERING/CRIMINAL ACTIVITY. DISCUSS HOW THE RACKETERERING/CRIMINAL ACTIVITY DIFFERS FROM THE USUAL AND DAILY ACTIVITIES OF THE ENTERPRISE, IF AT ALL.**

Plaintiffs believe the pattern or racketeering activity does not differ from any legitimate activities of the Enterprise..

9) **DESCRIBE WHAT BENEFITS, IF ANY, THE ENTERPRISE AND EACH DEFENDANT RECEIVED FROM THE PATTERN OF RACKETEERING/ CRIMINAL ACTIVITY.**

Benefits received by the defendants appear to be the profit from ostensibly to an extent of an over $5,000,000,000 market.

10) **DESCRIBE THE EFFECT OF THE ENTERPRISE'S ACTIVITIES ON INTERSTATE OR FOREIGN COMMERCE.**

Defendants distribute and sell a product which is a Controlled Substance through interstate commerce to the extent of a multi-billion dollar market

11) **IF THE COMPLAINT ALLEGES A VIOLATION OF 18 U.S.C. § 1962(a) PROVIDE THE FOLLOWING INFORMATION:**

    **a)**    State who received the income derived from the pattern of racketeering activity or through the collection of an unlawful debt; and

At present, plaintiff believes that all defendants received income from the national sale of the product alleged herein.

    **b)**    **Describe the use or investment of such income.**

Plaintiffs' are unaware as to how defendants used such income other than to further the racketeering activity.

12) **IF THE COMPLAINT ALLEGES A VIOLATION OF 18 U.S.C. § 1962(b), PROVIDE THE FOLLOWING INFORMATION:**

    **a)**    **Describe in detail the acquisition of maintenance of any interest in or control of the alleged enterprise; and**

On information and belief, the defendants named herein started the illicit business alleged in the Complaint. Plaintiffs believe that defendant Medical Marijuana, Inc. is the parent company who acquired or otherwise have a stake in the other entities named herein.

    **b)**    **State whether the same entity is both the liable "person" and the "enterprise" under § 1962(b**

Yes.

13) **IF THE COMPLAINT ALLEGES A VIOLATION OF 18 U.S.C. § 1962 (c), PROVIDE THE FOLLIWING INFORMATION:**

    **a) State who is employed by or associated with the enterprise;**

Plaintiff does not have access to and is unaware of specific individuals employed by the corporate defendants before discovery.

    b) **State whether the same entity is both the liable "person" and the "enterprise" under § 1962 (c)**

Yes.

14) **IF THE COMPLAINT ALLEGES A VIOLATION OF 18 U.S.C. § 1962(d), DESCRIBE IN DETAIL THE CONSPIRACY, INCLUDING THE IDENTITY OF THE CO-CONSPIRATORS, THE OBJECT OF THE CONSPIRACY, AND THE DATE AND SUBSTANCE OF THE CONSPIRATORIAL AGREEMENT.**

In order to successfully perpetrate the enterprise, defendants worked together to manufacture an innovative product which would bring about untold profit from its marketing, distribution and sale. Each of the entities named herein played its own part in bringing the subject product to market and benefitting therefrom. Plaintiffs believe the defendants created this market in or around February, 2012 when advertising for it began.

15) **DESCRIBE THE ALLEGED INJURY TO BUSINESS OR PROPERTY.**

As more fully stated in plaintiffs' Complaint, plaintiffs lost their substantial livelihood from the use of the product. They were immediately terminated from anticipated lifelong and substantial employment and lost other benefits flowing therefrom. The injury from the use of the product began on approximately October 9, 2012 and continues unabated to date.

16) **DESCRIBE THE RELATIONSHIP BETWEEN THE ALLEGED INJURY AND VIOLATION OF THE RICO STATUTE.**

If plaintiff Douglas Horn did not consume the Dixie X product, he would not have had a positive toxicology test and lost his and his wife's employment then and into the future.

17) **LIST THE DAMAGES SUSTAINED BY REASON OF THE VIOLATION OF § 1962, INDICATING THE AMOUNT FOR WHICH EACH DEFENDANT ALLEGEDLY IS LIABLE.**

Plaintiffs lost employment at the company at a minimum salary of $100,000 each. The total lost salary for both plaintiffs yearly was a minimum of $200,000. In addition to their salaries, plaintiffs lost 401 k contributions, life insurance and other benefits for amounts that are ongoing.

18) **LIST ALL OTHER FEDERAL CAUSES OF ACTION, IF ANY, AND PROVIDE THE RELEVAMT STATUTE NUMBERS.**

None.

19) **LIST ALL PENDENT STATES CLAIM, IF ANY.**

None.

20) **PROVIDE ANY ADDITIONAL INFORMATION YOU FEEL WOULD BE HELPFUL TO THE COURT IN PROCESSING YOUR RICO CLAIM.**

None.

JEFFREY BENJAMIN, P.C.

*Jeffrey Benjamin*
By:   Jeffrey Benjamin, Esq.
Attorney for Plaintiffs
DOUGLAS J. HORN and CINDY HORN
118-21 Queens Boulevard, Suite 501
Forest Hills, New York 11375
(718) 263-1111