UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

—————————————————————————

DOUGLAS J. HORN and CINDY HARP-HORN,

                        Plaintiffs,

      -against-

MEDICAL MARIJUANA, INC., DIXIE ELIXIRS
AND EDIBLES, RED DICE HOLDINGS, LLC,
and DIXIE BOTANICALS,

                        Defendants.

—————————————————————————

**DECLARATION IN
OPPOSITION**

Civil Action No. 15-cv-701-
FPG/MJR

        Eric T. Boron declares the following, pursuant to 28 USC §1746, under penalty of perjury:

        1.    I am an attorney licensed in the United States District Court for the Western District of New York and am a Senior Trial Associate with Mura & Storm, PLLC, attorneys for defendants MEDICAL MARIJUANA, INC. and RED DICE HOLDINGS, LLC in the above-captioned matter.  As such, I am fully familiar with the facts and circumstances of the above-captioned matter.

        2.    This declaration is made and submitted in opposition to plaintiffs' motion filed June 22, 2017 (Document 38) seeking a five-month extension of the deadline dates set forth in the October 7, 2016 Case Management Order (Document 31) in this action.

3.      Also provided herewith is a memorandum of law in opposition to plaintiffs' motion.

## PLAINTIFFS' MOTION TO EXTEND FACT DISCOVERY MUST BE DENIED AS UNTIMELY

4.      The October 7, 2016 Case Management Order of Magistrate Judge Roemer in pertinent part states, in bold print, "No extension of the above deadlines will be granted except upon written application, filed prior to the deadline, showing good cause for the extension".

5.      To the extent plaintiffs' motion filed June 22, 2017 seeks an extension of the deadline for completing all fact discovery, plaintiffs' motion on its face fails to comply with the requirement that it be "filed prior to the deadline".

6.      The October 7, 2016 Case Management Order set June 1, 2017 as the deadline for completing fact discovery.

7.      Plaintiffs' motion for an extension was filed three full weeks after the deadline date for completing fact discovery.

8.      Plaintiffs' stated excuse for not complying with the requirement of the Case Management Order that the motion be filed "prior to the deadline" is, according to Mr. Benjamin's June 22, 2017 declaration that "it appears prior plaintiffs' counsel was not able to make the instant motion earlier".

9.      No specific reason is set forth in plaintiffs' moving papers as to why plaintiffs' prior counsel purportedly "was not able" to make the motion for an extension prior to the deadline.

MURA&STORM, PLLC • 930 RAND BUILDING • 14 LAFAYETTE SQUARE • BUFFALO, NEW YORK 14203
(716) 855-2800 • FAX (716) 855-2816

10.     Notwithstanding Mr. Benjamin's vague representation to the contrary, it is indisputable that between October 7, 2016 and June 1, 2017 plaintiffs' prior counsel was in fact "able" to, and did, prepare and serve responses to defendants' paper discovery demands in this action, and further, was in fact able to, and did, appear and participate at an October 2016 court conference and at a January 2017 court conference, and was in fact able to, and did, appear and participate at the court-ordered mediation session held in February 2017, and was in fact able to, and did, appear in May 2017 on two consecutive days to defend plaintiffs' depositions.

11.     Plaintiffs' attorneys never contacted the undersigned prior to June 1, 2017 to request the consent of our clients to an extension of the deadline for completing fact discovery.

12.     The first time plaintiffs' counsel's office ever contacted the undersigned to request that our clients consent to an extension of the deadline for completing fact discovery was on June 6, 2017, five days after said deadline date had come and gone.

13.     The undersigned communicated to plaintiffs' counsel on June 8, 2017 that our clients would not consent to an extension of the deadline for completion of fact discovery.

14.     Plaintiffs then waited another two weeks after June 8, 2017 before moving for an extension of the deadline for completing fact discovery.

MURA&STORM, PLLC ● 930 RAND BUILDING ● 14 LAFAYETTE SQUARE ● BUFFALO, NEW YORK 14203
(716) 855-2800 ● FAX (716) 855-2816

15.     Under such indisputable facts there can be no acceptable excuse made for plaintiffs' prior counsel not having filed a motion prior to June 1, 2017 seeking an extension of the deadline for completing fact discovery.

16.     As such, to the extent the motion seeks an extension of the deadline for completing fact discovery, plaintiffs' motion must be denied for having failed to meet the simple and clear deadline for moving for an extension.

## NO GOOD CAUSE FOR AN EXTENSION OF ANY DEADLINE HAS BEEN SHOWN BY PLAINTIFFS

17.     The October 7, 2016 Case Management Order further states, also in bold print, that the parties are reminded that "a finding of 'good cause' depends on the diligence of the moving party", citing *Parker v. Columbia Pictures Industries*, 204 F.3d 326, 340 (2d Cir. 2000).

18.     Plaintiffs, as the moving party herein, have shown no diligence whatsoever concerning completing fact discovery in this action.

19.     The undersigned was present in Court with plaintiffs' previous attorney, Frank Housh, on September 26, 2016 at 2:30 p.m. at a status conference. This was the first time Mr. Housh appeared as plaintiffs' attorney in the case.  During the status conference Mr. Housh reported to Magistrate Judge Roemer that plaintiffs' original attorney Mr. Benjamin had been suspended from practice for six months, but that the "plan" was for Mr. Benjamin to return to take over the case once his suspension from practice ended.  Magistrate Judge Roemer told Mr. Housh in no uncertain terms that the case was not going to be put on hold waiting for the return of Mr. Benjamin.

MURA&STORM, PLLC • 930 RAND BUILDING • 14 LAFAYETTE SQUARE • BUFFALO, NEW YORK 14203
(716) 855-2800 • FAX (716) 855-2816

20.     At the same September 26, 2016 status conference Magistrate Judge Roemer advised the attorneys for the parties that he does not easily grant extensions of the Case Management Order.

21.     Notwithstanding Magistrate Judge Roemer's unequivocal indication that that the case was not going to be put on hold waiting for the return of Mr. Benjamin, **plaintiffs have never served any discovery demands in this action.**

22.     It is now approaching two years since plaintiffs filed their summons and complaint commencing this action.

23.     During the discovery hearing with the Court held January 9, 2017 in this action, plaintiffs' prior counsel Mr. Housh expressed no concerns to this Court or to the undersigned about any of the deadlines set forth in the October 7, 2016 Case Management Order, other than joining in the request of the parties for a brief extension of time to complete the court-ordered mediation session, which is now a moot issue, as the mediation session was completed by the parties on February 10, 2017.

24.     All other parties in this action took the October 7, 2016 Case Management Order fact discovery deadline seriously, and timely served their discovery demands and timely conducted their depositions, all within the generous time frames for completing fact discovery established by the October 7, 2016 Case Management Order.

25.     It is unclear whether Mr. Benjamin complied with the Western District of New York's Local Civil Rules 83.3 (d) and/or (e) prior to submitting the motion at issue.

MURA&STORM, PLLC ● 930 RAND BUILDING ● 14 LAFAYETTE SQUARE ● BUFFALO, NEW YORK 14203
(716) 855-2800 ● FAX (716) 855-2816

### *Plaintiffs have provided no valid reason for extending the deadlines*

26.    Mr. Benjamin's declaration in support sets forth three reasons upon which he asserts the Court should provide a five-month extension of the deadlines of the Case Management Order.

27.    Mr. Benjamin's first proffered reason for the extension request is that plaintiffs have been deposed, but defendants have not.

28.    This asserted reason is unpersuasive.   The reason defendants have not been deposed is that plaintiffs never noticed any depositions of the defendants and never asked to schedule any deposition of a defendant.  As such, the mere fact that defendants have not been deposed fails to show any diligence of plaintiffs in pursuing allegedly needed discovery in this action, and on such facts there is no valid reason and certainly no good cause for granting the requested extension.

29.    Mr. Benjamin's second proffered reason for the extension request is that he will need a "short time" to obtain the file from former counsel and prepare for continued fact discovery.

30.    Likewise, this supposed reason is unpersuasive.   As with Mr. Benjamin's first reason, it fails to show any diligence of plaintiffs in pursuing allegedly needed discovery in this action, and as such cannot constitute either a valid reason or good cause to grant the requested extension.

31.    Mr. Benjamin, as acknowledged by paragraph "2" of his declaration in support, is not new to this case.  According to our records, Mr. Benjamin was attorney of record for plaintiffs for the first nine months of this action, and participated in the initial

MURA&STORM, PLLC • 930 RAND BUILDING • 14 LAFAYETTE SQUARE • BUFFALO, NEW YORK  14203
(716) 855-2800 • FAX (716) 855-2816

Rule 16 (b) scheduling conference with Magistrate Judge Scott (see Document 21 – Scheduling Order of April 14, 2016).   Mr. Benjamin never served any discovery demands of plaintiffs during his initial nine-month stint as plaintiffs' counsel.

32.    It was Mr. Benjamin who signed and filed plaintiffs' 18-page, 87-paragraph complaint and jury demand (Document 1) in this action on August 6, 2015. Mr. Benjamin also signed and filed plaintiffs' 9-page civil RICO statement (Document 2) in this action on August 6, 2015.   Such prior representation obviously makes Mr. Benjamin suitably familiar with the facts and circumstances of this matter, whether or not he has yet had the plaintiffs' file returned to him by Mr. Housh.

33.    Moreover, Mr. Benjamin's declaration in support filed June 22, 2017 (Document 38-1) represents that he is "familiar with the facts and circumstances of this matter", begging the question why he would be in a time crunch to "prepare for" further discovery in this matter.

34.    As such, no good reason has been provided to this Court as to why the upcoming deadlines of the applicable Case Management Order cannot be adhered to by Mr. Benjamin, considering both his past history and his present familiarity with the facts and circumstances of this matter.

35.    It is respectfully submitted that plaintiffs currently have ample time, until September 1, 2017 under the Case Management Order, to identify their expert(s) and produce their expert reports.

MURA&STORM, PLLC • 930 RAND BUILDING • 14 LAFAYETTE SQUARE • BUFFALO, NEW YORK 14203
(716) 855-2800 • FAX (716) 855-2816

36.    Plaintiffs still have nearly a full six months remaining, until December 29, 2017, to depose defendants' experts, under the Case Management Order.

37.    The third reason proffered by Mr. Benjamin's declaration in support is equally unpersuasive.

38.    As discussed in more depth earlier (above) in this declaration, Mr. Benjamin's failure to provide a plausible explanation as to why plaintiffs' prior counsel was purportedly "not able" to make the motion for an extension prior to the fact discovery completion deadline, prior to being replaced as counsel of record on or about June 21, 2017, suggests the likelihood that despite Magistrate Judge Roemer's admonition, plaintiffs' prior counsel was merely "babysitting" the case for Mr. Benjamin while Mr. Benjamin served out the term of his suspension from practice.

39.    Considering the scope, extent and nature of the serious and wide-ranging allegations set forth in plaintiffs' complaint, including allegations of RICO violations, all of which has been hanging over defendants' heads for nearly two years already, with plaintiffs having heretofore pursued no discovery of any nature in furtherance of their action, defendants would be unjustifiably prejudiced if this Court should grant plaintiffs' motion for an extension, which would only further delay the time when defendants may finally have their day in court to clear their good names and business reputations.

40.    In sum, Plaintiffs' motion fails to show any diligence of the plaintiffs in pursuing discovery, and fails to set forth any cause or reason, much less good cause,

MURA&STORM, PLLC ● 930 RAND BUILDING ● 14 LAFAYETTE SQUARE ● BUFFALO, NEW YORK 14203
(716) 855-2800 ● FAX (716) 855-2816

for extending the fact discovery deadline, the expert disclosure deadlines, the expert deposition deadlines, or any other upcoming deadlines set forth in the Case Management Order.

For all the reasons set forth above, and for the reasons discussed in the memorandum of law in opposition also provided herewith, the Court should deny in its entirety plaintiffs' untimely and groundless motion.

DATED:     Buffalo, New York
           July 5, 2017

                                        s/Eric T. Boron,_____
                                        Eric T. Boron, Esq.
                                        MURA & STORM, PLLC
                                        *Attorneys for Defendants Medical*
                                        *Marijuana, Inc. and Red Dice Holdings,*
                                        *LLC (only)*
                                        930 Rand Building, 14 Lafayette Square
                                        Buffalo, New York 14203
                                        (716) 855-2800
                                        eric.boron@muralaw.com (not for
                                        service other than through ECF)

To:     Jeffrey Benjamin, Esq.
        KUPILLAS, UNGER & BENJAMIN, LLP
        *Attorneys for Plaintiffs*
        1 Linden Place, Suite 410-A
        Great Neck, NY 11021
        (516) 213- 4493
        jbenjamin@nyfraudlaw.com

cc:     Hanoch Sheps, Esq.
        Wendy J. Lindstrom, Esq.
        MESSNER REEVES LLP
        *Attorneys for Defendant Dixie Elixirs, LLC*
        805 Third Avenue, 18th Floor
        New York, New York 10022
        (646) 663-1853
        hsheps@messner.com
        wlindstrom@messner.com

MURA & STORM, PLLC ● 930 RAND BUILDING ● 14 LAFAYETTE SQUARE ● BUFFALO, NEW YORK 14203
(716) 855-2800 ● FAX (716) 855-2816