UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

DOUGLAS J. HORN and CINDY HARP-HORN,

Plaintiffs,

vs.

MEDICAL MARIJUANA, INC., DIXIE ELIXIRS
AND EDIBLES, RED DICE HOLDINGS, LLC,
and DIXIE BOTANICALS,

Defendants.
_____

Civil Action No. 15-cv-701-FPG/MJR

_____

**MEMORANDUM OF LAW
OPPOSING PLAINTIFFS' MOTION FOR EXTENSION
OF DEADLINE DATES IN CASE MANAGEMENT ORDER**

Respectfully Submitted,

Eric T. Boron, Esq.
MURA & STORM, PLLC
*Attorneys for Defendants Medical
Marijuana, Inc. and Red Dice Holdings,
LLC (only)*
930 Rand Building
14 Lafayette Square
Buffalo, New York 14203
(716) 855-2800

i
MURA&STORM, PLLC • 930 RAND BUILDING • 14 LAFAYETTE SQUARE • BUFFALO, NEW YORK 14203
(716) 855-2800 • FAX (716) 855-2816

**TABLE OF CONTENTS**

Preliminary Statement ........................................................................................................ 1

Legal Argument ................................................................................................................. 1

Point I

      PLAINTIFFS' REQUEST TO EXTEND
      THE DEADLINE FOR COMPLETING FACT DISCOVERY
      IS UNTIMELY
      ............................................................................................................................ 1

Point II

      PLAINTIFFS' LACK OF DILIGENCE IN PROSECUTING THIS ACTION
      PROVIDES FURTHER REASON TO DENY PLAINTIFFS' REQUEST
      FOR AN EXTENSION OF THE DEADLINE FOR COMPLETING FACT
      DISCOVERY ............................................................................................................ 3

Point III

      PLAINTIFFS HAVE FAILED TO SHOW GOOD CAUSE
      FOR EXTENDING ANY OTHER DEADLINE DATES IN THIS ACTION .............. 6

Point IV

      WHETHER OR NOT THE PARTY OPPOSING AN EXTENSION
      WOULD BE PREJUDICED BY AN EXTENSION IS IRRELEVANT
      WHEN THE MOVANT HAS FAILED TO SHOW DILIGENCE OR
      GOOD CAUSE ........................................................................................................ 7

Conclusion .......................................................................................................................... 8

## TABLE OF AUTHORITIES

**Cases**

*Carnrite v. Granada Hospital Group, Inc.*, 175 F.R.D. 439 (W.D.N.Y. 1997) ............... 4, 6

*Holmes v. Grubman,* 568 F.3d 329 (2d Cir. 2009) .......................................................... 3

*Lamparelli Const. Co. v. Arrow Wood Prods.*, 2016 U.S. Dist. LEXIS 47799 (W.D.N.Y. 2016) ........................................................................................................ 2

*Mendez v. Barlow*, 2008 U.S. Dist. LEXIS 38545 (W.D.N.Y. 2008) ................................ 8

*Misas v N.-Shore Long Is. Jewish Health Sys.*, 2016 U.S. Dist LEXIS 96764 (S.D.N.Y. 2016) ........................................................................................................... 3

*Multi-Juice, S.A. v Snapple Bev. Corp.*, 2005 U.S. Dist. LEXIS 8973 (S.D.N.Y. 2005) ........ 3

*Parker v. Columbia Pictures Industries*, 204 F.3d 326 (2d Cir. 2000) ................................. 3

*Shemendera v. First Niagara Bank N.A.*, 288 F.R.D. 251 (W.D.N.Y. 2012) ............ 5, 6, 8

*S.E.C. v. McNulty*, 137 F.3d 732 (2d Cir. 1998) ............................................................... 2

*Willett v. City of Buffalo*, 2016 U.S. Dist. LEXIS 150499 (W.D.N.Y. 2016) ...................... 3, 6

**Other Authorities**

6A Wright, Miller, Kane, <u>Federal Practice & Procedure (Civil)</u> §1522.2 (3d ed.)............. 5

**Rules**

Fed R. Civ. P. Rule 16(b) ................................................................................................ 3

Fed R. Civ. P. Rule 16(b)(4) ........................................................................................... 3

## **PRELIMINARY STATEMENT**

This memorandum of law is provided, along with the declaration of the undersigned, in opposition to plaintiffs' pending and untimely motion seeking an extension of the deadline dates in the case management order, and in particular, seeking an extension of the deadline for completing fact discovery. This case concerns a myriad of scattershot allegations made by plaintiffs arising from plaintiffs' alleged purchase and use of a portion of a single 500 mg bottle of a so-called "elixir" product allegedly manufactured and/or sold to plaintiffs by defendants. Plaintiffs' complaint asserts nine separate causes of action, or "Counts", including alleged civil RICO violations.

As shown below, plaintiffs' pending motion must be denied because it was untimely submitted, and moreover, because it shows plaintiffs' lack of diligence in prosecuting this case. There is no good cause for this Court to grant any component of plaintiffs' motion.

## **LEGAL ARGUMENT**

### **POINT I**

### **PLAINTIFFS' REQUEST TO EXTEND THE DEADLINE FOR COMPLETING FACT DISCOVERY IS UNTIMELY**

The October 7, 2016 Case Management Order of Magistrate Judge Roemer in this action in pertinent part states, in bold print, **"No extension of the above deadlines will be granted except upon written application, filed prior to the deadline, showing good cause for the extension."** To the extent plaintiffs' pending

1

motion filed June 22, 2017 seeks an extension of the deadline for completing all fact discovery, which deadline had been set by the Case Management Order at June 1, 2017, plaintiffs' motion on its face fails to comply with the requirement that the request for the extension be "filed prior to the deadline".

The argument set forth by Mr. Benjamin in his declaration in support of plaintiffs' motion sets forth no excuse for plaintiffs' failure to timely make their motion for an extension, other than that "it appears that prior plaintiffs' counsel was not able to make the instant motion earlier" (see paragraph "7" of Document 38-1, the Declaration of Jeffrey Benjamin dated June 22, 2017). No explanation is provided as to why plaintiffs' prior counsel Frank Housh, who between September 26, 2016 and May 31, 2017 did appear for plaintiffs at two separate status conferences with this Court, did produce on behalf of plaintiffs documents and records and answer interrogatories, did appear for plaintiffs at the court-ordered mediation session, and did appear to defend plaintiffs at their depositions, was nevertheless purportedly "not able" to make the motion for an extension earlier.

"It is well settled that a change of counsel does not relieve a party of the effects of the rules of practice or otherwise excuse prior counsel's lapses…Any other policy would allow easy evasion of parties' and counsel's obligations and unduly complicate and prolong case management." *Lamparelli Const. Co. v. Arrow Wood Prods.*, 2016 U.S. Dist. LEXIS 47799 at *2 (W.D.N.Y. 2016). *See also S.E.C. v. McNulty*, 137 F.3d 732, 739 (2d Cir. 1998) ("[n]ormally, the conduct of an attorney is imputed to his client, for allowing a party to evade the consequences of his acts or omissions of his freely selected agent would be wholly inconsistent with our system of

representative litigation, in which each party is deemed bound by the acts of his lawyer-agent").

Mr. Housh was clearly told on September 26, 2016 by the Court that the Court would not be putting the case on hold until Mr. Benjamin returned from his suspension. "To be sure, attorney neglect, carelessness, or oversight is not a sufficient basis for a court to amend a Scheduling Order pursuant to Rule 16(b)" *Multi-Juice, S.A. v Snapple Bev. Corp.*, 2005 U.S. Dist. LEXIS 8973, at *7 (S.D.N.Y. 2005). Because it is indisputable that the pending motion of the plaintiffs seeking an extension of the deadline for completing fact discovery was not filed prior to said deadline, this Court must deny that component of plaintiffs' motion.

## POINT II

### PLAINTIFFS' LACK OF DILIGENCE IN PROSECUTING THIS ACTION PROVIDES FURTHER REASON TO DENY PLAINTIFFS' REQUEST FOR AN EXTENSION OF THE DEADLINE FOR COMPLETING FACT DISCOVERY

The October 7, 2016 Case Management Order of Magistrate Judge Roemer in this action in pertinent part states, in bold print, "**No extension of the above deadlines will be granted except upon written application, filed prior to the deadline, showing good cause for the extension.**" Plaintiffs' motion fails to show good cause for extending the deadline for completing fact discovery in this action.

Fed R. Civ. P. ("Rule") 16(b)(4) provides that "[a] scheduling order may be modified *only* for good cause and with the judge's consent" *Willett v. City of Buffalo*, 2016 U.S. Dist. LEXIS 150499 at *5 (W.D.N.Y. 2016) (italic added for emphasis). The Second Circuit has repeatedly stated that a finding of good cause depends on the diligence of the moving party. *Parker v. Columbia Pictures Industries*, 204 F.3d 326, 340

3

(2d Cir. 2000). "The burden of demonstrating good cause rests with the movant." *Misas v N.-Shore Long Is. Jewish Health Sys.*, 2016 U.S. Dist LEXIS 96764 at *13 (S.D.N.Y. 2016), (citing *Holmes v. Grubman,* 568 F.3d 329, 334-35 [2d Cir. 2009]). It is indisputable that in the nearly two years since filing this action, plaintiffs have not been diligent in prosecuting this action. Plaintiffs in fact have <u>yet</u> to serve <u>any</u> discovery demand of any nature upon any defendant in this action. As such, even if this Court were to overlook the untimeliness of plaintiffs' request for an extension of the June 1, 2017 deadline for completing fact discovery, no good cause has been shown by plaintiffs for being granted such an extension, because plaintiffs have not been diligent in pursuing let alone completing fact discovery in advance of the Case Management Order's June 1, 2017 deadline date.

It is pertinent to this motion that Magistrate Judge Roemer advised plaintiffs' outgoing counsel Mr. Housh in Court, in person, and in no uncertain terms, during a status conference held on September 26, 2016 in this action, that the instant action would not be put on hold awaiting the return of plaintiffs' original counsel Mr. Benjamin. Notwithstanding Magistrate Judge Roemer's unequivocal advisement, plaintiffs have never served any discovery demands in this action, and now we have Mr. Benjamin returning to the case and moving for an extension of the deadline for completing fact discovery. Mr. Benjamin's unfounded motion is unfair and prejudicial to defendants, particularly in light of the fact that plaintiffs have not shown and cannot show diligence on their part in even commencing, let alone completing, fact discovery by the June 1, 2017 deadline date for completing fact discovery.

4

"'Good cause' means that scheduling deadlines cannot be met despite a party's diligence" *Carnrite v. Granada Hospital Group, Inc.*, 175 F.R.D. 439, 446-47 (W.D.N.Y. 1997). With nearly two years having passed since plaintiffs filed this action, the parties in the matter at hand have without question had ample time to conduct fact discovery. Moreover, plaintiffs' outgoing attorney Mr. Housh waited until June 6, 2017, five days *after* the deadline for completing fact discovery to first inquire whether defendants would have any objection to extending the deadline for completing fact discovery. Under such facts plaintiffs have not and cannot provide good cause for failing to meet the deadline for completing fact discovery. Accordingly, plaintiffs' motion for an extension of the deadline for completing fact discovery should be denied, as this Court ruled in *Shemendera v. First Niagara Bank N.A.*, 288 F.R.D. 251 (W.D.N.Y. 2012).

In *Shemendera*, this Court denied plaintiff's motion for a 60-day extension of time to complete fact depositions, holding, "[B]y waiting until the last minute, plaintiff's attorney apparently believed that if defendant would not grant an extension of the fact discovery deadline, I would. However, parties may not safely assume 'that scheduling orders will be modified simply upon request'. 6A Wright, Miller, Kane, <u>Federal Practice & Procedure (Civil)</u> §1522.2 (3d ed.). My discretion to grant that relief is limited by Rule 16(b)(4), which requires 'good cause' for an extension of a scheduling order deadline. That Rule 'is, in every pertinent respect, as binding as any statute duly enacted by Congress, and federal courts have no more discretion to disregard the Rule's mandate than they do to disregard constitutional or statutory provisions'" (citing *Bank of Nova Scotia v. United States*, 487 U.S. 250, 255 [1988]).

5

Moreover, in *Willet,* 2016 U.S. Dist. LEXIS 150499 at *7, Magistrate Judge Roemer opined and clarified, "'The Second Circuit has *repeatedly stated* that a finding of good cause depends on the diligence of the moving party", citing *Shemendera*, 288 F.R.D. at 252 (internal quotation marks and citation omitted), in ruling that "The Court is not at liberty to ignore this binding precedent". See also *Carnrite*, 175 F.R.D. at 448 ("Strict enforcement of the good cause requirement of Rule 16 may seem like unnecessarily strong medicine. But if the courts do not take seriously their own scheduling orders who will? This court cannot in good conscience ignore the clear authority applying the good cause requirement, particularly in a case, as here, where the party requesting relief offers no even facially persuasive reason to do so").

As plaintiffs have similarly wholly failed to show good cause for extending the now-passed June 1, 2017 deadline for completing fact discovery, this Court must deny that component of plaintiffs' untimely and groundless request.

## POINT III

### PLAINTIFFS HAVE FAILED TO SHOW GOOD CAUSE FOR EXTENDING ANY OTHER DEADLINE DATES IN THIS ACTION

With respect to other deadline dates set forth in the October 7, 2016 Case Management Order of this action, plaintiffs' moving papers similarly fail to show good cause for extending those deadline dates. Plaintiffs' moving papers do not address in any manner any of the specific upcoming deadlines set forth in the Case Management Order.

Given that plaintiffs' complaint alleges that the so-called "elixir" product allegedly purchased in 2012 by plaintiffs from defendants purportedly contained THC which caused Mr. Horn to thereafter test positive on a random urinalysis screening

6

required by his employer and the DOT, and given that defendants' answers in this action have denied the product in question contained THC, it has been long-apparent in this action that plaintiffs would need to present expert testimony as to the ingredient and/or chemical makeup of the "elixir" product allegedly purchased and used by plaintiffs. Accordingly, regardless of the recent substitution/reinsertion of plaintiffs' first (and now third) attorney Mr. Benjamin in place of plaintiffs' second attorney Mr. Housh, plaintiffs and their attorneys have known all along they will need expert testimony to prove their case.

      The next deadline dates upcoming in the Case Management Order (Document 31) concern expert disclosure and deposition deadlines.  Plaintiffs are currently required to disclose their expert(s) and produce expert reports by September 1, 2017, and the parties have until the deadline of December 29, 2017 to complete expert depositions.  Plaintiffs' moving papers do not say plaintiffs cannot comply with those upcoming deadline dates, and moreover, set forth no reason plaintiffs cannot or should not be required to comply with these upcoming deadline dates.  There in fact has been ample time, and there yet remains ample time, for the parties to serve expert disclosures and expert reports, and to depose disclosed experts.  Because plaintiffs have not shown good cause to extend upcoming, future scheduling order deadlines, for the reasons discussed in Point II, *supra*, plaintiffs' motion must be denied in its entirety.

## POINT IV

### WHETHER OR NOT THE PARTY OPPOSING AN EXTENSION WOULD BE PREJUDICED BY AN EXTENSION IS IRRELEVANT WHEN THE MOVANT HAS FAILED TO SHOW DILIGENCE OR GOOD CAUSE

While it is true in the matter at hand that if the extension requested by plaintiffs is granted it would prejudice defendants by further delaying resolution of this action pursuant to which defendants' respective business reputations, goodwill, and the quality of the Dixie line of products have been sullied and called into question, because plaintiffs' moving papers have shown neither diligence of plaintiffs in prosecuting this action nor good cause for granting the requested extension, this court need not be burdened with analyzing or considering the prejudice-to-defendants issue. "For purposes of Rule 16, a showing of good cause requires the party seeking relief to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension . . . . Although the absence of prejudice to the non-moving party is relevant to the exercise of the court's discretion, it does not satisfy the good cause requirement". *Mendez v. Barlow*, 2008 U.S. Dist. LEXIS 38545, at *6-7 (W.D.N.Y. 2008). See also *Shemendera*, 288 F.R.D. at 252-253. Accordingly, even if plaintiffs could somehow show that defendants would not be prejudiced by the requested extension, such issue is irrelevant, because plaintiffs' motion papers entirely fail to meet their burden of showing diligence of plaintiffs and good cause for the requested extension.

## CONCLUSION

WHEREFORE, based upon all of the above, it is respectfully requested that this Court deny plaintiffs' pending motion in its entirety, and grant defendants such further, other and/or different relief as the Court deems just and proper.

DATED: Buffalo, New York
         July 5, 2017

s/Eric T. Boron, Esq.

8