UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

DOUGLAS J. HORN and CINDY HARP-HORN,

                Plaintiffs,

  - vs -

MEDICAL MARIJUANA, INC., DIXIE ELIXIRS
AND EDIBLES, RED DICE HOLDINGS, LLC,
and DIXIE BOTANICALS,

                Defendants.
_____

**ECF CASE**

**DECLARATION**

Case No. 15-cv-701-FPG/MJR

      Roy A. Mura, Esq. declares the following, pursuant to 28 USC §1746, under penalty of perjury:

      1.    I am an attorney at law, duly admitted to practice in the United States District Court for the Western District of New York and am the principal member of Mura & Storm, PLLC, attorneys for the defendants, Medical Marijuana, Inc., ("MMI"), and Red Dice Holdings, LLC ("RDH") (or collectively "MMI/RDH") in the above-captioned matter. As such, I am fully familiar with the facts and circumstances set forth in this declaration.

      2.    I make and submit this declaration in support of MMI/RDH's motion to dismiss for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c) and for summary judgment pursuant to Fed. R. Civ. P. Rule 56(a).

## RELEVANT BACKGROUND

3.  This is an action for damages brought by plaintiffs sounding in nine "counts" or causes of action. Plaintiffs' complaint seeks to recover for the defendants' alleged: (1) violation of New York's General Business Law §§349 and 350; (2) violation of the federal RICO statute; (3) fraudulent inducement; (4) violation of Uniform Commercial Code § 2-318; (5) breach of contract; (6) breach of express warranty in violation of UCC § 2-313; (7) unjust enrichment; (8) negligence; and (9) negligent infliction of emotional harm. (ECF Doc. No. 1).

4.  Plaintiffs seek to recover for damages allegedly sustained due to plaintiff Cindy Harp-Horn's purchase and Douglas Horn's use of a product known as Dixie X CBD Dew Drops 500 mg Tincture ("the product at issue").

5.  Plaintiffs claim to have ordered this product from the defendants collectively. Plaintiffs claim that all defendants collaborated in the production, marketing, and retail of the product. Plaintiffs allege that defendants advertised the product as containing 0% tetrahydrocannabinol (THC).

6.  Plaintiff Douglas Horn allegedly was fired from his job as an over-the-road hazmat commercial truck driver after his urine tested positive for THC.

7.  Plaintiffs alleged that the THC came from the product at issue.

8.  The actual bottle of the product Douglas Horn used was never tested. Plaintiff sent a different bottle of a different concentration of the product at issue for testing.

MURA&STORM, PLLC • 930 RAND BUILDING • 14 LAFAYETTE SQUARE • BUFFALO, NEW YORK  14203
(716) 855-2800 • FAX (716) 855-2816

9.      Plaintiff Cindy Harp-Horn subsequently quit her job with the same trucking company, but claims lost earning damages from defendants.

## PROCEDURAL HISTORY

10.     Plaintiffs commenced this action in this court by filing a summons and complaint on August 6, 2015. Attached hereto as **Exhibit A** is a copy of that complaint.

11.     On February 19, 2016, MMI and RDH filed an answer to the complaint, which is attached hereto as **Exhibit B**.

12.     Depositions of plaintiffs Douglas Horn and Cindy Harp-Horn were taken on May 8 and 9, 2017.  A copy of the full transcript of Douglas Horn's deposition is attached as **Exhibit C**. A copy of the full transcript of Cindy Harp-Horn's deposition is attached as **Exhibit D**.

13.     In this action plaintiffs claim to have viewed an "article" in the Fall 2012 issue of High Times' Medical Marijuana magazine ("the High Times article").  The single "article" plaintiffs allegedly viewed is attached as Exhibit A to their complaint. (Exhibit A hereto).  Attached hereto as **Exhibit E** is what Douglas Horn identified during his deposition as being a full copy of the Fall 2012 issue of High Times' Medical Marijuana magazine.

14.     During the course of this action, defendants jointly retained a scientific expert, Dr. Cindy S. Orser, who was deposed by plaintiffs' counsel on December 12, 2017.  A full copy of Dr. Orser's deposition transcript is attached as **Exhibit F**.

15. In her deposition Dr. Orser was questioned about a report she had prepared for the defendants in this action. A copy of Dr. Oser's expert report is attached as **Exhibit G**.

16. Dr. Orser relied upon certain test results provided to her by the defendants in coming to her conclusions. Copies of the certificates of testing performed by the laboratory commissioned to perform such testing, CannLabs, are attached hereto collectively as **Exhibit H**.

17. No depositions were requested or taken of any representatives of any of the defendants.

18. For the reasons stated and discussed in depth in the accompanying memorandum of law, MMI and RDH respectfully submit that they are entitled to judgment on the pleadings on multiple causes of action and summary judgment on multiple causes of action, dismissing the entirety of the plaintiffs' complaint, and granting such other and further relief in favor of MMI and RDH as this Court deems just and proper under the circumstances.

Dated:  Buffalo, New York
        August 30, 2018

/s/ Roy A. Mura
Roy A. Mura, Esq.

MURA & STORM, PLLC
*Attorneys for Defendants*
*Medical Marijuana, Inc., and*
*Red Dice Holdings, LLC*
930 Rand Building
14 Lafayette Square
Buffalo, New York 14203
(716) 855-2800
roy.mura@muralaw.com