UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

DOUGLAS J. HORN and CINDY HARP-HORN,

                       Plaintiffs,

   -against-

MEDICAL MARIJUANA, INC., DIXIE ELIXIRS
AND EDIBLES, RED DICE HOLDINGS, LLC,
and DIXIE BOTANICALS,

                       Defendants.
_____

**ANSWER AND
AFFIRMATIVE DEFENSES**

Civil Action No. 15-cv-701-FPG

Defendants MEDICAL MARIJUANA, INC. and RED DICE HOLDINGS, LLC ("these answering defendants"), by their undersigned counsel, state as follows, upon information and belief:

## **PRELIMINARY STATEMENT**

1. Paragraph 1 of the plaintiffs' complaint makes no specific factual allegations as to which a response is required. To the extent that factual allegations are presented in Paragraph 1 of the complaint, these answering defendants deny them.

## **JURISDICTION AND PARTIES**

2. These answering defendants deny all of the allegations contained within Paragraph 2 of the complaint.

3. These answering defendants deny all of the allegations contained within Paragraph 3 of the complaint.

-1-

4. These answering defendants are without knowledge or information sufficient to form a belief as to the allegations in Paragraph 4 of the complaint.

5. These answering defendants deny all of the allegations in Paragraph 5 of the complaint.

6. These answering defendants deny all of the allegations contained in Paragraph 6 of the complaint, except admit the defendant Medical Marijuana, Inc., is engaged in business involving hemp-based products.

7. These answering defendants are without knowledge or information sufficient to form a belief as to the allegations in Paragraph 7 of the complaint.

8. These answering defendants are without knowledge or information sufficient to form a belief as to the allegations in Paragraph 8 of the complaint.

9. These answering defendants deny the allegations in Paragraph 9 of the complaint.

10. These answering defendants deny the allegations in Paragraph 10 of the complaint.

11. These answering defendants deny the allegations in Paragraph 11 of the complaint.

**SPECIFIC FACTS AS TO PLAINTIFFS**

12. These answering defendants are without knowledge or information sufficient to form a belief as to the allegations in Paragraph 12 of the complaint.

MURA&STORM, PLLC • 930 RAND BUILDING • 14 LAFAYETTE SQUARE • BUFFALO, NEW YORK 14203
(716) 855-2800 • FAX (716) 855-2816

13. These answering defendants deny that Exhibit A to the complaint sets forth any claim that the product treated inflammation and pain, and otherwise state they are without knowledge or information sufficient to form a belief as to the allegations in Paragraph 13 of the complaint.

14. These answering defendants deny the allegations contained within Paragraph 14 of the complaint as to alleged advertising, and otherwise state they are without knowledge or information sufficient to form a belief as to the remaining allegations of that paragraph of the complaint.

15. These answering defendants are without knowledge or information sufficient to form a belief as to the allegations in Paragraph 15 of the complaint.

16. These answering defendants are without knowledge or information sufficient to form a belief as to the allegations in Paragraph 16 of the complaint.

17. These answering defendants are without knowledge or information sufficient to form a belief as to the allegations in Paragraph 17 of the complaint.

18. These answering defendants are without knowledge or information sufficient to form a belief as to the allegations in Paragraph 18 of the complaint.

19. These answering defendants deny the allegations of "false advertising" and "misleading press releases" as to the answering defendants and otherwise are without knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 19 of the complaint.

20. These answering defendants are without knowledge or information sufficient to form a belief as to the allegations in Paragraph 20 of the complaint.

21. These answering defendants are without knowledge or information sufficient to form a belief as to the allegations in Paragraph 21 of the complaint.

**GENERAL FACTS AND ALLEGATIONS AS TO ALL CAUSES OF ACTION**

22. These answering defendants are without knowledge or information sufficient to form a belief as to the allegations in Paragraph 22 of the complaint.

23. These answering defendants are without knowledge or information sufficient to form a belief as to the allegations in Paragraph 23 of the complaint.

24. These answering defendants deny all of the allegations contained within Paragraph 24 of the complaint.

25. These answering defendants deny all of the allegations contained within Paragraph 25 of the complaint.

26. These answering defendants deny all of the allegations contained within Paragraph 26 of the complaint.

27. These answering defendants are without knowledge or information sufficient to form a belief as to the allegations in Paragraph 27 of the complaint.

28. These answering defendants deny all of the allegations contained within Paragraph 28 of the complaint.

29. These answering defendants deny all of the allegations contained within Paragraph 29 of the complaint.

30. These answering defendants deny all of the allegations contained within Paragraph 30 of the complaint.

31. These answering defendants deny all of the allegations contained within Paragraph 31 of the complaint.

32. These answering defendants deny all of the allegations contained within Paragraph 32 of the complaint.

## **COUNT I**

33. These answering defendants repeat and reallege each and every allegation, response, denial and denial of information and knowledge as set forth in their Answer to the complaint contained in the prior paragraphs of this Answer as if heretofore set out at length.

34. These answering defendants deny all of the allegations contained within Paragraph 34 of the complaint.

35. These answering defendants deny all of the allegations contained within Paragraph 35 of the complaint.

36. These answering defendants deny all of the allegations contained within Paragraph 36 of the complaint.

37. These answering defendants deny all of the allegations contained within Paragraph 37 of the complaint.

38. These answering defendants deny all of the allegations contained within Paragraph 38 of the complaint.

MURA&STORM, PLLC • 930 RAND BUILDING • 14 LAFAYETTE SQUARE • BUFFALO, NEW YORK 14203
(716) 855-2800 • FAX (716) 855-2816

39. These answering defendants deny all of the allegations contained within Paragraph 39 of the complaint.

40. These answering defendants deny all of the allegations contained within Paragraph 40 of the complaint.

41. These answering defendants deny all of the allegations contained within Paragraph 41 of the complaint.

## COUNT II

42. These answering defendants repeat and reallege each and every allegation, response, denial and denial of information and knowledge as set forth in their Answer to the complaint contained in the prior paragraphs of this Answer as if heretofore set out at length.

43. These answering defendants deny all of the allegations contained within Paragraph 43 of the complaint.

44. These answering defendants are without knowledge or information sufficient to form a belief as to the allegations in Paragraph 44 of the complaint.

45. These answering defendants deny all of the allegations contained within Paragraph 45 of the complaint.

46. These answering defendants deny all of the allegations contained within Paragraph 46 of the complaint.

47. These answering defendants deny all of the allegations contained within Paragraph 47 of the complaint.

MURA & STORM, PLLC • 930 RAND BUILDING • 14 LAFAYETTE SQUARE • BUFFALO, NEW YORK 14203
(716) 855-2800 • FAX (716) 855-2816

## COUNT III

48. These answering defendants repeat and reallege each and every allegation, response, denial and denial of information and knowledge as set forth in their Answer to the complaint contained in the prior paragraphs of this Answer as if heretofore set out at length.

49. Paragraph 49 of the complaint makes no allegations to which a response is required. To the extent that allegations are presented in Paragraph 49, these answering defendants deny them in their entirety.

50. These answering defendants deny all of the allegations contained within Paragraph 50 of the complaint.

51. These answering defendants deny all of the allegations contained within Paragraph 51 of the complaint.

52. These answering defendants deny all of the allegations contained within Paragraph 52 of the complaint.

53. These answering defendants deny all of the allegations contained within Paragraph 53 of the complaint.

54. These answering defendants deny all of the allegations contained within Paragraph 54 of the complaint.

55. These answering defendants deny all of the allegations contained within Paragraph 55 of the complaint.

MURA & STORM, PLLC • 930 RAND BUILDING • 14 LAFAYETTE SQUARE • BUFFALO, NEW YORK 14203
(716) 855-2800 • FAX (716) 855-2816

## COUNT IV

56. These answering defendants repeat and reallege each and every allegation, response, denial and denial of information and knowledge as set forth in their Answer to the complaint contained in the prior paragraphs of this Answer as if heretofore set out at length.

57. These answering defendants deny all of the allegations contained within Paragraph 57 of the complaint.

58. These answering defendants are without knowledge or information sufficient to form a belief as to the allegations in Paragraph 58 of the complaint.

59. These answering defendants deny all of the allegations contained within Paragraph 59 of the Plaintiffs' Complaint.

## COUNT V

60. These answering defendants repeat and reallege each and every allegation, response, denial and denial of information and knowledge as set forth in their Answer to the complaint contained in the prior paragraphs of this Answer as if heretofore set out at length.

61. These answering defendants deny all of the allegations contained within Paragraph 61 of the complaint.

62. These answering defendants deny all of the allegations contained within Paragraph 62 of the complaint.

63. These answering defendants deny all of the allegations contained within Paragraph 63 of the complaint.

64. These answering defendants deny all of the allegations contained within Paragraph 64 of the complaint.

## COUNT VI

65. These answering defendants repeat and reallege each and every allegation, response, denial and denial of information and knowledge as set forth in their Answer to the complaint contained in the prior paragraphs of this Answer as if heretofore set out at length.

66. These answering defendants deny all of the allegations contained within Paragraph 66 of the complaint.

67. These answering defendants deny all of the allegations contained within Paragraph 67 of the complaint.

68. These answering defendants deny all of the allegations contained within Paragraph 68 of the complaint.

69. These answering defendants deny all of the allegations contained within Paragraph 69 of the complaint.

70. These answering defendants deny all of the allegations contained within Paragraph 70 of the complaint.

## COUNT VII

71. These answering defendants repeat and reallege each and every allegation, response, denial and denial of information and knowledge as set forth in their Answer to the complaint contained in the prior paragraphs of this Answer as if heretofore set out at length.

72. Paragraph 72 of the complaint makes no allegations to which a response is required. To the extent that allegations are presented in Paragraph 72, these answering defendants deny them in their entirety.

73. These answering defendants deny all of the allegations contained within Paragraph 73 of the complaint.

74. These answering defendants deny all of the allegations contained within Paragraph 74 of the complaint.

75. These answering defendants deny all of the allegations contained within Paragraph 75 of the complaint.

## COUNT VIII

76. These answering defendants repeat and reallege each and every allegation, response, denial and denial of information and knowledge as set forth in its Answer to the complaint contained in the prior paragraphs of this Answer as if heretofore set out at length.

77. These answering defendants deny all of the allegations contained within Paragraph 77 of the complaint.

MURA & STORM, PLLC • 930 RAND BUILDING • 14 LAFAYETTE SQUARE • BUFFALO, NEW YORK 14203
(716) 855-2800 • FAX (716) 855-2816

78. These answering defendants deny all of the allegations contained within Paragraph 78 of the complaint.

79. These answering defendants deny all of the allegations contained within Paragraph 79 of the complaint.

80. These answering defendants deny all of the allegations contained within Paragraph 80 of the complaint.

81. These answering defendants deny all of the allegations contained within Paragraph 81 of the complaint.

## **COUNT IX**

82. These answering defendants repeat and reallege each and every allegation, response, denial and denial of information and knowledge as set forth in their Answer to the complaint contained in the prior paragraphs of this Answer as if heretofore set out at length.

83. These answering defendants deny all of the allegations contained within Paragraph 83 of the complaint.

84. These answering defendants deny all of the allegations contained within Paragraph 84 of the complaint.

85. These answering defendants deny all of the allegations contained within Paragraph 85 of the complaint.

86. These answering defendants deny all of the allegations contained within Paragraph 86 of the complaint.

87. These answering defendants deny all of the allegations contained within Paragraph 87 of the complaint.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

88. Plaintiffs failed to initiate suit as to one or more of their Counts set forth in the complaint within the applicable statute of limitations period.

### SECOND AFFIRMATIVE DEFENSE

89. This Court lacks personal jurisdiction over one or both of these answering defendants.

### THIRD AFFIRMATIVE DEFENSE

90. This Court lacks subject matter jurisdiction over this dispute.

### FOURTH AFFIRMATIVE DEFENSE

91. One or more of the Counts set forth in the complaint fails to state a claim against these answering defendants upon which relief can be granted.

### FIFTH AFFIRMATIVE DEFENSE

92. Plaintiffs failed to mitigate the damages alleged in the Complaint, even though Plaintiffs had the opportunity and means of doing so. In asserting this affirmative defense, these answering defendants do not admit liability for damages due to the Plaintiffs' injuries alleged in the complaint, nor do these answering defendants admit that such damages exist.

### SIXTH AFFIRMATIVE DEFENSE

93. Plaintiffs' culpable conduct contributed to the alleged damages, which are denied, by knowing and intentional assumption of the risks inherent in the activities described in the complaint, and as such plaintiffs are barred from recovery in this action.

### SEVENTH AFFIRMATIVE DEFENSE

94. Any injuries that may have been sustained by plaintiffs, as alleged in their complaint, occurred as a direct result of plaintiffs' own intentional or negligent conduct, and not by any conduct of these answering defendants, and as such plaintiffs are barred from recovery in this action.

### EIGHTH AFFIRMATIVE DEFENSE

95. Any damages sustained by plaintiffs, as alleged in the complaint, were proximately, directly, and solely caused by the intentional or negligent acts of third persons over whom these answering defendants had no direction or control.

### NINTH AFFIRMATIVE DEFENSE

96. Any contract in this matter is void because it was devised to achieve a purpose that is illegal under statute or common law.

### TENTH AFFIRMATIVE DEFENSE

97. Each cause of action in the complaint is barred to the extent that plaintiffs consented to any of the alleged activity or conduct.

### ELEVENTH AFFIRMATIVE DEFENSE

98. Plaintiffs' injuries do not arise out of any of the predicate acts that may give rise to liability under the Racketeer Influenced and Corrupt Organizations Act as defined by 18 U.S.C. §1961(1), and plaintiffs are therefore without standing.

### TWELFTH AFFIRMATIVE DEFENSE

99. Plaintiffs' complaint contains injuries that are speculative and therefore not actionable under the Racketeer Influenced and Corrupt Organizations Act.

### THIRTEENTH AFFIRMATIVE DEFENSE

100. Any alleged conduct on the part of these answering defendants was undertaken in good faith for legitimate business purposes.

### FOURTEENTH AFFIRMATIVE DEFENSE

101. Plaintiffs' recovery is limited or barred by express or implied warranties.

### FIFTEENTH AFFIRMATIVE DEFENSE

102. Plaintiffs and these answering defendants were not parties to the contract for the purchase of the product at issue and therefore had no contractual relationship.

### SIXTEENTH AFFIRMATIVE DEFENSE

103. These answering defendants performed all contractual obligations other than those which were prevented or excused, if any, and therefore did not breach the agreement.

### SEVENTEENTH AFFIRMATIVE DEFENSE

104. Plaintiffs cannot obtain restitution through unjust enrichment if there was an express written agreement between the parties.

### EIGHTEENTH AFFIRMATIVE DEFENSE

105. Upon information and belief, the doctrine of spoliation applies in this matter to preclude plaintiffs from any recovery against these answering defendants.

**WHEREFORE**, these answering defendants respectfully demand judgment denying all relief sought by plaintiffs and dismissing the complaint in its entirety, awarding these answering defendants costs, disbursements, and reasonable attorney's fees incurred in this action, and granting such other and further relief as the Court deems just and proper.

DATED: Buffalo, New York
February 19, 2016

s/ Roy A. Mura
_____
Roy A. Mura, Esq.
MURA & STORM, PLLC
*Attorneys for Defendants Medical Marijuana, Inc. and Red Dice Holdings, LLC*
930 Rand Building
14 Lafayette Square
Buffalo, New York 14203
(716) 855-2800