UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

DOUGLAS J. HORN and CINDY HARP-HORN,

Plaintiffs,

vs.

MEDICAL MARIJUANA, INC., DIXIE ELIXIRS
AND EDIBLES, RED DICE HOLDINGS, LLC,
and DIXIE BOTANICALS,

Defendants.

_____

Civil Action No. 15-cv-701-FPG/MJR

_____

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS
MEDICAL MARIJUANA, INC.'S AND RED DICE HOLDINGS, LLC'S MOTION FOR
JUDGMENT ON THE PLEADINGS AND/OR SUMMARY JUDGMENT**

Respectfully Submitted,

Roy A. Mura, Esq.
Daniel S. Gvertz, Esq.
MURA & STORM, PLLC
*Attorneys for Defendants*
*Medical Marijuana, Inc.*
*and Red Dice Holdings, LLC*
930 Rand Building
14 Lafayette Square
Buffalo, New York 14203
(716) 855-2800

# TABLE OF CONTENTS

Table of Authorities ...........................................................................................iii

Preliminary Statement ..................................................................................... 1

Statement of Material Facts ............................................................................ 1

Legal Argument............................................................................................... 1

Point I

    JUDGMENT ON THE PLEADINGS STANDARD ................................................. 2

Point II

    SUMMARY JUDGMENT STANDARD.................................................................. 2

Point III

    MMI/RDH ARE ENTITLED TO SUMMARY JUDGMENT
    DISMISSING COUNT I OF PLAINTIFFS' COMPLAINT ....................................... 3

Point IV

    MMI/RDH ARE ENTITLED TO SUMMARY JUDGMENT AND
    JUDGMENT ON THE PLEADINGS DISMISSING THE PLAINTIFFS'
    RICO CLAIMS ................................................................................................ 8

Point V

    MMI/RDH ARE ENTITLED TO JUDGMENT ON THE PLEADINGS OR
    SUMMARY JUDGMENT DISMISSING COUNT III OF THE COMPLAINT......... 15

Point VI

    MMI/RDH ARE ENTITLED TO JUDGMENT ON THE PLEADINGS AND/OR
    SUMMARY JUDGMENT DISMISSING COUNT IV OF THE COMPLAINT ........ 17

Point VII

    MMI/RDH ARE ENTITLED TO SUMMARY JUDGMENT DISMISSING
    COUNT V OF THE COMPLAINT ..................................................................... 19

i

Point VIII

    MMI/RDH ARE ENTITLED TO JUDGMENT ON THE PLEADINGS AND/OR
    SUMMARY JUDGMENT DISMISSING COUNT VI OF THE COMPLAINT ........ 20

Point IX

    MMI/RDH ARE ENTITLED TO JUDGMENT ON THE PLEADINGS
    DISMISSING COUNT VII OF THE COMPLAINT .............................................. 22

Point X

    MMI/RDH ARE ENTITLED TO SUMMARY JUDGMENT DISMISSING
    COUNT VIII OF THE COMPLAINT .................................................................... 23

Point XI

    MMI/RDH ARE ENTITLED TO JUDGMENT ON THE PLEADINGS AND/OR
    SUMMARY JUDGMENT DISMISSING COUNT IX OF THE COMPLAINT ........ 24

Conclusion .................................................................................................................... 25

MURA & STORM, PLLC • 930 RAND BUILDING • 14 LAFAYETTE SQUARE • BUFFALO, NEW YORK  14203
(716) 855-2800 • FAX (716) 855-2816

# TABLE OF AUTHORITIES

## Federal Statutes

7 U.S.C. §5940 ............................................................................................ 19

18 U.S.C. § 1341 ......................................................................................... 10

18 U.S.C. § 1343 ......................................................................................... 10

18 U.S.C. § 1961 ........................................................................ 10, 12, 13, 14

18 U.S.C. § 1962 ....................................................................................... 9, 10

18 USC §1964 ............................................................................................. 8, 9

## State Statutes

New York General Business Law §349 ......................................... 3, 4, 5, 6, 8

New York General Business Law §350 .............................................. 3, 6, 8

New York Penal Law §221.35 ...................................................................... 13

New York Penal Law §70.15(2) .................................................................... 14

## Cases

*4 K&D Corp. v. Concierge Auctions, LLC*, 2 F. Supp. 3d 525 (S.D.N.Y. 2014) ........ 9, 10

*Ad-Hoc Comm. of Baruch Black & Hispanic Alumni Ass'n v. Bernard M. Baruch Coll.,* 835 F.2d 980, 982 (2d Cir.1987) .................................................................... 2

*Adickes v. S.H. Kress & Co.*, 398 U.S. 144 (1970) ......................................... 3

*Alphas Co. of N.Y. Inc. v. Hunts Point Terminal Produce Cooperative, Inc.,* 2017 U.S. Dist. LEXIS 70959, 2017 WL 1929506, 14-cv-00145, at *3 (S.D.N.Y. May 9, 2017) ................................................................................... 7

*Avola v. Louisiana-Pac Corp.*, 991 F.Supp.2d 381 (E.D.N.Y. 2013). ........... 21

*Black v. Race*, 487 F.Supp.2d 187 (E.D.N.Y. 2007) ..................................... 24

*Briarpatch Litd. v. Phoenix Pictures, Inc.*, 373 F.3d 296 (2d Cir., 2004) ....... 22

iii

*Codling v. Paglia*, 32 N.Y.2d 330 ................................................................... 17

*Cofacredit, S.A. v. Windsor Plumbing Supply Co.*, 187 F.3d 229
    (2d Cir. 1999) ................................................................................ 11, 12

*D'Amico v. City of N.Y.*, 132 F.3d 145 (2d Cir.) ............................................... 3

*Dreamco Dev. Corp. v. Empire State Dev. Corporation*, No. 15-CV-901-FPG-HKS,
    2017 U.S. Dist. LEXIS 156379, at *5-6 (W.D.N.Y. Sep. 25, 2017) ........................... 9

*Eternity Global Master Fund v. Morgan Guar. Trust*, 375 F.3d 168 (2d Cir., 2004) ....... 23

*Fisher v. App Pharmaceuticals, LLC*, 783 F.Supp.2d 424 (SDNY, 2011) ..................... 20

*GICC Capital Corp. v. Tech. Fin. Grp., Inc.*, 67 F.3d 463, 466 (2d Cir. 1995) ............. 12

*Grimes v. Fremont General Corp.*, 785 F. Supp.2d 269 (SDNY, 2011) ........................ 9

*Hume v. Farr's Coach Lines, Limited*, Case No. 12-CV-6378-FPG-JWF
    (W.D.N.Y. 2016). ........................................................................ 21

*Irish Lesbian & Gay Org. v. Giuliani,* 143 F.3d 638 (2d Cir.1998) ............................. 1, 2

*Knight v. U.S. Fire Ins. Co.*, 804 F.2d 9 (2d Cir. 1986). ..................................... 3

*Leider v. Ralfe*, 387 F. Supp.2d 283 (SDNY, 2005) ........................................... 6

*Magee v. Paul Revere Life Ins. Co.,* 954 F. Supp. 582 (E.D.N.Y. 1997) ..................... 5

*Maurizio v. Goldsmith*, 230 F.3d 518 (2d Cir., 2000) ......................................... 3

*Mills v. Polar Molecular Corp.*, 12 F.3d 1170 (2d Cir. 1993) ............................... 15

*Orchid Construction Corp. v. Gottbetter*, 89 A.D.3d 708 (2d Dept., 2011) ................... 16

*Oswego Laborers' Local 214 Pension Fund v. Marine Midland Bank, N.A.,*
    85 N.Y.2d 20 (1995) ..................................................................... 5, 6

*Sheppard v. Beerman,* 18 F.3d 147 (2d Cir.1994) ........................................... 2

*Spagnola v. Chubb Corp.*, 574 F.3d 64 (2d Cir., 2009) ..................................... 6

*Spool v. World Child Int'l Adoption Agency,* 520 F.3d 178 (2d Cir.2008) ..... 9, 10, 11, 12

iv

*United States v. Walker*, 191 F.3d 326 (2d Cir. 1999) ................................................... 14

*United States v. Corey*, 566 F.2d 429 (2d Cir., 1977) ................................................... 14

*Voss v. Black & Decker Mfg.*, 59 N.Y.2d 102 (1983). ................................................... 18

*Ward v. TheLadders.com, Inc.*, 3. F.Supp.3d 151 (S.D.N.Y. 2014) ............................. 20

*Westchester Cnty. Indep. Party v. Astorino*, 137 F. Supp. 3d 586 (S.D.N.Y. 2015) ..... 11

MURA & STORM, PLLC • 930 RAND BUILDING • 14 LAFAYETTE SQUARE • BUFFALO, NEW YORK 14203
(716) 855-2800 • FAX (716) 855-2816

## PRELIMINARY STATEMENT

This memorandum of law is submitted along with the declarations of Roy A. Mura, Esq. (the "Mura Declaration"), Stuart W. Titus, PhD (the "Titus Declaration"), and Michelle L. Sides, Esq. (the "Sides Declaration"), and various exhibits annexed thereto, in support of the motion of defendants Medical Marijuana, Inc. ("MMI") and Red Dice Holdings, LLC's ("RDH") (collectively "MMI/RDH") for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c), and for summary judgment pursuant to Fed. R. Civ. P. 56(a), dismissing the plaintiffs' complaint in its entirety.

This action concerns a myriad of scattershot allegations made by plaintiffs arising from plaintiffs' alleged purchase and use of a portion of a single 500 mg bottle of product called Dixie X CBD Dew Drops 500 mg Tincture ("the product at issue") allegedly manufactured and/or sold to plaintiffs by defendants. Plaintiffs' complaint asserts nine separate causes of action, or "Counts", including alleged civil RICO violations.

As shown below, MMI/RDH's motion for summary judgment and for judgment on the pleadings dismissing the complaint should be granted as there are no genuine issues of material fact regarding all nine of the separate causes of action, and further, several of the causes of action are not properly pled in the complaint.

## STATEMENT OF MATERIAL FACTS

Accompanying MMI/RDH's motion papers is a Statement of Material Facts submitted in accordance with W.D.N.Y. L. R. Civ. P. 56(a). To avoid redundancy, the undisputed material facts will not be restated here and the Court's attention to directed to that statement.

Mura&Storm, pllc • 930 Rand Building • 14 Lafayette Square • Buffalo, New York  14203
(716) 855-2800 • fax (716) 855-2816

## LEGAL ARGUMENT

### POINT I

### JUDGMENT ON THE PLEADINGS STANDARD

The standard for granting a Rule 12(c) motion for judgment on the pleadings is identical to that of a Rule 12(b)(6) motion for failure to state a claim. *Irish Lesbian & Gay Org. v. Giuliani,* 143 F.3d 638, 644 (2d Cir.1998); *Sheppard v. Beerman,* 18 F.3d 147, 150 (2d Cir.1994); *Ad-Hoc Comm. of Baruch Black & Hispanic Alumni Ass'n v. Bernard M. Baruch Coll.,* 835 F.2d 980, 982 (2d Cir.1987).  In both postures, the district court must accept all allegations in the complaint as true and draw all inferences in the non-moving party's favor.  *Irish Lesbian & Gay Org.,* 143 F.3d at 644. The court will not dismiss the case unless it is satisfied that the complaint cannot state any set of facts that would entitle him to relief. *Sheppard,* 18 F.3d at 150.

### POINT II

### SUMMARY JUDGMENT STANDARD

Summary judgment is to be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  Once the moving party has made a properly supported showing of the absence of any genuine issue as to all material facts, "the nonmoving party must come forward with specific facts showing that there is a *genuine issue for trial.*" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986) (internal quotation marks and citation omitted).  "A genuine dispute of material fact 'exists for summary judgment purposes where the evidence, viewed in the light most

2

favorable to the nonmoving party, is such that a reasonable jury could decide in that party's favor.'" *Kwan v. Andalex Grp. LLC*, 737 F.3d 834, 843 (2d Cir. 2013) (quoting *Guilbert v. Gardner*, 480 F.3d 140, 145 (2d Cir. 2007)).  While "[a]ll reasonable inferences and any ambiguities are drawn in favor of the nonmoving party," *Thompson v. Gjivoje*, 896 F.2d 716, 720 (2d Cir. 1990), to defeat summary judgment the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts," *Matsushita Elec. Indus. Co.*, 475 U.S. at 586.  Conclusory allegations, conjecture, and speculation are insufficient to create a genuine issue of fact. *D'Amico v. City of N.Y.*, 132 F.3d 145, 149 (2d Cir.), *cert. denied*, 524 U.S. 911 (1998).

When reviewing a motion for summary judgment, the court must resolve genuinely disputed facts in favor of the non-moving party and must view inferences drawn from the facts in the light most favorable to the non-moving party. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158-59 (1970). However, a party may not "rely on mere speculation or conjecture as to the true nature of the facts to overcome a motion for summary judgment." *Knight v. U.S. Fire Ins. Co.*, 804 F.2d 9, 12 (2d Cir. 1986).

## POINT III

### MMI/RDH ARE ENTITLED TO SUMMARY JUDGMENT DISMISSING COUNT I OF PLAINTIFFS' COMPLAINT

There are no genuine issues of material fact in evidentiary form in the record which support Count I of the plaintiffs' Complaint, which alleges that the defendants engaged in deceptive acts and false advertising in violation of New York General Business Law §§349 and 350.  As set forth in *Maurizio v. Goldsmith*, 230 F.3d 518, 521 (2d Cir., 2000), "[t]o make out a prima facie case under [GBL] section 349, a plaintiff must

3

demonstrate that (1) the defendant's deceptive acts were directed at consumers, (2) the acts are misleading in a material way, and (3) the plaintiff has been injured as a result."

**A.      The alleged acts at issue were neither MMI/RDH's acts nor directed at consumers.**

**1.      The acts at issue were not MMI/RDH's acts.**

As a matter of law, there are no triable issues of material fact to support the proposition that MMI/RDH acted deceptively in this matter. Initially it must be noted that the record is bereft of actions taken by MMI/RDH.  The complaint alleges only that "[i]n or around September, 2012, plaintiff answered a magazine advertisement from defendant DIXIE BOTANICALS for an industrial hemp product[.]" (ECF Doc. No. 1, ¶13). A copy of the alleged advertisement, which is not an advertisement at all, is attached to the complaint.  (ECF Doc. No. 1-1).  A review of same shows that this is not an advertisement, but rather a sidebar written in an issue of High Times Magazine. The sidebar contains quotes from a person named Tripp Keber who is identified as "Dixie's Managing Director." No representative of MMI/RDH paid to have this article printed in the periodical (Titus Declaration, ¶¶9-10; Sides Declaration, ¶¶9-12). As this was not a paid advertisement, it follows that this was not an action taken by MMI/RDH. It was not MMI/RDH' actions which caused the sidebar to be commissioned, written, or published by the magazine, nor was it MMI/RDH' actions which caused the sidebar to be printed in that issue. As such, any response to the sidebar made by the Plaintiffs could not be in response to an action taken by MMI/RDH.

Even if the sidebar printed in the High Times magazine can be construed as an advertisement, the action still cannot be attributed to MMI/RDH. The person interviewed

4

Mura&Storm, pllc • 930 Rand Building • 14 Lafayette Square • Buffalo, New York  14203
(716) 855-2800 • fax (716) 855-2816

is identified in the article as "Dixie's Managing Director." There is no connection in evidentiary form anywhere in the record to show any connection between Keber and MMI/RDH.  As such, as a matter of law, there are no genuine issues of fact that any actions complained of by the plaintiffs were committed by MMI/RDH.

> ### 2. Assuming, arguendo, that the sidebar in the High Times magazine is attributable to MMI/RDH, it was not directed at consumers.

MMI/RDH are entitled to summary judgment on the plaintiffs' complaint's first count or cause of action because there are no triable issues of material fact regarding any actions of MMI/RDH directed at consumers. In order for acts to be "consumer-oriented" as required by GBL §349, it must be shown that the conduct at issue "potentially affect[s] similarly situated consumers." *Oswego Laborers' Local 214 Pension Fund v. Marine Midland Bank, N.A.*, 85 N.Y.2d 20 (1995). Further, "[t]he injury must be to the public generally as distinguished from the plaintiff alone." *Magee v. Paul Revere Life Ins. Co.,* 954 F.Supp. 582 (E.D.N.Y. 1997).

In the instant matter, the plaintiffs are in a unique situation. They were employed in a position governed by the rules of a specific government entity, and due to the unique circumstances of their positions, they found themselves held to higher standards than the general public would be. (Mura Declaration Exhibit C, page 69-72). Due to their particular employment, plaintiffs were subject to testing under the guidelines of the Department of Transportation. (Mura Declaration Exhibit C, page 69-72). This is a small class of people and it is respectfully submitted should not be considered "the public at large" as it relates to interpretation of GBL §349 or GBL §350. As such, the acts at issue

5

in this matter were not directed at consumers, and as a matter of law, there are no triable issues of material fact supporting the plaintiffs' claims in Count I of their complaint.

### B.     MMI/RDH' actions were not misleading in a material way.

MMI/RDH are additionally entitled to summary judgment on this cause of action because their actions, if any, were not misleading in a material way. According to the New York Court of Appeals, deceptive acts are, "limited to those likely to mislead a reasonable consumer acting reasonably under the circumstances." *Oswego Laborers' Local 214 Pension Fund v. Marine Midland Bank, N.A.*, 85 N.Y.2d, at 26. "In other words, a violation of this section requires that the defendant's conduct deceive a reasonable consumer in a materiel respect, work a harm to the public at large, and directly cause the plaintiff's injury." *Leider v. Ralfe*, 387 F. Supp.2d 283, 292 (SDNY 2005). Deceptive practices are "acts which are dishonest or misleading in a material respect." *Spagnola v. Chubb Corp.*, 574 F.3d 64, 74 (2d Cir. 2009) (Internal quotes omitted).

In this matter, the actions alleged to have been taken by MMI/RDH, as shown in the record, are statements made in a magazine that a product did not contain THC. The specific statements complained of are as follows:

> It has taken a tremendous amount of time, money and effort, but finally patients here in Colorado – and ultimately all individuals who are interested in utilizing CBD for medicinal benefit – will be able to have access to it.
>
> We are importing industrial hemp from outside the US using an FDA import license – it's below federal guidelines for THC, which is 0.3% - and we are taking that hemp and extracting the CBD. We have meticulously reviewed state and federal statutes, and we do not believe that we're operating in conflict with any federal law as it's related to the Dixie X (hemp-derived) product.

6

(Mura Declaration Exhibit A, page 19).

As a matter of law, there is no genuine issue of material fact that these statements are dishonest or misleading. Tripp Keber, identified in the sidebar as "Dixie's Managing Director", stated a belief that the products complied with federal law and that meticulous testing was done to the products. There is no genuine issue of material fact in the record that shows MMI/RDH did not believe that they were in compliance with federal law. As such, there is no misleading act or omission by any of the defendants. Without evidence of a materially misleading act, plaintiffs cannot sustain this cause of action and MMI/RDH are entitled to summary judgment dismissing this count of the complaint.

**C.   Plaintiffs' complaint misquotes the language of the High Times magazine's sidebar.**

MMI/RDH are entitled to judgment on the pleadings pursuant to Fed R. Civ. P. 12(c) as the plaintiffs in this matter have materially misquoted the language they now claim to be deceptive. The Second Circuit has held that "[a] plaintiff who alleges that he was deceived by an advertisement may not misquote or misleadingly excerpt the language of the advertisement in his pleadings and expect his action to survive a motion to dismiss or, indeed, to escape admonishment." *Fink v. Time Warner Cable*, 714 F.3d 739, 742 (2d Cir. 2013).

In the instant matter, the complaint states numerous times that MMI/RDH put forth advertising and other public statements claiming that the product at issue had "0.00 THC" or "0% THC" in it or that it was "THC free" or "non-THC" or even that "the ingestion of its products would not cause a positive toxicology result". (ECF Doc. No. 1, ¶¶13, 14, 19, 28, 31, 35(d), and 35(e)). The only statements actually attributed to any

7

defendant in this matter are the statements quoted in the High Times sidebar from Tripp Keber. In those quoted statements, Keber does not make a single one of the alleged claims. Due to these misleading excerpts and misquotes, MMI/RDH are entitled to judgment on the pleadings, dismissing Count I of the plaintiffs' complaint.

### D.     MMI/RDH's actions did not injure plaintiff Cindy Harp-Horn.

In order to prove liability under GBL §349 and GBL §350, plaintiffs must show that they were injured by the so-called deceptive actions taken by MMI/RDH. MMI/RDH are entitled to summary judgment dismissing this cause of action as there is no genuine issue of material fact that plaintiff Cindy Harp-Horn, who purchased the product, suffered any injury. It is undisputed that Cindy Harp-Horn ordered the product (Mura Declaration Exhibit C, page 227; Mura Declaration Exhibit D, page 80), but plaintiff Douglas J. Horn ingested the product (Mura Declaration Exhibit C, page 226-227).  It is also indisputable that Cindy Harp-Horn voluntarily quit her job after her husband was fired, even though another position with her employer was offered or available to her.  (Mura Declaration Exhibit D, page 107). As such, there are no triable issues of fact in the record that plaintiff Cindy Harp-Horn suffered any injury.

### POINT IV

### MMI/RDH ARE ENTITLED TO SUMMARY JUDGMENT AND JUDGMENT ON THE PLEADINGS DISMISSING THE PLAINTIFFS' RICO CLAIMS

### A.     Plaintiffs' RICO cause of action fatally lacks specificity.

Plaintiffs failed to properly plead Count Two of their complaint – their purported RICO count or cause of action alleging violations of 18 USC §1964(c).  As set forth in *Dreamco Dev. Corp. v. Empire State Dev. Corporation*, No. 15-CV-901-FPG-HKS,

8

2017 U.S. Dist. LEXIS 156379, at *5-6 (W.D.N.Y. Sep. 25, 2017), to establish a civil RICO violation under 18 USC § 1964(c), a plaintiff must plead: (1) a violation of 18 USC § 1962(c); (2) an injury to plaintiff's business or property; and (3) that defendant's violation caused the injury. *Alphas Co. of N.Y. Inc. v. Hunts Point Terminal Produce Cooperative, Inc.*, 2017 U.S. Dist. LEXIS 70959, 2017 WL 1929506, 14-cv-00145, at *3 (S.D.N.Y. May 9, 2017) (quoting *Lerner v. Fleet Bank, N.A.*, 318 F.3d 113, 120 (2d Cir. 2003), *abrogation on other [*6] grounds*, *Am. Psychiatric Ass'n v. Anthem Health Plans, Inc.*, 821 F.3d 352, 359 (2d Cir. 2016)). To state a violation of § 1962(c), a plaintiff must allege: "(1) conduct (2) of an enterprise (3) though a pattern (4) of racketeering activity." *4 K & D Corp. v. Concierge Auctions, LLC*, 2 F. Supp. 3d 525, 535 (S.D.N.Y. 2014), quoting *De Falco v. Bernas*, 244 F.3d 286, 306 (2d Cir. 2001) (internal quotation marks omitted).

The complaint in this matter fails to properly plead a pattern as defined by 18 USC §1962(c). "To establish a RICO claim, a plaintiff must show: (1) a violation of the RICO statute, 18 USC § 1962; (2) an injury to business or property; and (3) that the injury was caused by the violation of Section 1962." *Spool v. World Child Int'l Adoption Agency,* 520 F.3d 178, 183 (2d Cir.2008), quoting *DeFalco v. Bernas,* 244 F.3d 286, 305 (2d Cir.2001) (internal quotation marks omitted).  "[U]nder any prong of § 1962, a plaintiff in a civil RICO suit must establish a pattern of racketeering activity . . . [and][t]o survive a motion to dismiss, this pattern must be adequately alleged in the complaint." *Grimes v. Fremont General Corp.*, 785 F. Supp.2d 269 (SDNY, 2011).

In the instant case, plaintiffs have failed to allege a pattern of actions which would violate the RICO statute. Plaintiffs' complaint fails to plead with the required specificity any actions violative of 18 USC §1962. The complaint fails to plead with

9

particularity any specific actions or dates of said actions taken by MMI/RDH which they claim violate 18 USC §1962. These failures warrant judgment on the pleading dismissing Count Two of the complaint pursuant to Fed. R. Civ. P. 12(c).

**B.  MMI/RDH are entitled to summary judgment on Count Two (plaintiffs' RICO claim).**

In the alternative, MMI/RDH are entitled to summary judgment on Count Two of the complaint as there exist no genuine issues of material fact regarding plaintiffs' allegation that MMI/RDH violated the civil RICO statute. In order to prove a cause of action under the RICO statute, a plaintiff must prove "at least two predicate acts, [a showing] that the predicate acts are related, and that they amount to, or pose a threat of, continuing criminal activity." *4 K & D Corp.*, 2 F. Supp. 3d 525, 535.  A "predicate act" is "any act indictable for crimes enumerated under 18 USC § 1961(1)[]," which include acts of wire fraud (18 USC § 1343) and mail fraud (18 USC § 1341). *Id.,* at 535.  A plaintiff demonstrates "continuing criminal activity" by establishing either "closed-ended continuity" or "open-ended continuity."  *Spool v. World Child Intern. Adoption Agency*, 520 F.3d 178, 183 (2d Cir. 2008), citing *H.J. Inc. v. Nw. Bell Tel. Co.*, 492 U.S. 229, 239, 109 S. Ct. 2893, 106 L. Ed. 2d 195 (1989).

**1.  There are no triable issues of material fact regarding a pattern of racketeering activity via closed-ended continuity.**

MMI/RDH are entitled to summary judgment on this count as there are no issues of material fact that a pattern of racketeering activity existed via closed-ended continuity.  "To satisfy closed-ended continuity, the plaintiff must prove 'a series of related predicates extending over a substantial period of time.'" *Westchester Cnty. Indep. Party v. Astorino*, 137 F. Supp. 3d 586, 608 (S.D.N.Y. 2015), quoting *Cofacredit, S.A. v. Windsor*

MURA&STORM, PLLC • 930 RAND BUILDING • 14 LAFAYETTE SQUARE • BUFFALO, NEW YORK  14203
(716) 855-2800 • FAX (716) 855-2816

*Plumbing Supply Co.*, 187 F.3d 229, 242 (2d Cir. 1999). "[C]losed-ended continuity is primarily a temporal concept." *Westchester Cnty. Indep. Party*, 137 F. Supp. 3d at 608, quoting *Spool*, 520 F.3d at 184 (internal quotation marks omitted). "Although there is not a bright line for what constitutes a 'substantial period of time'...the Second Circuit has '*never* held a period of less than two years to constitute a substantial period of time.'" *Westchester Cnty. Indep. Party*, 137 F. Supp. 3d at 608, quoting *Spool*, 520 F.3d at 184) (emphasis added).

Plaintiffs testified that they made only three purchases over the course of several months (Mura Declaration Exhibit C, pages 244, 246). While the courts maintain that there is no bright-line rule in terms of time, the Second Circuit has never held a period of less than two years to constitute a substantial period of time. As such, there is no triable issue of material fact that the Plaintiffs can show a "substantial" period of time. Therefore, MMI/RDH are entitled to summary judgment on this count of the complaint.

### 2. There are no triable issues of material fact regarding a pattern of racketeering activity via open-ended continuity.

MMI/RDH are also entitled to summary judgment on this count of the complaint as there are no genuine issues of material fact that a pattern of racketeering activity existed via an open-ended continuity. "To satisfy open-ended continuity, the plaintiff ... must show that there was a threat of continuing criminal activity beyond the period during which the predicate acts were performed." *Spool*, 520 F.3d at 185, quoting *Cofacredit*, 187 F.3d at 243. "This threat is generally presumed when the enterprise's business is primarily or inherently unlawful." *Spool*, 520 F.3d at 185,

11

citing *Cofacredit*, 187 F.3d at 242-43; *GICC Capital Corp. v. Tech. Fin. Grp., Inc.*, 67 F.3d 463, 466 (2d Cir. 1995).

"When 'the enterprise primarily conducts a legitimate business,' however, no presumption of a continued threat arises." *Spool*, 520 F.3d at 185, quoting *Cofacredit*, 187 F.3d at 243. "In such cases, 'there must be some evidence from which it may be inferred that the predicate acts were the regular way of operating that business, or that the nature of the predicate acts themselves implies a threat of continued criminal activity.'" *Id.* Moreover, "an 'inherently terminable' scheme does not imply a threat of continued racketeering activity." *Cofacredit*, 187 F.3d at 244; *see, also, GICC Capital Corp. v. Tech. Fin. Grp., Inc.*, 67 F.3d 463, 466 (2d Cir. 1995) ("It defies logic to suggest that a threat of continued looting activity exists when, as plaintiff admits, there is nothing left to loot.").

In the instant case, the record is clear that the only activities MMI/RDH engaged in are those which constitute a legitimate business. The legal importing of hemp-based product pursuant to an FDA license, and the selling of goods produced therefrom is legal and as such there is no presumption of a continued threat of racketeering activity. MMI/RDH have established on this motion that their business activities were legal, and plaintiffs are unable, as a matter of law, to produce any evidence showing that the business activities conducted by the defendants were illegal. As such, there is no genuine issue of material fact tending to establish an open-ended continuity of a pattern of racketeering activity.

12

MURA&STORM, PLLC • 930 RAND BUILDING • 14 LAFAYETTE SQUARE • BUFFALO, NEW YORK 14203
(716) 855-2800 • FAX (716) 855-2816

**3.      There are no triable issues of material fact regarding any pattern of racketeering activity as defined by 18 USC §1961(1).**

Even were this Court to find a triable issue of fact regarding whether there was a "pattern" of activity, MMI/RDH would still be entitled to summary judgment because there is no triable issue of fact that the activity at issue in this case falls under the legal definition of "racketeering activity."  The record before this Court which purports to allege racketeering activity amounts to two claims of actual racketeering activity under the statute: sale of a controlled substance; and mail and wire fraud.

With respect to Criminal Sale of a Controlled Substance, the record before the Court shows that the actions taken by MMI/RDH does not amount to racketeering activity as defined by 18 USC §1961(1). 18 USC §1961(1) specifically defines racketeering activity, with regard to controlled substances as "…any act or threat involving … dealing in a controlled substance or listed chemical (as defined in section 102 of the Controlled Substances Act), which is chargeable **under State law** and punishable by imprisonment for more than one year." (Emphasis added).

Even assuming, arguendo, that the product purchased by plaintiffs was sold by defendants, and further assuming that the product would constitute "marijuana" under the laws of New York State or section 102 of the Controlled Substances Act, the amounts of product that plaintiffs can prove defendants sold are not punishable by New York State Law by imprisonment for more than one year.

New York Penal Law §221.35 states as follows:

A person is guilty of criminal sale of marihuana in the fifth degree when he knowingly and unlawfully sells, without consideration, one or more preparations, compounds, mixtures or substances containing marihuana and the

13

preparations, compounds, mixtures or substances are of an aggregate weight of two grams or less; or one cigarette containing marihuana. Criminal sale of marihuana in the fifth degree is a class B misdemeanor.

Pursuant to New York Penal Law §70.15(2) a Class B misdemeanor is punishable by a fixed term of imprisonment that shall not exceed three months. According to plaintiffs' own deposition testimony, they purchased, at most, 600 milligrams of products. (Mura Declaration Exhibit C, page 47). As stated above, even assuming those products constituted marijuana, that sale does not satisfy the statute to show that any of the defendants engaged in a racketeering activity as defined by 18 USC §1961(1).

With regard to the alleged mail and wire fraud, plaintiffs again cannot prove that the actions taken by the defendants amounted to racketeering activity as defined by 18 USC §1961(1). "To procure a conviction for mail fraud, the government must prove three elements: (1) a scheme to defraud victims of (2) money or property, through the (3) use of the mails." *United States v. Walker*, 191 F.3d 326, 334 (2d Cir., 1999). Likewise, a defendant commits wire fraud where he "was one of the participants in a fraudulent scheme which was furthered by the use of interstate transmission facilities." *United States v. Corey*, 566 F.2d 429, 431 (2d Cir., 1977).

In this matter, there is no scheme alleged by plaintiffs to defraud anyone of money or property. Rather, plaintiffs' complaint alleges and describes only incidental purchases of a product from the defendants.  After an agreement was made, the plaintiffs made payment and the product was sent to plaintiffs. Nowhere in their complaint do plaintiffs claim or allege that defendants failed to provide the purchased product to the

14

plaintiffs.   There are no triable issues of fact regarding any racketeering activity committed by MMI/RDH, entitling MMI/RDH to summary judgment on Count II of the complaint.

## POINT V

## MMI/RDH ARE ENTITLED TO JUDGMENT ON THE PLEADINGS OR SUMMARY JUDGMENT DISMISSING COUNT III OF THE COMPLAINT

Count III of plaintiffs' complaint purports to allege a cause of action for fraudulent inducement.  However, MMI/RDH are entitled to judgment on the pleadings that count or cause of action pursuant to Fed. R. Civ. P. 12(c) as plaintiffs have failed to plead fraudulent inducement with the requisite particularity.

Fed R. Civ. P. 9(b) requires that for a plaintiff properly to plead a cause of action for fraudulent inducement the complaint must "(1) specify the statements that the plaintiff contends were fraudulent, (2) identify the speaker, (3) state where and when the statements were made, and (4) explain why the statements were fraudulent." *Mills v. Polar Molecular Corp.*, 12 F.3d 1170, 1175 (2d Cir. 1993).

For nearly all statements referred to in the complaint, plaintiffs have failed to specify the speaker, and where and when the statements were made. For the statements taken directly from the High Times magazine sidebar, plaintiffs have fail to plead with particularity how the statements are fraudulent.  Again, the statements referred to from this sidebar are allegedly those Tripp Keber as managing director of Dixie, in which he allegedly stated his belief that the product at issue complied with federal law. Plaintiffs failed to plead with any semblance of particularity why that statement was or is fraudulent. As such, MMI/RDH are entitled to judgment on the pleadings dismissing Count III of plaintiffs' complaint.

15

In the alternative, MMI/RDH respectfully submit there are no triable issues of material fact that MMI/RDH fraudulently induced plaintiffs into doing anything, much less into buying and using a product that contained a Cannabis sativa chemical when plaintiffs were subject to random US DOT urinalysis tests.  In order for MMI/RDH to be liable to the Plaintiffs on a theory of fraudulent inducement, plaintiffs must prove (1) a misrepresentation or material omission of fact which was false and known to be false by defendant, (2) made for the purpose of inducing the other party to rely upon it, (3) justifiable reliance of the other party on the misrepresentation or material omission, and (4) injury. *Orchid Construction Corp. v. Gottbetter*, 89 A.D.3d 708 (2d Dept., 2011).

In this action plaintiffs have alleged that they relied on the statements attributed to Tripp Keber in the High Times magazine sidebar or un-bylined article. (ECF Doc. No. 1-1).  MMI/RDH have established that even if those statements were accurately attributed to Keber, they did not authorize him to make those statements on behalf of MMI or RDH.   Moreover, there is no genuine issue of material fact tending to prove that MMI/RDH believed those statements to be false at the time Keber allegedly made them. The very statements on which plaintiffs rely are expressed as a belief. Further, there is no evidentiary proof in the record that plaintiffs relied on any representations made by MMI/RDH that plaintiffs would not fail a Department of Transportation urinalysis exam if they used the product at issue. Indeed, nothing in the record shows any representations made by MMI/RDH. For these reasons, MMI/RDH are entitled to summary judgment dismissing Count III of the complaint.

MURA & STORM, PLLC • 930 RAND BUILDING • 14 LAFAYETTE SQUARE • BUFFALO, NEW YORK  14203
(716) 855-2800 • FAX (716) 855-2816

**POINT VI**

**MMI/RDH ARE ENTITLED TO JUDGMENT ON THE PLEADINGS AND/OR SUMMARY JUDGMENT DISMISSING COUNT IV OF THE COMPLAINT**

Count IV of plaintiffs' complaint purports to allege a cause of action for strict products liability under New York Uniform Commercial Code § 2-318.  In order to properly plead a cause of action for products liability, plaintiffs must allege that they were injured by a defect in the product, and that the defect was a substantial factor in bringing about the injury.  Plaintiffs must also allege and prove that "(1) at the time of the occurrence the product [was] being used for the purpose and in the manner normally intended, (2) that if the person injured or damaged [was] himself the user of the product he would not by the exercise of reasonable care have both discovered the defect and perceived its danger, and (3) that by the exercise of reasonable care the person injured or damaged would not otherwise have averted his injury or damages." *Codling v. Paglia*, 32 N.Y.2d 330, 342. New York UCC § 2-318 extends the potential for liability to third parties, stating: "A seller's warranty whether express or implied extends to any natural person if it is reasonable to expect that such a person may use, consume or be affected by the goods and who is injured in person by breach of the warranty. A seller may not exclude or limit the operation of this section."

In the instant action, the complaint fails to allege that at the time of the occurrence, the product was being used for the purpose and in the manner normally intended. Plaintiffs further failed to plead that the exercise of reasonable care would not have discovered the defect and perceived the danger. Plaintiffs further failed to plead that that the exercise of reasonable care would not have averted the injury or damages.

MURA & STORM, PLLC • 930 RAND BUILDING • 14 LAFAYETTE SQUARE • BUFFALO, NEW YORK  14203
(716) 855-2800 • FAX (716) 855-2816

Plaintiffs' complaint contains numerous vague allegations that the product at issue was defective and that MMI/RDH knew or should have known same, however, of the numerous claims made by plaintiffs noticeably missing are any claims that plaintiffs conducted due diligence and still did not perceive the potential for danger of the product. Additionally, plaintiffs' complaint does not allege that they exercised due diligence in ensuring that the product at issue was an approved product for consumption either with a doctor, or with their employer and still suffered injuries despite that.

When they purchased and used the product plaintiffs knew that they would be subject to random urinalysis examination (Mura Declaration Exhibit C Page 69-72), but still failed to check with their employer or any people who would have conducted such testing to ensure they would be within the consumption rules as set by their employer (Mura Declaration Exhibit C, Page 236-238). As such, plaintiffs have failed to plead the necessary elements of products liability as required by law and MMI/RDH are entitled to judgment on the pleadings dismissing Count IV of the complaint.

In the alternative, MMI/RDH are entitled to summary judgment dismissing this count of the complaint as there are no triable issues of material fact which can support a finding of products liability. According to the New York Court of Appeals:

> In order to establish a prima facie case in strict products liability for design defects, the plaintiff must show that the manufacturer breached its duty to market safe products when it marketed a product designed so that it was not reasonably safe and that the defective design was a substantial factor in causing plaintiff's injury.

*Voss v. Black & Decker Mfg.*, 59 N.Y.2d 102, 107 (1983).

18

In the instant matter, there are no genuine issues of material fact tending to prove that the product at issue was not reasonably safe. Though it is unclear from the complaint and discovery provided to date how exactly the product at issue is unsafe, it appears that plaintiffs are relying on the fact that because marijuana is a Schedule I controlled substance according to the Controlled Substances Act, any product which contains marijuana must therefore be *per se* dangerous. However, according to section 7606 of the Farm Bill, 7 USC §5940(b)(2), industrial hemp is defined as "the plant *Cannabis sativa L.* and any part of such plant, whether growing or not, with a delta-9 tetrahydrocannibinol concentration of not more than 0.3 percent on a dry weight basis."

Defendants' expert's report and deposition testimony establishes that the product at issue, when tested during its development and manufacturing stages, contained THC content well below the state and federal limit of 0.3%. (Mura Declaration Exhibits F, G and H). As such, there are no triable issues of material fact that the product at issue was not reasonably safe.

## POINT VII

### MMI/RDH ARE ENTITLED TO SUMMARY JUDGMENT
### DISMISSING COUNT V OF THE COMPLAINT

Count V of plaintiffs' complaint alleges a breach of contract theory of liability. (ECF Doc. No. 1, page 13). MMI/RDH are entitled to summary judgment dismissing this count as there is no genuine question of material fact tending to show that the contract, if any, was not fulfilled.

Under New York law, the elements of a cause of action for breach of contract are "(1) the existence of a contract, (2) the plaintiff's performance under the contract, (3)

19

MURA&STORM, PLLC • 930 RAND BUILDING • 14 LAFAYETTE SQUARE • BUFFALO, NEW YORK 14203
(716) 855-2800 • FAX (716) 855-2816

the defendant's breach of the contract, and (4) resulting damages." *Palmetto Partners, L.P. v. AJW Qualified Partners, LLC,* 83 A.D.3d 804 (2d Dept. 2011). "Generally, a party alleging breach of contract must demonstrate the existence of a contract reflecting the terms and conditions of their purported agreement." *Mandarin Trading Ltd. V. Wildenstein*, 16 N.Y.3d 173, 181-182 (2011); *Ward v. TheLadders.com, Inc.*, 3. F.Supp.3d 151 (SDNY 2014).

Assuming any contract could have existed between plaintiffs and MMI/RDH, the contract was properly fulfilled. Plaintiffs ordered and paid for and received the product at issue. (Mura Declaration Exhibit C, page 230). Both plaintiffs testified that the product received was what they ordered (Mura Declaration Exhibit C, page 230). It is, remarkably, the crux of plaintiffs' case that the product they researched, ordered and paid for was the product they received. Plaintiffs' breach of contract cause of action fails on that basis alone. Thus, MMI/RDH are entitled to summary judgment dismissing Count V of the complaint.

## POINT VIII

## MMI/RDH ARE ENTITLED TO JUDGMENT ON THE PLEADINGS AND/OR SUMMARY JUDGMENT DISMISSING COUNT VI OF THE COMPLAINT

Count IV of plaintiffs' complaint purports to allege a cause of action for liability based on an alleged breach of an express warranty in violation of New York Uniform Commercial Code § 2-313. A plaintiff's "failure to allege any specific words, promises or statements made by [defendants] that would create an express warranty is fatal to the claim." *Fisher v. App Pharmaceuticals, LLC*, 783 F.Supp.2d 424 (SDNY, 2011). According to this Court, "[a]s is clear from the standard, the actual material statement

amounting to a warranty is critically important; it is so crucial that courts require parties to specifically identify the statement even at the motion-to-dismiss stage" *Hume v. Farr's Coach Lines, Limited*, Case No. 12-CV-6378-FPG-JWF (W.D.N.Y. 2016).

Plaintiffs' complaint fails to allege any specific words, promises or statements of MMI or RDG that constitute an express warranty.  Instead, the complaint points generally at "advertisements" and "press releases" alleged to have been issued by MMI/RDH, but without identifying any specific advertisement or press releases, much less their statements.  Indeed, plaintiffs' complaint fails to identify any statement from which an express warranty can be gleaned. Therefore, MMI/RDH are entitled to judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c) dismissing Count VI of the complaint.

In the alternative, MMI/RDH are entitled to summary judgment on this count. Breach of express warranty claims under New York law require "(i) a material statement amounting to a warranty; (ii) the buyer's reliance on this warranty as a basis for the contract with his immediate seller; (iii) the breach of this warranty; and (iv) injury to the buyer caused by the breach." *Avola v. Louisiana-Pac Corp.*, 991 F.Supp.2d 381, 391 (E.D.N.Y. 2013).

In this matter, the record is bereft of material statements amounting to a warranty. The only statements in the record attributed to any of the defendants, are those allegedly made by Tripp Keber, whom the High Times sidebar or un-bylined article identifies as "Dixie's Managing Director".  (ECF Doc. No. 1-1).  There is not a single statement from any representative of MMI/RDH to be found in the record. The High Time sidebar was not a paid advertisement by MMI/RDH and therefore no express warranty can be attributed to them by that document.

Mura&Storm, pllc • 930 Rand Building • 14 Lafayette Square • Buffalo, New York  14203
(716) 855-2800 • fax (716) 855-2816

Even were this Court to find a question of fact regarding whether the High Times sidebar or un-bylined article can be linked to MMI or RDH, no express warranty can be extracted from that writing.  Moreover, MMI/RDH have established on this motion that they made no express warranties, much less false ones, in that article or to the plaintiffs. For these reasons, MMI/RDH are entitled to summary judgment dismissing Count VI of the complaint.

## POINT IX

## MMI/RDH ARE ENTITLED TO JUDGMENT ON THE PLEADINGS DISMISSING COUNT VII OF THE COMPLAINT

Count VII of the complaint purports to allege a cause of action based on unjust enrichment.  In order to plead a claim for unjust enrichment, a plaintiff must allege that "(1) defendant was enriched, (2) at plaintiff's expense, and (3) equity and good conscience militate against permitting defendant to retain what plaintiff is seeking to recover." *Briarpatch Litd. v. Phoenix Pictures, Inc.*, 373 F.3d 296 (2d Cir., 2004) (internal quotations omitted).

In the instant matter, plaintiffs have failed to plead in any way that equity and good conscience militate against permitting MMI/RDH to retain what plaintiff is seeking to recover. The complaint merely states that plaintiffs "conferred their full payment on price on Defendants" and that the defendants were unjustly enriched by retaining those funds and continue to be so unjustly enriched due to continuing to retain the benefit of those funds. (ECF Doc. No. 1, page 14).  These allegations do not amount to a proper pleading of unjust enrichment and, as such, MMI/RDH are entitled to judgment on the pleadings dismissing Count VII of the complaint.

22

**POINT X**

**MMI/RDH ARE ENTITLED TO SUMMARY JUDGMENT
DISMISSING COUNT VIII OF THE COMPLAINT**

Count VIII of the complaint purports to allege a common law negligence cause of action. (ECF Doc. No. 1, pages 14-15).   MMI/RDH are entitled to summary judgment dismissing this count because there are no genuine issues of material fact tending to show that MMI/RDH negligently manufactured or acted negligently with regard to the product at issue. According to the Second Circuit:

> It is well-settled under New York law that "words as well as acts may serve as the premise for a negligence action." *Heard v. City of New York,* 82 N.Y.2d 66, 73, 603 N.Y.S.2d 414, 623 N.E.2d 541 (1993). But misstatements are actionable only if the defendant is "under a duty to the plaintiff to exercise reasonable care in giving the information, and plaintiffs' reliance upon the information [is] foreseeable." *Id.* at 74, 603 N.Y.S.2d 414, 623 N.E.2d 541. There "`must be knowledge or its equivalent'" on the defendant's part "`that the information is desired for a serious purpose,'" that the plaintiff intends to "`rely and act upon it,'" and that if the information "`is false or erroneous,'" he will suffer injury. *Id.* (quoting *Int'l Prods. Co. v. Erie R.R. Co.,* 244 N.Y. 331, 338, 155 N.E. 662 (1927)).

*Eternity Global Master Fund v. Morgan Guar. Trust*, 375 F.3d 168, 187 (2d Cir. 2004).

MMI/RDG have established on their motion that they did not negligently manufacture or test the product at issue before it was sold to plaintiffs.  MMI/RDG have also established that they did not know Douglas Horn would be ingesting the product and that he was subject to random urinalysis testing.  As a matter of law this court may find that there was no breach of a duty of care by MMI and RDH or foreseeability of harm to the plaintiffs to support a negligence cause of action.  Consequently, MMI/RDH are entitled to summary judgment dismissing Count VIII of the complaint.

Mura & Storm, pllc • 930 Rand Building • 14 Lafayette Square • Buffalo, New York 14203
(716) 855-2800 • fax (716) 855-2816

**POINT XI**

**MMI/RDH ARE ENTITLED TO JUDGMENT ON THE PLEADINGS AND/OR
SUMMARY JUDGMENT DISMISSING COUNT IX OF THE COMPLAINT**

Count IX of the complaint purports to allege a cause of action for negligent infliction of emotional harm. (ECF Doc. No. 1, page 15).  "A claim of negligent infliction of emotional distress may only proceed where the allegations of conduct are so extreme in degree and outrageous in character as to go beyond all possible bounds of decency, so as to be regarded as atrocious and utterly intolerable in a civilized community." *Black v. Race*, 487 F.Supp.2d 187, 219 (E.D.N.Y. 2007) (internal quotes omitted). "Moreover, in the absence of contemporaneous or consequential physical injury, courts have been reluctant to permit recovery for negligently cause psychological trauma, with ensuing emotional harm alone." *Id.*

The complaint fails to allege any such extreme conduct or outrageous conduct.  Plaintiffs purchased and used a product they knew contained cannabidiol, a Cannabis sativa chemical.  Even if plaintiffs can prove that the product Douglas Horn consumed – which was not tested – contained more than 0.3% THC, the plaintiffs' various claims against the defendants do not involve conduct so extreme in degree and outrageous in character as to go beyond all possible bounds of decency and be regarded as atrocious and utterly intolerable in a civilized community.

For these reasons, MMI/RDH are entitled to judgment on the pleadings and/or summary judgment dismissing Count IX of the complaint.

Mura & Storm, pllc • 930 Rand Building • 14 Lafayette Square • Buffalo, New York  14203
(716) 855-2800 • fax (716) 855-2816

## <u>CONCLUSION</u>

WHEREFORE, based upon all of the above, it is respectfully requested that this Court grant the instant motion of defendants Medical Marijuana, Inc., and Red Dice Holdings, LLC, for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c) or summary judgment pursuant to Fed. R. Civ. P. 56(a) dismissing the plaintiffs' complaint against them in its entirety.

DATED:  Buffalo, New York
      August 30, 2018

        Respectfully submitted,


        /s/ Roy A. Mura
        Roy A. Mura, Esq.

        MURA & STORM, PLLC
        *Attorneys for Defendants Medical Marijuana, Inc.*
        *and Red Dice Holdings, LLC*
        930 Rand Building
        14 Lafayette Square
        Buffalo, New York 14203
        (716) 855-2800
        roy.mura@muralaw.com

MURA & STORM, PLLC • 930 RAND BUILDING • 14 LAFAYETTE SQUARE • BUFFALO, NEW YORK  14203
(716) 855-2800 • FAX (716) 855-2816