UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

DOUGLAS J. HORN and CINDY HARP-HORN,

                *Plaintiffs*,

-against-

MEDICAL MARIJUANA, INC., DIXIE ELIXIRS AND EDIBLES, RED DICE HOLDINGS, LLC, and DIXIE BOTANICALS,

                *Defendants.*

Civil Action No. 15-cv-701-FPG

**AFFIDAVIT OF CHUCK SMITH**

---

State of Colorado)
County of Denver)     ss:

    Chuck Smith, under penalty of perjury, does hereby depose and state:

    1.    I am the Chief Operating Officer of Dixie Elixirs, LLC, sued incorrectly herein as Dixie Elixirs and Edibles ("Dixie").

    2.    I am fully familiar with the facts and circumstances of this case and make this affidavit in support of Dixie's Motion for Summary Judgment.

    3.    I provide the information contained in this affidavit based upon my own personal knowledge and review of records created and/or kept in the ordinary course of Dixie's business.

    4.    During and prior to September and October 2012, Dixie was engaged in the research, development, manufacture and distribution of certain legal hemp-based cannabidiol products.

    5.    Dixie's involvement with the product at issue in this action, the Dixie X CBD Dew Drops 500 mg Tincture ("Dixie X"), was to facilitate the sale of the finished product.

    6.    Prior to being made available for public consumption, Dixie X was regularly tested to ensure compliance with state and federal laws and regulations.

7. At no time was Dixie X ever made available for sale or consumption without meeting those legal standards.

8. Testing of Dixie X was done at various stages of production to ensure compliance with state and federal laws, including monitoring and measuring levels of tetrahydrocannabinol ("THC") and Cannabidiol ("CBD"). Examples of copies of the certificates of testing performed by a laboratory commissions to perform such testing, CannLabs, are annexed hereto collectively as **Exhibit \_\_**. CannLabs certificates merely confirmed the THC and CBD levels we believed the products already contained.

9. I have seen the article regarding Dixie X contained in the September 2012 edition of High Times magazine which was annexed to Plaintiffs' Complaint as **Exhibit A**.

10. Dixie did not create, write, sponsor, approve or support any part of that article and took no affirmative role in the publication of that article.

11. Dixie did not pay for that article to be placed in High Times.

12. The article was not a paid advertisement for, by, or on behalf of Dixie.

13. During and before the autumn of 2012, Defendants believed Dixie X to be in compliance with New York State and Federal laws and regulations regarding THC content.

Dated: Denver, Colorado
August 28, 2018

_Chuck Smith_ (signature)
Chuck Smith

Sworn to before me this 29th day of August 2018

_Elise Koelsch_ (signature)
Notary Public

ELISE KOELSCH
Notary Public
State of Colorado
Notary ID # 20174029091
My Commission Expires 07-12-2021