UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

DOUGLAS J. HORN and CINDY HARP-HORN,

                  *Plaintiffs*,

-against-

MEDICAL MARIJUANA, INC., DIXIE ELIXIRS AND EDIBLES, RED DICE HOLDINGS, LLC, and DIXIE BOTANICALS,

                  *Defendants.*

Civil Action No. 15-cv-701-FPG

**AFFIRMATION OF
JEAN-CLAUDE MAZZOLA**

STATE OF NEW YORK   )
                              ) ss
COUNTY OF NEW YORK )

1. I am a partner in the law firm of Mazzola Lindstrom LLP, attorneys for Dixie Elixirs LLC, sued incorrectly herein as Defendants Dixie Elixirs and Edibles ("Dixie" or "Defendants") and am duly licensed to practice law in the state of New York and the United States District Court for the Western District of New York.

2. I submit this affirmation in support of Dixie's motion for summary judgment pursuant to FRCP Rule 56 upon my personal review and familiarity with the proceedings held herein.

## FACTUAL SUMMARY

3. This is an action for damages brought by Plaintiffs delineating nine "counts," seeking redress for Defendants' alleged: (1) violation of New York's General Business Law §§349 and 350; (2) violation of the federal RICO statute; (3) fraudulent inducement; (4) violation of Uniform Commercial Code §2-318; (5) breach of contract; (6) breach of express warranty in violation of UCC § 2-313; (7) unjust enrichment; (8) negligence; and (9) negligent infliction of emotional harm. (ECF Doc. No. 1 and Civil RICO Statement as No. 2).

4. Plaintiffs seek to recover for damages allegedly sustained due to Plaintiff Cindy Harp-Horn's purchase and Douglas Horn's use of a product known as Dixie X CBD Dew Drops 500 mg Tincture ("Dixie X").

5. Plaintiffs claim to have ordered this product from Defendants, collectively. Plaintiffs claim that all Defendants collaborated in the production, marketing, and retail of the product. Plaintiffs allege that Defendants advertised the product as containing 0% tetrahydrocannabinol (THC).

6. Plaintiff Douglas Horn alleges his employer terminated his position as an over-the-road hazmat commercial truck driver after submitting to a randomized urine test pursuant to Department of Transportation regulations and company policy and tested positive for THC.

7. Plaintiffs alleged that the THC came from Dixie X.

8. The actual bottle of Dixie X Douglas Horn allegedly used was never tested. Plaintiff sent a different bottle of a different concentration of the product at issue for testing. He has established no proper chain of custody or provided it to counsel for inspection.

9. Plaintiff Cindy Harp-Horn subsequently voluntarily and unilaterally resigned her position from the same trucking company, but also claims lost earning damages from defendants.

## PROCEDURAL HISTORY

10. Plaintiffs commenced this action in this court by filing a Summons and Complaint on August 6, 2015, along with a RICO Statement pursuant to Local Rule 9, attached hereto as a composite **Exhibit A**.[1]

11. On October 23, 2015, Dixie filed an Answer with Affirmative Defenses to the Complaint, a true an accurate copy of which is annexed as **Exhibit B**.

---

[1] Per Local Rule 56, all Exhibits are appended and annexed to Defendants' Statement of Undisputed Material Facts.

4834-6572-1457, v. 1

12. Depositions of plaintiffs Douglas Horn and Cindy Harp-Horn were taken on May 8 and 9, 2017, respectively. A copy of the excerpts of the full transcript of Douglas Horn's deposition referred to in Dixie's Statement of Undisputed Material Facts and Memorandum in Support of Defendant, Dixie Elixirs Motion for Summary Judgment are attached as **Exhibit C**, Cindy Harp-Horn's deposition excerpts are attached as **Exhibit D**.

13. In this action Plaintiffs claim to have viewed an "article" in the Fall 2012 issue of High Times' Medical Marijuana magazine ("the Ad"). The single "article" plaintiffs allegedly viewed is attached as Exhibit A to their complaint. (Exhibit A thereto). Attached as **Exhibit E** is what Douglas Horn identified during his deposition as being a full copy of the Fall 2012 issue of High Times' Medical Marijuana magazine.

14. During the course of this action, defendants jointly retained a scientific expert, Dr. Cindy S. Orser, who was deposed by Plaintiffs' counsel on December 12, 2017. Excerpts of Dr. Orser's deposition transcript to which Dixie refer are attached as **Exhibit F**.

15. In her deposition Dr. Orser was questioned about a report she had prepared for Defendants in this action. A copy of Dr. Orser's expert report is attached as **Exhibit G**.

16. Dr. Orser relied upon certain test results provided to her by the defendants in coming to her conclusions. Copies of the certificates of testing performed by the laboratory commissioned to perform such testing, CannLabs, are attached hereto collectively as **Exhibit H**.

17. During the course of this action, Plaintiffs retained Dr. Kenneth Graham, who was deposed by Defendants' counsel on December 1, 2017. In his deposition Dr. Graham was questioned about a report he had prepared for Plaintiffs in this action. A copy of Plaintiffs Expert Disclosure and Dr. Graham's expert report are attached as **Exhibit I and J**.

18. No depositions were requested or taken of any representatives of any of the defendants.

19. Attached as **Exhibit K** is an Invoice disclosed by Plaintiffs purportedly for Dixie X and Bates stamped by Defendants as MRC 0000326-27.

20. For the reasons stated and discussed in depth in the accompanying memorandum of law, Dixie respectfully submits that they are entitled to summary judgment on all causes of action, dismissing the entirety of Plaintiffs' Complaint, and granting such other and further relief in favor of Dixie as this Court deems just and proper under the circumstances.

21. The Court is respectfully directed to the accompanying Memorandum of Law in Support of Defendants, Dixie Elixir and Edibles' Motion for Summary Judgment.

22. Defendants respectfully requests that this Court grant Defendants' motion for summary judgment in its entirety, along with reasonable attorneys' fees, costs, and disbursements together with such other and further relief as this Court deems just and proper.

Dated: New York, New York
August 30, 2018

Respectfully submitted,

Mazzola Lindstrom LLP

_____
Jean-Claude Mazzola
Hanoch Sheps
Mazzola Lindstrom LLP
733 Third Avenue, 15th Floor
New York, NY 10017
(646) 216 - 8126
jeanclaude@mazzolalindstrom.com

*Attorneys for Dixie Elixirs LLC, sued incorrectly herein as Defendant Dixie Elixirs and Edibles*

Sworn to before me this 30th day of August 2018

_____
Notary Public

HANOCH SHEPS
Notary Public, State of New York
No. 02SH6351603
Qualified in New York County
Commission Expires December 05, 2020

4834-6572-1457, v. 1