UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
DOUGLAS J. HORN and CINDY HORN,           Civil Action No. 15-cv-701
                                                                              (FPG)(MJR)
                                  Plaintiffs,

                   -against-                                                        **DECLARATION**
                                                                                        **IN SUPPORT**

MEDICAL MARIJUANA, INC.;
DIXIE ELIXIRS AND EDIBLES;
RED DICE HOLDINGS, LLC; and
DIXIE BOTANICALS,
                                   Defendants.
-------------------------------------------------------------------x

       Jeffrey Benjamin, declares under penalty of perjury, as provided for by the laws of the United States, that the following statements are true:

       1.       I am the attorney for the plaintiffs.

       2.       This Declaration is being submitted in support of Plaintiffs' application pursuant to Fed. R. Civ. P. 15(c) for leave to amend the caption and amend and supplement their complaint against the defendants.

*Amended Caption*

       3.       The defendants originally named herein were MEDICAL MARIJUANA, INC.; DIXIE ELIXIRS AND EDIBLES; RED DICE HOLDINGS, LLC; and DIXIE BOTANICALS.

       4.       It was learned by plaintiffs during the course of this litigation that the parties herein named are, except for Dixie Botanicals, all interrelated and are commonly owned and managed.  Upon information and belief, and as confirmed by public documents prepared by the respective defendants, defendants MEDICAL MARIJUANA, INC. and DIXIE HOLDINGS, LLC a/k/a DIXIE ELIXIRS, LLC. are joint venturers and business partners that, together, owned one-hundred percent of the defendant RED DICE HOLDINGS, LLC at the time of the actions

herein complained of.

5.      Notably, the party originally denominated as DIXIE ELIXIRS AND EDIBLES, as appeared in this proceeding as DIXIE ELIXIRS LLC i/s/h as DIXIE ELIXIRS AND EDIBLES.  However, research of the public domain has indicated that the true party in interest is mis-captioned and mis-named.  Based upon public filings [Exhibits "A" annexed hereto], the true party in interest with respect to the "Dixie Elixer" defendant is, in fact, the entity DIXIE HOLDINGS, LLC a/k/a DIXIE ELIXIRS.

6.      Thus, the correctly named parties are those set forth in the caption of the attached proposed first amended complaint and now properly reflect the true "Dixie Elixir" party.

*Amended Complaint*

7.      The nature of plaintiffs' proposed amendment are two-fold.  Plaintiff seeks to withdraw several causes of action that they now deem extraneous to the core causes of action pleaded.

8.      Specifically, plaintiffs seek leave to withdraw Count V, Breach of Contract, County VI, Breach of Express Warranty, and Count VII, Unjust Enrichment.

9.      Plaintiffs additionally seek leave to amend their complaint to include a cause of action for false advertising pursuant to §43(a) of the Lanham Act, 15 U.S.C. § 1125 (the "Federal Provision").

10.     The Lanham Act provision virtually mirrors the New York Statutes raised initially, to wit, GBL §§349 and 350 (the "New York Provisions").  Virtually of the facts alleged and document in the plaintiffs' complaint and throughout the litigation, as they relate to the new York Provisions, also relate to the companion Federal Provision.

11.     There is no prejudice or surprise relating to this proposed amendment on this

basis.

12. No further discovery is being sought by Plaintiff due to this proposed amendment, as only the cause of action is being added with no further facts being alleged other than those that have been alleged in the first-filed Complaint.

13. The added cause of action satisfies both *Twombly* analysis and the parameters of Fed. R. Civ. P. 15(c).

14. Under *Twombly,* plausibility is established, as alleged, as follows:

   a. The Defendants made false statements of fact about their Elixir product;

   b. The advertisements alleged to be false actually deceived or had the tendency to deceive a substantial segment of their audience;

   c. The Defendants' deception was material in that it would likely influence the purchasing decision;

   d. Defendants caused the false advertisements and misinformation to enter interstate commerce; e. Plaintiffs were injured as the result of the foregoing.

15. Furthermore, Fed. R. Civ. P. 15(c) authorizes the proposed amendment in accordance with its "Relation Back" provision which permits such amendments as follows:

   a. (c) *Relation Back of Amendments.*

   (1) When an Amendment Relates Back. An amendment to a pleading relates back to the date of the original pleading when:

   (A) the law that provides the applicable statute of limitations allows relation back;

   (B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading; or

   (C) the amendment changes the party or the naming of the party against whom a

claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:

  (i)  received such notice of the action that it will not be prejudiced in defending on the merits; and

  (ii)  knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

  16.  All of foregoing elements are met with respect to the proposed amendment of the Lanham Act §43(a) cause of action for defendants' misrepresentation as to the nature, characteristics, qualities, or geographic origin of their Elixir products as fully alleged in the original complaint and proposed amended complaint.

  17.  By reason of the foregoing, it is respectfully contended that the proposed amended complaint is proper and does not in any way delay or change the prosecution or defense of this litigation.

  WHEREFORE, Plaintiffs respectfully request that this Court grant to them the relief sought hereby and for such other and further as the court may deem just proper.

Dated: Great Neck, New York
   November 15, 2018      KUPILLAS, UNGER & BENJAMIN, LLP.

                   *Jeffrey Benjamin*
                   Jeffrey Benjamin
                   *Attorney for Plaintiffs*
                   DOUGLAS J. HORN and CINDY HORN
                   1 Linden Place, Suite 410-A
                   Great Neck, New York 11021
                   (516) 213-4493