UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
DOUGLAS J. HORN and CINDY HARP-HORN,

                         Plaintiff,

       -against-

MEDICAL MARIJUANA, INC.,
DIXIE ELIXIRS AND EDIBLES,
RED DICE HOLDINGS, LLC, and
DIXIE BOTANICALS,
                       Defendants,
------------------------------------------------------------------X

Civ Action No: 15-cv-701 FPG/MJR

***DECLARATION of***
***<u>JEFFREY BENJAMIN, ESQ.</u>***

<u>**DECLARATION OF JEFFREY BENJAMIN IN OPPOSITION TO DEFENDANTS'
MEDICAL MARIJUANA, INC. and RED DICE HOLDINGS, LLC.'s
MOTION FOR SUMMARY JUDGMENT**</u>

      I, Jeffrey Benjamin, Esq., declare under penalty of perjury, as provided for by the laws of the United States, that the following statements are true:

1. I am an attorney and counselor at law, duly admitted to practice before the Courts of the State of New York and this Court, and counsel for Plaintiffs. As such, I am fully familiar with the facts stated and Exhibits submitted in opposition to Defendants' MEDICAL MARIJUANA, INC. and RED DICE HOLDINGS, LLC.'s ("MMI/RDH") Motion for Summary Judgment.

**I.**  <u>**MMI/RDH's Public Filings**</u>

2. Attached hereto as Exhibit "A" is a copy of the Operating Agreement for RED DICE HOLDINGS, LLC. and its two owners MEDICAL MARIJUANA, INC. and DIXIE HOLDINGS, LLC. a/k/a DIXIE ELIXIRS .

3. Attached hereto as Exhibit "B" is a copy of the Complaint entitled *DIXIE HOLDINGS, LLC derivatively on behalf of RED DICE HOLDINGS, LLC v MEDICAL MARIJUANA, INC.* in the Superior Court of California Case No: 37-2013-58302.

4.    Attached hereto as Exhibit "C" is a copy of the June 30, 2012 filing with the SEC pursuant to Rule 15c2-(11)(a)(5) by Defendant MEDICAL MARIJUANA, INC.

## II. Plaintiffs' Affidavits

1.   Attached immediately hereto is Plaintiffs' initial Affidavit in Opposition.

2.   Attached immediately hereto is Plaintiffs' Supplemental Affidavit in Opposition.

3.   Attached immediately hereto is the Affidavit of Ellen Voie along with its Exhibit "i."

4.   Attached hereto as Exhibit "1" is a copy of the "High Times" magazine advertisement (Page 42) Plaintiffs' obtained and read.

5.   Attached hereto as Exhibit "2" is a copy of the Defendant Dixie's Frequently Asked Questions ("FAQs") that existed in September, 2012.

6.   Attached hereto as Exhibit "3" is a copy of Defendant Dixie's Frequently Asked Questions ("FAQs") that existed in or before April, 2015. Stating:

**"Does Cannibidiol (CBD) and other natural hemp based constituents show up on a drug test?"** (bold in the original).

"Most workplace drug screens and tests target delta9-tetrahydrocannabinol (THC) and do not detect the presence of Cannabidiol (CBD) *or other legal natural hemp based constituents*. However, studies have shown that eating hemp foods and oils *can cause confirmed positive results* when screening urine and blood specimens. Accordingly, if you are subject to any form of drug testing, *we recommend (as does the United States Military) that you DO-NOT ingest our products*, and consult with your healthcare, drug screening/testing company or employer." Emphasis added.

9.   Attached hereto as Exhibit "4" is a copy of Defendants' Invoice and Packing Slip for Plaintiffs' September 17, 2012 purchase of the Dixie X Elixir Tincture product at issue.

10.  Attached hereto as Exhibit "5" is a copy of the report of Plaintiff Douglas Horn's drug screening on October 9, 2012 showing a positive result for THC.

11. Attached hereto as Exhibit "6" are copies of the EMSL labs invoice, analysis and confirmation of the THC content in Defendants' Tincture product, and Chain of Custody document.

12. Attached hereto as Exhibit "7" is a copy of the e-mail chain from the EMSL lab's National Director Scott Van Etten denying Plaintiff the return of the sample due to THC content.

13. Attached hereto as Exhibit "8" are copies of the Certificates of Analysis produced by Defendants' in discovery confirming their representative sample product tested contained .05% and .04% THC respectively.

14. Attached hereto as Exhibit "9" are copies of the label on Defendants' tincture product that Plaintiff took and that which was tested, showing the absence of any reference to THC or Controlled Substances.

15. Attached hereto as Exhibit "10" is a copy of Dixie Elixirs and Edibles' (the "THC-infused products company") May 2, 2012 press release announcing their launch of the Dew Drops tincture product at issue, and their breaking new ground in the category of non-THC-infused products.

16. Attached hereto as Exhibit "11" is a copy of the Facebook post of Tamar Wise, former Chief Scientist at Defendant Medical Marijuana and Dixie Elixirs denouncing Defendants' products, stating "unfit for human consumption" and accusing Defendants a acting "criminal and dangerous."

17. Attached hereto as Exhibit "12" are the relevant portions of Defendants' Botanist expert Dr. Cindy Orser's deposition transcript, who testified on December 12, 2017.

18. Attached hereto as Exhibit "13" is a copy of Plaintiffs' expert economist Dr. Mark

Zaporowski's Curriculum Vitae.

19. Attached hereto as Exhibit "14" is a copy Dr. Zaporowski's expert economist's Report calculating Plaintiffs' damages.

### III.    Affidavit and Reports of Dr. Kenneth D. Graham, Ph.D., R.Ph.

20.  Also attached immediately hereto is the Affidavit of Plaintiffs' Forensic Toxicologist and Pharmacologist Kenneth D. Graham.

21. Attached to Dr. Graham's Affidavit as Exhibit "I" is a copy of his Curriculum Vitae.

22. Attached to Dr. Graham's Affidavit as Exhibit "II" is a copy of Dr. Graham's expert report of August 29, 2017 in which he describes the liability of Defendants in the law.

23. Attached to Dr. Graham's Affidavit as Exhibit "III" is a copy of his October 30, 2017 Supplemental (Rebuttal) Report to Defendants' expert report.

Dated: New York, New York                    KUPILLAS, UNGER & BENJAMIN, LLP

       November 14, 2018                    *Jeffrey Benjamin*

                                  Jeffrey Benjamin, Esq.,
                                  Attorney for Plaintiffs
                                  5 Penn Plaza, 23rd Floor
                                  New York, New York 10001
                                  (212) 655-9536