UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

DOUGLAS J. HORN and CINDY HARP-HORN,

                        *Plaintiffs*,

    -against-

MEDICAL MARIJUANA, INC., DIXIE ELIXIRS AND EDIBLES, RED DICE HOLDINGS, LLC, and DIXIE BOTANICALS,

                        *Defendants.*

---

Civil Action No. 15-cv-701-FPG

 

Memorandum of Law in Support of Defendants, Dixie Elixirs and Edibles
Motion to Strike Summary Judgment Evidence

 

Jean-Claude Mazzola
Hanoch Sheps
Mazzola Lindstrom LLP
733 Third Avenue, 15th Floor
New York, NY 10017
(646) 216 - 8300
jeanclaude@mazzolalindstrom.com

*Attorneys for Dixie Elixirs LLC,
sued incorrectly herein as
Defendant Dixie Elixirs and Edibles*

i

## TABLE OF CONTENTS

ARGUMENT ........................................................................................................................... 2

    I.    This Court should strike the Affidavit of Dr. Kenneth Graham, Ph. D.'s unfounded and baseless legal opinions. ................................................................................................. 2

    II.    This Court should strike the Plaintiffs' Affidavit and Plaintiffs' Statement Pursuant to L.R. 56(a)(1) to the extent it contradicts sworn deposition testimony. ........................... 5

    III.    This Court should strike the alleged "press release(s)," to the extent they contain multiple levels of inadmissible hearsay and are not press releases ................................ 6

    IV.    This Court should strike the "Facebook post" to the extent it contains multiple levels of inadmissible hearsay ........................................................................................................ 8

    V.    This Court should strike the Youtube videos to the extent they were not disclosed ........... 9

CONCLUSION ..................................................................................................................... 10

# TABLE OF AUTHORITIES

**Cases**

*American Friends of Yeshivat Ohr Yerushalayim, Inc. v. United States*, 2009 U.S. Dist. LEXIS 47986 (EDNY 2009) .................................................................................................. 9

*Baillie Lumber Co., Ltd. P'ship v. Ace Am. Ins. Co.*, 2014 U.S. Dist. LEXIS 172371 (WDNY 2014) ............................................................................................................................... 9

*Century Pac., Inc. v. Hilton Hotels Corp.*, 528 F. Supp. 2d 206 (SDNY 2007) .......................... 2, 6

*Harris v. Key Bank Nat'l Ass'n*, 193 F. Supp. 2d 707 (WDNY 2002) .......................................... 4

*Hayes v. New York City Dep't of Corrections*, 84 F.3d 614 (2d Cir. 1996) ................................ 5

*Hollander v. Am. Cyanamid Co.*, 172 F.3d 192 (2d Cir. 1999)); *see also Patterson v. County of Oneida*, 375 F.3d 206, 219 (2d Cir. 2004) ............................................................................. 2

*Holmes v. Gaynor*, 313 F. Supp. 2d 345 (SDNY 2004) ................................................................ 7

*Hygh v. Jacobs*, 961 F.2d 359 (2d Cir. 1992) .............................................................................. 3

*In re Columbia Sec. Litig.*, 155 F.R.D. 466 (SDNY 1984) ........................................................... 7

*In re Initial Public Offering Sec. Lit.*, 174 F.Supp.2d 61 (SDNY 2001) ...................................... 3

*Jackson v. Jimino*, 506 F. Supp. 2d 105 (NDNY 2007) ............................................................... 6

*Mandal v. City of New York*, 2006 U.S. Dist. LEXIS 85216 (SDNY 2006) ................................ 6

*Marx & Co. v. Diner's Club, Inc.*, 550 F.2d 505 (2d Cir. 1977) ................................................... 3

*McAllister v. New York City Police Dep't*, 49 F. Supp. 2d 688 (SDNY 1999) .......................... 7

*Nieves-Villanueva v. Soto-Rivera*, 133 F.3d 92 (1st Cir. 1997) ................................................... 4

*Perma Research & Dev. Co. v. The Singer Co.*, 410 F.2d 572 (2d Cir. 1969) ............................. 5

*Rockport Co. v. Deer Stags, Inc.*, 65 F. Supp. 2d 189 (SDNY 1999) ........................................... 2

*Star Direct Telecom, Inc. v. Glob. Crossing Bandwidth, Inc.*, 272 F.R.D. 350 (WDNY 2011) .... 9

4830-7477-7979, v. 1

*United States v. Bilzerian*, 926 F.2d 1285 (2d Cir. 1991) .................................................................. 3

**Statutes**

FRCP 56(c)(1)(A) .................................................................................................................. 5, 9

Fed. R. Evid. 801 .................................................................................................................. 7, 8

FRCP 26 ................................................................................................................................. 3, 9

FRE 403 ..................................................................................................................................... 4

4830-7477-7979, v. 1

Defendant, Dixie Elixirs LLC, sued incorrectly herein as Dixie Elixirs and Edibles, by and through its undersigned counsel, respectfully submits this Memorandum of Law in Support of its Motion to Strike Summary Judgment Evidence pursuant to Federal Rule of Civil Procedure 56 together with costs and such other relief as the Court deems just, reasonable and proper.

## PRELIMINARY STATEMENT

This case concerns allegations made by Plaintiffs arising from a September 2012 purchase and alleged use of a portion of a single bottle of Dixie X CBD Dew Drops 500 mg Tincture ("Dixie X"). The crux of Plaintiffs' case concerns alleged statements by Defendants regarding that product and its ultimate legality. In support of Plaintiffs' Motion for Partial Summary Judgment, Plaintiffs point to inadmissible materials in the record and not in the record. This was done in violation of the Federal Rules of Civil Procedure regarding the required proof to support a motion for summary judgment. Plaintiffs' evidence includes unfounded and baseless legal opinions by their designated expert, a sworn Affidavit which contradicts sworn deposition testimony, alleged statements by Defendants which were either never uttered or found in multiple layers of inadmissible evidence, and undisclosed evidence. Defendants thus respectfully seek to strike in whole or in part several pieces of evidence cited by Plaintiffs in support of their motion.

The Court is referred to the body of this memorandum, the Affirmation of Jean-Claude Mazzola, Esq., in Support of Defendants' Motion to Strike Summary Judgment Evidence ("Mazz. Aff.") and all exhibits attached thereto.

## STANDARD OF REVIEW

Because "a decision on the motion to strike may affect [the movant's] ability to prevail on summary judgment," it is appropriate to consider the Motion to Strike prior to the Motion for Summary Judgment. *Century Pac., Inc. v. Hilton Hotels Corp.*, 528 F. Supp. 2d 206, 213-14 (SDNY 2007). Local Rule 56(a)(3) requires each statement in a statement of undisputed facts in

support of summary judgment to be followed by citation to materials in the record admissible pursuant to FRCP 56(c)(1)(A). *Al-Mohammedi v. City of Buffalo*, 2016 U.S. Dist. LEXIS 42730, at *8 (WDNY 2016). FRCP 56(c)(2) permits a party to object if the materials cannot be presented in admissible form.

FRCP 56(e) requires that, in a summary judgment motion, "[s]upporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence." *Century Pac.*, 528 F. Supp. at 214. A court may strike portions of an affidavit which fail to meet this threshold or "make generalized and conclusory statements." *Rockport Co. v. Deer Stags, Inc.*, 65 F. Supp. 2d 189, 191 (SDNY 1999) (quoting *Hollander v. Am. Cyanamid Co.*, 172 F.3d 192, 198 (2d Cir. 1999)); *see also Patterson v. County of Oneida*, 375 F.3d 206, 219 (2d Cir. 2004) (holding that inadmissible statements in affidavits submitted in support of a summary judgment motion are incapable of raising material issues of fact). Defendants move to strike portions of several exhibits submitted by Plaintiffs, and certain other exhibits in their entirety.

## ARGUMENT

### I. This Court should strike the Affidavit of Dr. Kenneth Graham, Ph. D.'s unfounded and baseless legal opinions

Defendants seek to strike and object to any purported legal opinion or conclusions drawn by Plaintiffs' forensic toxicologist, Dr. Kenneth Graham, Ph. D., insofar as matters of law shall be determined by this Court. Specifically, Defendants seek to strike any legal opinion or conclusion drawn in the "Affidavit Plaintiffs' Expert Dr. Kenneth Graham" (the "Graham Affidavit") in support of Plaintiffs' Motion for Partial Summary Judgment, Dr. Graham's August 29, 2017 Initial Report and October 30, 2017 Supplemental Report and Rebuttal (Graham Aff. Exhibit II and Exhibit III, respectively).

2

"Each courtroom comes equipped with a 'legal expert' called a judge." *In re Initial Public Offering Sec. Lit.*, 174 F.Supp.2d 61, 69, n. 11 (SDNY 2001) (citations omitted); *Hygh v. Jacobs*, 961 F.2d 359, 363-64 (2d Cir. 1992). An expert may not "usurp either the role of the trial judge in instructing the jury as to the applicable law or the role of the jury in applying that law to the facts before it." *United States v. Bilzerian*, 926 F.2d 1285, 1294 (2d Cir. 1991). Expert testimony on the law is excluded because the special legal knowledge of the judge makes such testimony superfluous, and because it invades the province of the Court. *Marx & Co. v. Diner's Club, Inc.*, 550 F.2d 505, 509-10 (2d Cir. 1977).

Local Rule 7(a)(3) also serves to prohibit the Graham Affidavit (and its exhibits) from containing legal opinions; it must be limited to factual and procedural background. Moreover, FRCP 26(a)(2)(B) requires that Plaintiffs' expert report contain "the basis and reasons" for Dr. Graham's opinions and "the data or other information" that he considered in forming those opinions. However, Dr. Graham's reports contain no basis for his legal opinions; and he testified that he has no proper foundation for those opinions.

Dr. Graham testified, in relevant part, that he is neither a lawyer nor trained in the law, read no decisional law or advisory opinions concerning the relevant statue, read any opinions written by any federal, state or local judge regarding their own interpretation of that statute, read no legislative history or decisional law, and that he was looking at the 2017 statute rather than the one in effect in September/October 2012 when most of the events giving rise to the instant action took place. (Graham Depo., pp. 92-95). Dr. Graham admits that he never read the 2012 statute (*Id.* at Pg. 95, lines 2-5) and understood that to be the applicable time period (*Id.* at lines 6-17).

3

In addition, Dr. Graham testified:

**PAGE 93**
10 Q. So it is fair to say -- I'm
11 **not trying to be difficult over here -**
12 **when it comes to the interpretation of**
13 **the law, that is not your professional**
14 **discipline; isn't that correct?**
15 A. Correct.
16 Q. **So is it also fair to say that**
17 **you're not qualified to opine on how a**
18 **law should be interpreted; is that**
19 **correct?**
20 A. I can relate a scientific
21 principle to the way the statute is
22 stated.
23 Q. **When the statute is given to**
24 **you?**
25 A. Yes.

**PAGE 94**
2 Q. **And when the statute is**
3 **interpreted for you; is that correct?**
4 A. Well, I can interpret that for
5 myself without all of the bells and
6 whistles that you just went to.

Critically, Dr. Graham has no first-hand knowledge of the facts and circumstances of this case. He can only offer his subjective belief regarding the legal significance of facts provided to him by Plaintiffs' counsel and documents reviewed by him in preparing his reports. But that subjective belief is not the proper province of expert testimony. Under the rules governing the admission of expert testimony at trial, "expert testimony on ... purely legal issues is rarely admissible." *Harris v. Key Bank Nat'l Ass'n*, 193 F. Supp. 2d 707, 716 (WDNY 2002) (citing *Nieves-Villanueva v. Soto-Rivera*, 133 F.3d 92, 99 (1st Cir. 1997) (adding that "at least seven circuit courts have held that the Federal Rules of Evidence prohibit such testimony, and we now join them as to the general rule")).[1] Dr. Graham's subjective beliefs regarding the law are therefore inadmissible and should be stricken.

Defendants therefore request that this Court strike all references in Dr. Graham's Affidavit and annexed reports regarding what is legal or lawful (*e.g.*, references in the Graham Affidavit and

---

[1] NB: If the Graham Report were deemed relevant (which it is not), then it is inadmissible under Federal Rule of Evidence 403 because it is prejudicial, confusing, and its consideration would be a waste of time. It is prejudicial and confusing because it refers to evidence and facts that are irrelevant to any determination relevant to the trier of fact in this case and is devoid of any reference to authoritative sources or citations for the legal opinions provided. Dr. Graham's reports concerning legal opinions, and associated testimony, is unreliable, serves no proper purpose, and should be excluded in its entirety.

August 2017 report at pp. 6-7 regarding legal THC levels, labeling and packaging requirements, what constitutes a controlled substance and false advertising, etc.).

II. **This Court should strike Plaintiffs' Affidavit and Plaintiffs' Statement Pursuant to L.R. 56(a)(1) to the extent it contradicts sworn deposition testimony.**

Defendants seek to strike any statement in Affidavit of Plaintiffs ("Pl. Aff.") and Plaintiffs' Statement Pursuant to L.R. 56(a)(1) ("Pl. Rule 56 Stat.") supporting their Motion for Partial Summary Judgment which contradict sworn deposition testimony. Plaintiffs must cite to materials in the record to support a fact. FRCP 56(c)(1)(A). A party may not create an issue of fact by submitting an affidavit to a summary judgment motion that contradicts the affiant's previous deposition testimony. *Hayes v. New York City Dep't of Corrections*, 84 F.3d 614, 619 (2d Cir. 1996) (citing *Perma Research & Dev. Co. v. The Singer Co.*, 410 F.2d 572, 578 (2d Cir. 1969)).

Even when read in the light most favorable to Plaintiffs, Plaintiffs' Affidavit (at ¶20) and Rule 56(a)(1) Statement (at ¶13) suggests that Plaintiff Douglas J. Horn ordered the Dixie X CBD Dew Drops:

> 20. On September 17, 2012, I ordered the Defendants' "Dixie X CBD Dew Drops 500mg Tincture. Annexed hereto as Exhibit "4" is a copy of the paid invoice for this product. Within one week of receiving this product, I then ingested it as directed by placing a dropper full of the liquid in my mouth and swallowing it.

Pl. Aff. ¶ 20. In support of that fact, Plaintiffs annexed their Exhibit 4, described as "a copy of the paid invoice for this product," yet on its face never mentions Plaintiff Douglas J. Horn and calls for the order to be billed and shipped to "Cindy Harp-Horn." Mr. Horn testified that he believed that his wife had ordered the product and that this fact is corroborated by Plaintiff Cindy-Harp Horn:

> **Page 227, Exhibit C (Douglas Horn Deposition Excerpts)**
> 13.  Q. Was the product ordered by Cindy or you?
> 14.  A. I believe it was by Cindy.

5

4830-7477-7979, v. 1

**Page 80, Exhibit D (Cindy Harp-Horn Deposition Excerpts)**
7.    **Q. Were you the person that actually purchased**
8.    **the product?**
9.    A. Correct.
10.  **Q. How did you purchase it? With a credit card**
11.  **transaction?**
12.  A. I believe so.

Defendant Dixie Elixirs LLC's Exhibit C and D in support of their Motion for Summary Judgment (ECF DKT 62, Exhibit C (Douglas Horn Deposition Excerpts) and Exhibit D (Cindy Harp-Horn Deposition Excerpts)). Dr. Graham's Affidavit directly contradicts Plaintiffs' Affidavit as well and states, in relevant part that "…[Douglas] had his wife purchase the product…". Graham Aff. ¶ 6(e). To the extent that Plaintiffs' Affidavit and Rule 56(a)(1) contradicts the affiant's previous deposition testimony, Defendants request that they be stricken.

### III. This Court should strike the alleged "press release(s)," to the extent they contain multiple levels of inadmissible hearsay and are not Defendants' press releases

Defendants seek to strike and object to any purported press releases and/or newspaper articles to the extent offered by Plaintiffs for the truth of the matter asserted; Defendants seek to strike Plaintiffs' Exhibit 10 described as "a copy of Dixie Elixirs and Edibles' (the "THC-infused products company") May 2, 2012 press release." (Benjamin Decl., paragraph 15). Defendants further seek to strike Exhibit 10 to the extent it was not disclosed by Plaintiffs during discovery.[2]

Newspaper articles offered for the truth of the matter asserted are inadmissible hearsay. *Century Pac.,* 528 F. Supp. at 217; see *Jackson v. Jimino*, 506 F. Supp. 2d 105 at *6 (NDNY 2007) (collecting cases); *Mandal v. City of New York*, 2006 U.S. Dist. LEXIS 85216 at *1 (SDNY 2006) ("Newspaper articles are usually inadmissible hearsay."). Because Plaintiffs provide no rationale

---

[2] As noted above, FRCP 56(c)(1)(A) indicates that a party citing to a fact must support the assertion by "citing to particular parts of **materials in the record** …" (emphasis added). To the extent that this evidence is not in the record, it should be stricken.

or support for their admission other than for the truth of the matter asserted, these exhibits are inadmissible. *Id.*

Fed. R. Evid. 801(c) provides, in relevant part: "'Hearsay' is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Thus, newspaper articles containing quoted remarks are hearsay within hearsay -- they contain out of court statements by the quoted individual, within a document that is itself an out of court statement. Newspaper articles are usually inadmissible hearsay. *See, e.g., In re Columbia Sec. Litig.*, 155 F.R.D. 466, 474 (SDNY 1984) ("Often, when offered to prove that certain statements were made, newspaper and magazine articles are held inadmissible as hearsay."); *McAllister v. New York City Police Dep't*, 49 F. Supp. 2d 688, 705 (SDNY 1999) ("Newspaper articles are hearsay . . . and . . . are not admissible evidence."); *Holmes v. Gaynor*, 313 F. Supp. 2d 345, 358 (SDNY 2004).[3]

Defendants argue that Plaintiffs' Exhibits 10 is a newspaper article, not Defendants' press release, and is inadmissible hearsay; Plaintiffs offered no foundational testimony or supporting affidavit for any statement therein. As a threshold matter, Plaintiffs mischaracterized the nature of the evidence; the so-called "press release" is a publication by News Medical Life Sciences (www.news-medical.net) and describes an announcement by Dixie Elixirs and Edibles. This is not an official press release by Defendants. The article also purports to source several statements and facts from Dixie's executive(s); yet Plaintiffs offer no proof that Defendants uttered these statements or purported facts. The Exhibit is inadmissible to the extent offered for the truth of the matter asserted, and insofar as Plaintiffs failed to offer supportive evidence.

---

[3] Although hearsay within hearsay can be admissible under certain circumstances, Plaintiffs have failed to offer any proof (*e.g.*, foundational testimony, or supporting affidavits) to support a finding that the statements were made by Defendants; *See generally, Mandal*, 2006 U.S. Dist. LEXIS 85216 at *4.

4830-7477-7979, v. 1

## IV. This Court should strike the "Facebook post" to the extent it contains multiple levels of inadmissible hearsay

Defendants seek to strike and object to any purported Facebook post to the extent offered by Plaintiffs for the truth of the matter asserted; Defendants seek to strike Plaintiffs' Exhibit 11 described as "a copy of the Facebook post of Tamar Wise, former Chief Scientist at Defendant Medical Marijuana and Dixie Elixirs denouncing Defendants' products, stating "unfit for human consumption" and accusing Defendants a (*sic?*) acting "criminal and dangerous." (Benjamin Decl., paragraph 23).

Plaintiffs mischaracterize the evidence because Exhibit 11 does not appear to be a Facebook post at all, but an online newspaper article published by "O'Shaugnessy's;" this article was not even written by O'Shaugnessy's, but sourced from "Martin A. Lee, ProjectCBD.org." The Exhibit suggests that on ProjectCBD there is an excerpt from a November 2013 Facebook post.[4]

Fed. R. Evid. 801(c) provides, in relevant part: "'Hearsay' is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted."

As discussed more fully, this evidence is independently inadmissible as a newspaper article, and this Exhibit appears to be an article within another article (which we could not even locate). Moreover, a Facebook owner's written post when offered for the truth of what it asserts will constitute hearsay, just like all other writings. At latest count, there appear to be at least three layers of inadmissible hearsay. Plaintiffs offer no proof that the Facebook account belongs to Ms. Wise or that she uttered any statement in Exhibit 11. The Exhibit is inadmissible to the extent

---

[4] Defendants' independent search of ProjectCBD failed to identify any article with this Facebook post. With respect to the relevance of this evidence, we note that both the O'Shaugnessy's article and the purported Facebook post appear to date to November 2013, well after the incident described in Plaintiffs' Complaint. Moreover, at no point does the Facebook post even specifically mention the product allegedly consumed by Plaintiff Douglas J. Horn.

8

offered for the truth of the matter asserted, and insofar as Plaintiffs failed to offer foundational testimony or supporting affidavit.

## V. This Court should strike the YouTube videos to the extent they were not disclosed

Defendants seek to strike the three YouTube videos cited in Plaintiffs' Statement Pursuant to L.R. 56(a)(1) (Pl. Rule 56 Stat., ¶¶ 6-8) and Affidavit of Plaintiffs (Pl. Aff. ¶¶ 9-11, 13 and 17), and any reference to those videos utilized in support of Plaintiffs' Motion for Partial Summary Judgment. The nearly three and a half hours of videos were not previously disclosed by Plaintiffs despite being demanded, and Plaintiffs have made no effort to draw this Court's attention to any specific time signatures.

It is well settled law that to successfully assert that a fact is not in dispute or cannot be disputed, a movant must cite to particular parts of **materials in the record** FRCP 56(c)(1)(A) (emphasis added); *see also Baillie Lumber Co., Ltd. P'ship v. Ace Am. Ins. Co.*, 2014 U.S. Dist. LEXIS 172371, at *12 (WDNY 2014) (regarding the procedures for presenting and objecting to support for factual positions). Whereas Plaintiffs never referenced or provided any YouTube videos before filing for summary judgment, these videos are not materials in the record.

Plaintiffs had an affirmative duty to supplement their disclosures under FRCP 26(e)(1) "during the discovery process" after learning that their response was incomplete. *See generally, Star Direct Telecom, Inc. v. Glob. Crossing Bandwidth, Inc.*, 272 F.R.D. 350, 357 (WDNY 2011); *American Friends of Yeshivat Ohr Yerushalayim, Inc. v. United States*, 2009 U.S. Dist. LEXIS 47986, *5 (EDNY 2009) (supplementation should be made during the discovery period). In Magistrate Judge Roemer's December 18, 2017 Minute Order on Plaintiffs' Second Motion for Extension of Time to Complete Discovery, his Honor ordered Plaintiffs to "turn over all outstanding discovery records to [Defendants] no later than January 5, 2018. (ECF DKT No. 45

9

and 49). Plaintiffs failed to supplement their discovery responses during the discovery period or explain their failure to do so – they should not be permitted to back-door undisclosed evidence.[5]

## CONCLUSION

WHEREFORE, based upon the foregoing, Defendants respectfully request that this Court grant Defendants' Motion to Strike Summary Judgment Evidence and grant Defendants such other and further relief as the Court deems just and proper.

Dated:  New York, New York
        November 16, 2018

                                        Respectfully submitted,

                                        Mazzola Lindstrom LLP

                                        Jean-Claude Mazzola
                                        Hanoch Sheps
                                        Mazzola Lindstrom LLP
                                        733 Third Avenue, 15th Floor
                                        New York, NY 10017
                                        (646) 216 - 8126
                                        jeanclaude@mazzolalindstrom.com

                                        *Attorneys for Dixie Elixirs LLC, sued incorrectly herein as Defendant Dixie Elixirs and Edibles*

---

[5] We also note that Plaintiffs produced links to more than 3 1/2 hours of unmarked video contain nothing more than inadmissible hearsay evidence and are irrelevant for the proceedings at hand.