**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| DOUGLAS J. HORN and CINDY HARP-HORN, | Civil Action No. 15-cv-701-FPG |
| *Plaintiffs*, | |
| -against- | **DECLARATION OF** |
| MEDICAL MARIJUANA, INC., DIXIE ELIXIRS AND EDIBLES, RED DICE HOLDINGS, LLC, and DIXIE BOTANICALS, | **JEAN-CLAUDE MAZZOLA** |
| *Defendants*. | |

1. I am a partner in the law firm of Mazzola Lindstrom LLP, attorneys for Dixie Elixirs LLC, sued incorrectly herein as Defendants Dixie Elixirs and Edibles ("Dixie" or "Defendants") and am duly licensed to practice law in the state of New York and the United States District Court for the Western District of New York.

2. I submit this affirmation in support of Dixie's Motion to Strike Plaintiffs' Summary Judgment Evidence pursuant to FRCP Rule 56 upon my personal review and familiarity with the proceedings held herein.

## FACTUAL SUMMARY

3. This is an action for damages brought by Plaintiffs delineating nine "counts," seeking redress for Defendants' alleged: (1) violation of New York's General Business Law §§349 and 350; (2) violation of the federal RICO statute; (3) fraudulent inducement; (4) violation of Uniform Commercial Code §2-318; (5) breach of contract; (6) breach of express warranty in violation of UCC § 2-313; (7) unjust enrichment; (8) negligence; and (9) negligent infliction of emotional harm. (ECF Doc. No. 1 and Civil RICO Statement as No. 2).

4. Plaintiffs seek to recover for damages allegedly sustained due to Plaintiff Cindy Harp-Horn's purchase and Douglas Horn's use of a product known as Dixie X CBD Dew Drops 500 mg Tincture ("Dixie X").

5. Plaintiffs claim to have ordered this product from Defendants, collectively. Plaintiffs claim that all Defendants collaborated in the production, marketing, and retail of the product. Plaintiffs allege that Defendants advertised the product as containing 0% tetrahydrocannabinol (THC).

6. Plaintiff Douglas Horn alleges his employer terminated his position as an over-the-road hazmat commercial truck driver after submitting to a randomized urine test pursuant to Department of Transportation regulations and company policy and tested positive for THC.

7. Plaintiffs alleged that the THC came from Dixie X.

8. The actual bottle of Dixie X Douglas Horn allegedly used was never tested. Plaintiff sent a different bottle of a different concentration of the product at issue for testing. He has established no proper chain of custody or provided it to counsel for inspection.

9. Plaintiff Cindy Harp-Horn subsequently voluntarily and unilaterally resigned her position from the same trucking company, but also claims lost earning damages from defendants.

### **PROCEDURAL HISTORY**

10. For a more complete recitation of the procedural history, Defendants refer this Court to my Declaration accompanying Defendants' Opposition to Plaintiffs' Motion for Partial Summary Judgment.

11. Defendants further refer to the following Plaintiffs' Summary Judgment Exhibits as more fully described and addressed in our accompanying Memorandum of Law:

a. **"Affidavit Plaintiffs' Expert Dr. Kenneth Graham"** (the "Graham Affidavit") in support of Plaintiffs' Motion for Partial Summary Judgment, Dr. Graham's August 29, 2017 Initial Report and October 30, 2017 Supplemental Report and Rebuttal (**Graham Aff. Exhibit II and Exhibit III**, respectively);

b. **Affidavit of Plaintiffs** ("Pl. Aff.") and **Plaintiffs' Statement Pursuant to L.R. 56(a)(1)** in support of Plaintiffs' Motion for Partial Summary Judgment;

c. Plaintiffs' Exhibit 10 described as "a copy of Dixie Elixirs and Edibles' (the "THC-infused products company") May 2, 2012 press release" ((Benjamin Decl., paragraph 15);

d. Plaintiffs' **Exhibit 11** described as "a copy of the Facebook post of Tamar Wise, former Chief Scientist at Defendant Medical Marijuana and Dixie Elixirs denouncing Defendants' products, stating "unfit for human consumption" and accusing Defendants a (*sic?*) acting "criminal and dangerous." (Benjamin Decl., paragraph 23); and

e. Three **YouTube videos** cited in Plaintiffs' Statement Pursuant to L.R. 56(a)(1) (Pl. Rule 56 Stat., ¶¶ 6-8) and Affidavit of Plaintiffs (Pl. Aff. ¶¶ 9-11, 13 and 17).

12. For the reasons stated and discussed in depth in the accompanying memorandum of law, Dixie respectfully submits that they are entitled to summary judgment on all causes of action, dismissing the entirety of Plaintiffs' Complaint, and granting such other and further relief in favor of Dixie as this Court deems just and proper under the circumstances.

13. The Court is respectfully directed to the accompanying Memorandum of Law in Support of Defendants, Dixie Elixir and Edibles' Motion for Summary Judgment.

14. Defendants respectfully requests that this Court grant Defendants' motion for summary judgment in its entirety, along with reasonable attorneys' fees, costs, and disbursements together with such other and further relief as this Court deems just and proper.

Dated: New York, New York
November 16, 2018

Respectfully submitted,

Mazzola Lindstrom LLP

Jean-Claude Mazzola
Hanoch Sheps
Mazzola Lindstrom LLP
733 Third Avenue, 15th Floor
New York, NY 10017
(646) 216 - 8126
jeanclaude@mazzolalindstrom.com

*Attorneys for Dixie Elixirs LLC, sued incorrectly herein as Defendant Dixie Elixirs and Edibles*