**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

DOUGLAS J. HORN and CINDY HARP-HORN,                    Civil Action No. 15-cv-701-FPG

                              *Plaintiffs*,

        -against-

MEDICAL MARIJUANA, INC., DIXIE ELIXIRS
AND EDIBLES, RED DICE HOLDINGS, LLC,
and DIXIE BOTANICALS,

                              *Defendants*.

Memorandum of Law in Opposition to Plaintiffs' Motion
for Partial Summary Judgment

Jean-Claude Mazzola
Hanoch Sheps
Mazzola Lindstrom LLP
733 Third Avenue, 15th Floor
New York, NY 10017
(646) 216 - 8300
jeanclaude@mazzolalindstrom.com

*Attorneys for Dixie Elixirs LLC,*
*sued incorrectly herein as*
*Defendant Dixie Elixirs and Edibles*

## <u>TABLE OF CONTENTS</u>

PRELIMINARY STATEMENT ................................................................................................ 1

STANDARD FOR SUMMARY JUDGMENT.................................................................... 2

ARGUMENT ...................................................................................................................... 2

    I.   PLAINTIFFS ARE NOT ENTITLED TO SUMMARY JUDGMENT ON THEIR RICO
ALLEGATIONS................................................................................................................ 3

    II.  PLAINTIFFS ARE NOT ENTITLED TO SUMMARY JUDGMENT ON THEIR FALSE
ADVERTISING ALLEGATIONS .................................................................................... 6

**CONCLUSION** ................................................................................................................ 8

4833-2781-1707, v. 1

## **TABLE OF AUTHORITIES**

**Cases**

*Azrielli v. Cohen Law Offices*, 21 F.3d 512 (2d Cir. 1994) ............................................................ 2

*Byrd v. NYS Fingerlakes Dev.'l Disabilities Services*, 2018 U.S. Dist. LEXIS 111950 (WDNY

2018) ........................................................................................................................................ 2

*DiStiso v. Cook*, 691 F.3d 226 (2d Cir., 2012).................................................................................. 6

*Foster v. Lee*, 93 F.Supp.3d 223 (SDNY 2015)........................................................................... 5, 7

*Gianullo v. City of New York*, 322 F.3d 139 (2d Cir. 2003) ............................................................ 2

*Goldfine v. Sichenzia*, 118 F. Supp. 2d 392 (SDNY 2000)) ........................................................... 3

*Nora v. Perrier Group of America*, 164 F.3d 736 (2d Cir. 1998)................................................... 2

*Purchase Real Estate Grp., Inc. v. Jones*, 2010 U.S. LEXIS 87571 (SDNY 2010)....................... 3

*Raskin v. Wyatt Co.*, 125 F.3d 55 (2d Cir. 1997)............................................................................ 7

*Spiteri v. Russo*, 2013 U.S. Dist. LEXIS 128379 (EDNY 2013).................................................... 3

**Statutes**

NY GBL §349.................................................................................................................................... 6

NY GBL §350.................................................................................................................................... 6

**Rules**

FRCP Rule 56(c)........................................................................................................................... 1, 2

4833-2781-1707, v. 1

Defendant, Dixie Elixirs LLC, sued incorrectly herein as Dixie Elixirs and Edibles, by and through its undersigned counsel, respectfully submits this Memorandum of Law in Opposition to Plaintiffs' Motion for Partial Summary Judgment. For the reasons set forth below, this motion should be denied in its entirety and with prejudice together with costs and such other relief as the Court deems just, reasonable and proper.

## PRELIMINARY STATEMENT

This case concerns allegations made by Plaintiffs arising from a September 2012 purchase and alleged use of a portion of a single bottle of Dixie X CBD Dew Drops 500 mg Tincture ("Dixie X"). Plaintiffs assert nine causes of action, including civil RICO violations. Plaintiffs have moved for partial summary judgment on only two causes of action and that motion should be denied in its entirety. The Court is referred to the body of this memorandum, the Response and Counterstatement to Plaintiffs' Statement Pursuant to L.R. 56(a)(1), the Affirmation of Jean-Claude Mazzola, Esq., in Opposition to Plaintiffs' Motion for Partial Summary Judgment ("Mazz. Aff.") and all exhibits attached thereto for facts relied upon by Defendants.

Plaintiffs have not met their burden insofar as there are no actionable statements by Defendants and Plaintiffs have no evidence of Dixie X's design, base materials, product testing and/or its ultimate chemical composition. Plaintiffs offered no test results of Plaintiffs' own sample of Dixie X or established Defendants' knowledge or intent of any of the foregoing. Plaintiffs have none because they made no discovery demands and deposed no fact or corporate witnesses.

Plaintiffs' motion for partial summary judgment should be denied because Plaintiffs fail to meet their burden of providing admissible proof in evidentiary form to support their allegations as required by FRCP Rule 56(c)(1)(A). Even considering the evidence in the light most favorable to Plaintiffs', Plaintiffs have still failed to establish entitlement to summary judgment.

1

## STANDARD FOR SUMMARY JUDGMENT

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FRCP 56(c). In order to properly be considered by the court, the parties must submit their proof in admissible evidentiary form. *Nora v. Perrier Group of America*, 164 F.3d 736, 746 (2d Cir. 1998) ("On a summary judgment motion, the district court properly considers only evidence that would be admissible at trial."); *Azrielli v. Cohen Law Offices*, 21 F.3d 512 (2d Cir. 1994) ("In considering a motion for summary judgment, the district court may rely on any material that would be admissible or usable at trial.").

Failure to provide proof in admissible form is fatal to the motion even if no opposition is offered. *Gianullo v. City of New York*, 322 F.3d 139, 141 (2d Cir. 2003) ("[w]here the movant fails to fulfill its initial burden of providing admissible evidence of the material facts entitling it to summary judgment, summary judgment must be denied, even if no opposing evidentiary matter is presented, for the non-movant is not required to rebut an insufficient showing."); *see also Byrd v. NYS Fingerlakes Dev. 'l Disabilities Services*, 2018 U.S. Dist. LEXIS 111950 (WDNY 2018) ("It is well established that unsworn letters and statements made without personal knowledge are not admissible evidence under [FRCP 56] and cannot be considered in connection with a summary judgment motion.") Here, Plaintiffs have not submitted proof in admissible evidentiary form.

## ARGUMENT

Plaintiffs' Motion for Partial Summary Judgment is entirely predicated on the "findings" of Dr. K. Graham. Dr. Graham concludes from the limited and self-serving analysis that he was given, that Dixie products - in general - contain unacceptably high levels of THC, thereby

4833-2781-1707, v. 1

rendering it a Schedule 1 controlled substance. Dr. Graham makes his conclusion in the absence of any discovery, evidence, or analysis of the Dixie's manufacturing process, industry standards, or, indeed, what is considered acceptable levels of THC.

Dr. Graham's analysis is fatally flawed because he did not personally test the product at issue, nor did he test any of the additional samples purchased by Plaintiffs. Moreover, and as more fully analyzed in Defendants' Motion to Strike Plaintiffs' Summary Judgment Evidence, Dr. Graham provides baseless and unfounded legal opinions. Summary judgement of the type Plaintiffs seek is inappropriate where, as here, Plaintiffs have conducted no discovery whatsoever of Dixie's manufacturing process. Moreover, claims related to the THC level of Dixie products do not rise to the level of advertisements required GBL §§349 and 350.

## I. <u>PLAINTIFFS ARE NOT ENTITLED TO SUMMARY JUDGMENT ON THEIR RICO ALLEGATION</u>

Based on a single lab report of a discrete sample of unrelated product, Plaintiffs' leap to an unsupportable conclusion concerning Dixie's products. Plaintiffs have a high burden in pleading and proving a Racketeering Influenced and Corrupt Organizations Act ("RICO") allegation as "[c]ourts look with particular scrutiny at claims for a civil RICO, given RICO's damaging effects on the reputation of individuals alleged to be engaged in RICO enterprises and conspiracies." *Spiteri v. Russo*, 2013 U.S. Dist. LEXIS 128379, at *173 (EDNY 2013); *see also Purchase Real Estate Grp., Inc. v. Jones*, 2010 U.S. LEXIS 87571, at *17-18 (SDNY 2010) ("courts should look 'with particular scrutiny' at civil RICO claims to ensure that the RICO statute is used for the purposes intended by Congress.") (*citing Goldfine v. Sichenzia*, 118 F. Supp. 2d 392, 397 (SDNY 2000).

Plaintiffs' motion contains nothing more than a rote recitation of the RICO elements and their Complaint. Regardless, no single representation in an "advertisement," "press release" or on

a website converts Dixie X into a controlled substance; the threshold issue for RICO is that Dixie X is not a controlled substance and that Plaintiffs have no evidence of the contents of this product (neither the actual sample or another sample of the same product). It is only tangentially relevant to consider Defendants' intent for a "predicate act," and yet Plaintiffs have failed to prove that element as well; Plaintiffs made no demands for records and deposed no fact or corporate witnesses. Despite Plaintiffs' failure, we address the evidence cited and not properly cited below.

Plaintiffs make conclusory statements about how Dixie X came to market in 2012 because they have presented no evidence regarding Defendants' operations, communications, records, connection to any named party or deposition testimony. The deposition testimony and affidavits submitted in support of Plaintiffs' contentions are necessarily not made on personal knowledge. The product at issue, by Plaintiffs' own admission, never had its contents tested. When viewed in the light most favorable to Plaintiffs, the facts in evidence fail to prove the elements of RICO.

Plaintiffs also rely on the affidavit of their expert, Dr. Graham, to opine as to the legality of the chemical content of the product at issue.[1] Dr. Graham did not personally test the product at issue, nor did he test any of the additional samples purchased by Plaintiffs. His affidavit regarding the testing of different products is of no evidentiary value and should not be considered.

The only cited evidence is a "press release" purportedly issued by Defendants and a nearly incomprehensible image of what Plaintiffs aver is Defendants' website from *more than three years* after the incidents germane to Plaintiffs' complaint took place.[2] Plaintiffs' failed to authenticate or provide any other measure of reliability that Exhibit 3 is an actual image from the Defendants'

---

[1] Defendants also respectfully refer this Court Defendants' Motion to Strike Summary Judgment evidence for a complete analysis of the evidentiary issues presented by this evidence and Dr. Graham's baseless and unfounded legal opinions.
[2] Defendants also respectfully refer this Court Defendants' Motion to Strike Summary Judgment evidence for a complete analysis of the evidentiary issues presented by this evidence.

website in 2015 – the image is timestamped from between January 22, 2013 and January 9, 2017. They are images archived by the "internet wayback machine" which is a service run by the website archive.org. Courts in the Second Circuit have opined on the admissibility of archived website images retrieved from the "internet wayback machine." and have consistently ruled that without authentication from the proprietors of the website, the documents are inadmissible. *Foster v. Lee*, 93 F.Supp.3d 223, 232 (SDNY 2015). ("Particularly because [plaintiff] has presented an affidavit from an employee of Internet Archive – the foundation that operates the Wayback Machine – the Court is persuaded that Foster would be able to present relevant, authentic, non-hearsay evidence in the form of an archived webpage produced by the Wayback Machine.").

Plaintiffs also mention YouTube videos, though their Memorandum does not cite directly to them or any specific portion of the *more than 3 ½ hours* of undisclosed videos. Plaintiffs' sworn affidavit and Rule 56(a)(1) statement generally claim, *inter alia*, that "[i]n these videos, Defendants' CEO states continuously that the products are 'THC-free,' there was 'no THC' and it had '0% THC.'" (Pl. Rule 56 Stat., ¶¶ 6 and 8; Pl. Aff. ¶ 9).[3] Having now combed through portions of these videos, the individual identified as Tripp Keber makes one of two types of comments; (1) statements which he qualifies are not based on his own medical, scientific or legal expertise, certification or qualification and refers consumers to vast resources Defendants made available for more accurate and detailed information (none of which Plaintiffs sought or entered into evidence); or (2) mere puffery used to discuss a new line of products. The scientific material and testing of the actual product would have accurate information regarding its contents.

---

[3] We refer this Court to Defendants' Motion to Strike Summary Judgment Evidence for evidentiary issues presented by these undisclosed videos. We also note that no individual holding the title of Defendants' CEO even appears or can be heard in the third video; for the avoidance of doubt, to the extent Plaintiffs contend that the "CEO of the Company, 'Tripp Keber'" appears or can be heard in any of these videos, no such person appears or is heard in the third video. (Pl. Rule 56 Stat., ¶¶ 6 and 8; Pl. Aff. ¶ 9).

"[W]here a party relies on affidavits or deposition testimony to establish facts, the statements must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." *DiStiso v. Cook*, 691 F.3d 226, 230 (2d Cir., 2012) (internal quotes omitted). To the extent Plaintiffs' Affidavit speaks to the contents, chemical composition, Defendants' manufacturing, and similar assertions, they cannot be based on personal knowledge and should not be considered.

Beyond that, Plaintiffs draw an unsubstantiated and unfounded conclusion that "throughout all Exhibits offered to [the] Court … it is clear Defendants are a mainstay" in bringing a controlled substance to market. (Pl. Mem. in Support of Motion for Sum. J. at pg. 9). The only thing that is clear is that Plaintiffs cannot meet a burden of proof by simple deduction alone.

## II.   PLAINTIFFS ARE NOT ENTITLED TO SUMMARY JUDGMENT ON THEIR FALSE ADVERTISING ALLEGATIONS

Plaintiffs have failed to present admissible proof in evidentiary form in support of their claims under NY GBL §349 and NY GBL §350 and are therefore not entitled to summary judgment on Count I of their Complaint. Again, Plaintiffs' motion contains nothing more than a rote recitation of the elements and their Complaint. Regardless, no single representation in an "advertisement," "press release" or on a website converts Dixie X into a controlled substance; the threshold issue for Plaintiffs' false advertising claims is proof that Dixie X contained something that Defendants represented it did not.[4] Only admissible evidence need be considered by the trial court in ruling on a motion for summary judgment.[5] *Raskin v. Wyatt Co.*, 125 F.3d 55, 66 (2d Cir.

---

[4] Defendants also respectfully refer this Court to Defendants' Motion for Summary Judgment for more fully developed discussion of what constitutes advertisements – the advertisement relied upon by Plaintiffs' was neither an advertisement nor created or contributed to in any way by Defendants.
[5] Defendants also respectfully refer this Court to Defendants' Motion to Strike Summary Judgment Evidence for a complete analysis of the evidentiary issues presented by this evidence and Dr. Graham's baseless and unfounded legal opinions.

1997). Plaintiffs have no evidence of the contents of the product ingested or another sample of the same product.

It is wholly irrelevant that Plaintiff Douglas Horn ingested Dixie X and failed his employer's drug test because Plaintiffs' burden is not one of deductive reasoning, but of proof. Plaintiffs failed to cite to any evidence in the record of the chemical composition of Plaintiffs' sample or another sample of the same product. Plaintiffs have therefore failed to prove that Defendants falsely advertised anything.

As noted above at Point I, Plaintiffs' Exhibits 2 and 3 are inadmissible insofar as they have not been authenticated as accurate representations of Dixie's website in 2012 and 2015, respectively. *Foster v. Lee*, 93 F.Supp.3d at 232. Douglas Horn swears that he relied on Exhibit 2 in deciding to purchase Dixie X (Horn Affidavit, ¶¶ 9, 12-13), but cannot be relied upon as an unauthenticated document and as the basis for summary judgment on Plaintiffs' GBL §§349 and 350 causes of action. Plaintiffs' motion for summary judgment thereon must be denied.[6]

As more fully discussed in Defendants' Motion for Summary Judgment, there is no genuine issue of material fact that Defendants did not create, write, sponsor, approve, support or contribute any money or commentary for the "Ad" upon which Plaintiffs claim they relied prior to purchasing Dixie X – it is not an advertisement or an affirmative action taken by Defendants. (Def. Mem. of Law in Supp. of Mot. for Summ. J. at Point I(A); Smith Decl. ¶¶9-12). Plaintiffs concede this argument. (Mazz. Aff. in Supp. of Mot. for Summ. J., Exh. C, pp. 211 -212, 215-219, 248).

---

[6] Though Exhibit 2 is not germane to Plaintiffs' Summary Judgment burden, the image appears to date from somewhere between October 19, 2012 and March 21, 2013, after the purchase of Dixie X and Plaintiff Douglas Horn's termination. We need not draw an inference that this image accurately depicts the website as it was prior to purchase.

With respect to any other evidence cited, (*e.g.,* Plaintiffs' Affidavit, CannLabs Certificates of Analysis or EMSL Analytical reports), the only relevant consideration in this claim is proof of what was in the product Douglas Horn ingested – he has none.

## CONCLUSION

WHEREFORE, based upon the foregoing, Defendants respectfully request that this Court deny Plaintiffs' motion in its entirety and grant Defendants such other and further relief as the Court deems just and proper.

Dated: New York, New York
       November 16, 2018

Respectfully submitted,

Mazzola Lindstrom LLP

Jean-Claude Mazzola
Hanoch Sheps
Mazzola Lindstrom LLP
733 Third Avenue, 15th Floor
New York, NY 10017
(646) 216 - 8126
jeanclaude@mazzolalindstrom.com

*Attorneys for Dixie Elixirs LLC, sued incorrectly herein as Defendant Dixie Elixirs and Edibles*

8