**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| DOUGLAS J. HORN and CINDY HARP-HORN, <br><br> *Plaintiffs*, <br><br> -against- <br><br> MEDICAL MARIJUANA, INC., DIXIE ELIXIRS AND EDIBLES, RED DICE HOLDINGS, LLC, and DIXIE BOTANICALS, <br><br> *Defendants*. | Civil Action No. 15-cv-701-FPG <br><br><br> **DECLARATION OF** <br> **JEAN-CLAUDE MAZZOLA** |

1. I am a partner in the law firm of Mazzola Lindstrom LLP, attorneys for Dixie Elixirs LLC, sued incorrectly herein as Defendants Dixie Elixirs and Edibles ("Dixie" or "Defendants") and am duly licensed to practice law in the state of New York and the United States District Court for the Western District of New York.

2. I submit this declaration in opposition to Plaintiffs' Motion for Summary Judgment pursuant to Fed. R. Civ. P. Rule 56(a), in further support Dixie's Motion to Strike pursuant to FRCP Rule 12(f), and in further support of Dixie's Motion for Summary Judgment pursuant to FRCP Rule 56 upon my personal review and familiarity with the proceedings held herein upon my personal review and familiarity with the proceedings held herein.

**FACTUAL SUMMARY**

3. This is an action for damages brought by Plaintiffs delineating nine "counts," seeking redress for Defendants' alleged: (1) violation of New York's General Business Law §§349 and 350; (2) violation of the federal RICO statute; (3) fraudulent inducement; (4) violation of Uniform Commercial Code §2-318; (5) breach of contract; (6) breach of express warranty in violation of UCC § 2-313; (7) unjust enrichment; (8) negligence; and (9) negligent infliction of emotional harm. (ECF Doc. No. 1 and Civil RICO Statement as No. 2).

4852-7197-0176, v. 1

4. Plaintiffs seek to recover for damages allegedly sustained due to Plaintiff Cindy Harp-Horn's purchase and Douglas Horn's use of a product known as Dixie X CBD Dew Drops 500 mg Tincture ("Dixie X").

5. Plaintiffs claim to have ordered this product from Defendants, collectively. Plaintiffs claim that all Defendants collaborated in the production, marketing, and retail of the product. Plaintiffs allege that Defendants advertised the product as containing 0% tetrahydrocannabinol (THC).

6. Plaintiff Douglas Horn alleges his employer terminated his position as an over-the-road hazmat commercial truck driver after submitting to a randomized urine test pursuant to Department of Transportation regulations and company policy and tested positive for THC.

7. Plaintiffs alleged that the THC came from Dixie X.

8. The actual bottle of Dixie X Douglas Horn allegedly used was never tested. Plaintiff sent a different bottle of a different concentration of the product at issue for testing. He has established no proper chain of custody or provided it to counsel for inspection.

9. Plaintiff Cindy Harp-Horn subsequently voluntarily and unilaterally resigned her position from the same trucking company, but also claims lost earning damages from defendants.

**PROCEDURAL HISTORY**

10. Plaintiffs commenced this action in this court by filing a Summons and Complaint on August 6, 2015, along with a RICO Statement pursuant to Local Rule 9, previously attached to Defendants' Motion for Summary Judgment (ECF DKT No. 62) as a composite **Exhibit A**.[1]

---

[1] Per Local Rule 56, all Exhibits are appended and annexed to Defendants' Statement of Undisputed Material Facts.

4852-7197-0176, v. 1

11. On October 23, 2015, Dixie filed an Answer with Affirmative Defenses to the Complaint, a true an accurate copy of which was previously attached to Defendants' Motion for Summary Judgment (ECF DKT No. 62) **Exhibit B**.

12. Depositions of plaintiffs Douglas Horn and Cindy Harp-Horn were taken on May 8 and 9, 2017, respectively. A copy of the excerpts of the full transcript of Douglas Horn's deposition referred to in Defendants' Statement of Undisputed Material Facts and Memorandum in Support of Defendant, Dixie Elixirs' Motion for Summary Judgment were attached to thereto (ECF DKT No. 62) as **Exhibit C**, Cindy Harp-Horn's deposition excerpts were attached as **Exhibit D**.

13. In this action Plaintiffs claim to have viewed an "article" in the Fall 2012 issue of High Times' Medical Marijuana magazine ("the Ad"). The single "article" plaintiffs allegedly viewed is attached as Exhibit A to their complaint. (Exhibit A thereto). Previously attached to Defendants' Motion for Summary Judgment (ECF DKT No. 62), **Exhibit E** is what Douglas Horn identified during his deposition as being a full copy of the Fall 2012 issue of High Times' Medical Marijuana magazine.

14. During the course of this action, defendants jointly retained a scientific expert, Dr. Cindy S. Orser, who was deposed by Plaintiffs' counsel on December 12, 2017. Excerpts of Dr. Orser's deposition transcript to which Defendants refer were previously attached to Defendants' Motion for Summary Judgment (ECF DKT No. 62) **Exhibit F**.

15. In her deposition Dr. Orser was questioned about a report she had prepared for Defendants in this action. A copy of Dr. Orser's expert report was previously attached to Defendants' Motion for Summary Judgment (ECF DKT No. 62) as **Exhibit G**.

16. Dr. Orser relied upon certain test results provided to her by the defendants in coming to her conclusions. Copies of the certificates of testing performed by the laboratory commissioned to perform such testing, CannLabs, were attached to Defendants' Motion for Summary Judgment (ECF DKT No. 62) collectively as **Exhibit H**.

17. During the course of this action, Plaintiffs retained Dr. Kenneth Graham, who was deposed by Defendants' counsel on December 1, 2017. In his deposition Dr. Graham was questioned about a report he had prepared for Plaintiffs in this action. A copy of Plaintiffs Expert Disclosure and Dr. Graham's expert report were attached to Defendants' Motion for Summary Judgment (ECF DKT No. 62) as **Exhibit I and J**.

18. No depositions were requested or taken of any representatives of any of the defendants.

19. Previously attached to Defendants' Motion for Summary Judgment (ECF DKT No. 62) as **Exhibit K** is an Invoice disclosed by Plaintiffs purportedly for Dixie X and Bates stamped by Defendants as MRC 0000326-27.

20. Previously accompanying Defendants' Motion for Summary Judgment was the **Affidavit of Chuck Smith** which we resubmit in further support of the instant opposition to the extent that it contains a sworn affidavit of the facts within Defendants' personal knowledge and as corporate representative for Defendants.

21. For the reasons stated and discussed in depth in the accompanying memorandum of law, Dixie respectfully submits that they are entitled to summary judgment on all causes of action, dismissing the entirety of Plaintiffs' Complaint, and granting such other and further relief in favor of Dixie as this Court deems just and proper under the circumstances.

22.   Plaintiffs have put forth arguments for summary judgment on counts one and two of their Complaint alleging violations of New York General Business Law §§349 and 350 as well as 18 U.S.C. §1926(a), (b), (c), and (d)

23.   The Court is respectfully directed to the accompanying Memorandum of Law in Opposition to Plaintiffs' Motion for Partial Summary Judgment.

24.   For the foregoing reasons, and for those stated in the accompanying memorandum of law, Defendants are entitled to an order denying Plaintiffs' cross motion for summary judgment in its entirety, along with reasonable attorneys' fees, costs, and disbursements together with such other and further relief as this Court deems just and proper.

Dated: New York, New York
       November 16, 2018

Respectfully submitted,

Mazzola Lindstrom LLP

Jean-Claude Mazzola
Hanoch Sheps
Mazzola Lindstrom LLP
733 Third Avenue, 15th Floor
New York, NY 10017
(646) 216 - 8126
jeanclaude@mazzolalindstrom.com

*Attorneys for Dixie Elixirs LLC, sued incorrectly herein as Defendant Dixie Elixirs and Edibles*

4852-7197-0176, v. 1