**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

---

DOUGLAS J. HORN and CINDY HARP-HORN,

        *Plaintiffs*,

-against-

MEDICAL MARIJUANA, INC., DIXIE ELIXIRS AND EDIBLES, RED DICE HOLDINGS, LLC, and DIXIE BOTANICALS,

        *Defendants*.

Civil Action No. 15-cv-701-FPG

**DEFENDANTS' RESPONSE TO FACTUAL ASSERTIONS IN PLAINTIFFS' RULE 56(a)(1) STATEMENT AND COUNTERSTATEMENT OF MATERIAL FACTS**

---

Defendant, Dixie Elixirs LLC, sued incorrectly herein as Dixie Elixirs and Edibles, by and through its undersigned counsel, respectfully submits this Response and Counterstatement to Plaintiffs' Statement Pursuant to L.R. 56(a)(1) of undisputed material facts.

To the extent Defendants' state below that a statement of material fact proffered by Plaintiffs is disputed or undisputed, Defendants' do so for purposes of this Motion only. Defendants preserves all potential evidentiary objections and does not agree that any fact proffered by Defendants or evidence offered by them in support of a fact is either admissible or may properly be considered by the Court.

### DEFENDANTS' RESPONSE TO FACTUAL ASSERTIONS IN PLAINTIFFS' STATEMENT

1.    Undisputed.

2.    Undisputed to the extent that Plaintiff Douglas Horn alleged he was involved in an accident, though this fact is not material to proving the elements Plaintiffs have the burden to prove.

3.    Undisputed.

4. Admit that Exhibit 1 is a copy of the first page of the "High Times" magazine and that there is mention to Dixie dew drops on page 42. Otherwise disputed and Defendants refer this Court to Defendants' Motion for Summary Judgment (ECF DKT No. 62) and Defendants' Opposition to Plaintiffs' Motion for Partial Summary Judgment.

5. Disputed. Defendants refer this Court to Defendants' Motion for Summary Judgment (ECF DKT No. 62) and Defendants' Opposition to Plaintiffs' Motion for Partial Summary Judgment.

6. Disputed. The "CEO of the Company, 'Tripp Keber'" did not make any of the videos.

7. Undisputed that the first video appears to be dated August 8, 2012, the second dated August 23, 2013, and that these videos can be found as addressed, but that the third video appears to have been streamed live on June 19, 2013. Defendants otherwise respectfully refer this Court to Defendants' Motion to Strike Summary Judgment Evidence filed concurrently with Defendants' Opposition to Plaintiffs' Motion for Partial Summary Judgment. Defendants dispute that the third video purports to be dated August 8, 2012 or August 23, 2012.

8. Disputed. Defendants respectfully refer this Court to Defendants' Motion to Strike Summary Judgment Evidence filed concurrently with Defendants' Opposition to Plaintiffs' Motion for Partial Summary Judgment.

9. Disputed because Exhibit 2 purports to be an October 2012 publication, not a September 12 publication and no further facts were developed with respect to the contents of Defendants website on September 2012.

10. Disputed because Exhibit 3 does not clearly indicate that it reflects an April 2016 publication, and Defendants refer this Court to the accompanying Memorandum in Opposition to Plaintiffs' Motion for Partial Summary Judgment regarding the inadmissibility of this Exhibit.

11. Defendants can neither confirm nor deny the veracity of this statement regarding the results of 14 years of Plaintiffs worth of tests, but admit there is no evidence in the record of Plaintiffs failing a test.

12. Admit there is no evidence in the record that Plaintiff Douglas Horn has employment or criminal history of "smoking marijuana."

13. Admit that Plaintiff Cindy Harp-Horn ordered the product but otherwise Defendants respectfully refer this Court to Defendants' Motion to Strike Summary Judgment Evidence filed concurrently with Defendants' Opposition to Plaintiffs' Motion for Partial Summary Judgment.

14. Admit that Plaintiff Douglas Horn submitted to a drug test at his employer's request and subsequently failed that test, but can neither admit or deny the veracity of the frequency of submitting to such tests, or the characterization of the test result. Defendants refer to the referenced documents for their complete and exact contents, meaning and legal effect

15. Undisputed.

16. Admit that Plaintiffs daughter seemingly ordered Dixie X CBD Dew Drops 100mg Tincture on or about October 18, 2012. See relevant excerpts of Douglass Horn's May 8th, 2017 deposition transcript at pp. 244, 246, annexed as **Exhibit 2**.

17. Admit that Plaintiffs aver Exhibit 6 shows a fair and accurate copy of the enclosed records, but can neither admit nor deny the veracity of these statements. See Exhibit 1 and Dr. Orser's Report.

18.     Disputed that Plaintiffs' Summary Judgment evidence contains any representation by EMSL regarding Defendants' advertising and promotional materials. Defendants further dispute the characterization of Exhibit 6. See excerpts of Dr. Orser's deposition testimony at pp. 165-167, 175- 177, 189, 215, 223 (the entirety of Dr. Orser was annexed to Defendant Medical Marijuana, Inc.'s concurrent Motion for Summary Judgment, but we annex hereto as **Exhibit 1** the relevant excerpts) and Dr. Orser's Report annexed as Exhibit G to Defendants' Motion for Summary Judgment (ECF DKT No. 62, at pp. 2-4), Defendants refer to the referenced documents for their complete and exact contents, meaning and legal effect.

19.     Admit that Plaintiffs' aver it is an accurate representation of the email exchange, but Defendants can neither admit nor deny the veracity of these statements.

20.     Defendants dispute the characterization of Exhibit 8, Dr. Orser's testimony, and the presence of THC. See **Exhibit 1** and Dr. Orser's Report, Defendants refer to the referenced documents for their complete and exact contents, meaning and legal effect.

21.     Undisputed to the extent that "Exhibit 9" appears to show *some parts* of a label and not others for the Dixie X CBD Dew Drops 500mg tincture. Defendants refer to the referenced documents for their complete and exact contents, meaning and legal effect.

22.     Defendants respectfully refer this Court to Defendants' Motion to Strike Summary Judgment Evidence filed concurrently with Defendants' Opposition to Plaintiffs' Motion for Partial Summary Judgment.

23.     Defendants respectfully refer this Court to Defendants' Motion to Strike Summary Judgment Evidence filed concurrently with Defendants' Opposition to Plaintiffs' Motion for Partial Summary Judgment.

24.     Generally undisputed to the extent that Exhibit 12 reflects the testimony of Dr. Orser, but refers this Court to the referenced document for its complete and exact contents, meaning and legal effect and/or the full text of the deposition as produced in Exhibit F to Declaration of Roy A. Mura -- EBT of Dr. Cindy Orser (ECF DKT No. 61).[1]

  f. Disputed that the quoted testimony is accurate to how Dr. Orser testified.

  h. Disputed that testimony was properly characterized or contextualized.

25.     Undisputed to the extent that Exhibit 14 reflects the findings of Plaintiffs' economic expert, but refers this Court to the referenced document for its complete and exact contents, meaning and legal effect.

## COUNTERSTATEMENT

Defendants' respectfully refer this Court to Defendants' Statement of Undisputed Facts pursuant to Local Rule 56(a)(1) as annexed to its Motion for Summary Judgment for its counterstatement of undisputed facts. (ECF DKT No. 62).

Dated: New York, New York
   November 16, 2018

                     Respectfully submitted,

                     Mazzola Lindstrom LLP

                     Jean-Claude Mazzola
                     Hanoch Sheps
                     Mazzola Lindstrom LLP
                     733 Third Avenue, 15th Floor
                     New York, NY 10017
                     (646) 216 - 8126
                     jeanclaude@mazzolalindstrom.com

                     *Attorneys for Dixie Elixirs LLC, sued incorrectly herein as Defendant Dixie Elixirs and Edibles*

---

[1] Plaintiffs inadvertently left out Page 99 of Dr. Orser's deposition transcript; we refer the Court to that page as produced in Exhibit F to Declaration of Roy A. Mura -- EBT of Dr. Cindy Orser (ECF DKT No. 61).