UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

DOUGLAS J. HORN and CINDY HARP-HORN,

                      Plaintiffs,

vs.

MEDICAL MARIJUANA, INC., DIXIE ELIXIRS
AND EDIBLES, RED DICE HOLDINGS, LLC,
and DIXIE BOTANICALS,

                      Defendants.
_____

Civil Action No. 15-cv-701-FPG/MJR
_____

**MEMORANDUM OF LAW IN SUPPORT OF MEDICAL MARIJUANA, INC.'S and RED DICE HOLDINGS, LLC's MOTION TO STRIKE SUMMARY JUDGMENT EVIDENCE**

           Respectfully Submitted,

           Roy A. Mura, Esq.
           Daniel S. Gvertz, Esq.
           MURA & STORM, PLLC
           *Attorneys for Defendants*
           *Medical Marijuana, Inc.*
           *and Red Dice Holdings, LLC*
           930 Rand Building
           14 Lafayette Square
           Buffalo, New York 14203
           (716) 855-2800

# TABLE OF CONTENTS

Table of Authorities .................................................................................................. ii

Preliminary Statement ............................................................................................. 1

Legal Argument ....................................................................................................... 1

Point I – Legal Standard ......................................................................................... 1

Point II – The affidavit of Dr. Kenneth Graham, Ph.D
is not made based on personal knowledge and as
such cannot be considered in support of plaintiffs'
motion for summary judgment ............................................................................... 3

Point III – The document identified as a "press release"
in Exhibit 10 to the declaration of Jeffrey Benjamin is
inadmissible hearsay and was further never disclosed
by plaintiffs during discovery ................................................................................. 4

Point IV – The "Facebook post" of Tamar Wise is
inadmissible hearsay within inadmissible hearsay
and cannot be considered in support of plaintiffs'
motion for summary judgment ............................................................................... 5

Point V – The YouTube videos relied upon by plaintiffs
in support of their motion are inadmissible and cannot
be considered in support of the plaintiffs' motion for
summary judgment ................................................................................................. 6

Conclusion ............................................................................................................... 8

MURA&STORM, PLLC • 930 RAND BUILDING • 14 LAFAYETTE SQUARE • BUFFALO, NEW YORK  14203
(716) 855-2800 • FAX (716) 855-2816

## TABLE OF AUTHORITIES

**Federal Statutes**

Fed. R. Civ. P. 56(c)(2) ................................................................................................ 1

Fed R. Civ. P. 56(c)(1)(A) ............................................................................................ 5

Fed. R. Evid 801(c) ................................................................................................. 4, 5

**Cases**

*Azrielli v. Cohen Law Offices*, 21 F.3d 512 (2d Cir. 1994) ............................................. 2

*Byrd v. NYS Fingerlakes Devlopmental Disabilities Services*, No, 6:14-cv-06470, WDNY 7/5/2018 ........................................................................................................ 2

*Century Pacific, Inc. v. Hilton Hotels Corp.*, 528 F.Supp.2d 206 (S.D.N.Y. 2007) ........... 1

*Gianullo v. City of New York*, 322 F.3d 139 (2d Cir. 2003) ............................................ 2

*Mandal v. City of New York*, 2006 U.S. Dist. LEXIS 85216 (S.D.N.Y. 2006) ................... 4

*Nora v. Perrier Group of America*, 164 F.3d 736 (2d Cir. 1998) .................................... 2

*Star Direct Telecom, Inc v. Global Crossing Bandwith, Inc.*, No. 05-CV-6734T .......... 6, 7

*United States v. Bilzerian*, 926 F.2d 1285 (2d Cr., 1991) ............................................... 3

*U.S. v. International Broth. Of Teamsters*, 19 F.3d 816 (2d. Cir., 1994) ..................... 4, 5

**PRELIMINARY STATEMENT**

This memorandum of law is made and submitted by Medical Marijuana, Inc. ("MMI") and Red Dice Holdings, LLC ("RDH") (Collectively "MMI/RDH") support of MMI/RDH's motion pursuant to Fed. R. Civ. P. 56(c)(2) to strike, in whole or in part, certain pieces of evidence relied upon by plaintiffs in their motion for summary judgment.

This case concerns allegations made by plaintiffs regarding their purported use of a single bottle of Dixie X CBD Dew Drops 500 mg Tincture (hereinafter, "the product at issue"). The plaintiffs' motion for summary judgment herein relies primarily on documents and purported "videos" of purported representatives of the defendants in which the plaintiffs claim the defendants have in some way admitted that the chemical content of the product at issue is criminal. These documents, materials, newspaper articles, and videos, as will be discussed in full below, are inadmissible at trial either through violations of the rule against inadmissible hearsay, or because they were never properly disclosed during the discovery phase of this litigation.

**LEGAL ARGUMENT**
**POINT I**
**STANDARD OF REVIEW**

This motion must be considered prior to consideration of the plaintiffs' motion for summary judgment, because "a decision on the motion to strike may affect [the movant's] ability to prevail on summary judgment." *Century Pacific, Inc. v. Hilton Hotels Corp.*, 528 F.Supp.2d 206, 215 (S.D.N.Y. 2007). In order to properly be

considered by the court, the parties must submit their proof in evidentiary form. "On a summary judgment motion, the district court properly considers only evidence that would be admissible at trial." *Nora v. Perrier Group of America*, 164 F.3d 736, 746 (2d Cir. 1998) (internal quotes omitted).

The specific documents submitted by the movant for summary judgment must themselves be in admissible form. "In considering a motion for summary judgment, the district court may rely on any material that would be admissible or usable at trial." *Azrielli v. Cohen Law Offices*, 21 F.3d 512 (2d Cir. 1994) (internal quotes omitted). Failure to provide proof in admissible form is fatal to the motion even if no opposition is offered thereto. "Of particular relevance here, where the movant fails to fulfill its initial burden of providing admissible evidence of the material facts entitling it to summary judgment, summary judgment must be denied, even if no opposing evidentiary matter is presented, for the non-movant is not required to rebut an insufficient showing." *Gianullo v. City of New York*, 322 F.3d 139, 141 (2d Cir. 2003) (internal quotes omitted). The proof submitted with a motion for summary judgment must be submitted in evidentiary form, or else it cannot be considered for purposes of that motion. "It is well established that unsworn letters and statements made without personal knowledge are not admissible evidence under Rule 56 of the Federal Rules of Civil Procedure and cannot be considered in connection with a summary judgment motion." *Byrd v. NYS Fingerlakes Devlopmental Disabilities Services*, No, 6:14-cv-06470, WDNY 7/5/2018.

It is MMI/RDH's contention, as outlined below, that numerous portions of evidence submitted in support of plaintiffs' motion for summary judgment fail to reach this standard and must be stricken from consideration in support thereof.

## POINT II

## THE AFFIDAVIT OF DR. KENNETH D. GRAHAM, Ph.D IS NOT MADE BASED ON PERSONAL KNOWLEDGE AND AS SUCH CANNOT BE CONSIDERED IN SUPPORT OF PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT

The affidavit of Dr. Kenneth D. Graham, Ph.D. is submitted in support of plaintiffs' motion for summary judgment, however, the contentions contained therein are not based on the affiant's personal knowledge and makes unlawful conclusions regarding the law, and therefore cannot be considered in support of same. The admission of expert testimony is limited to factual and procedural background, and as such cannot contain legal opinions. An expert may not "usurp either the role of the trial judge in instructing the jury as to the applicable law or the role of the jury in applying that law to the facts before it." *United States v. Bilzerian*, 926 F.2d 1285, 1294 (2d Cr., 1991). Dr. Graham's legal conclusions made in his affidavit are excludable and cannot be considered in support of plaintiffs' motion for summary judgment. In his affidavit, at paragraphs 6(e), 6(g), 6(h), 6(i), 6(j), 6(k), 6(l), and 6(m), Dr. Graham makes numerous legal conclusions based on his application of his review of the materials to existing statutes. In his deposition, Dr. Graham testified that he is not an expert in the law and that he has no training or background therein. (See Mura Declaration, Exhibit D, at page 93, lines 10-25 and page 94, lines 2-6). MMI/RDH therefore request that any and all references by Dr. Graham to legal conclusions made in his affidavit be stricken from consideration in support of plaintiffs' motion for summary judgment.

## POINT III

### THE DOCUMENT IDENTIFIED AS A "PRESS RELEASE" IN EXHIBIT 10 TO THE DECLARATION OF JEFFREY BENJAMIN IS INADMISSIBLE HEARSAY AND WAS FURTHER NEVER DISCLOSED BY PLAINTIFFS DURING DISCOVERY

The document submitted as Exhibit 10 to the declaration of Jeffrey Benjamin (attached as Exhibit B to the Mura declaration) and submitted in support of plaintiffs' motion for summary judgment is inadmissible hearsay and further was never disclosed by plaintiffs during discovery and as such cannot be submitted in support of the plaintiffs' motion for summary judgment. Fed. R. Evid 801(c) provides that "'Hearsay' is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Initially, this document is mischaracterized by plaintiffs as a "press release" when it is not a document that was sent out by any of the defendants. A review of the document shows that it is a newspaper article citing facts allegedly obtained from representatives of the defendants. Newspaper articles offered for the truth of the matter asserted have regular been excluded as inadmissible hearsay. "Newspaper articles are usually inadmissible hearsay." *Mandal v. City of New York*, 2006 U.S. Dist. LEXIS 85216 at *1 (S.D.N.Y. 2006). When a party attempts to use a newspaper article to prove that certain statements were made, courts have ruled that those articles are inadmissible unless they are corroborated by a reliable source. "As the district court found, however, the hearsay statements admitted at the hearing corroborated each other or were corroborated by reliable independent sources." *U.S. v. International Broth. Of*

4

Mura&Storm, pllc • 930 Rand Building • 14 Lafayette Square • Buffalo, New York  14203
(716) 855-2800 • Fax (716) 855-2816

*Teamsters*, 19 F.3d 816 (2d. Cir., 1994). In the instant matter, there has been no corroboration of the document, and as such, it cannot be considered in support of the plaintiffs' motion for summary judgment.

Further, the alleged press release must be stricken from consideration in support of plaintiffs' motion for summary judgment as it was never disclosed by plaintiffs at any point prior to their submission of the motion. Fed. R. Civ. P. 56(c)(1)(A) indicates that a party citing to a fact must support that assertion by "citing to particular parts of materials in the record." Because the document was never disclosed by the plaintiffs, it cannot now be said to be part of the record and any reliance placed upon the document by plaintiffs is improper.

## POINT IV

### THE "FACEBOOK POST" OF TAMAR WISE IS INADMISSIBLE HEARSAY WITHIN HEARSAY AND CANNOT BE CONSIDERED IN SUPPORT OF PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT

Plaintiffs submit what purports to be a "Facebook post" (Annexed to the Mura Declaration as Exhibit C) allegedly written by a former employee of MMI named Tamar Wise, this document cannot be considered in support of the plaintiffs' motion for summary judgment as what is submitted is inadmissible hearsay within further inadmissible hearsay. Fed. R. Evid 801(c) provides that "'Hearsay' is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." A review of the document submitted shows that plaintiffs initially mischaracterize the document as a "Facebook" post when it is clearly a printout of a website called "O'Shaughnessy's online" and not anything

5
Mura & Storm, PLLC • 930 Rand Building • 14 Lafayette Square • Buffalo, New York  14203
(716) 855-2800 • Fax (716) 855-2816

relating to Facebook. As such, the source of the content is immediately suspect and reliance on the statements therein for the truth of the matter asserted is not allowed. The same standard would apply to this article as would apply to the newspaper article discussed above. Newspaper articles being submitted for the truth of the matter asserted therein have been repeatedly identified by the courts as inadmissible hearsay. The statements contained on that website are inadmissible hearsay and completely unreliable. Further, the document purports to quote what Tamar Wise allegedly wrote. The statements allegedly written by Tamar Wise are further hearsay, equally as unreliable, and cannot be considered for the truth of the matter asserted therein. Because these statements would be wholly inadmissible at trial, they cannot be considered in support of the plaintiffs' motion for summary judgment.

## POINT V

### THE YOUTUBE VIDEOS RELIED UPON BY PLAINTIFFS IN SUPPORT OF THEIR MOTION ARE INADMISSIBLE AND CANNOT BE CONSIDERED IN SUPPORT OF THE PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT

The YouTube videos, and any reference thereto in the plaintiffs' motion, must be stricken from consideration of the plaintiffs' motion for summary judgment, as the videos were never disclosed by plaintiffs, despite being demanded and despite this Court's admonishment to plaintiffs to disclose all relevant material after numerous extensions granted to deadlines for discovery. It is well settled that plaintiffs were under an affirmative duty to supplement their disclosures during the discovery process upon learning their response was incomplete and failure to so supplement renders the evidence inadmissible at trial. *Star Direct Telecom, Inc v. Global Crossing Bandwith,*

*Inc.*, No. 05-CV-6734T (W.D.N.Y., 2010). The failure of the plaintiffs to provide any information regarding the videos now submitted in support of its motion for summary judgment renders those videos inadmissible and therefore subject to be stricken from consideration in support of the motion. Magistrate Judge Roemer's December 18, 2017 Minute Order ruling on Plaintiffs' Second Motion for Extension of Time to Complete Discovery ordered plaintiffs to "turn over all outstanding discovery records to [Defendants] no later than January 5, 2018." (ECF DKT No. 45 and 49). Plaintiffs failed to supplement their discovery responses and have not provided an explanation for such failure. As such, they cannot now be permitted to submit undisclosed evidence of which they were aware during the discovery process, and due to this failure, the videos, and any references made thereto in support of plaintiffs' motion for summary judgment, must be stricken and cannot be considered by this Court for the purposes of the plaintiffs' motion for summary judgment.

## **CONCLUSION**

WHEREFORE, based upon all of the above, it is respectfully submitted that defendants are entitled to an order striking consideration of the above-referenced documents from support of the plaintiffs' motion for summary judgment.

DATED:    Buffalo, New York
November 16, 2018

                                      Respectfully submitted,

                                      /s/ Daniel S. Gvertz
                                      Daniel S. Gvertz, Esq.

                                      MURA & STORM, PLLC
                                      *Attorneys for Defendants Medical Marijuana,*
                                      *Inc. and Red Dice Holdings, LLC*
                                      930 Rand Building
                                      14 Lafayette Square
                                      Buffalo, New York 14203
                                      (716) 855-2800
                                      daniel.gvertz@muralaw.com