UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

DOUGLAS J. HORN and CINDY HARP-HORN,

        Plaintiffs,

 - vs -

MEDICAL MARIJUANA, INC., DIXIE ELIXIRS
AND EDIBLES, RED DICE HOLDINGS, LLC,
and DIXIE BOTANICALS,

        Defendants.
_____

**ECF CASE**

**DECLARATION**

Case No. 15-cv-701-FPG/MJR

    Daniel S. Gvertz, Esq. declares the following, pursuant to 28 USC §1746, under penalty of perjury:

    1. I am an attorney at law, duly admitted to practice in the United States District Court for the Western District of New York and am the principal member of Mura & Storm, PLLC, attorneys for the defendants, Medical Marijuana, Inc., ("MMI"), and Red Dice Holdings, LLC ("RDH") (or collectively "MMI/RDH") in the above-captioned matter. As such, I am fully familiar with the facts and circumstances set forth in this declaration.

    2. I make and submit this declaration in opposition to plaintiffs' motion for summary judgment pursuant to Fed. R. Civ. P. Rule 56(a) and in further support of MMI/RDH's motion to dismiss for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c) and for summary judgment pursuant to Fed. R. Civ. P. Rule 56(a).

3. Plaintiffs have put forth arguments for summary judgment on counts one and two of their complaint alleging violations of New York General Business Law ("GBL") §§349 and 350 as well as 18 U.S.C. §1926(a), (b), (c), and (d).

4. As to their claims under the GBL, plaintiffs argue in their motion that the defendants, without assigning any specific actions to any specific defendants, advertised the product at issue through magazine advertisements, YouTube videos, FAQs, and press releases.

5. The plaintiffs present no admissible proof in evidentiary form to support their allegations that any advertisements were actually authorized or commissioned by MMI/RDH.

6. The plaintiffs' motion merely restates the allegations made in the complaint, and supports same with a self-serving affidavit from plaintiff Douglas J. Horn, and a hearsay affidavit from plaintiffs' expert, Dr. Kenneth D. Graham.

7. The balance of the exhibits attached to plaintiffs' motion, with the exception of deposition excerpts, are unverified and inadmissible documents purporting to be websites and other submissions made by the defendants. Notably, however, plaintiffs do not attribute these documents to any particular defendant.

8. Because these documents are inadmissible, unverified, and not in evidentiary form, they cannot form the basis for summary judgment in favor of the plaintiffs.

9. Further, as to MMI/RDH, Stuart Titus and Michelle Sides each submitted declarations in support of MMI/RDH's motion for summary judgment stating that MMI/RDH was not responsible in any way, shape, or form for the magazine

- 2 -

MURA&STORM, PLLC • 930 RAND BUILDING • 14 LAFAYETTE SQUARE • BUFFALO, NEW YORK 14203
(716) 855-2800 • FAX (716) 855-2816

advertisement attached to plaintiffs' complaint. (See the declarations of Stuart Titus, at ¶¶6, 9, and 10, and Michelle Sides, at ¶¶9-12.).

10. There are no other documents submitted by plaintiffs in support of their motion which are admissible for the purposes of this motion for summary judgment.

11. Plaintiffs have failed to carry their burden to prove their claims with enough admissible evidence to support their motion for summary judgment.

12. Plaintiffs claim, as to their RICO cause of action, that plaintiff Douglas J. Horn's positive drug test result was caused by the product at issue, and because MMI/RDH participated, in some unspecified way, in the production, manufacture, advertising or sale of the product at issue, that defendants are responsible for the plaintiffs' loss of employment.

13. There has been no proof submitted in evidentiary form that the product at issue was ever tested or that any person who has presented evidence in this matter has personal knowledge of the chemical contents of the product at issue.

14. Because of this, plaintiffs have failed to put forth admissible proof in evidentiary form that the product at issue caused any of the harm alleged to have befallen plaintiffs.

15. This failure is fatal to the plaintiffs' motion, and therefore the motion must be denied.

16. Plaintiffs submit an affidavit from their expert, Dr. Kenneth Graham.

17. Dr. Graham testified at his deposition, and submitted an affidavit regarding testing results done at a laboratory called EMSL Analytical, Inc. ("EMSL").

18. Dr. Graham has no affiliation with this laboratory, and further testified at his deposition that he never spoke to a representative of EMSL (See Exhibit A attached hereto, excerpts of Graham Deposition, at page 22 line 10).

19. Dr. Graham additionally testified that EMSL would not be his first choice of a laboratory to test the sample provided by the plaintiffs (See Exhibit A, at page 23, line 4).

20. Dr. Graham's affidavit, submitted along with plaintiffs' motion for summary judgment draws legal conclusions regarding the chemical content of products tested by EMSL.

21. Dr. Graham's statements regarding this cannot be considered by this court, as neither he, nor any lab with which he is affiliated, actually performed the tests referenced therein.

22. As such, Dr. Graham does not have personal knowledge of the chemical composition of any product alleged to have been sold, marketed, created, or distributed by MMI/RDH, and certainly does not have personal knowledge regarding the chemical composition of the product at issue, which was never tested.

23. For the foregoing reasons, and for those stated in the accompanying memorandum of law in opposition, plaintiffs' cross motion for summary judgment must be denied.

DATED:    Buffalo, New York
          November 16, 2018

/s/Daniel S. Gvertz_____
Daniel S. Gvertz, Esq.

MURA & STORM, PLLC
*Attorneys for Defendant*
930 Rand Building
14 Lafayette Square
Buffalo, New York 14203
(716) 855-2800
daniel.gvertz@muralaw.com

- 5 -

MURA&STORM, PLLC • 930 RAND BUILDING • 14 LAFAYETTE SQUARE • BUFFALO, NEW YORK 14203
(716) 855-2800 • FAX (716) 855-2816