UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

DOUGLAS J. HORN and CINDY HARP-HORN,

                              Plaintiffs,

vs.

MEDICAL MARIJUANA, INC., DIXIE ELIXIRS
AND EDIBLES, RED DICE HOLDINGS, LLC,
and DIXIE BOTANICALS,

                              Defendants.
_____

Civil Action No. 15-cv-701-FPG/MJR
_____

**MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFFS'
MOTION FOR SUMMARY JUDGMENT**

                              Respectfully Submitted,

                              Roy A. Mura, Esq.
                              Daniel S. Gvertz, Esq.
                              MURA & STORM, PLLC
                              *Attorneys for Defendants*
                              *Medical Marijuana, Inc.*
                              *and Red Dice Holdings, LLC*
                              930 Rand Building
                              14 Lafayette Square
                              Buffalo, New York 14203
                              (716) 855-2800

## TABLE OF CONTENTS

Table of Authorities ..................................................................................................................ii

Preliminary Statement ............................................................................................................ 1

Legal Argument ..................................................................................................................... 1

Point I – Summary Judgment Standard.............................................................................. 1

Point II – Plaintiffs are not Entitled to Summary
           Judgment on Count I of their Complaint ........................................................... 2

Point III – Plaintiffs are not Entitled to Summary
           Judgment on Count II of their Complaint .......................................................... 3

Conclusion ............................................................................................................................ 6

i

M<small>URA</small>&S<small>TORM</small>, PLLC • 930 R<small>AND</small> B<small>UILDING</small> • 14 L<small>AFAYETTE</small> S<small>QUARE</small> • B<small>UFFALO</small>, N<small>EW</small> Y<small>ORK</small>  14203
(716) 855-2800 • F<small>AX</small> (716) 855-2816

## TABLE OF AUTHORITIES

**Federal Statutes**

Fed. R. Civ. P. 56(c) ................................................................................................. 1

Fed R. Civ. P. 56(e) .................................................................................................. 2

18 U.S.C. §1962 ....................................................................................................... 5

**State Statutes**

New York General Business Law §349 ................................................................ 2, 3

New York General Business Law §350 ................................................................ 2, 3

**Cases**

*DiStiso v. Cook*, 691 F.3d 226 (2d Cir., 2012) ........................................................ 4

*Estate of George v. Veteran's Admin. Med. Ct.*, 821 F.Supp.2d 573 (W.D.N.Y. 2011) ... 5

*Gallo v. Prudential Residential Services*, 22 F.3d 1219 (2d Cir., 1994) ........................... 2

*Jeffreys v. City of New York*, 426 F.3d 549 (2d Cir., 2005) ..................................... 4

*Raskin v. Wyatt Co.*, 125 F.3d 55 (2d Cir. 1997) ..................................................... 2

**PRELIMINARY STATEMENT**

This memorandum of law is made and submitted by Medical Marijuana, Inc. ("MMI") and Red Dice Holdings, LLC ("RDH") (Collectively "MMI/RDH") in opposition to plaintiffs' motion for summary judgment. This action arises from plaintiffs' alleged purchase and use of a portion of a single 500 mg bottle of product called Dixie X CBD Dew Drops 500 mg Tincture ("the product at issue") allegedly manufactured and/or sold to plaintiffs by defendants. Plaintiffs' complaint asserts nine separate causes of action, or "Counts", including alleged violations of New York General Business Law ("GBL") §§349 and 350 alleging deceptive practices and false advertising ("Count I") and civil RICO violations ("Count II"). The Plaintiffs have moved for summary judgment on only these two causes of action.

Plaintiffs' motion for summary judgment fails on its face because they fail to carry their initial burden of providing admissible proof in evidentiary form to support their allegations as required by FRCP Rule 56(c)(1)(A).

**LEGAL ARGUMENT**

**POINT I**
**SUMMARY JUDGMENT STANDARD**

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed R. Civ. P. 56(c). Summary judgment is inappropriate where the movant fails to satisfy its initial burden, "…the burden is upon the moving

party to demonstrate that no genuine issue respecting any material fact exists." *Gallo v. Prudential Residential Services*, 22 F.3d 1219, 1223 (2d Cir., 1994). When considering a motion for summary judgment, "all ambiguities must be resolved and all inferences drawn in favor of the party against whom summary judgment is sought." *Id.* A failure to satisfy the initial burden of summary judgment is fatal to the motion.

## POINT II
### PLAINTIFFS ARE NOT ENTITLED TO SUMMARY JUDGMENT ON COUNT I OF THEIR COMPLAINT

The plaintiffs have failed to present admissible proof in evidentiary form in support of their claims under NY GBL §§349 and 350 and are therefore not entitled to summary judgment on Count I of their complaint. "The principles governing admissibility of evidence do not change on a motion for summary judgment. Rule 56(e) provides that affidavits in support of and against summary judgment shall set forth such facts as would be *admissible in evidence*." *Raskin v. Wyatt Co.*, 125 F.3d 55, 66 (2d Cir. 1997) (internal quotes omitted) (emphasis in original). In their motion, the plaintiffs attempted to offer numerous documents that are not in admissible form and cannot be considered in support of their motion. "Therefore, only admissible evidence need be considered by the trial court in ruling on a motion for summary judgment." *Id.* The exhibits submitted in support of plaintiffs' claim on the instant motion do not carry the plaintiffs' initial burden to show that there are no genuine issues of material fact and therefore, their motion for summary judgment must be denied.

Specifically, one of the documents submitted in support of the plaintiffs' motion for summary judgment is a purported "Frequently Asked Questions" document

which plaintiffs claim provides proof in evidentiary form that the defendants violated NY GBL §§349 and 350. This document is attached as Exhibit 2 to plaintiff Douglas Horn's affidavit submitted in support of plaintiffs' motion for summary judgment. As to this document, Douglas Horn swears that he viewed this specific document prior to making his decision to purchase the product at issue, and also that it is one of only a few things on which he based that decision (Horn Affidavit, ¶¶9, 12). This document is one of only three items specifically referenced as statements relied upon by the plaintiffs (Horn Affidavit, ¶13). The contents of the document as submitted show that it is of no evidentiary value and cannot support the plaintiffs' motion for summary judgment. The timestamp on the document states that this image of the website, if this indeed is an actual image from Dixie's website, was taken between the dates of October 19, 2012 and March 21, 2013.  This necessarily means that the image of the website presented as an exhibit to the plaintiffs' motion was not the same one viewed by the plaintiffs prior to the purchase of the product at issue since the purchase occurred September 14, 2012 (See Statement of Material Facts, ¶2). As such, plaintiffs have failed to carry their initial burden of showing that there are no genuine issues of material fact and therefore, their motion for summary judgment must be denied.

### POINT III
### PLAINTIFFS ARE NOT ENTITLED TO SUMMARY JUDGMENT ON COUNT II OF THEIR COMPLAINT

The plaintiffs are not entitled to summary judgment on Count II of their complaint as they have failed to carry their initial burden of demonstrating that there are no genuine issues of material fact. "The burden of demonstrating that no material fact exists lies with the party seeking summary judgment." *Jeffreys v. City of New* York, 426

F.3d 549, 553 (2d Cir., 2005) (internal citation omitted). The plaintiffs have failed to supply sufficient evidence to meet their burden. In support of their motion for summary judgment on this cause of action, the plaintiffs attach what purports to be a more current version of the "frequently asked questions" page on the Dixie website (Douglas Horn Affidavit, Exhibit 3). This document is not sufficient to support plaintiffs' claim under this cause of action. This is proffered by plaintiffs as some sort of admission by defendants of liability pursuant to the civil RICO statute. In fact, in plaintiffs' entire memorandum of law, this image is offered as the only piece of record evidence in support of plaintiffs' claims of defendants' liability on their RICO claim. This image is timestamped from between January 22, 2013 and January 9, 2017. The contents of this document do not show a statement by MMI/RDH that in any way admits any form of wrongdoing. As such, the plaintiffs have failed to carry their burden of showing that there are no genuine issues of material fact, and therefore their motion for summary judgment must be denied.

As to the balance of the evidence submitted by plaintiffs, as it relates to the RICO claim, the evidence is not sufficient to carry the plaintiffs' burden in their motion for summary judgment. "[W]here a party relies on affidavits or deposition testimony to establish facts, the statements must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." *DiStiso v. Cook*, 691 F.3d 226, 230 (2d Cir., 2012) (internal quotes omitted). It is well-settled in New York that an "affidavit that is not based on the affiant's personal knowledge would be insufficient to create genuine issue

4

Mura&Storm, pllc • 930 Rand Building • 14 Lafayette Square • Buffalo, New York  14203
(716) 855-2800 • fax (716) 855-2816

of fact." *Estate of George v. Veteran's Admin. Med. Ct.*, 821 F.Supp.2d 573, 580 (W.D.N.Y. 2011).

In the instant matter, the plaintiffs allege that the defendants are liable for violations of 18 USC §§1962(a), (b), (c), and (d). The unifying allegation plaintiffs rely upon in attempting to prove this liability is the plaintiffs' claim of the chemical content of the product at issue. As to the chemical composition of the product at issue, the deposition testimony and affidavits submitted in support of plaintiffs' contentions are necessarily not made on personal knowledge. The product at issue, by plaintiffs' own admission, never had its contents tested. It cannot be stated that any person has personal knowledge of the contents of the product at issue, and certainly not any of the people deposed or who submitted affidavits in support of plaintiffs' motion. As such, any claim regarding the chemical composition of the product at issue is not supported by record evidence. The plaintiffs have thus failed to provide sufficient evidence to establish their entitlement to summary judgment in this matter and their motion must be denied for this failure.

For the pending motion, plaintiffs rely on the affidavit of their expert, Dr. Kenneth D. Graham, to opine as to the legality of the chemical content of the product at issue. Dr. Graham did not personally test the product at issue, nor did he test any of the additional samples purchased by the plaintiffs. The plaintiffs sent the samples to EMSL Analytical, Inc ("EMSL") for testing. Dr. Graham neither works for, nor is he associated with, EMSL. In fact, in his deposition, Dr. Graham testified that EMSL would not be his first choice for testing products for THC (Mura Declaration, Exhibit D, page 23, line 4). As Dr. Graham has no personal knowledge as to the chemical contents of the product

at issue, nor any product allegedly created, manufactured, distributed, advertised, or sold by MMI/RDH, his affidavit regarding same is of no evidentiary value does not aid the plaintiffs in carrying their burden of showing that there are no genuine issues of material fact as to their RICO cause of action. As the plaintiffs have offered no proof in evidentiary form regarding the chemical composition of the product at issue, their motion for summary judgment on their RICO claims must be denied. Plaintiffs' RICO claims center around the idea that the chemical composition of the product at issue allegedly caused the plaintiffs to lose their employment. As stated above, the plaintiffs have failed to provide admissible proof in evidentiary form as to the chemical composition of the product at issue. As such, they have not established entitlement to summary judgment and the instant motion must be denied.

## CONCLUSION

WHEREFORE, based upon all of the above, it is respectfully requested that this Court deny the instant motion of the plaintiffs.

DATED:	Buffalo, New York
	November 16, 2018

	Respectfully submitted,

	/s/ Daniel S. Gvertz
	Daniel S. Gvertz, Esq.
	MURA & STORM, PLLC
	*Attorneys for Defendants, Medical Marijuana, Inc. and Red Dice Holdings, LLC*
	930 Rand Building
	14 Lafayette Square
	Buffalo, New York 14203
	(716) 855-2800
	daniel.gvertz@muralaw.com