**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

DOUGLAS J. HORN and CINDY HARP-HORN,

                      *Plaintiffs*,

     -against-

MEDICAL MARIJUANA, INC., DIXIE ELIXIRS
AND EDIBLES, RED DICE HOLDINGS, LLC,
and DIXIE BOTANICALS,

                      *Defendants*.

Civil Action No. 15-cv-701-FPG


Defendants, Dixie Elixirs and Edibles' Memorandum of Law
in Opposition to Plaintiffs' Motion to Amend the Complaint


Jean-Claude Mazzola
Hanoch Sheps
Mazzola Lindstrom LLP
733 Third Avenue, 15th Floor
New York, NY 10017
(646) 216 - 8300
jeanclaude@mazzolalindstrom.com

*Attorneys for Dixie Elixirs LLC,*
*sued incorrectly herein as*
*Defendant Dixie Elixirs and Edibles*

## <u>TABLE OF CONTENTS</u>

TABLE OF CONTENTS ..................................................................................................................ii

PRELIMINARY STATEMENT ........................................................................................................1

ARGUMENT ....................................................................................................................................2

   I.    PLAINTIFFS' MOTION SHOULD BE DENIED BECAUSE THEIR MOTION IS
UNTIMELY UNDER FRCP 16(B)................................................................................................2

CONCLUSION ................................................................................................................................4

4827-2605-0689, v. 1

## <u>TABLE OF AUTHORITIES</u>

**Cases**

*246 Sears Road Realty Corp. v. Exxon Mobil Corp.*, 2012 U.S. Dist. LEXIS 133280 (EDNY 2012)................................................................................................................... 2

*Benefitvision Inc. v. Gentiva Health Servs.*, 2015 U.S. Dist. LEXIS 29285 (EDNY 2015)....... 2, 4

*Grochowski v. Phoenix Constr.*, 318 F.3d 80 (2d Cir. 2003) ......................................................... 3

*McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184 (2d Cir. 2007) ............................................ 3

*Miles v. Levac*, 2014 U.S. Dist. LEXIS 44988 (WDNY 2014), *adopted by* 2014 U.S. Dist. LEXIS 44575 (WDNY 2014) ..................................................................................................... 3

*Parker v. Columbia Pictures Indus.*, 204 F.3d 326 (2d Cir. 2000)................................................. 2

*Ricciardi v. Kimco Facilities Servs. Corp.*, 2012 U.S. Dist. LEXIS 183962 (EDNY 2012).......... 2

*Sokol Holdings, Inc., v. BMB Munai, Inc.*, 2009 U.S. Dist. LEXIS 72659 (SDNY 2009)............. 2

*Werking v. Andrews*, 526 Fed. Appx. 94 (2d. Cir. 2013).............................................................. 2

**Statutes**

15 U.S.C. § 1125(a) ................................................................................................................... 1, 3

FED. R. CIV. P. 16(b)................................................................................................................... 2, 4

Defendant, Dixie Elixirs LLC, sued incorrectly herein as Dixie Elixirs and Edibles, by and through its undersigned counsel, respectfully submits this Memorandum of Law in Opposition to Plaintiffs' Motion to Amend the Complaint together with costs and such other relief as the Court deems just, reasonable and proper.

## PRELIMINARY STATEMENT

The Court should deny Plaintiffs' motion as untimely under FRCP 16(B). Plaintiffs offer no reason or excuse why they seek this Amendment more than three years after filing the Complaint or after all parties have moved for summary judgment. Moreover, the Case Management Order required the parties to file all motions to amend the pleadings no later than March 21, 2017. Plaintiffs concede that they have no new facts to support their claim under §43(a) of the Lanham Act, 15 U.S.C. § 1125(a).[1] The proposed claim allegedly mirrors New York State claims already briefed by Plaintiffs in their motion for summary judgment and Defendants will be prejudiced to the extent that they have already briefed their own motion and opposition to Plaintiffs' motion.

Plaintiffs' motion fails to offer any explanation, much less establish good cause, for their failure to seek leave to amend until after the deadline and fails to cite to any case law in support of the instant motion. Given the length of the delay, timing of the motion, Plaintiffs have failed to demonstrate good cause and their motion should be denied.[2]

---

[1] We also note that Plaintiffs yet again tried to introduce evidence not in the record in opposition to Defendant MMI/RDH's Motion for Summary Judgment. Summary Judgment opposition is not the proper forum for conducting discovery beyond the allotted discovery period.
[2] To the extent Plaintiffs' motion seeks leave to withdraw remove Count V, Breach of Contract, County VI, Breach of Express Warranty, and Count VII, Unjust Enrichment causes of action, Defendants do not object.

1

## ARGUMENT

### I.   PLAINTIFFS' MOTION SHOULD BE DENIED BECAUSE THEIR MOTION IS UNTIMELY UNDER FRCP 16(B)

Where, as here, a motion to amend is filed after a deadline set by the Court in the Case Management and Scheduling Order, the motion is subject to the more demanding standard of FED. R. CIV. P. 16(b). *See Parker v. Columbia Pictures Indus.*, 204 F.3d 326, 340 (2d Cir. 2000); *Ricciardi v. Kimco Facilities Servs. Corp.*, 2012 U.S. Dist. LEXIS 183962, at *1 (EDNY 2012), *adopted by* 2013 U.S. Dist. LEXIS 957 (EDNY 2013); *Sokol Holdings, Inc., v. BMB Munai, Inc.*, 2009 U.S. Dist. LEXIS 72659, at *7 (SDNY 2009).

According to Rule 16(b), a court must enter a scheduling order setting deadlines for subsequent proceedings in the case, including amending the pleadings. FED. R. CIV. P. 16(b). The rule is designed to offer a measure of certainty in pretrial proceedings, ensuring that at some point both the parties and the pleading will be fixed. *See Parker*, 204 F.3d at 339-40 (internal quotations omitted); *accord Ricciardi*, 2012 U.S. Dist. LEXIS 183962 at *1. The court may grant leave to amend the scheduling order to extend the deadline where the moving party has demonstrated good cause, *Id*.; *see 246 Sears Road Realty Corp. v. Exxon Mobil Corp.*, 2012 U.S. Dist. LEXIS 133280, at *9 (EDNY 2012). Here, the Plaintiffs failed to make a request to amend the Case Management Order to permit later amendment of the pleadings.  Moreover, Plaintiffs failed to address the fact that the proposed amendment comes more than **a year and eight months** after the deadline and more than three years after filing the Complaint.

Courts in the Second Circuit are reluctant to grant leave to amend where the parties have "already completed discovery and the defendant has moved for summary judgment." *Benefitvision Inc. v. Gentiva Health Servs.*, 2015 U.S. Dist. LEXIS 29285, at *38 (EDNY 2015); *Werking v. Andrews*, 526 Fed. Appx. 94, 96 (2d. Cir. 2013) (summary order) (holding further that "[w]e are

particularly likely to find prejudice where the parties have already completed discovery and the defendant has moved for summary judgment"); *See Grochowski v. Phoenix Constr.*, 318 F.3d 80, 86 (2d Cir. 2003) ("[W]hen the motion was filed, discovery had been completed and a summary judgment motion was pending. On this record we cannot say that the district court abused its discretion in denying the plaintiffs' motion to amend"); *Miles v. Levac*, 2014 U.S. Dist. LEXIS 44988 at *4 (WDNY 2014), *adopted by* 2014 U.S. Dist. LEXIS 44575 (WDNY 2014) (denying plaintiff's second motion to amend under Rule 16 given plaintiff's failure to offer any explanation in failing to seek leave to amend until after the deadline for amending pleadings and after briefing on defendants' motion for summary judgment was complete); *See McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 202 (2d Cir. 2007) (holding "Plaintiffs sought to amend their complaint after an inordinate delay" where leave was requested after "discovery had closed, defendants had filed for summary judgment, and nearly two years had passed since the filing of the original complaint").

Defendants argue that the relevant considerations are as follows: (1) Plaintiffs filed the Complaint over three years ago and concede they have no new facts related to the §43(a) of the Lanham Act, 15 U.S.C. § 1125(a) claim; (2) fact discovery closed in June 2017 and Plaintiffs' were unsuccessful in extending that deadline in the Case Management Order; (3) the Case Management Order required the parties to file all motions to amend the pleadings no later than March 21, 2017; (4) all parties have filed for summary judgment and Defendants would be prejudiced to the extent that they have already briefed their Motion for Summary Judgment and opposed Plaintiffs' motion; (5) Plaintiffs' seek to add Lanham Act claims to parallel state law

3

claims already briefed in their own Motion for Partial Summary Judgment[3]; and (6) Plaintiffs offer no reason or excuse why they seek this Amendment now.

Plaintiffs' motion fails to offer any explanation, much less establish good cause, for their failure to seek leave to amend until after the deadline for March 21, 2017 amending pleadings and after briefing on Defendants' or their own motion for summary judgment. Critically, Plaintiffs also cite no case law in support of the instant motion and their Declaration contains conclusory statements that there is no prejudice or surprise to this proposed amendment. Moreover, given the length of the delay, timing of the motion, Plaintiffs have failed to demonstrate good cause and their motion should be denied.

Even if the Court were to find that no prejudice will result from granting the instant motion, the absence of prejudice alone is insufficient for a finding of good cause under Rule 16(b). *Benefitvision Inc.*, 2015 U.S. Dist. LEXIS 29285, at *40.

## **CONCLUSION**

WHEREFORE, based upon the foregoing, Defendants respectfully request that this Court deny Plaintiffs' Motion to Amend and grant Defendants such other and further relief as the Court deems just and proper.

---

[3] Defendants argue that this Court may draw the inference that Plaintiffs seek to add arguments to their Motion for Partial Summary Judgment by way of amending their Complaint at this late stage, well after the deadline for dispositive motions and amendment of Pleadings.

Dated:  New York, New York
        December 7, 2018

Respectfully submitted,

Mazzola Lindstrom LLP

/s/ Jean-Claude Mazzola
Jean-Claude Mazzola
Hanoch Sheps
Mazzola Lindstrom LLP
733 Third Avenue, 15th Floor
New York, NY 10017
(646) 216 - 8126
jeanclaude@mazzolalindstrom.com

*Attorneys for Dixie Elixirs LLC, sued*
*incorrectly herein as Defendant Dixie*
*Elixirs and Edibles*

5