UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

DOUGLAS J. HORN and CINDY HARP-HORN,

                *Plaintiffs*,

-against-

MEDICAL MARIJUANA, INC., DIXIE ELIXIRS AND EDIBLES, RED DICE HOLDINGS, LLC, and DIXIE BOTANICALS,

                *Defendants*.

---

Civil Action No. 15-cv-701-FPG


Defendant, Dixie Elixirs and Edibles' Reply in Support of Defendant's
Motion for Summary Judgment


Jean-Claude Mazzola
Hanoch Sheps
Mazzola Lindstrom LLP
733 Third Avenue, 15th Floor
New York, NY 10017
(646) 216 - 8300
jeanclaude@mazzolalindstrom.com

*Attorneys for Dixie Elixirs LLC,
sued incorrectly herein as
Defendant Dixie Elixirs and Edibles*

Defendant, Dixie Elixirs LLC, sued incorrectly herein as Dixie Elixirs and Edibles, by and through its undersigned counsel, respectfully submits this Reply in Support of its Motion for Summary Judgment together with costs and such other relief as the Court deems just, reasonable, and proper.

## PRELIMINARY STATEMENT

Plaintiffs' self-serving recitations of the elements and Complaint, conclusory statements, and misstatements of Defendants" arguments ultimately fail to adequately oppose Defendant's motion. At times, Plaintiffs undermines their own Motion for Partial Summary Judgment, or are otherwise silent as to some or all of the elements they have the burden to prove. Plaintiffs almost entirely fail to cite to any specific evidence in the record in opposition to the Defendants' arguments. Their Supplemental Affidavit adds no value to the extent that Plaintiffs' subjective lay opinions about Defendant's legal arguments are immaterial and their Counterstatement of Material Facts fails to address each point raised by Defendants, as required under Local Rule 56(a)(2).[1] Plaintiffs cannot prove their causes of action as a matter of law or that they are entitled to the relief sought.

---

[1] Rule 56(a)(2) provides: "The papers opposing a motion for summary judgment shall include a response to each numbered paragraph in the moving party's statement, in correspondingly numbered paragraphs and, if necessary, additional paragraphs containing a short and concise statement of additional material facts as to which it is contended there exists a genuine issue to be tried. Each numbered paragraph in the moving party's statement of material facts may be deemed admitted for purposes of the motion unless it is specifically controverted by a correspondingly numbered paragraph in the opposing statement.

1

# ARGUMENT

## I. PLAINTIFFS' RICO OPPOSITION FAILS TO ADDRESS KEY ELEMENTS AND ADDS NO VALUE TO THEIR CLAIMS

Beyond Plaintiffs' rote recitation of the RICO elements, copying and pasting large swaths of their Complaint and conclusory statements about their allegations against the Defendant, Plaintiffs added nothing relevant to the discussion of this cause of action.

Plaintiffs failed to demonstrate through actual evidence in the record that the RICO elements were met, and their arguments are noticeably silent with respect to key elements which they have the burden to prove. For example, Plaintiffs failed to address the fact that the alleged racketeering activity must be chargeable under state law and have offered no evidence of conspiracy or opposition to Defendant's analysis. That Defendant has a commercial business relationship or engaged in interstate commerce does not convert its activities into a conspiracy, much less a crime.

To the extent that they allege six different acts of racketeering, Plaintiffs' only specific reference to evidence in the record is the baseless legal opinions and subjective opinions of their designated expert. We respectfully refer this Court to the pending Motion to Strike Plaintiffs' Summary Judgment Evidence for further discussion in this regard. Moreover, Plaintiffs failed to support their arguments with any evidence of the chemical composition of Dixie X or its ultimate legality. Finally, Plaintiffs' causation and harm opposition assumes their entire case without offering sufficient evidence. Plaintiffs thus cannot prove as a matter of law that Defendant engaged in a pattern of racketeering activity or that they are entitled to the relief sought.

## II. PLAINTIFFS' FALSE ADVERTISING OPPOSITION FAILS TO RAISE ANY RELEVANT CONSIDERATIONS AND UNDERMINES THEIR OWN MOTION

Plaintiffs' focus on the definition of "advertisement" and their "reasonable consumer" analysis belies a fundamental understanding of their claims – the point is that Defendant took no affirmative action to bring about the High Times "ad." Defendant's inclusion of a definition in support of their motion merely provides context to Plaintiffs' alleged reliance and that Defendant played no active part in Plaintiffs' decision to purchase Dixie X after reading High Times.

Whether or not the High Times "ad" fits with any definition of an "advertisement" does not refute the undisputed facts in the record that Defendant did not contribute anything to the "ad." Plaintiffs failed to establish that any statements in the "ad" were attributable to Defendant or ever uttered by them. Plaintiffs' reliance on a 1957 traffic regulation decision regarding "Advertising Vehicles" does not convert a third-party editorial in High Times to Defendants' representation. Defendants did not take any affirmative action "to call the attention of" anyone through the High Times publication because they did not participate in the publication.

Were the Court to accept Plaintiffs' definition of "advertisement" and related arguments as true, *arguendo*, Plaintiffs undermined their Motion for Partial Summary Judgment by trying to create a question of fact.

Plaintiffs' also undermine their own "reasonable consumer" argument by conceding that the High Times "ad" is not an advertisement. (ECF DKT No. 62-3, Mazz. Aff. Exh. C. pp. 211-213, 215-219, 248). In effect, Plaintiffs argue that they are unlike reasonable consumers.

Plaintiffs' "actual injury" analysis is not relevant to their GBL claims; they claim that an actual injury typically requires a plaintiff to allege that she purchased a product and did not receive the full value of her purchase. (Plaintiffs' Memorandum of Law in Opposition to Dixie Elixirs and

3

Edibles' Motion for Summary Judgment, at pg. 17). It is immaterial to discuss the trucking industry or its adverse effects on anyone in the context of receiving or paying for a product.

Plaintiffs thus cannot prove as a matter of law that Defendants misrepresented anything or that Plaintiffs suffered damage therefrom or are entitled to the relief sought.

### III. PLAINTIFFS FAILED TO CITE TO THE RECORD IN OPPOSITION TO DEFENDANTS' FRAUD ANALYSIS

Plaintiffs failed to provide a single citation to the record supporting its allegations and failed to provide any evidence that Defendants uttered the "statements" in the High Times "ad."[2] Plaintiffs thus cannot prove as a matter of law that Defendants fraudulently induced them or are entitled to the relief sought.

### IV. PLAINTIFFS' OPPOSITION IS SILENT WITH RESPECT TO ALL OF THE ELEMENTS REQUIRED TO PROVE THEIR PRODUCTS LIABILITY CLAIM

With only one conclusory statement, Plaintiffs' opposition is otherwise silent with respect to all of the elements required to prove their products liability claim. They failed to rebut Defendants' argument that Plaintiffs have no proof to establish the likelihood of harm posed by Dixie X, no expert to discuss the safety or efficacy of Dixie X, no evidence of Dixie X's chemical composition and no proof of causation. Plaintiffs thus cannot prove as a matter of law that Dixie X was defective or are entitled to the relief sought.

---

[2] It is unclear why Plaintiffs reference the NY General Business Law at the end of their opposition to Defendants' analysis of Plaintiffs' fraud claims.

V.  **PLAINTIFFS' RENDERED MOOT THEIR OPPOSITION TO THE UNJUST ENRICHMENT CLAIM BY SEEKING TO WITHDRAW IT.[3]**

Plaintiffs' rendered moot their own illogical opposition to this cause of action by seeking leave to withdraw this claim through their Motion to Amend. To extent Defendants' must interpose a reply, Plaintiffs' failed to oppose Defendants' argument to the extent they analyze anything beyond obtaining the purchased Dixie X; they received what they ordered, that negates their unjust enrichment argument.

VI.  **PLAINTIFFS FAILED TO PROVE NEGLIGENCE WITHOUT ANY EVIDENCE OF DIXIE X'S DESIGN OR ACTIONABLE MISREPRESENTATIONS**

Plaintiffs have failed to meet their burden insofar as they have no evidence of defendants' manufacturing or designs for Dixie X or any proof of Dixie X's chemical composition. Plaintiffs thus cannot prove Defendants' negligence as a matter of law or are entitled to the relief sought.

VII.  **PLAINTIFFS' OPPOSITION IS SILENT AS TO THE TYPE AND QUALITY OF DEFENDANTS' CONDUCT DEEMED ACTIONABLE FOR NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS**

Plaintiffs failed to address the fact that nothing Defendants' did rose to the level of "outrageous," "extreme," "atrocious," or any actionable injury supported by medical records. Plaintiffs fatally chose to focus on an alleged injury rather than how the character and nature of the act is proscribed under New York law. Plaintiffs thus cannot prove as a matter of law that they are entitled to relief under this cause of action.

---

[3] To the extent that Plaintiffs also seek to withdraw their Breach of Contract and Breach of Express Warranty Claims, any opposition thereto is also moot.

## **CONCLUSION**

WHEREFORE, based upon the foregoing, Defendants respectfully request that this Court grant Defendants' Motion for Summary Judgment and grant Defendants such other and further relief as the Court deems just and proper.

Dated:  New York, New York
        December 7, 2018

    Respectfully submitted,

    Mazzola Lindstrom LLP

    /s/ Jean-Claude Mazzola
    Jean-Claude Mazzola
    Hanoch Sheps
    Mazzola Lindstrom LLP
    733 Third Avenue, 15th Floor
    New York, NY 10017
    (646) 216 - 8126
    jeanclaude@mazzolalindstrom.com

*Attorneys for Dixie Elixirs LLC, sued incorrectly herein as Defendant Dixie Elixirs and Edibles*