UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

DOUGLAS J. HORN and CINDY HARP-HORN,

                              Plaintiffs,

vs.

MEDICAL MARIJUANA, INC., DIXIE ELIXIRS
AND EDIBLES, RED DICE HOLDINGS, LLC,
and DIXIE BOTANICALS,

                              Defendants.
_____

Civil Action No. 15-cv-701-FPG/MJR
_____

**MEMORANDUM OF LAW IN FURTHER SUPPORT OF DEFENDANTS
MEDICAL MARIJUANA, INC.'S AND RED DICE HOLDINGS, LLC'S MOTION FOR
JUDGMENT ON THE PLEADINGS AND/OR SUMMARY JUDGMENT**

                              Respectfully Submitted,

                              Roy A. Mura, Esq.
                              Daniel S. Gvertz, Esq.
                              MURA & STORM, PLLC
                              *Attorneys for Defendants*
                              *Medical Marijuana, Inc.*
                              *and Red Dice Holdings, LLC*
                              930 Rand Building
                              14 Lafayette Square
                              Buffalo, New York 14203
                              (716) 855-2800

## TABLE OF CONTENTS

Table of Authorities ................................................................................................. iii

Preliminary Statement ............................................................................................... 1

Statement of Material Facts ...................................................................................... 1

Legal Argument ........................................................................................................ 2

Point I

    JUDGMENT ON THE PLEADINGS STANDARD ................................... 2

Point II

    SUMMARY JUDGMENT STANDARD ...................................................... 2

Point III

    PLAINTIFFS' SUBMISSION PROVIDES NO
    OPPOSITION TO THE FACT THAT MMI/RDH
    ARE ENTITLED TO SUMMARY JUDGMENT
    DISMISSING COUNT I OF PLAINTIFFS' COMPLAINT ....................... 3

Point IV

    PLAINTIFFS HAVE PROVIDED NO OPPOSITION
    TO THE FACT THAT MMI/RDH ARE ENTITLED TO
    SUMMARY JUDGMENT AND JUDGMENT ON THE
    PLEADINGS DISMISSING PLAINTIFFS' RICO CLAIMS .................... 5

Point V

    PLAINTIFFS' OPPOSITION FAILS TO PROVIDE
    A RESPONSE TO THE CLAIMS THAT MMI/RDH
    ARE ENTITLED TO JUDGMENT ON THE PLEADINGS
    OR SUMMARY JUDGMENT DISMISSING COUNT III
    OF THE COMPLAINT ................................................................................ 6

Point VI

    PLAINTIFFS' OPPOSITION FAILS TO PROVIDE
    A RESPONSE TO THE CLAIMS THAT

MURA&STORM, PLLC • 930 RAND BUILDING • 14 LAFAYETTE SQUARE • BUFFALO, NEW YORK  14203
(716) 855-2800 • FAX (716) 855-2816

MMI/RDH ARE ENTITLED TO JUDGMENT
ON THE PLEADINGS OR SUMMARY JUDGMENT
DISMISSING COUNT IV OF THE COMPLAINT ................................................... 7

Point VII

PLAINTIFFS' OPPOSITION FAILS TO ESTABLISH
THAT MMI/RDH ARE NOT ENTITLED TO SUMMARY
JUDGMENT DISMISSING COUNT VIII OF THE
COMPLAINT ....................................................................................................... 8

Conclusion ................................................................................................... 9

Mura&Storm, PLLC • 930 Rand Building • 14 Lafayette Square • Buffalo, New York  14203
(716) 855-2800 • fax (716) 855-2816

# TABLE OF AUTHORITIES

**State Statutes**

New York General Business Law §349 ........................................................................ 3, 4

New York General Business Law §350 ........................................................................ 3, 4

New York Uniform Commercial Code §2-318 ................................................................. 7

**Cases**

*Ad-Hoc Comm. of Baruch Black & Hispanic Alumni Ass'n v. Bernard M. Baruch Coll.,* 835 F.2d 980, 982 (2d Cir.1987) ........................................................................................ 1

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986) ....................................................... 3

*Codling v. Paglia*, 32 N.Y.2d 330 (N.Y. 1973) ............................................................... 7, 8

*Irish Lesbian & Gay Org. v. Giuliani,* 143 F.3d 638 (2d Cir.1998) ................................... 1

*Jeffreys v. City of N.Y.*, 426 F.3d 549 (2d Cir., 2005) ....................................................... 3

*Sheppard v. Beerman,* 18 F.3d 147 (2d Cir.1994) ............................................................ 1

*Spinelli v. City of New York*, 579 F.3d 160 (2d Cir., 2009) .............................................. 2

*U.S. v. Scop*, 846 F.2d 135 (2d Cir., 1988) ................................................................... 5, 6

*Zalaski v. City of Bridgeport Police Dep't.*, 613 F.3d 336 *2d Cir., 2010) ........................ 2

iii

Mura&Storm, pllc • 930 Rand Building • 14 Lafayette Square • Buffalo, New York  14203
(716) 855-2800 • fax (716) 855-2816

## **PRELIMINARY STATEMENT**

This memorandum of law is submitted in further support of the motion of defendants Medical Marijuana, Inc. ("MMI") and Red Dice Holdings, LLC's ("RDH") (collectively "MMI/RDH") for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c), and for summary judgment pursuant to Fed. R. Civ. P. 56(a), dismissing the plaintiffs' complaint in its entirety.

Plaintiffs have submitted in opposition to these motions, a declaration by plaintiffs' attorney, an affidavit from plaintiff Douglas J. Horn, and two expert witness affidavits, along with numerous exhibits which had previously been submitted along with plaintiffs' own motion for summary judgment.

## **STATEMENT OF MATERIAL FACTS**

Accompanying plaintiffs' responding papers is a purported statement pursuant to Local Rule 56(a)(2). In this statement, plaintiffs fail to provide a response to each numbered paragraph in MMI/RDH's statement pursuant to Local Rule 56(a)(1). As such, pursuant to Local Rule 56(a)(2) paragraphs 1, 2, 4, 7, 8, 9, 10, 11, 12, 13, 14, 21, 23, and 25 are deemed admitted for the purposes of this motion.

It should be noted that paragraphs 7 and 8 of plaintiffs' statement pursuant to Local Rule 56(a)(1) state

> 7.   In or around September, 2012, plaintiffs claim to have viewed an un-bylined "article" printed in the Fall 2012 issue of High Times' Medical Marijuana magazine ("the High Times article"), which contained written content about the product at issue (ECF Doc. No. 1, ¶13).
> 8.   MMI/RDH did not commission, write or pay for that article. (Titus Declaration ¶¶10-11; Sides Declaration ¶¶10-12).

1

## LEGAL ARGUMENT

### POINT I

### JUDGMENT ON THE PLEADINGS STANDARD

Plaintiffs summarily dismiss Defendants' arguments regarding judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c) as untimely. Plaintiffs mistakenly contend that these arguments are based on Fed. R. Civ. P. 12(b)(6). Although the standard for granting a Rule 12(c) motion for judgment on the pleadings is identical to that of a Rule 12(b)(6) motion for failure to state a claim (see *Irish Lesbian & Gay Org. v. Giuliani,* 143 F.3d 638, 644 (2d Cir.1998); *Sheppard v. Beerman,* 18 F.3d 147, 150 (2d Cir.1994); *Ad-Hoc Comm. of Baruch Black & Hispanic Alumni Ass'n v. Bernard M. Baruch Coll.,* 835 F.2d 980, 982 (2d Cir.1987)), Fed R. Civ. P. 12(c) specifically states, "After the pleadings are close – but early enough not to delay trial – a party may move for judgment on the pleadings." As such, MMI/RDH's motion for judgment on the pleadings is timely, as a trial date has not been scheduled, and pleadings on this matter were closed as of October, 2016 pursuant to this Court's most recent scheduling order.

### POINT II

### SUMMARY JUDGMENT STANDARD

In a motion for summary judgment, "The moving party bears the burden of establishing the absence of any genuine issue of material fact," *Zalaski v. City of Bridgeport Police* Dep't., 613 F.3d 336, 330 (2d Cir., 2010). At that point, the non-moving party can only defeat summary judgment "by coming forward with evidence that would be sufficient, if all reasonable inferences were drawn in [its] favor, to establish the existence of [an] element at trial." *Spinelli v. City of New York*, 579 F.3d 160, 166-167

2

(2d Cir., 2009) (Internal quotes omitted). A dispute of fact is genuine if, "the [record] evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The non-moving party cannot avoid summary judgment simply by relying "on conclusory allegations or unsubstantiated speculation," *Jeffreys v. City of N.Y.*, 426 F.3d 549, 554 (2d Cir., 2005) (Internal quotes omitted).

### POINT III

### PLAINTIFFS' SUBMISSION PROVIDES NO OPPOSITION TO THE FACT THAT MMI/RDH ARE ENTITLED TO SUMMARY JUDGMENT DISMISSING COUNT I OF PLAINTIFFS' COMPLAINT

MMI/RDH are entitled to summary judgment dismissing Count I of the plaintiffs' Complaint, which alleges that the defendants engaged in deceptive acts and false advertising in violation of New York General Business Law (hereinafter "GBL") §§349 and 350 as plaintiffs' opposition fails satisfy its burden in opposition to the motion for summary judgment, as it relies only on conclusory allegations and unsubstantiated speculation. Plaintiffs' opposition to MMI/RDH's motion focuses on statements made in unauthenticated YouTube videos as well as an unauthenticated Frequently Asked Questions (hereinafter "FAQ") section of co-defendant Dixie Elixirs and Edibles' (hereinafter "Dixie") website. (See ECF Doc. No. 69-26, at page 8). In fact, stated in plaintiffs' memorandum in opposition is the statement, "The plaintiffs specifically relied upon the advertising, magazine, FAQs, and YouTube videos that the DIXIE ELIXER [sic] products contained no THC and were effective for pain management." (ECF Doc. No. 69-26, page 8). Admitted by the plaintiffs is the fact that MMI/RDH had no involvement in

3

commissioning, writing, nor paying for the alleged magazine advertising. Further, the FAQ in question is only ever alleged to have been produced by Dixie. As such, plaintiffs fail to oppose MMI/RDH's argument that the actions complained of were not the acts of MMI/RDH.

Plaintiffs' memorandum in opposition to the current motion appears to claim that because one law firm represents both MMI and RDH that a person who holds no position at MMI is able to speak for that company. This argument is founded in nothing and plaintiffs support it with no citations to the record of any kind. Plaintiffs support this argument with a document purporting to be an operating agreement of defendant RDH. This document is unauthenticated and was never turned over during the discovery process despite this Court's numerous admonishments that all discovery must be completed. Plaintiff further claims that "Tripp Keber" who is consistently identified as having made statements on behalf of Dixie, is the same person as "Vincent Keber" who is identified in the purported operating agreement, without providing any proof therefor. As such, MMI/RHD is entitled to summary judgment dismissing this count of plaintiffs' complaint.

Plaintiffs' arguments in support of these allegations are conclusory and rely on unsubstantiated allegations. Again, plaintiffs admitted that MMI/RDH did not commission, write, or pay for the alleged advertisement on which plaintiffs relied when they purchased product at issue for the purposes of this motion. As such, regardless of the numerous arguments made by plaintiffs with regard to the advertising alleged to have occurred in this matter, there is no opposition to MMI/RDH's argument that MMI/RDH are

4

MURA&STORM, PLLC • 930 RAND BUILDING • 14 LAFAYETTE SQUARE • BUFFALO, NEW YORK  14203
(716) 855-2800 • FAX (716) 855-2816

entitled to summary judgment dismissing Count I of the plaintiffs' complaint alleging violations of New York's GBL §§349 and 350.

## POINT IV

### PLAINTIFFS HAVE PROVIDED NO OPPOSITION TO THE FACT THAT MMI/RDH ARE ENTITLED TO SUMMARY JUDGMENT AND JUDGMENT ON THE PLEADINGS DISMISSING PLAINTIFFS' RICO CLAIMS

Plaintiffs' opposition to the instant motion is based on conclusory allegations and unsubstantiated speculation as it fails to make a single reference to the record in opposition to MMI/RDH's argument regarding its entitlement to summary judgment dismissing plaintiffs' RICO claims and as such fails to properly oppose MMI/RDH's motion for summary judgment.

Initially, plaintiffs do not make any reference to MMI/RDH's motion pursuant to Fed. R. Civ. P. 12(c) for judgment on the pleadings dismissing this count of the complaint. As such, the motion should be granted as unopposed.

With regard to MMI/RDH's motion for summary judgment dismissing plaintiffs' RICO claims, plaintiffs' submission refers numerous times to the affidavit of plaintiffs' expert, Dr. Kenneth D. Graham. The references in plaintiffs' memorandum are to legal conclusions made by Dr. Graham which are inappropriate for reliance by this Court. The referral to, and designation of, the contents of the product at issue as a schedule I controlled substance pursuant to the Code of Federal Regulations (mistakenly referred to by plaintiffs as the United States Code), is a legal conclusion which is not in the purview of the Plaintiffs' expert. "Rule 704 was not intended to allow experts to offer

5

opinions embodying legal conclusions." *US v. Scop*, 846 F.2d 135, 139 (2d Cir., 1988). Because plaintiffs' expert consistently attempted to give opinions which were legal conclusions, they are inadmissible for the purposes of summary judgment. Beyond the statements of the plaintiffs' expert, plaintiffs' opposition to MMI/RDH's motion for summary judgment plaintiffs cite to no record evidence in support of their claims that MMI/RDH violated any portion of the Civil Rico statute. In fact, rather than citing to record evidence, plaintiffs' memorandum merely states, "Through evidence and testimony elicited in this case, Plaintiffs have proven all of the above,…" when reciting a list of allegations which is copied from the plaintiffs' complaint. (ECF Doc. No. 69-26, Page 24). Later, the memorandum states, "Plaintiffs have clearly proven continuity when it comes to Defendants' enterprise." (ECF Doc. No. 69-26, page 25). This statement leads off a paragraph which contains precisely zero references to any record evidence.

### POINT V

### PLAINTIFFS' OPPOSITION FAILS TO PROVIDE A RESPONSE TO THE CLAIMS THAT MMI/RDH ARE ENTITLED TO JUDGMENT ON THE PLEADINGS OR SUMMARY JUDGMENT DISMISSING COUNT III OF THE COMPLAINT

MMI/RDH are entitled to summary judgment dismissing Count III of plaintiffs' complaint which purports to allege a cause of action for fraudulent inducement as the plaintiffs' response fails to make anything more than conclusory allegations and unsubstantiated speculation in response to MMI/RDH's motion. Additionally, MMI/RDH are entitled to judgment on the pleadings that count or cause of action pursuant to Fed. R. Civ. P. 12(c) as plaintiffs have failed to plead fraudulent inducement with the requisite particularity. As stated above, plaintiffs fail to respond to MMI/RDH's motion for judgment

on the pleadings pursuant to Fed. R. Civ. P. 12(c), and as such, without opposition, this motion must be granted.

Additionally, in response to the motion for summary judgment on Count III of plaintiffs' complaint, plaintiffs have failed to elucidate a single piece of record evidence in response to MMI/RDH's motion for summary judgment on this count of the plaintiffs' complaint. Plaintiffs fail to cite to the record in support of their claim of fraudulent inducement. Instead, plaintiffs merely summarize the claims previously made in their memorandum. As such, MMI/RDH are entitled to summary judgment dismissing Count III of the plaintiffs' complaint.

### POINT VI

### PLAINTIFFS' OPPOSITION FAILS TO PROVIDE A RESPONSE TO THE CLAIMS THAT MMI/RDH ARE ENTITLED TO JUDGMENT ON THE PLEADINGS OR SUMMARY JUDGMENT DISMISSING COUNT IV OF THE COMPLAINT

MMI/RDH are entitled to judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c) dismissing Count IV of the plaintiffs' complaint. The plaintiffs failed to respond to this arm of MMI/RDH's motion and as such, the motion should be granted.

Additionally, MMI/RDH are entitled to summary judgment on this count of the plaintiffs' complaint as the plaintiffs have failed to present a triable issue of fact beyond their conclusory allegations and unsubstantiated speculation. As stated in the underlying motion, one of the elements of a claim under New York's Uniform Commercial Code §2-318 is "(3) by the exercise of reasonable care the person injured or damaged would not otherwise have averted his injury or damages." *Codling v.* Paglia, 32 N.Y.2d

7

MURA&STORM, PLLC • 930 RAND BUILDING • 14 LAFAYETTE SQUARE • BUFFALO, NEW YORK 14203
(716) 855-2800 • FAX (716) 855-2816

330, 342 (NY 1973). Plaintiffs did not raise a triable issue of fact in their opposition to the instant motion that they took reasonable care to avoid the injuries which they allegedly sustained. Additionally, the plaintiffs have submitted no evidence, and have cited to nothing in the record that shows that the actual item purchased and used by the plaintiffs contains any THC. They have presented no test results, nor have they ever claimed that the product actually taken by plaintiffs was ever tested. As such, MMI/RDH are entitled to summary judgment dismissing Count IV of plaintiffs' complaint.

### POINT VII

### PLAINTIFFS' OPPOSITION FAILS TO ESTABLISH THAT MMI/RDH ARE NOT ENTITLED TO SUMMARY JUDGMENT DISMISSING COUNT VIII OF THE COMPLAINT

Plaintiffs have failed to put forth a genuine issue of material fact in opposition to MMI/RDH's motion for summary judgment dismissing Count VIII of the complaint. This count of the complaint purports to allege a common law negligence cause of action (ECF Doc. No. 1, pages 14-15). In opposition to this arm of the motion, plaintiffs merely state that the prior actions alleged to have been committed by all defendants constitutes "a course of negligent conduct which the Court should also respectfully pass through to the trier of fact." (ECF Doc. No. 69-26, page 30). This response fails to cite to a single piece of record evidence and does not meet the plaintiffs' burden as the non-movant to show a genuine issue of material fact. As such, MMI/RDH ARE entitled to summary judgment dismissing this count of plaintiffs' complaint.

## **CONCLUSION**

WHEREFORE, based upon all of the above, it is respectfully requested that this Court grant the instant motion of defendants Medical Marijuana, Inc., and Red Dice Holdings, LLC, for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c) or summary judgment pursuant to Fed. R. Civ. P. 56(a) dismissing the plaintiffs' complaint against them in its entirety.

DATED:   Buffalo, New York
         December 7, 2018

                                Respectfully submitted,

                                /s/ Daniel S. Gvertz
                                Daniel S. Gvertz, Esq.
                                MURA & STORM, PLLC
                                *Attorneys for Defendants Medical Marijuana, Inc.*
                                *and Red Dice Holdings, LLC*
                                930 Rand Building
                                14 Lafayette Square
                                Buffalo, New York 14203
                                (716) 855-2800
                                daniel.gvertz@muralaw.com

9

MURA & STORM, PLLC • 930 RAND BUILDING • 14 LAFAYETTE SQUARE • BUFFALO, NEW YORK  14203
(716) 855-2800 • FAX (716) 855-2816