UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

DOUGLAS J. HORN and CINDY HARP-HORN,

                Plaintiffs,

    - vs -

MEDICAL MARIJUANA, INC., DIXIE ELIXIRS
AND EDIBLES, RED DICE HOLDINGS, LLC,
and DIXIE BOTANICALS,

                Defendants.
_____

**ECF CASE**

**DECLARATION**

Case No. 15-cv-701-FPG/MJR

      Daniel S. Gvertz, Esq. declares the following, pursuant to 28 USC §1746, under penalty of perjury:

      1.     I am an attorney at law, duly admitted to practice in the United States District Court for the Western District of New York and am the principal member of Mura & Storm, PLLC, attorneys for the defendants, Medical Marijuana, Inc., ("MMI"), and Red Dice Holdings, LLC ("RDH") (or collectively "MMI/RDH") in the above-captioned matter.  As such, I am fully familiar with the facts and circumstances set forth in this declaration.

      2.     I make and submit this declaration in opposition to plaintiffs' motion for leave to amend and supplement their complaint against the defendants pursuant to Fed. R. Civ. P. 15.

      3.     Plaintiffs' motion for leave to amend their complaint must be denied as untimely as it is submitted nearly two full years after the deadline for such

submissions pursuant to this Court's most recent scheduling order. (ECF Doc. No. 21, annexed hereto as **Exhibit A**).

4. Although plaintiffs are entitled to leniency from the courts pursuant to Fed. R. Civ. P. 15, the Second Circuit has ruled that when, pursuant to a scheduling order, the time to amend a complaint has passed "a district court does not abuse its discretion in denying leave to amend the pleadings after the deadline set in the scheduling order where the moving party has failed to establish good cause." *Parker v. Columbia Pictures Industries*, 204 F.3d 326, 340 (2d Cir., 2000).

5. "Where a scheduling order has been entered, the lenient standard under Rule 15(a), which provides leave to amend 'shall be freely given,' must be balanced against the requirement under rule 16(b) that the Court's scheduling order 'shall not be modified except upon a showing of good cause.' Fed. R. Civ. P. 15(a), 16(b). A finding of good cause depends upon the diligence of the moving party." *Grochowski v. Phoneix Const.*, 318 F.3d 80, 86 (2d. Cir., 2003).

6. According to this Court's scheduling order, any amendments to pleadings must have been filed by October 21, 2016.

7. As the plaintiffs failed to make a request for leave to amend their complaint until significantly later than that, it is respectfully submitted that the court's Scheduling Order should not now be amended to allow for this leave as the plaintiffs have failed to make a showing of good cause with their motion to amend.

8. Plaintiffs have failed to put forth sufficient arguments in support of their motion to amend the complaint more than two years after the deadline for such amendments has passed pursuant to this Court's scheduling order filed April 16, 2016.

9. Plaintiffs' motion fails to mention the scheduling order, and in fact, fails to even address the issue of good cause.

10. A review of the record, and of the plaintiffs' motion, shows that there are no facts or circumstances which would constitute good cause for this amendment to be allowed so long after the date specified by the scheduling order.

11. The only allegations made by plaintiffs in their motion are that the defendants would not be prejudiced by the amendments as requested.

12. "As the Second Circuit Court of Appeals has held, a court may, under Rule 16 of the Federal Rules of Civil Procedure, deny leave to amend a Complaint where the plaintiff has failed to comply with the court's Scheduling Order, and has failed to establish good cause for its failure to comply with that Order." *Belasco v. Town of Greece*, No. 09-CV-6458T (W.D.N.Y., 2012).

13. Because the plaintiffs have made no allegations in their motion showing good cause why this Court's scheduling order should be amended, it is respectfully submitted that the plaintiffs' motion for leave to amend their complaint should be denied.

14. Further, there are no facts and circumstances in the record which could possibly constitute good cause to amend this Court's scheduling order.

15. In fact, in the instant matter, there are numerous facts and circumstances which show that plaintiff's undue delay is not mitigated by any good cause shown.

16. Initially, the plaintiffs' motion itself states that the cause of action sought to be added "virtually mirrors the New York State Statutes raised initially." See plaintiffs' motion to amend the complaint, ECF Doc. No. 68-1, at, at ¶10.

17. As such, the facts and circumstances alleged to have given rise to the new allegations were known to the plaintiffs at the time of the filing of the initial complaint.

18. Second, the plaintiffs' motion states that, "No further discovery is being sought by Plaintiff [sic] due to this proposed amendment, as only the cause of action is being added with no further facts being alleged other than those that have been alleged in the first-filed Complaint." See plaintiffs' motion to amend the complaint, ECF Doc. No. 68-1, at ¶12.

19. This statement by plaintiffs makes it clear that they believed they were in possession of all possible facts and relevant discovery items necessary to put forth the allegations in the amended complaint.

20. The plaintiffs have had a full opportunity to conduct discovery and have had several years to make the instant request, but have failed to do so until after they filed their motion for summary judgment on their existing claims.

21. For these reasons, it is respectfully submitted that the plaintiffs' motion for leave to amend the complaint must be denied as untimely.

22. The plaintiffs' motion for leave to amend their complaint must also be denied as the cause of action the plaintiffs seek to add is futile.

Mura&Storm, pllc • 930 Rand Building • 14 Lafayette Square • Buffalo, New York 14203
(716) 855-2800 • fax (716) 855-2816

23. "An amendment to a pleading is futile if the proposed claim could not withstand a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6)." *Lucentev. International Business Machines Corp.*, 310 F.3d 243, 258 (2d Cir., 2002).

24. In order to state a claim under 15 U.S.C. §1125(a), the plaintiff must allege that the defendant has, with any goods or services, or any container for goods, used in commerce any word, term, name, symbol, or device, or any combination thereof, or any false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which in commercial advertising or promotion, misrepresents the nature, characteristics, qualities, or geographic origin of his or her or another person's goods, services, or commercial activities.

25. In the instant case, the proposed amended complaint alleges the following with respect to this cause of action: (See Proposed Amended Complaint, ¶¶63-66, ECF Doc. No. 68-3).

> 63. The Defendants made false statements of fact about their Elixir product.
> 64. The advertisements alleged to be false actually deceived or had the tendency to deceive a substantial segment of their audience.
> 65. The Defendants' deception was material in that it would likely influence the purchasing decision
> 66. Defendants caused the false advertisements and misinformation to enter interstate commerce.

26. The plaintiffs' bald and unsupported allegations do not rise to the pleading level necessary to state a cause of action under 15 U.S.C. §1125(a).

27. The Second Circuit has held that opinions and assertions of a third party do not constitute commercial advertising or promotion by a defendant and as such a failure to plead such commercial advertising and promotion is fatal to a cause of action under this statute. *Gmuzynska v. Hutton*, 355 F.3d 206, 210 (2d Cir., 2004).

MURA&STORM, PLLC ● 930 RAND BUILDING ● 14 LAFAYETTE SQUARE ● BUFFALO, NEW YORK 14203
(716) 855-2800 ● FAX (716) 855-2816

Case 1:15-cv-00701-JWF   Document 87   Filed 12/07/18   Page 6 of 6

28. As stated in the complaint, the statements being attributed to MMI and RDH are statements made either in a magazine by the author of a magazine article, or by a person identified only as Dixie's Managing Director.

29. Despite the claims made by plaintiffs in their declaration, and despite the operating agreement submitted in support thereof, MMI and Dixie are separate businesses. Merely entering a joint venture agreement does not render them one and the same.

30. As such, it is respectfully submitted that plaintiffs' motion for leave to amend the complaint must be denied as the cause of action sought to be added is futile and would fail a challenge pursuant to Fed. R. Civ. P. 12(b)(6).

31. For the foregoing reasons, defendants MMI and RDH respectfully request that this court deny the plaintiffs' motion for leave to amend their complaint.

DATED:   Buffalo, New York
         December 7, 2018

/s/Daniel S. Gvertz_____
Daniel S. Gvertz, Esq.

MURA & STORM, PLLC
*Attorneys for Defendant*
930 Rand Building
14 Lafayette Square
Buffalo, New York 14203
(716) 855-2800
daniel.gvertz@muralaw.com

- 6 -
MURA&STORM, PLLC • 930 RAND BUILDING • 14 LAFAYETTE SQUARE • BUFFALO, NEW YORK 14203
(716) 855-2800 • FAX (716) 855-2816