UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

DOUGLAS J. HORN and CINDY HARP-HORN,

Plaintiffs,

vs.

MEDICAL MARIJUANA, INC., DIXIE ELIXIRS AND EDIBLES, RED DICE HOLDINGS, LLC, and DIXIE BOTANICALS,

Defendants.

---

Civil Action No. 15-cv-701-FPG/MJR

---

**MEMORANDUM OF LAW IN SUPPORT OF MEDICAL MARIJUANA, INC.'S and RED DICE HOLDINGS, LLC's MOTION FOR RECONSIDERATION**

Respectfully Submitted,

Roy A. Mura, Esq.
Scott D. Mancuso, Esq.

MURA & STORM, PLLC
*Attorneys for Defendants*
*Medical Marijuana, Inc.*
*and Red Dice Holdings, LLC*
930 Rand Building
14 Lafayette Square
Buffalo, New York 14203
(716) 855-2800

## TABLE OF CONTENTS

Table of Authorities ....................................................................................... ii

Preliminary Statement ....................................................................................... 1

Legal Argument ....................................................................................... 2

Point I – Legal Standard ....................................................................................... 2

Conclusion ....................................................................................... 4

MURA & STORM, PLLC • 930 RAND BUILDING • 14 LAFAYETTE SQUARE • BUFFALO, NEW YORK 14203
(716) 855-2800 • FAX (716) 855-2816

**TABLE OF AUTHORITIES**

**Federal Statutes**

Fed. R. Civ. P. 54(b)........................................................................................ 2

**Cases**

*Abdallah v. Napolitano*, 909 F. Supp. 2d 196, 211 (W.D.N.Y. 2012)............................... 3

*Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) ........... 3

*Chinn v. Elmwood Franklin Sch.*, No. 15-CV-00938-FPG-JJM, 2018 U.S. Dist. LEXIS 187339, at 6 (W.D.N.Y. Nov. 1, 2018)................................................................... 2

*DeCarlis v. N.Y. State Ret. Sys.*, No. 18-CV-6409-FPG, 2019 U.S. Dist. LEXIS 78718, at 1-2 (W.D.N.Y. May 9, 2019) ........................................................................ 2, 3

*Kloppel v. Sears Holdings Corp.*, No. 17-CV-6296-FPG, 2019 U.S. Dist. LEXIS 42798, at 2 (W.D.N.Y. Mar. 15, 2019)........................................................................... 3

*Sequa Corp. v. GBJ Corp.*, 156 F.3d 136, 144 (2d Cir. 1998)........................................ 3

*Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995)...................................... 3

*Underwood v. B-E Holdings, Inc.*, 269 F. Supp. 2d 125, 139 (W.D.N.Y. 2003)............... 2

MURA&STORM, PLLC • 930 RAND BUILDING • 14 LAFAYETTE SQUARE • BUFFALO, NEW YORK 14203
(716) 855-2800 • FAX (716) 855-2816

## PRELIMINARY STATEMENT

This memorandum of law is made and submitted by Medical Marijuana, Inc. ("MMI") and Red Dice Holdings, LLC ("RDH") (collectively "MMI/RDH") in support of MMI/RDH's motion pursuant to Fed. R. Civ. P. 54(b) for reconsideration of the Court's denial of MMI/RDH's motion for summary judgment, as relates to the Plaintiffs' RICO claim, on the basis that it was a genuine error for the Court to find that Dixie X contained "resin extract derived from the *Cannabis sativa* plant" and thus fell within the definition of marijuana under the Controlled Substance Act.

As set forth below, MMI/RDH believes that the court made a genuine, inadvertent error in its decision by mistakenly finding that Dixie X contained "resin extract derived from the *Cannabis sativa* plant" when this is not true. It appears that the court only determined that Dixie X fell within the definition of marijuana under the Controlled Substance Act based on this incorrect finding and then found that the plaintiffs' RICO action could potentially stand as against MMI/RDH on the incorrect basis that Dixie X fell within the definition of marijuana under the CSA.

As such, if the Court were to reconsider its order, taking the true and correct information that Dixie X did not contain "resin extract derived from the *Cannabis sativa* plant" into account, MMI/RDH believes there is a strong likelihood that the Court would modify its previous order and dismiss the plaintiffs' RICO action as against MMI/RDH.

**LEGAL ARGUMENT**

**POINT I**

**STANDARD OF REVIEW**

FRCP Rule 54 states:

> (b) Judgment on Multiple Claims or Involving Multiple Parties. When an action presents more than one claim for relief—whether as a claim, counterclaim, crossclaim, or third-party claim—or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay. Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

This court has interpreted Rule 54 (b) to mean that a "district court has the discretion to reconsider and, if appropriate, revise an interlocutory order at any time prior to final judgment." *Chinn v. Elmwood Franklin Sch.*, No. 15-CV-00938-FPG-JJM, 2018 U.S. Dist. LEXIS 187339, at 6 (W.D.N.Y. Nov. 1, 2018). "The decision as to whether to grant… a motion [for reconsideration] lies within the discretion of the district court." *Id. citing Underwood v. B-E Holdings, Inc.*, 269 F. Supp. 2d 125, 139 (W.D.N.Y. 2003).

It is understood that this court has held that "the standard for granting a motion for reconsideration is 'strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court.'" *DeCarlis v. N.Y. State Ret. Sys.*, No. 18-CV-6409-FPG, 2019 U.S.

MURA&STORM, PLLC • 930 RAND BUILDING • 14 LAFAYETTE SQUARE • BUFFALO, NEW YORK 14203
(716) 855-2800 • FAX (716) 855-2816

Dist. LEXIS 78718, at 1-2 (W.D.N.Y. May 9, 2019), *citing Abdallah v. Napolitano*, 909 F. Supp. 2d 196, 211 (W.D.N.Y. 2012) (quoting *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995).

This court has also held that "a movant for reconsideration bears the heavy burden of demonstrating that there has been an intervening change of controlling law, that new evidence has become available, or that there is a need to correct a clear error or prevent manifest injustice." *Id.* at 211-12.

This court has further held that "movants may not use such a motion as 'a vehicle for relitigating old issues, presenting the case under new theories… or otherwise taking a 'second bite at the apple'"… *Kloppel v. Sears Holdings Corp.*, No. 17-CV-6296-FPG, 2019 U.S. Dist. LEXIS 42798, at 2 (W.D.N.Y. Mar. 15, 2019), *citing Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (quoting *Sequa Corp. v. GBJ Corp.*, 156 F.3d 136, 144 (2d Cir. 1998).

As set forth in the companying Declarations of Stuart W. Titus and Roy A. Mura, MMI/RDH is of the sincere belief that the issue raised on this motion presents a genuine case for the court's reconsideration and revision of its interlocutory order. MMI/RDH is not merely attempting to relitigate an issue or present its case under a new theory. In incorrectly stating that Dixie X contained "resin extract derived from the *Cannabis sativa* plant," it appears that the court has made a genuine error that would cause the court to change its conclusion if corrected – dismissing the plaintiffs' RICO claim against MMI/RDH – and that it would be manifestly unjust to MMI/RDH if the court were to fail to make such revision.

MURA&STORM, PLLC • 930 RAND BUILDING • 14 LAFAYETTE SQUARE • BUFFALO, NEW YORK 14203
(716) 855-2800 • FAX (716) 855-2816

## CONCLUSION

WHEREFORE, based upon all of the above, MMI/RDH respectfully request that the court grant its motion to reconsider its prior order and revise the same.

DATED: Buffalo, New York
July 17, 2019

Respectfully submitted,

/s/ Roy A. Mura
Roy A. Mura, Esq.

MURA & STORM, PLLC
*Attorneys for Defendants Medical Marijuana, Inc. and Red Dice Holdings, LLC*
930 Rand Building
14 Lafayette Square
Buffalo, New York 14203
(716) 855-2800
roy.mura@muralaw.com