UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
DOUGLAS J. HORN and CINDY HARP-HORN,

                       Plaintiff,

-against-

MEDICAL MARIJUANA, INC.,
DIXIE ELIXIRS AND EDIBLES,
RED DICE HOLDINGS, LLC, and
DIXIE BOTANICALS,
                       Defendants,
------------------------------------------------------------------X

Civ Action No: 15-cv-701 FPG/MJR

***DECLARATION of JEFFREY BENJAMIN, ESQ.***

### DECLARATION OF JEFFREY BENJAMIN IN SUPPORT OF PLAINTIFF'S MOTION ALLOWING THE IMMEDIATE APPEAL OF THE ORDER DISMISSING CINDY HARP-HORN FROM THE CASE

I, Jeffrey Benjamin, Esq., declare under penalty of perjury, as provided for by the laws of the United States, that the following statements are true:

1. I am an attorney and counselor at law, duly admitted to practice before the Courts of the State of New York and this Court, and counsel for Plaintiffs. As such, I am fully familiar with the facts stated herein submitted in support of the instant Motion.

2. By Order of this Court dated April 17, 2019 (Doc #88) (the "Order"), the Fraud and RICO claims of certain Plaintiff Douglas Horn survived the Defendants' motions for summary judgment. However, all claims for damages by co-Plaintiff, Cindy Harp-Horn ("Cindy"), were dismissed from this case.

3. The purpose of this motion is simply to obtain a certification by this Court and a final order and judgment from the Court pursuant to FRCP 54(b) as to Cindy's claims, so that she may respectfully appeal the decision summarily dismissing her claims without delay.

4. As to the merits of her case, and as was argued in opposition to the Defendants'

motions for summary judgment, Cindy's employment was inextricably linked to her husband's such that once he was terminated for taking Defendants' product, she had no alternative but to resign, and the couple lost her salary as well; her salary was equal to her husband's. Consistent with the Plaintiff's expert economist and his Report, Cindy's damages were calculated to be in excess of $418,000.

5. Supporting the contentions of Cindy's substantial damage claim was the expert Affidavit of Ellen Voie (annexed hereto as Exhibit "A"), the CEO and President of the Women in Trucking Association.

6. Annexed hereto as Exhibit "B" is a copy of the Notice of Appeal Plaintiffs filed to respectfully litigate the issue of Cindy's wholly dismissed claims.

7. To be clear, this motion is not requesting this Court reconsider Cindy's claims, but merely to render that decision a final judgment.

8. The reason for the motion is not simply that there is a risk of two trials in this matter. The reason is also that at the time of trial, Cindy's testimony as to her husband's damages will now necessarily be gagged which would in turn lead to unintended prejudice to Douglas Horn's damage claims. For their part, Plaintiffs intend to expedite the filing of the appeal of Cindy's claims, and it is hoped and anticipated that her appeal would not delay trial.

9. As it stands currently, since the RICO and Fraud causes of action by co-plaintiff, Douglas J. Horn remain, the Order is not considered final as to all claims and parties, and therefore not Cindy's claims are not appealable as of right. See *F.R.C.P. 54(b)*. The Order is appealable as of right only after it becomes final.

10. However, F.R.C.P. 54(b) allows an exception to this rule if the district court finds no just reason for delay of the appeal, and declares the subject order final.

11. Pursuant to F.R.C.P. 54(b) and the case law, there are two requirements of the district court to enable the circuit court to permit the immediate appeal of an otherwise non-final order (i.e., because another plaintiff remains in the case). See *Clark v. United States*, 624 F.2 3 (2nd Cir. 1980) (Citations Omitted).

12. First, **Plaintiff** must obtain from the district court an express direction for the entry of judgment, and, secondly, a determination that there is no just reason for delay. See *Id*. at 4. See, further, *Germano v. Dzurenda*, 455 Fed. Appx. 58, 60 (2nd Cir. 2012) and *Encoder Communications, Inc. v. Telegen, Inc.*, 654 F.2d 198, 203 (2nd Cir. 1981), upholding the same standard.

13. Additionally, in *Curtiss-Wright Corp. v. General Elec. Co.*, the Supreme Court's leading case on this issue, held the same standard for immediate appeal under FRCP 54(b), and further stated that the discretion to certify an order for appeal entirely belongs to the district court, which is more familiar with the facts of a case than any appellate court. The Court went on to say that provided the District Court does not abuse its discretion under 54(b) the Circuit Court must abide the decision thereof, 446 U.S. 1, 10, 100 S. Ct. 1460, 1466 (1980).

14. The District Court in the *Curtiss* case found that certification would not result in unnecessary appellate review; that review of these adjudicated claims would not be mooted by any future developments in the case; and that the nature of the claims was such that no appellate court would have to decide the same issues more than once even if there were subsequent appeals. *Id*. at 5-6, 1463-1464.

15. As in *Curtiss*, the decision dismissing Cindy's claims here was, practically though not nominally, final. Review of these claims would not be mooted by any future development in the case as discovery is over; and no appellate court would have to decide the issue more than

once, even if there are subsequent appeals.

16. As in the *Curtiss* decision, this Court should respectfully declare the summary dismissal of Cindy's claims as final and certify that there is no just reason for delay of her appeal.

17. For the foregoing reasons, Plaintiff hereby moves this Court for certification under FRCP 54(b) and an order of Entry of final judgment against Cindy, and an express determination that there is no just reason for delay of Cindy's appeal, along with any other relief this Court deems appropriate.

Dated: New York, New York  KUPILLAS, UNGER & BENJAMIN, LLP

August 9, 2019  *Jeffrey Benjamin*

Jeffrey Benjamin, Esq.,
Attorney for Plaintiffs
5 Penn Plaza, 23rd Floor
New York, New York 10001
(212) 655-9536