UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

DOUGLAS J. HORN and CINDY HARP-HORN,

            *Plaintiffs*,

-against-

MEDICAL MARIJUANA, INC., DIXIE HOLDINGS LLC, RED DICE HOLDINGS, LLC, and DIXIE BOTANICALS,

            *Defendants.*

Civil Action No.
15-cv-00701-FPG- MJR

Hon. Frank P. Geraci, Jr.
Chief U.S. District Judge

**Memorandum in Support of Co-Defendants' Motion for Reconsideration and in Response to Court's Jurisdictional Inquiry**

Mazzola Lindstrom, LLP
Attorneys for Defendant Dixie Holdings, LLC
733 Third Avenue, 15th Floor
New York, NY 10017
Tel: 646-216-8300
Cell: 646-250.6666
Email: jeanclaude@mazzolalindstrom.com

Dated: August 15, 2019
       New York, New York

## Preliminary Statement

Defendant Dixie Holdings, LLC by its undersigned counsel, hereby joins in the motion for reconsideration that has been submitted in behalf of co-defendants Medical Marijuana, Inc., and Red Dice Holdings, LLC, and respond to the court's jurisdictional inquiry as to whether it may entertain the motion.

## Response to Jurisdictional Inquiry

As for the jurisdictional issue raised by the court – *viz.*, whether the court is divested of jurisdiction to consider the motion for reconsideration by virtue of the plaintiff's filing of a notice of appeal – we note that, as 28 USC 1291 makes clear, there is no viable appeal with respect to any aspect of this court's order as is directed to Douglas Horn, because the order of April 17, 2019 is not final as to him.

28 USC 1291 provides: "The courts of appeals (other than the United States Court of Appeals for the Federal Circuit) shall have jurisdiction of appeals from all final decisions of the district courts of the United States …, except where a direct review may be had in the Supreme Court…." None of the exceptions set forth in 28 USC 1292(a), providing for interlocutory appeals in certain circumstances (involving, i.e., injunctions, receivers and admiralty), are applicable here. As there is no viable appeal in behalf of Douglas Horn, this court clearly retains jurisdiction to decide the motion for reconsideration. In this regard, we respectfully refer the court to *China Nat. Chartering Corp. v. Pactrans Air & Sea*, 882 F. Supp. 2d 579, 595 (SDNY 2012), wherein the court stated:

> Generally, "the docketing of a notice of appeal `ousts the district court of jurisdiction except insofar as it is reserved to it explicitly by statute or rule.'" [*Tolliver v. County of Sullivan*, 957 F.2d 47, 49 (2d Cir.1992)]. In other words, "[t]he filing of a notice of appeal is an event of jurisdictional significance — it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." But in practice that

rule is neither so categorical nor unqualified. In *United States v. Rodgers*, [101 F.3d 247, 251 (2d Cir.1996)], the Second Circuit made clear that "[t]he divestiture of jurisdiction rule is ... not a per se rule" but "a judicially crafted rule rooted in the interest of judicial economy, designed to avoid confusion or waste of time resulting from having the same issues before two courts at the same time." [*Id.*] Insofar as the rule's "application is guided by concerns of efficiency and is not automatic," for example, *it "does not apply where an appeal is frivolous, nor does it apply to untimely or otherwise defective appeals."* [*Id.*] (Emphasis added; footnotes omitted; punctuation edited).

Where there was a non-frivolous appeal filed from a final order, followed by a motion for reconsideration pursuant to Rule 60(b), should the district court find reconsideration warranted, its order should direct the movant to request the Court of Appeals to remand for the limited purpose of deciding the motion. Such steps need not be taken here, however, *because* Douglas Horn has no right of appeal from this court's order. See *Corning Glass Works v. Sumitomo Elec. USA, Inc.*, 683 F. Supp. 979, 980 (SDNY 1988):

> Corning's objection is well founded. The appeal of this Court's judgment to the Court of Appeals has deprived this Court of jurisdiction to rule on the motion under Rule 60(b)(1) to amend the judgment. (Citations omitted).
>
> However, in *Ryan v. United States Lines Co.*, 303 F.2d 430, 434 (2d Cir.1962), the Court of Appeals for the Second Circuit approved as "proper and calculated to be most economical of the efforts of courts and parties" the practice prescribed in *Smith v. Pollin*, 194 F.2d 349 (D.C.Cir. 1952). Under this procedure, the District Court may promptly consider such a motion under these circumstances *and determine whether it would grant the motion if it had jurisdiction; if it would, it may notify the moving party who may then seek remand of the case by the Court of Appeals for the limited purpose of a ruling on the motion*. (Citations omitted).
>
> Having considered the motion papers, the Court determines that, because it appears that Sumitomo's counsel may have understood that the evidence on the issue of willfulness would be received at the trial on damages, if such a trial proved necessary and because the evidence proffered by Sumitomo is sufficient to create a triable issue of fact, the Court would grant the Sumitomo's motion under Rule 60(b)(1) if the case were remanded by the Court of Appeals. This determination should not be construed as expressing or implying any view as to the merits of the issue of willfulness, but only the view that Sumitomo is entitled to a clear day in court for the trial of that issue.

Finally, we note that on the Civil Appeal Pre-Argument Statement filed with the Second Circuit (See exhibit "A" hereto), plaintiffs' counsel checked the box that says that it's an appeal from an "Interlocutory Decision Appealable As of Right." We thus see *that* plaintiffs have acknowledged that this court's decision of April 17th is "interlocutory." However, the plaintiffs have obviously failed to appreciate that since the order does not involve an injunction, a receiver or admiralty, it is not "appealable as of right." To the contrary, it is quite likely that the appeal will be dismissed, if not in its entirety, at least as to Douglas Horn.

## Conclusion

Wherefore, defendant Dixie Holdings, LLC respectfully submits that this court retains jurisdiction to decide the motion for reconsideration and hereby joins in with Medical Marijuana, Inc., and Red Dice Holdings, LLC on the motion for reconsideration, and requests that the motion be granted in its entirety.

Dated: August 15, 2019
      New York, New York

                                      Respectfully submitted,

                                      Mazzola Lindstrom LLP

                                      By: Jean-Claude Mazzola
                                      Attorneys for defendant
                                      Dixie Holdings, LLC
                                      733 Third Avenue, 15th Floor
                                      New York, NY 10017
                                      Tel:    646-216-8300
                                      Cell:   646-250.6666
                                      Email: jeanclaude@mazzolalindstrom.com

cc:      All parties via ECF