UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

DOUGLAS J. HORN and CINDY HARP-HORN,

                              Plaintiffs,

vs.

MEDICAL MARIJUANA, INC., DIXIE ELIXIRS
AND EDIBLES, RED DICE HOLDINGS, LLC,
and DIXIE BOTANICALS,

                              Defendants.
_____

Civil Action No. 15-cv-701-FPG/MJR
_____

**MEMORANDUM OF LAW IN OPPOSITION TO
PLAINTIFFS' REQUEST FOR RULE 54(B) CERTIFICATION**

                              Respectfully Submitted,

                              Roy A. Mura, Esq.
                              Scott D. Mancuso, Esq.

                              MURA & STORM, PLLC
                              *Attorneys for Defendants*
                              *Medical Marijuana, Inc.*
                              *and Red Dice Holdings, LLC*
                              930 Rand Building
                              14 Lafayette Square
                              Buffalo, New York 14203
                              (716) 855-2800

## TABLE OF CONTENTS

Table of Authorities ..................................................................................................ii

Preliminary Statement ............................................................................................ 1

Legal Argument ...................................................................................................... 1

Point I – NO BASIS FOR CERTIFICATION UNDER RULE 54(B) ................................. 1

Conclusion ............................................................................................................. 5

## TABLE OF AUTHORITIES

**Federal Statutes**

Fed. R. Civ. P. 54(b) ............................................................................................... 1, 2

**Cases**

*Advanced Magnetics, Inc. v. Bayfront Partners, Inc.*, 106 F.3d 11 (2d Cir. 1997) ........... 3

*Baumgarten v. Suffolk County*, 2014 U.S. Dist. LEXIS 116145 (E.D.N.Y 2014) ............. 3

*Citizens Accord, Inc. v. Town of Rochester,* 235 F.3d 126 (2d Cir. 2000) ....................... 3

*Gidatex, S.r.L. v. Campaniello Imports, Ltd.,* 73 F.Supp.2d 345 (S.D.N.Y. 1999) ........... 3

*Harriscom Svenska AB v. Harris Corp.,* 947 F.2d 627 (2d Cir. 1991) ............................. 3

*McMahon v. Conagra, Inc.*, 799 F. Supp. 320 (W.D.N.Y. 1992) ...................................... 2

*Mendez v. Radec Corp.*, 411 F. Supp. 2d 347 (W.D.N.Y. 2006) ..................................... 3

*Read v. Corning Inc.*, 371 F. Supp. 3d 87 (W.D.N.Y. 2019) ............................................ 3

*Vannest v. Sage, Rutty & Co.*, 8 F. Supp. 2d 243 (W.D.N.Y. 1998) ................................ 4

ii

MURA&STORM, PLLC • 930 RAND BUILDING • 14 LAFAYETTE SQUARE • BUFFALO, NEW YORK  14203
(716) 855-2800 • FAX (716) 855-2816

**PRELIMINARY STATEMENT**

This memorandum of law is made and submitted by defendants Medical Marijuana, Inc. ("MMI") and Red Dice Holdings, LLC ("RDH") (collectively "MMI/RDH") in opposition to the plaintiffs' motion pursuant to Fed. R. Civ. P. 54(b) for an order of final judgment as to those claims of the plaintiffs that this Court dismissed on motion so that plaintiffs may proceed with a joint appeal.

As set forth below, the plaintiffs have failed to set forth any legitimate basis for the Ccourt to grant the relief they are requesting under Fed. R. Civ. P. 54(b). The plaintiffs' motion should be denied, in its entirety.

**LEGAL ARGUMENT**

**POINT I**

**NO BASIS FOR CERTIFICATION UNDER RULE 54(B)**

In pertinent part, FRCP Rule 54(b) states:

(b) Judgment on Multiple Claims or Involving Multiple Parties. When an action presents more than one claim for relief—whether as a claim, counterclaim, crossclaim, or third-party claim—or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay.

As it stands right now, there is no question that under Rule 54(b), the court's April 17, 2019 Decision and Order (Dkt. No. 88) "adjudicate[d] fewer than all the claims or the rights and liabilities of fewer than all the parties" and so "does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities."

Indeed, this is the basis upon which MMI/RDH made its motion for reconsideration with respect to the court's April 17, 2019 Decision and Order (Dkt. No. 97) – that the order was interlocutory and could thus be "revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities."

The plaintiffs have now made the present motion, also under FRCP 54(b), perhaps in response to MMI/RDH's motion for reconsideration. Plaintiffs plaintiffs state that the purpose of their motion: is to "obtain certification by this Court and a final order and judgment form the Court pursuant to FRCP 54(b) as to Cindy's claims, so that she may respectfully appeal the decision summarily dismissing her claims without delay" (Declaration of Jeffrey Benjamin, Esq., dated August 9, 2019 [Dkt. No. 102-1], par. 3); and to obtain "final Judgment as to the dismissal of Douglas Horn's state statutory claims above so that he may simultaneously proceed with his appeal as to those claims without delay" (Declaration of Jeffrey Benjamin, Esq., dated August 14, 2019 [Dkt. No. 104], par. 3).

As stated above, Rule 54(b) allows that the court "may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay." However, the Second Circuit and its district courts have repeatedly interpreted this language as providing such relief infrequently and only in the narrowest of circumstances.

"The function of a district court is not to enter Rule 54(b) orders routinely or as a courtesy or an accommodation to counsel, but to determine whether sufficient indicia exist to warrant immediate appeal." *McMahon v. Conagra, Inc.*, 799 F. Supp. 320, 323 (W.D.N.Y. 1992).

As stated by the court in *Mendez v. Radec Corp.*, 411 F. Supp. 2d 347 (W.D.N.Y. 2006), "the Second Circuit has held that 'respect for the 'historic federal policy against piecemeal appeals' requires that a Rule 54(b) certification not be granted routinely' and that 'the power 'should be used only in the infrequent harsh case' … where there exists 'some danger of hardship or injustice through delay which would be alleviated by immediate appeal.'" *Id.* citing, *Citizens Accord, Inc. v. Town of Rochester,* 235 F.3d 126, 128-29 (2d Cir. 2000). "The reason for this is to avoid redundant review of multiple appeals based on the same underlying facts and issues of law. Certification should therefore be granted 'only if there are 'interest[s] of sound judicial administration' and efficiency to be served." *Id.* citing, *Gidatex, S.r.L. v. Campaniello Imports, Ltd.,* 73 F.Supp.2d 345, 346 (S.D.N.Y. 1999) (citing *Harriscom Svenska AB v. Harris Corp.,* 947 F.2d 627 [2d Cir. 1991]).

As more recently stated by the court in *Read v. Corning Inc.*, 371 F. Supp. 3d 87 (W.D.N.Y. 2019), "the Second Circuit has 'repeatedly noted that the district court generally should not grant a Rule 54(b) certification if the same or closely related issues remain to be litigated. (Citation omitted.) Claims are generally treated as separable within the meaning of Rule 54(b) 'if they involve at least some different questions of fact and law and could be separately enforced, or if different sorts of relief are sought.'" *Baumgarten v. Suffolk County*, No. 12-CV-0171, 2014 U.S. Dist. LEXIS 116145 (E.D.N.Y 2014) (quoting *Advanced Magnetics, Inc. v. Bayfront Partners, Inc.*, 106 F.3d 11, 21, 36 F. 1458 [2d Cir. 1997]).

In *Read*, *supra*, the court denied the motion for certification where the "dismissed claims are closely related to the remaining… claim. They are premised on

different legal theories, but they all seek similar relief arising out of the contamination of the subject property."

The plaintiffs have clearly failed to establish that this is one of the "infrequent harsh cases" that warrants certification. As for their reasoning, the plaintiffs state "the reason for the motion is not simply that there is a risk of two trials in the matter." (Dkt. 102-1, par. 8). Though the plaintiffs claim this is not the only reason for their motion, regardless, courts have explicitly stated that "it is well established that avoiding multiple trials is an insufficient reason to justify a Rule 54(b) certification. The possibility of a potential retrial exists in virtually every case where the district court dismisses some of the parties but proceeds to trial against others." *Vannest v. Sage, Rutty & Co.*, 8 F. Supp. 2d 243, 245 (W.D.N.Y. 1998).

The plaintiffs go on to state "the reason is also that at the time of trial, Cindy's testimony as to her husband's damages will now necessarily be gagged which would in turn lead to unintended prejudice to Douglas Horn's damage claims." (Dkt. 102-1, par. 8)

Plaintiffs' counsel does not elaborate on this point so it is not clear why he believes that Cindy's testimony as to her husband's damages will now "necessarily be gagged." To the extent that Cindy has any relevant testimony to offer regarding her husband's damages on his remaining claims, there is nothing preventing her from testifying with regard to the same.

Beyond the above, the plaintiffs have not set forth <u>any</u> reasons as to why certification should be granted, let alone reasons as to why this case qualifies as an "infrequent harsh case… where there exists 'some danger of hardship or injustice through

- 4 -

delay which would be alleviated by immediate appeal.'" The plaintiffs have also failed to show that the Cindy's appeal "involves at least some different questions of fact and law and could be separately enforced" or that "different sorts of relief are sought."

To the contrary, this is merely a routine case where two parties are seeking extremely similar relief, their claims of liability involve the exact same questions of fact and law, and this Court has dismissed one of the party's claims while continuing to entertain some of the claims of the remaining party. This is not a "harsh case" which will lead to "some danger of hardship or injustice;" it is an everyday occurrence.

## **CONCLUSION**

WHEREFORE, based upon all of the above, MMI/RDH respectfully request that the Court deny the plaintiffs' motion for certification.

DATED:   Buffalo, New York
         August 30, 2019

                                    Respectfully submitted,


                                    /s/ Roy A. Mura
                                    Roy A. Mura, Esq.

                                    MURA & STORM, PLLC
                                    *Attorneys for Defendants Medical Marijuana,*
                                    *Inc. and Red Dice Holdings, LLC*
                                    930 Rand Building
                                    14 Lafayette Square
                                    Buffalo, New York 14203
                                    (716) 855-2800
                                    roy.mura@muralaw.com