UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

DOUGLAS J. HORN and CINDY HARP-HORN,

          *Plaintiffs*,

-against-

MEDICAL MARIJUANA, INC., DIXIE HOLDINGS, LLC, RED DICE HOLDINGS, LLC, and DIXIE BOTANICALS,

          *Defendants*.

Civil Action No.
15-cv-00701-FPG- MJR

Hon. Frank P. Geraci, Jr.
Chief U.S. District Judge


## Memorandum in Opposition to Plaintiffs Request for Rule 54(b) Certification


Mazzola Lindstrom, LLP
Attorneys for defendant Dixie Holdings, LLC
733 Third Avenue, 15th Floor
New York, NY 10017
Tel:  646-216-8300
Cell: 646-250-6666
jeanclaude@mazzolalindstrom.com

Dated: September 2, 2019
      New York, New York

1

**Preliminary Statement**

Defendant Dixie Holdings, LLC by its undersigned counsel, hereby opposes plaintiffs motion for a Rule 54(b) certification.

**There is No Basis for a Rule 54(b) Certification**

I.    **A Rule 54(b) Certification requires a showing of good cause.**

Federal Rule of Civil Procedure 54(b) provides:

> *Judgment on Multiple Claims or Involving Multiple Parties.* When an action presents more than one claim for relief … ***or when multiple parties are involved***, the court may direct entry of a final judgment ***as to one*** or more, but fewer than all, claims ***or parties only if the court expressly determines that there is no just reason for delay***. Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities. (Emphasis added).

Piecemeal appellate litigation is, as this court is no doubt aware, quite frowned upon. The Supreme Court stated in *Curtiss-Wright Corp. v. General Elec. Co.*, 446 US 1, 8 (1980)

> [I]n deciding whether there are no just reasons to delay the appeal of individual final judgments in a setting such as this, a district court must take into account judicial administrative interests as well as the equities involved. Consideration of the former is necessary to assure that application of the Rule effectively preserves the historic federal policy against piecemeal appeals. It was therefore proper for the District Judge here to consider such factors as whether the claims under review were separable from the others remaining to be adjudicated and whether the nature of the claims already determined was such that no appellate court would have to decide the same issues more than once even if there were subsequent appeals. (Citations and internal quotes omitted).

In *Smith v. Half Hollow Hills Cent. School*, 298 F. 3d 168 (2d Cir. 2002), the Second Circuit reiterated the requirement that, if a district court is to issue a Rule 54(b) certification, it must articulate why there is "no just reason for delay."

2

> We have "repeatedly held that in making the express determination required under Rule 54(b), district courts should not merely repeat the formulaic language of the rule, but rather should offer a brief, reasoned explanation." *Harriscom Svenska AB v. Harris Corp.*, 947 F.2d 627, 629 (2d Cir.1991) (quotation marks omitted). As a general rule, such an explanation is necessary in order for there to be meaningful appellate review of a district court's decision to certify a judgment under Rule 54(b). See id. at 630; see also *Cuoco v. Moritsugu*, 222 F.3d 99, 110 (2d Cir.2000).

Here, a single action was commenced in behalf of Ms. Harp-Horn and her husband Douglas Horn. Thus, inasmuch as "multiple" parties are involved, and only Ms. Harp-Horn's claims were dismissed, she must obtain a Rule 54(b) certification in order to appeal. See *Ringwald v. Harris*, 675 F. 2d 768 (5th Cir. 1982) (where two separate actions were consolidated by the district court, and then one of the consolidated actions was dismissed, that plaintiff could not appeal the dismissal without a Rule 54(b) certification, thus requiring the dismissal of the appeal).

**II.    Ms. Harp-Horn Cannot Make the Showing of Good Cause.**

In support of her motion for a Rule 54(b) certification, plaintiff Harp-Horn seems to argue that because there are so few women in the trucking industry, it would advance women's equality for her appeal to be heard without delay. Ms. Harp-Horn annexes to her moving papers an affidavit of Ms. Ellen Voie, a purported expert on women truckers, who opines that when her husband's employment as a truck driver was terminated, it was entirely predictable that Ms. Harp-Horn would be forced to resign. That is, Ms. Harp-Horn is essentially seeking reconsideration of her motion under guise of a motion for a Rule 54(b) certification, and is now seeking to add in what she believes to be expert testimony to support the element of proximate causation. (Now is not the time for a *Daubert* challenge to Ms. Voie's expertise. We only note

3

here that in her affidavit, she calls herself an advocate for women in trucking. She is not a disinterested expert, by her own admission.)

It further appears that, inasmuch as a Rule 54(b) certification requires the exercise of discretion, this argument is presented to show that Ms. Harp-Horn's appeal is both important from a public-policy standpoint, and has legal weight. Respectfully, however, it does not.

Preliminarily, we note that Ms. Harp-Horn has not identified which cause or causes of action she believes would warrant reinstatement on appeal – deceptive business practices; false advertising under NY General Business Law 349 & 350; strict products liability; breach of contract; breach of express warranty; unjust enrichment; negligence; negligent infliction of emotional distress; RICO; or fraudulent inducement. So, it is difficult, to say the least, to respond in a point-by-point manner to her papers.

Will she rely on appeal on the federal proximate-cause test for RICO claims? If so, we would submit that she has failed to demonstrate that this court should exercise its discretion in granting a Rule 54(b) certification, as she will be unable to satisfy the federal proximate-cause test, as articulated in *Holmes v. Securities Investor Protection Corp.*, 503 U.S. 258, 268 (1992). Clearly, the Voie affidavit if of no moment, because in *Holmes*, the Supreme Court held that RICO's proximate cause analysis presented *a legal* issue: "Here [in analyzing RICO] we use "proximate cause" to label generically the judicial tools used to limit a person's responsibility for the consequences of that person's own acts. At bottom, the notion of proximate cause reflects ideas of what justice demands, or of what is administratively possible and convenient." (Citation and internal quote omitted.) Likewise, in *Anderson v. Ayling*, 396 F.3d 265, 269-270 (3d Cir. 2005), the Third Circuit stated:

> [I]t is possible that a predicate act of racketeering that directly caused a plaintiff to lose his job could create civil RICO standing. … [¶] Nonetheless, the District Court was surely correct to follow [*Beck v. Prupis*, 529 U.S. 494, 507 (2000)] as a factually analogous precedent. In *Beck*, as here, the plaintiff described a complex pattern of racketeering, but alleged only one act that directly harmed him: his termination. But whereas the defendants in *Beck* apparently controlled the board of directors that fired the plaintiff, and their falsified report was directly relied on by the board, *defendants here had no connection to Kurz-Hastings*, and their alleged falsehoods were filtered through the following long chain of intervening causes. (Emphasis added).

Here, there is no dispute that the defendants had no *direct* connection to Harp-Horn, which itself explains why she flails with the affidavit of Ms. Voie: There is no discussion of the theory of liability to which the proximate cause argument is addressed, but if it is the federal RICO cause of action, this court should decline the invitation to exercise its discretion under Rule 54(b), as the argument could hardly be said to be of substantial importance.

If the appeal would be addressed to the claims arising under New York state law, then there is even less cause to certify the issue, for the Second Circuit would most surely not be interested in hearing argument at this juncture on the New York test of proximate cause.

New York's "natural and probable consequences" test of proximate cause, as articulated, for example, in *Dunn v. State of New York*, 29 N.Y.2d 313 (1971), is well settled, and there is no compelling reason for the Second Circuit to be called upon to address the issue now, since that test, likewise, does her no good. As the Court of Appeals stated in *Dunn*:

> [L]iability would only attach against the State if the death of Springhorn was a natural and probable consequence of the State's negligence. In our view, the Court of Claims properly resolved this issue in favor of the State. … The act of a party sought to be charged is not to be regarded as a proximate cause *unless it is in clear sequence with the result* and unless it could have been reasonably anticipated that the consequences complained of would result from the alleged wrongful act. The circumstances presented

> in the record before us do not allow for such a conclusion. Here, the fatal accident was a remote consequence of the State's negligence. Some four hours after the escape, Proper chanced upon an automobile with the keys in the ignition and then drove negligently as he was attempting to avoid apprehension by the police. These were intervening causes which brought about the death of claimants' intestate and consequently, because of this break in the chain of causation, the State's negligence was not the proximate cause of the injuries complained of.

Here, it is quite obvious that Ms. Harp-Horn's resignation from employment could not plausibly be said to be "in clear sequence" and a "natural and probably consequence" of the alleged sale to her husband of a CBD product that allegedly contained THC. Rather, as this court found, her alleged damages are too attenuated to state a viable claim. Therefore, there is no basis for this court to exercise its discretion to allow Ms. Harp-Horn to appeal at this juncture.

Were an appeal to be taken now by Ms. Harp-Horn, it is quite likely that issues that would be addressed now would also have to be briefed during a later appeal – whether from a judgment rendered pursuant to a verdict in Mr. Horn's favor, or a judgment on an adverse verdict. In either case, the court would be faced with argument as to whether there was competent evidence that the Dixie X product contained resin extract derived from the cannabis sativa plant, and thus fell within the definition of "marijuana" under the Controlled Substance Act of 2012, and whether Mr. Horn tested positive for THC due to exposure to something other than Dixie X.

### III.     Mr. Horn's Rule 54 Request for a Severance of His Dismissed Claims is Even Less Meritorious than Ms. Harp-Horn's.

Mr. Horn argues that a Rule 54 order should be granted as to his claims "for the same reasons" as were advanced for issuing a Rule 54 order as to Ms. Harp-Horn's claims. But inasmuch as she has failed to offer a showing of good cause for such certification, so too has he.

Moreover, it is quite apparent that Mr. Horn has even less basis for a Rule 54 certification than Ms. Harp-Horn.

After the trial, the issues on appeal may be narrowed. For example, if it is found that the defendants' product did not contain THC, then Mr. Horn's appeal from the dismissal of his state-law claims will be moot. In any event, he has failed to even *try* to show that there is good cause why the Second Circuit should now hear, before finality, argument as to why this court erred in dismissing his claims of negligent infliction of emotional distress, unjust enrichment, and strict products liability.

As Mr. Horn failed to present any particularized argument as to why there should be a Rule 54 order as to his dismissed claims, we are unable to present a more particularized response.

## Conclusion

Wherefore, plaintiffs' motion for a Rule 54(b) certification must be denied.

Dated: September 2, 2019
New York, New York

                                                Respectfully submitted,

                                                Mazzola Lindstrom LLP

                                                By: Jean-Claude Mazzola
                                                Attorneys for defendant
                                                Dixie Holdings, LLC
                                                733 Third Avenue, 15th Floor
                                                New York, NY 10017
                                                Tel:    646-216-8300
                                                Cell:   646-250-6666
                                                Email: jeanclaude@mazzolalindstrom.com

cc:       All parties via ECF