UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
DOUGLAS J. HORN and CINDY HARP-HORN,

                        Plaintiff,

    -against-

MEDICAL MARIJUANA, INC.,
DIXIE ELIXIRS AND EDIBLES,
RED DICE HOLDINGS, LLC, and
DIXIE BOTANICALS,

                       Defendants,
------------------------------------------------------------------X

Civ Action No: 15-cv-701 FPG/MJR

*DECLARATION of*
*JEFFREY BENJAMIN, ESQ.*

**DECLARATION OF JEFFREY BENJAMIN IN OPPOSITION TO DEFENDANTS' MOTION FOR RECONSIDERATION AND IN SUPPORT OF PLAINTIFF'S CROSS-MOTION FOR RELIEF UNDER FRCP 54(b)**

      I, Jeffrey Benjamin, Esq., declare under penalty of perjury, as provided for by the laws of the United States, that the following statements are true:

      1.    I am an attorney for Plaintiff, duly admitted to practice before the Courts of the State of New York and this Court. As such, I am fully familiar with the facts stated herein submitted in opposition to Defendants' motion and in support of the instant Cross-Motion.

      2.    By Order of this Court dated April 17, 2019 (Doc #88) (the "Order"), the Fraud and RICO claims of certain Plaintiff Douglas Horn survived the Defendants' motions for summary judgment.

      3.    In a second attempt to summarily dismiss Plaintiff's case, defendants filed this motion claiming that the type of plant material used to describe the formulation basis of the Dixie X product ["resin or non-resin"] mattered when assessing liability under the Controlled Substances Act for its product's proven THC content. It did not. While the Court should respectfully not be distracted by Defendants' red herring argument, and should respectfully leave

1

its finding of THC content implicating the CSA alone, these were dispositive issues Defendants clearly could have argued in the underlying summary judgment motion but failed to do so.

4. But the Defendants' indeed highlight a descriptive error, respectfully, in the Court's opinion that will hinder Plaintiff's trial on the issue of RICO and fraud. On page 10 of the Court's decision, the Court found that the subject product "Dixie X is a mixture that contains extract from the Cannabis sativa plant," and that the "CBD byproduct from the extraction process [is a] 'resin extracted from' the Cannabis sativa plant." (Dkt. No. 88, p. 10).

5. Annexed immediately hereto is the Affidavit of Plaintiff's expert Forensic Toxicologist, Dr. Kenneth Graham, Ph.D., R.Ph.

6. In his Affidavit, Dr. Graham testifies that the Court in paragraph above respectfully made a descriptive error that is germane to the Plaintiff's case. This Motion under FRCP 54(b) seeks simply to revise that description as this case proceeds after summary judgment with the RICO and fraud claims of the Plaintiff.

7. Consistent with Dr. Graham's testimony, the Court is respectfully requested to revise the Decision to delete what he calls an immaterial distinction as to the product of the extraction process. Consistent with the Court's finding of a violation of the CSA and common law fraud, reference to the words resin or non-resin should respectfully be deleted.

8. For the foregoing reasons, Plaintiff hereby moves this Court for revision of the Decision and Order of the Court of April 17, 2019 to revise the Decision on page 10 to using the generic term "extract" without identifying the specific plant material used, along with any other relief this Court deems appropriate.

Dated: New York, New York  
      September 13, 2019

KUPILLAS, UNGER & BENJAMIN, LLP

*Jeffrey Benjamin*  
Jeffrey Benjamin, Esq.,  
Attorney for Plaintiffs  
5 Penn Plaza, 23rd Floor  
New York, New York 10001  
(212) 655-9536