UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

DOUGLAS J. HORN, et al.,

                         Plaintiffs,

v.

                         Case # 15-CV-701-FPG

                         DECISION AND ORDER

MEDICAL MARIJUANA, INC., et al.,

                         Defendants.

## INTRODUCTION

Plaintiffs Douglas J. Horn and Cindy Harp-Horn bring suit against Defendants Medical Marijuana, Inc. ("MMI"), Dixie Elixirs and Edibles ("Dixie LLC"), Red Dice Holdings, LLC ("RDH"), and Dixie Botanicals. ECF No. 1. On April 17, 2019, the Court granted in part and denied in part MMI's, Dixie LLC's, and RDH's motions for summary judgment. ECF No. 88. Specifically, the Court dismissed all but two claims: Douglas's claims for fraudulent inducement and civil RICO. *See id.* at 28-29. On May 16, 2019, Plaintiffs filed a notice of appeal. ECF No. 92. They now move under Federal Rule of Civil Procedure 54(b) for entry of partial final judgment as to Cindy's claims and Douglas's claims under Sections 349 and 350 of New York General Business Law. ECF Nos. 102, 104. Defendants object. ECF Nos. 108, 109. For the reasons that follow, Plaintiffs' motions are DENIED.

## DISCUSSION

Under Rule 54(b), an order that "adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the

parties' rights and liabilities."  The rule is grounded in the "historic federal policy against piecemeal appeals." *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 8 (1980).  But the rule also provides an exception: if the court "expressly determines that there is no just reason for delay," it may "direct entry of a final judgment as to one or more, but fewer than all, claims or parties." Fed. R. Civ. P. 54(b).  This rule is to be "exercised sparingly" and only where the "interests of sound judicial administration and efficiency will be served." *Cupersmith v. Piaker & Lyons P.C.*, No. 14-CV-1303, 2017 WL 4535938, at *2 (N.D.N.Y. Oct. 10, 2017) (internal quotation marks omitted).

"In deciding whether there are no just reasons to delay the appeal of individual final judgments a district court should consider such factors as whether the claims under review are separable from the others remaining to be adjudicated and whether the nature of the claims already determined is such that no appellate court would have to decide the same issues more than once even if there were subsequent appeals." *Id.* (internal quotation marks and brackets omitted); *see also Novick v. AXA Network, LLC*, 642 F.3d 304, 311 (2d Cir. 2011) ("[W]e have repeatedly noted that the district court generally should not grant a Rule 54(b) certification if the same or closely related issues remain to be litigated." (internal quotation marks omitted)).  "Claims are generally treated as separable within the meaning of Rule 54(b) if they involve at least some different questions of fact and law and could be separately enforced, or if different sorts of relief are sought." *Verizon N.Y. Inc. v. Vill. of Westhampton Beach*, No. CV 11-252, 2014 WL 12843520, at *9 (E.D.N.Y. Dec. 22, 2014).

The Court declines to grant Plaintiffs' motions under Rule 54(b).  Both the surviving claims and the failed claims arise from the same underlying set of facts: Plaintiffs' purchase and use of Defendants' product and Douglas's subsequent failed drug test.  Thus, if Plaintiffs were permitted

to appeal some of their claims, the Second Circuit would be "forced to review identical facts" in any subsequent appeal after trial. *Nat'l Asbestos Workers Med. Fund v. Philip Morris, Inc.*, 71 F. Supp. 2d 139, 154 (E.D.N.Y. 1999). This is likely here because Cindy's claims are not merely related to, but derivative of, Douglas's claims. *See, e.g.*, *Pierce v. City of New York*, No. 16-CV-5703, 2018 WL 679459, at *2 (E.D.N.Y. Feb. 1, 2018) (declining to enter partial judgment on failure-to-intervene claim because it was "derivative of" surviving excessive-force claim); *Ortiz v. Goord*, No. 99-CV-1202, 2006 WL 8448449, at *4 (N.D.N.Y. Jan. 23, 2006) (same). The interconnection is even stronger with respect to Douglas's surviving and failed claims. In short, it would not "advance the interests of sound judicial administration of efficiency to have piecemeal appeals that require two . . . three-judge panels to familiarize themselves with [the] . . . case in successive appeals." *In re Vivendi Universal, S.A., Secs. Litig.*, No. 02 Civ. 5571, 2012 WL 362028, at *3 (S.D.N.Y. Feb. 6, 2012).

Furthermore, there are no countervailing equities that would justify partial judgment notwithstanding the relatedness of the claims at issue. Contrary to Plaintiffs' argument, the mere risk that Plaintiffs could incur additional expenses if a second trial is required is not enough to justify partial judgment under these circumstances. *See, e.g.*, *Spiegel v. Tr. of Tufts Coll.*, 843 F.2d 38, 46 (1st Cir. 1988) ("Virtually *any* interlocutory appeal from a dispositive ruling said to be erroneous contains the potential for requiring a retrial."). Indeed, that risk is less salient given that at least some of Plaintiffs' causes of action provide for an award of attorney's fees. *See* 18 U.S.C. § 1964(c); N.Y. Gen. Bus. Law § 349(h). The Court also does not find convincing Plaintiffs' concern that Cindy would be placed in a prejudicial position if she were to testify at Douglas's trial.

## CONCLUSION

For the reasons discussed above, Plaintiffs' motions for partial judgment under Rule 54(b) (ECF Nos. 102, 104) are DENIED.

IT IS SO ORDERED.

Dated: October 2, 2019
       Rochester, New York

_____
HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court