UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

DOUGLAS J. HORN and CINDY HARP-HORN,

                *Plaintiffs*,

 -against-

MEDICAL MARIJUANA, INC., DIXIE HOLDINGS, LLC, RED DICE HOLDINGS, LLC, and DIXIE BOTANICALS,

                *Defendants*.

Civil Action No.
15-cv-00701-FPG-MJR

Hon. Frank P. Geraci, Jr.
Chief U.S. District Judge

## Memorandum in Opposition to Plaintiffs' Cross-Motion for Reconsideration

Mazzola Lindstrom, LLP
Attorneys for defendant Dixie Holdings, LLC
733 Third Avenue, 15th Floor
New York, NY 10017
Tel:  646-216-8300
Cell: 646-250-6666
jeanclaude@mazzolalindstrom.com

Dated: October 7, 2019
       New York, New York

1

**Preliminary Statement**

Defendant Dixie Holdings, LLC by its undersigned counsel, hereby opposes plaintiff's cross-motion for reconsideration, which motion, essentially, seeks a declaration that it is irrelevant whether the alleged THC in the Dixie X product consumed by plaintiff was either derived from resin, as opposed to whether the alleged THC was merely a trace contaminant. In point of fact, however, if the THC did not come from resin, but instead was merely a trace contaminant, then the Controlled Substances Act has no bearing on this case. With this memorandum, defendant Dixie opposes the plaintiff's motion for reconsideration.

**Argument**

Plaintiff's motion must be denied because this court did not, *qua* factfinder, make ultimate findings of fact; rather, the court stated that it was considering the evidence in the light most favorable to the plaintiffs:[1] (Emphasis added)

> "For purposes of this litigation, however, the question is whether Dixie X constituted a controlled substance in 2012. Based on the plain language of the statute, *and taking the facts in the light most favorable to Plaintiffs*, the Court answers that question in the affirmative."

April 17, 2019 decision, at p. 10 (ECF DKT No. 88).

Accordingly, plaintiff's motion must be denied, and the court should, either grant the co-defendants' motion, or, failing that, simply acknowledge that it had reviewed the evidence in the light most favorable to the plaintiff, but left it for the ultimate factfinder – the jury – to determine whether there was a RICO violation if the jury also finds that the alleged THC was derived from resin rather than from contaminants. This court seems to have recognized this when it stated, in

---

[1] We agree with co-defendants that there was in fact no evidence from which it could be found that the alleged THC was derived from resin, and to that extent, we join in the co-defendants' motion.

denying plaintiffs' Rule 54(b) motion on October 2, 2019 that, "under Rule 54(b), an order that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties *and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities*." (Internal quote omitted; emphasis added). Indeed,

> The "denial of a motion for summary judgment because of unresolved issues of fact does not settle or even tentatively decide anything about the merits of a claim. It is strictly a pretrial order that decides only one thing — that the case should go to trial." *Switzerland Cheese Ass'n, Inc. v. E. Horne's Market, Inc.*, 385 U.S. 23, 25, 87 S.Ct. 193, 17 L.Ed.2d 23 (1966). Similarly, there is "no merit" to Plaintiffs' claims that this Court's MSJ Order to deny Calcot's summary judgment was a ruling that established the merits of Plaintiffs' claims, "or that such a ruling was the law of the case." *Id*. ….
>
> Thus, contrary to Plaintiffs' repeated assertions, the Court's MSJ Order to deny Calcot's summary judgment motion "did nothing more than it purported to do, that is, refuse to grant the motion." *Id*.; *Glaros v. H.H. Robertson Co.*, 797 F.2d 1564, 1573 (Fed.Cir.1986) ("An order denying a motion for partial summary judgment is merely a judge's determination that genuine issues of material fact exist."). Accordingly, Plaintiffs are not entitled to summary adjudication based on the misinformed reliance on this Court's order to deny summary judgment.

*Andrews Farms v. Calcot, Ltd.*, 693 F. Supp. 2d 1154, 1163 (ED Cal. 2010).

There has been no binding determination that the product at issue contained THC derived from a resin in a legally cognizable – *i.e.*, non-trivial – amount. While the court's decision has been widely circulated, and reported as holding that so long as there is any THC content derived from resin there is a RICO violation, we submit that all that is warranted, in response to plaintiff's motion, is a clarification that it will ultimately be for the jury to decide whether (a) there was THC, (b) whether it was a non-trivial amount; (c) whether it derived from resin versus contaminants; and (d) all of the other requisite RICO elements.

We remind the court that in *Hemp Industries Ass'n v. Drug Enforcement Administration*, 357 F3d 1012 (9th Cir. 2004) ("*Hemp II*"), the Ninth Circuit recognized that trace amounts of

3

THC in a hemp-based product will not result in the product being categorized as a scheduled controlled substance, thus demonstrating the merit of co-defendants' motion for reconsideration, which asks this court, in sum, to recognize that the mere fact that there was an alleged trace amount of THC is not itself sufficient to give rise to an inference that the THC was derived from proscribed resin.

As stated in *Hemp II*, "… THC naturally-occurring within non-psychoactive hemp products [does] not fall under the DEA's regulation…." *Id.* At 1014. As the mere fact that there was allegedly a trace amount of THC within the product consumed by plaintiff Douglas Horn does not itself establish that the product constituted a scheduled controlled substance, we join in the co-defendants' motion, to the extent that it seeks clarification of this point, and request that the court modify its decision accordingly.

Finally, it bears repeating that the plaintiffs have adduced no evidence of Dixie X's design, base materials, product testing and/or its ultimate chemical composition. Plaintiffs offered no test results of plaintiffs' own sample of Dixie X and failed to establish a proper chain of custody for any other product they may have had subsequently tested. Plaintiffs thus have no admissible evidence of the plant material used in Dixie X, much less evidence that the alleged THC was derived from prohibited resin.

## Conclusion

Wherefore, plaintiff's motion for reconsideration must be denied and the co-defendants' motion should be granted.

Dated:      October 7, 2019
            New York, New York

                                              Respectfully submitted,

                                              Mazzola Lindstrom LLP

                                              By: Jean-Claude Mazzola
                                              Attorneys for defendant
                                              Dixie Holdings, LLC
                                              733 Third Avenue, 15th Floor
                                              New York, NY 10017
                                              Tel:    646-216-8300
                                              Cell:   646-250.6666
                                              Email: jeanclaude@mazzolalindstrom.com

cc:     All parties via ECF