UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

DOUGLAS J. HORN and CINDY HARP-HORN,

Plaintiffs,

vs.

MEDICAL MARIJUANA, INC., DIXIE ELIXIRS
AND EDIBLES, RED DICE HOLDINGS, LLC,
and DIXIE BOTANICALS,

Defendants.
_____

Civil Action No. 15-cv-701-FPG/MJR
_____

**MEMORANDUM OF LAW IN FURTHER SUPPORT OF DEFENDANTS MEDICAL
MARIJUANA, INC.'S AND RED DICE HOLDINGS, LLC'S MOTION FOR
RECONSIDERATION AND IN RESPONSE AND OPPOSITION TO PLAINTIFFS'
CROSS MOTION FOR RECONSIDERATION**

Respectfully Submitted,

Roy A. Mura, Esq.
Scott D. Mancuso, Esq.

MURA & STORM, PLLC
*Attorneys for Defendants*
*Medical Marijuana, Inc.*
*and Red Dice Holdings, LLC*
930 Rand Building
14 Lafayette Square
Buffalo, New York 14203
(716) 855-2800

# TABLE OF CONTENTS

Table of Authorities ...........................................................................................................ii

Preliminary Statement ...................................................................................................... 1

Legal Argument .................................................................................................................. 1

Point I –
PLAINTIFFS' CROSS MOTION FOR RECONSIDERATION FAILS TO MEET THE
STRICT STANDARD FOR SAME .................................................................................... 1

Point II –
MMI/RDH'S MOTION FORE RECONSIDERATION PRESENTS GENUINELY NEW
INFORMATION THAT SHOULD CHANGE THE COURT'S DECISION .......................... 5

Conclusion ......................................................................................................................... 5

i

# TABLE OF AUTHORITIES

## Federal Statutes

Fed. R. Civ. P. 54(b)...................................................................................................... 1

## Cases

*Abdallah v. Napolitano*, 909 F. Supp. 2d 196, 211 (W.D.N.Y. 2012) .............................. 2

*Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) ........... 3

*DeCarlis v. N.Y. State Ret. Sys.*, No. 18-CV-6409-FPG, 2019 U.S. Dist. LEXIS 78718, at 1-2 (W.D.N.Y. May 9, 2019) ....................................................................................... 2

*Kloppel v. Sears Holdings Corp.*, No. 17-CV-6296-FPG, 2019 U.S. Dist. LEXIS 42798, at 2 (W.D.N.Y. Mar. 15, 2019) ....................................................................................... 3

*Sequa Corp. v. GBJ Corp.*, 156 F.3d 136, 144 (2d Cir. 1998)......................................... 3

*Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995)....................................... 2

MURA&STORM, PLLC • 930 RAND BUILDING • 14 LAFAYETTE SQUARE • BUFFALO, NEW YORK 14203
(716) 855-2800 • FAX (716) 855-2816

## PRELIMINARY STATEMENT

This memorandum of law is made and submitted by defendants Medical Marijuana, Inc. ("MMI") and Red Dice Holdings, LLC ("RDH") (collectively "MMI/RDH") in reply to the plaintiffs' opposition to, and in further support of, MMI/RDH's motion pursuant to Fed. R. Civ. P. 54(b) for reconsideration of the Court's denial of MMI/RDH's motion for summary judgment as related to the Plaintiffs' RICO claim, on the basis that it was a genuine error for the Court to find that Dixie X contained "resin extract derived from the *Cannabis sativa* plant" and thus fell within the definition of marijuana under the Controlled Substance Act in 2012.

This memorandum of law is further made and submitted in response and opposition to the plaintiffs' cross motion pursuant to Fed. R. Civ. P. 54(b) for "a revision of the Court's Decision and Order of April 17, 2019 as to the finding that the subject product that the 'CBD byproduct from the extraction process [is a] 'resin extract from' the Cannabis sativa plant.'"

## LEGAL ARGUMENT

### POINT I

### PLAINTIFFS' CROSS MOTION FOR RECONSIDERATION FAILS TO MEET THE STRICT STANDARD FOR SAME

As stated in the accompanying Reply Declaration of Roy A. Mura (Mura Declaration), the plaintiffs' cross motion is based on the position that the Court's April 17, 2019 Decision and Order is legally incorrect insofar as, in denying defendants' motion for summary judgment as respects plaintiffs' RICO claim, the Court focused not on the THC

1

content, but the resin content, of the Dixie X product in order to determine whether it constituted a "controlled substance" under the 2012 version of the Controlled Substances Act ("CSA").

However, the plaintiffs do nothing on their cross motion beyond rearguing the same point they made on their original summary judgment motion, an argument this Court considered and rejected in its decision.

To this extent, the plaintiffs have not met the strict standard for granting a motion for reconsideration, insofar, as they have not pointed to any "controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court.'" *DeCarlis v. N.Y. State Ret. Sys.*, No. 18-CV-6409-FPG, 2019 U.S. Dist. LEXIS 78718, at 1-2 (W.D.N.Y. May 9, 2019), *citing Abdallah v. Napolitano*, 909 F. Supp. 2d 196, 211 (W.D.N.Y. 2012) (quoting *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995).

This Court clearly did not "overlook" the plaintiffs' argument that Dixie X was a controlled substance because it contained a trace amount of THC. As stated in the Mura Declaration (par. 7), the court addressed this position head-on. The court explicitly rejected the argument (Mura Declaration, par. 8), going so far as to specifically cite caselaw explaining its position (Mura Declaration, par. 10) and stating that "counterintuitively, certain derivatives of the industrial hemp plant were not included in the definition of marijuana—and therefore were not unlawful under the CSA—even if they contained trace amounts of THC" (Mura Declaration, par. 9).

The plaintiffs could not have possibly read the Court's decision and believed that the Court merely "overlooked" their argument regarding THC content. The argument

2

was addressed and rejected. The Court explicitly stated that it must analyze whether Dixie X was a controlled substance under the 2012 CSA on different grounds, namely, whether it contained "'resin extracted from' the *Cannabis sativa* plant."

This Court has specifically held that "movants may not use [a reconsideration] motion as 'a vehicle for relitigating old issues, presenting the case under new theories… or otherwise taking a 'second bite at the apple'"… *Kloppel v. Sears Holdings Corp.*, No. 17-CV-6296-FPG, 2019 U.S. Dist. LEXIS 42798, at 2 (W.D.N.Y. Mar. 15, 2019), *citing Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (quoting *Sequa Corp. v. GBJ Corp.*, 156 F.3d 136, 144 (2d Cir. 1998).

The plaintiffs' cross motion for reconsideration is a textbook example of "taking a 'second bite at the apple.'" The plaintiffs make the exact same argument in their cross motion for reconsideration that they made on their original motion. Plaintiffs' cross motion presents no new information that could possibly cause the Court to change the legal conclusions stated in its decision.

The plaintiffs, again, cite to an affidavit from Dr. Kenneth Graham (Dkt No. 112-1), who, as in his first affidavit (Dkt. No. 60-21), argues that because the Dixie contained any amount of THC that, alone, qualifies it as a "controlled substance."

The plaintiffs, again, cite to 21 U.S.C. §1308.11 in their memorandum of law (Dkt. No. 112-3), as they did in their first memorandum of law (Dkt. No. 60-25), to argue that any amount of THC in a product qualifies it as a "controlled substance."

For example, the plaintiffs argued on the underlying motion:

> More specifically, Dr. Graham showed that the Defendants' final product formulations of the Dixie X Dew Drops Tincture product with the presence of "*any*" amount of THC rendered it

3

> a Schedule 1 controlled substance as described under 21 U.S.C. §1308.11, and not eligible for an exemption to a Schedule I classification under 21 U.S.C. §1308.35 since it was formulated, marketed and distributed for human consumption.

Dkt. No. 60-25, p. 2

This is exactly the same argument that the plaintiffs are continuing to make on their current cross motion for reconsideration:

> As Plaintiff's expert [Graham] explains, whether or not Dixie X is derived from a resin extract, the Defendants' product cannot be excluded from the CSA definition of marijuana because any product that contains any amount of THC is a schedule I controlled substance.

Dkt. No. 112-3, p. 4

> This rule established that cannabis-derived products with trace amounts of THC may be excluded from CSA control "provided they are not used, or intended for use, for human consumption (and therefore cannot cause THC to enter the human body)."

Dkt. No. 112-3, p. 5

The arguments made on their original motion for summary judgment and this cross motion for reconsideration are identical. The plaintiffs have not brought any new information to light on their motion for reconsideration. They are merely remaking the exact same arguments that they already made before this Court, while ignoring that the Court already rejected those arguments, and oddly attributing to MMI/RDH the shift in focus from THC to resin content when it was clearly the Court, itself, that made this determination.

For all of the foregoing reasons, the plaintiffs' cross motion for reconsideration must be denied.

4

## POINT II

## MMI/RDH'S MOTION FORE RECONSIDERATION PRESENTS GENUINELY NEW INFORMATION THAT SHOULD CHANGE THE COURT'S DECISION

As set forth in the declarations of Stuart W. Titus (Dkt. No. 97-2) and Roy A. Mura, Esq., (Dkt. No. 97-1) in support of defendants' motion for reconsideration, MMI/RDH respectfully submits that the issue raised on this motion presents a genuine case for the Court's reconsideration and revision of its interlocutory order.

In contrast to the plaintiffs' cross motion, MMI/RDH is not merely attempting to relitigate an issue or present its case under a new theory. Rather, in finding and stating that Dixie X contained "resin extract derived from the *Cannabis sativa* plant," the Court made a genuine error that would cause the Court to change its conclusion if corrected – dismissing the plaintiffs' RICO claim against MMI/RDH – and that it would be manifestly unjust to MMI/RDH if the court were to fail to make such revision.

## CONCLUSION

WHEREFORE, based upon all of the above, MMI/RDH respectfully request that the Court grant its motion to reconsider its prior order and revise the same, granting summary judgment to defendants dismissing plaintiffs' RICO claim, and deny the plaintiffs' cross motion for reconsideration.

DATED:     Buffalo, New York
           October 7, 2019

                                    Respectfully submitted,

                                    /s/ Roy A. Mura
                                    Roy A. Mura, Esq.
                                    Scott D. Mancuso, Esq.

5

MURA & STORM, PLLC
*Attorneys for Defendants*
*Medical Marijuana, Inc.*
*and Red Dice Holdings, LLC*
930 Rand Building
14 Lafayette Square
Buffalo, New York 14203
(716) 855-2800
roy.mura@muralaw.com

Mura&Storm, pllc • 930 Rand Building • 14 Lafayette Square • Buffalo, New York  14203
(716) 855-2800 • fax (716) 855-2816