UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
DOUGLAS J. HORN and CINDY HARP-HORN,

                              Plaintiff,

     -against-

MEDICAL MARIJUANA, INC.,
DIXIE ELIXIRS AND EDIBLES,
RED DICE HOLDINGS, LLC, and
DIXIE BOTANICALS,
                        Defendants,
------------------------------------------------------------------X

Civ Action No: 15-cv-701 FPG/MJR

***DECLARATION of***
***JEFFREY BENJAMIN, ESQ.***

**DECLARATION OF JEFFREY BENJAMIN IN SUPPORT OF PLAINTIFF'S MOTION FOR RELIEF UNDER FRCP 60(b)(1), (2) and (6), and FIRST MOTION *IN LIMINE***

      I, Jeffrey Benjamin, Esq., declare under penalty of perjury, as provided for by the laws of the United States, that the following statements are true:

      1.     I am an attorney for Plaintiff, duly admitted to practice before the Courts of the State of New York and this Court. As such, I am fully familiar with the facts stated herein submitted in support of the instant Motion.

      2.     This Motion is brought under FRCP 60(b) for relief from the Court's Order of November 21, 2019 at Doc #124, as well as *in Limine* to allow Plaintiff to produce evidence at trial that the product at issue was a controlled substance and therefore violative of the Controlled Substances Act which serves as a second predicate for Plaintiff RICO cause of action.

      3.     Annexed immediately hereto is a flow chart which was created to serve as a visual decision tree as to the inquiry whether the Dixie Elixir product was a controlled substance. Plaintiff contends that he has respectfully provided the Court with evidence that not only answers this question affirmatively, but also that there is new persuasive case law, and a new Department of Transportation Notice that should respectfully shed further light in an otherwise highly murky area of the law.

1

4.        As a baseline in the subject Decision, the Court relied upon two 9th Circuit companion, yet regulatory, cases that led it to dismiss that portion of Plaintiff's RICO action on the claim that Defendants' product was a controlled substance claim. These were "*Hemp I and Hemp II*", *Hemp Industries Assoc. v. DEA,* 333 F.3d 1082 (9th Cir.2003) ("*Hemp I*") and 357 F.3d 1012 (2004) ( "*Hemp II*").

5.        The Court therefore has precluded Plaintiff from offering evidence on this critical claim, and one related to that part of the RICO claim that will go forward, making this motion in part one *in Limine* in advance of trial.

6.        Annexed hereto as Exhibit "1" is a copy of District of Nevada's recent *Williams v. Gentry* case in June, 2020 interpreting the *Hemp* cases.

7.        Annexed hereto as Exhibit "2" is a copy of the report published by the DEA, "*Clarification of the New Drug Code (7350) for Marijuana Extract*[1]*,* explaining the science behind the scheduling of marijuana extracts.

8.        Annexed hereto as Exhibit "3" is a copy of the Department of Transportation's recent Compliance Notice dated February 18, 2020.

9.        Annexed hereto as Exhibit "4" is the subject Decision and Order of November 21, 2019 also at Doc #124 dismissing that critical portion of Plaintiff's RICO claim.

10.      Annexed hereto as Exhibit "5" is the prior Decision and Order of April 17, 2019 also at Doc #88, in part denying Defendants' Motions for Summary Judgment on Plaintiff's RICO claims.

11.      Also annexed hereto is a Memorandum of Law arguing the complicated legal issues, and respectfully highlighting to the Court the new case law and regulatory Notice.

12.      Finally, annexed hereto is the Affidavit of Plaintiff's expert Forensic Toxicologist, Dr. Kenneth Graham, Ph.D., R.Ph. corroborating the arguments and evidence herein.

---

[1] https://www.deadiversion.usdoj.gov/schedules/marijuana/m_extract_7350.html

13. For the foregoing reasons, Plaintiff hereby moves this Court pursuant to FRCP 60(b)(1), (2) and (6) and *in Limine* for relief from the November 21, 2019 dismissal of that portion of Plaintiff's RICO claim as to controlled substance, along with any other relief this Court deems appropriate.

Dated: New York, New York        BENJAMIN ♦ HART, P.C.

    September 15, 2020        *Jeffrey Benjamin*
                                                   Jeffrey Benjamin, Esq.,
                                                   Attorney for Plaintiff HORN
                                                   5 Penn Plaza, 23rd Floor
                                                   New York, New York 10001
                                                   (212) 835-1532