UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

DOUGLAS J. HORN and CINDY HARP-HORN,

                              Plaintiffs,

      -against-

MEDICAL MARIJUANA, INC., DIXIE ELIXIRS
AND EDIBLES, RED DICE HOLDINGS, LLC,
and DIXIE BOTANICALS,

                             Defendants.

**DEMAND FOR PRODUCTION
OF DOCUMENTS PURSUANT
TO FED. R. CIV. P. RULE 34**

Civil Action No. 15-cv-701-FPG

---

**PLEASE TAKE NOTICE** that pursuant to Rule 34 of the Federal Rules for Civil Procedure, the undersigned attorneys for the defendants MEDICAL MARIJUANA, INC. and RED DICE HOLDINGS, LLC (sometimes hereafter "defendants") hereby demand that plaintiffs Douglas J. Horn and Cindy Harp-Horn (sometimes hereafter "plaintiffs" or "Horns") provide to Mura & Storm, PLLC, within thirty (30) days of service of this notice, legible copies of the documents requested below in accordance with the definitions and instructions set forth below:

## DEFINITIONS

      A.     As used herein, the terms "you", "yourself", or "your" refer to the plaintiffs, and all agents and persons acting or purporting to act on plaintiffs' behalf.

      B.     As used herein, the terms "we", "us", "our", or "defendants" refer to defendants MEDICAL MARIJUANA, INC. and RED DICE HOLDINGS, LLC.

- 1 -

C.      The term "document" is defined to be synonymous in meaning and equal in scope to the usage of this term in Federal Rule of Civil Procedure 34(a), including, without limitation, writings, drawings, graphs, charts, photographs, sound recordings, images, and other data compilations stored in any medium, including electronic or computerized data compilations, however produced or reproduced.  A draft or non-identical copy is a separate document within the meaning of this term.

D.      As used herein, the term "communication" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise), including but not limited to electronic communications sent by or to plaintiffs.

E.      The term "person" is defined as any natural person or any entity.

F.      The phrases and terms "complaint in this action" and/or "complaint" refer to plaintiffs' complaint in this action signed by Jeffrey Benjamin, Esq., dated August 5, 2015.

G.      The phrase "the elixir product" refers to the actual Dixie X CBD Dew Drops 500 mg Tincture, with 500 mg of CBD product that plaintiffs allegedly purchased on or about October 1, 2012, as alleged at paragraph "14" of the complaint, or, may refer more generally to the Dixie X CBD Dew Drops 500 mg Tincture, with 500 mg of CBD product that was allegedly advertised and marketed to the general public between February 24, 2012 and October 1, 2012.

H.      The term "THC" has the same meaning in the demands set forth below as it has in the complaint.

Mura&Storm, pllc • 930 Rand Building • 14 Lafayette Square • Buffalo, New York 14203
(716) 855-2800 • Fax (716) 855-2816

I.     The term "Enterprise" means plaintiffs' employer Enterprise Transportation Company.

## **INSTRUCTIONS**

A.     In answering the specific demands set forth below for discovery and inspection, furnish all information which is available to you, including information in the possession of your attorneys, and not merely such information known of your own knowledge.   If you are unable to answer any demand in full after exercising due diligence to secure the requested information, so state, and answer to the extent possible.

B.     This demand for discovery and inspection is continuing so as to require supplementary answers if additional information hereafter is obtained which may augment or otherwise modify answers.   Supplementary responses are to be served within 20 days after such additional information is obtained.

C.     If any documents are no longer in your possession, custody, or control because of destruction, loss, or any other reason, then do the following with respect to each and every such document:

1.     Describe the nature of the document;

2.     State the date of the document;

3.     Identify the persons who sent and received the original and a copy of the document;

4.     State in as much detail as possible the contents of the document; and

- 3 -

5.      State the manner and date of disposition of the document.

D.      If you contend that you are entitled to withhold from producing any documents identified herein on the basis of the attorney-client privilege, the work product doctrine, or other ground, then do the following with respect to each and every such withheld document on a Privilege Log:

i.      Describe the nature of the withheld document (e.g., letter, memorandum, etc);

ii.      State the date of the withheld document;

iii.      Identify the persons who sent and received the original and a copy of the withheld document;

iv.      State the subject matter of the withheld document; and

v.      State the basis upon which you contend you are entitled to withhold the document from production.

## SPECIFIC DEMANDS

1.      Documents evidencing, reflecting or referring to communications between plaintiffs and MEDICAL MARIJUANA, INC. and/or RED DICE HOLDINGS, LLC between February 24, 2012 and August 5, 2015 concerning any of the following topics or issues: (a) plaintiffs' alleged purchases in 2012 of an "elixir" product called Dixie X CBD Dew Drops 500 mg Tincture; (b) natural medicines; (c) natural treatments for relief of pain, nausea, anxiety and/or convulsions; (d) industrial hemp products; (e) imported hemp products; (f) Cannabidiol; (g) THC; (h) anti-inflammatory treatment; (i) prescription medication; (j) magazine advertisements for a product line called Dixie X; (k) random urinalysis screening; (l) toxicology screening; (m) EMSL Analytical, Inc.

Mura & Storm, pllc • 930 Rand Building • 14 Lafayette Square • Buffalo, New York 14203
(716) 855-2800 • Fax (716) 855-2816

laboratory testing; (n) U.S. DEA regulations; and/or, (o) claims of Dixie X products being legal, safe, and/or non-narcotic.

2.      Documents evidencing, reflecting or referring to communications between plaintiffs and co-defendants DIXIE ELIXIRS AND EDIBLES, DIXIE BOTANICALS, and/or Dixie Holdings, LLC  between February 24, 2012 and August 5, 2015 concerning any of the following topics or issues: (a) plaintiffs' alleged purchases in 2012 of an "elixir" product called Dixie X CBD Dew Drops 500 mg Tincture; (b) natural medicines; (c) natural treatments for relief of pain, nausea, anxiety and/or convulsions; (d) industrial hemp products; (e) imported hemp products; (f) Cannabidiol; (g) THC; (h) anti-inflammatory treatment; (i) prescription medication; (j) magazine advertisements for a product line called Dixie X;  (k) random urinalysis screening; (l) toxicology screening; (m) EMSL Analytical, Inc. laboratory testing; (n) U.S. DEA regulations; and/or, (o) claims of Dixie X products being legal, safe, and/or non-narcotic.

3.      Documents evidencing, reflecting or referring to communications between "jameshorn65@hotmail.com" and MEDICAL MARIJUANA, INC. and/or RED DICE HOLDINGS, LLC between February 24, 2012 and August 5, 2015 concerning any of the following topics or issues: (a) plaintiffs' alleged purchases in 2012 of an "elixir" product called Dixie X CBD Dew Drops 500 mg Tincture; (b) natural medicines; (c) natural treatments for relief of pain, nausea, anxiety and/or convulsions; (d) industrial hemp products; (e) imported hemp products; (f) Cannabidiol; (g) THC; (h) anti-inflammatory treatment; (i) prescription medication; (j) magazine advertisements for a product line called Dixie X;  (k) random urinalysis screening; (l) toxicology screening;

Mura & Storm, pllc • 930 Rand Building • 14 Lafayette Square • Buffalo, New York 14203
(716) 855-2800 • fax (716) 855-2816

(m) EMSL Analytical, Inc. laboratory testing; (n) U.S. DEA regulations; and/or, (o) claims of Dixie X products being legal, safe, and/or non-narcotic.

4.      Documents evidencing, reflecting or referring to communications between "ladydeathz@hotmail.com" and MEDICAL MARIJUANA, INC. and/or RED DICE HOLDINGS, LLC between February 24, 2012 and August 5, 2015 concerning any of the following topics or issues: (a) plaintiffs' alleged purchases in 2012 of an "elixir" product called Dixie X CBD Dew Drops 500 mg Tincture; (b) natural medicines; (c) natural treatments for relief of pain, nausea, anxiety and/or convulsions; (d) industrial hemp products; (e) imported hemp products; (f) Cannabidiol; (g) THC; (h) anti-inflammatory treatment; (i) prescription medication; (j) magazine advertisements for a product line called Dixie X;   (k) random urinalysis screening; (l) toxicology screening; (m) EMSL Analytical, Inc. laboratory testing; (n) U.S. DEA regulations; and/or, (o) claims of Dixie X products being legal, safe, and/or non-narcotic.

5.      Communications between plaintiffs and Erika Nava and/or "erikanava86@gmail.com" between February 24, 2012 and the present concerning any of the material facts plaintiffs will rely upon to prove their case against any of the defendants in this action.

6.      Communications between plaintiffs and Nichole Baier and/or "candiapel@hotmail.com" between February 24, 2012 and the present concerning any of the material facts plaintiffs will rely upon to prove their case against any of the defendants in this action.

MURA & STORM, PLLC • 930 RAND BUILDING • 14 LAFAYETTE SQUARE • BUFFALO, NEW YORK 14203
(716) 855-2800 • FAX (716) 855-2816

7.      Documents evidencing, reflecting or referring to anti-inflammatory and/or pain relief medication prescribed for plaintiff Douglas J. Horn between February 24, 2012 and October 9, 2012.

8.      Documents evidencing, reflecting or referring to anti-inflammatory and/or pain relief medication prescribed for plaintiff Cindy Harp-Horn between February 24, 2012 and October 9, 2012.

9.      Documents evidencing, reflecting or referring to non-prescription anti-inflammatory and/or pain relief medication taken by plaintiff Douglas J. Horn between February 24, 2012 and October 9, 2012.

10.     Documents evidencing, reflecting or referring to non-prescription anti-inflammatory and/or pain relief medication taken by plaintiff Cindy Harp-Horn between February 24, 2012 and October 9, 2012.

11.     Documents evidencing, reflecting or referring to recreational drug purchases and/or use by plaintiff Douglas J. Horn between February 24, 2012 and October 9, 2012.

12.     Documents evidencing, reflecting or referring to recreational drug purchases and/or use by plaintiff Cindy Harp-Horn between February 24, 2012 and October 9, 2012.

13.     Documents evidencing, reflecting or referring to communications between plaintiffs and Tamar Wise between February 24, 2012 and the present concerning the formulation, quality and/or efficacy of any Dixie X brand products purchased, applied, used, ingested and/or otherwise consumed by plaintiffs in 2012.

MURA&STORM, PLLC • 930 RAND BUILDING • 14 LAFAYETTE SQUARE • BUFFALO, NEW YORK 14203
(716) 855-2800 • FAX (716) 855-2816

14.     Documents evidencing, reflecting or referring to communications between Tamar Wise and any defendant in this action concerning the formulation, quality and/or efficacy of any Dixie X brand products purchased, applied, used, ingested and/or otherwise consumed by plaintiffs in 2012.

15.     Documents evidencing, reflecting or referring to production, extraction and/or formulation regarding the Dixie X CBD Dew Drops 500 mg Tincture, with 500 mg of CBD (the "elixir" product referenced at paragraph "14" of the complaint).

16.     Documents evidencing, reflecting or referring to research and development of the formulation(s) used by any defendant between February 24, 2012 and October 1, 2012 to produce the elixir product.

17.     Documents evidencing, reflecting or referring to plaintiffs' purported purchase on or about October 1, 2012, as alleged at paragraph "14" of the complaint, of the elixir product.

18.     Documents evidencing, reflecting or referring to plaintiffs' use and/or consumption of the elixir product on or after October 1, 2012.

19.     Documents evidencing, reflecting or referring to independent laboratory testing of the elixir product after October 11, 2012.

20.     Documents evidencing, reflecting or referring to invoices issued to plaintiffs in 2012 by MEDICAL MARIJUANA, INC. and/or RED DICE HOLDINGS, LLC.

21.     Documents evidencing, reflecting or referring to invoices issued to plaintiffs in 2012 by co-defendants DIXIE ELIXIRS AND EDIBLES, DIXIE BOTANICALS, and/or by Dixie Holdings, LLC.

22.     Documents evidencing, reflecting or referring to packing slips reflecting merchandise shipped to plaintiffs in 2012 by MEDICAL MARIJUANA, INC. and/or RED DICE HOLDINGS, LLC.

23.     Documents evidencing, reflecting or referring to packing slips reflecting merchandise shipped to plaintiffs in 2012 by co-defendants DIXIE ELIXIRS AND EDIBLES, DIXIE BOTANICALS, and/or by Dixie Holdings, LLC.

24.     Documents evidencing, reflecting or referring to results of plaintiffs' drug tests between January 1, 2012 and December 31, 2012, including but not limited to random urinalysis screening and/or other toxicology screenings.

25.     Documents evidencing, reflecting or referring to plaintiffs' medical treatment records and/or medical testing records from the period January 1, 2010 to October 9, 2012.  Please provide HIPAA-compliant authorizations signed by plaintiffs allowing MEDICAL MARIJUANA, INC. and RED DICE HOLDINGS, LLC to obtain each plaintiff's respective medical treatment records and medical testing records for that period.

26.     Documents evidencing, reflecting or referring to laboratory analysis of plaintiffs' 2012 drug testing, including but not limited to random urinalysis screening of plaintiffs and/or other toxicology screenings of plaintiffs that occurred in October 2012.

27.     Documents evidencing, reflecting or referring to clinical analysis of the elixir product purportedly purchased by plaintiffs on or around October 1, 2012 as alleged at paragraph "14" of the complaint.

MURA&STORM, PLLC • 930 RAND BUILDING • 14 LAFAYETTE SQUARE • BUFFALO, NEW YORK 14203
(716) 855-2800 • FAX (716) 855-2816

28.     Documents evidencing, reflecting or referring to the composition of the elixir product purportedly purchased by plaintiffs on or around October 1, 2012 as alleged at paragraph "14" of the complaint.

29.     Documents evidencing, reflecting or referring to the chemical and physical effects on plaintiffs' bodies of the elixir product purportedly purchased by plaintiffs on or around October 1, 2012.

30.     Documents evidencing, reflecting or referring to plaintiffs' purported lost wages allegedly caused by acts and/or omissions of MEDICAL MARIJUANA, INC. and/or RED DICE HOLDINGS, LLC.

31.     Documents evidencing, reflecting or referring to plaintiffs' purported medical related expenses allegedly caused by acts and/or omissions of MEDICAL MARIJUANA, INC. and/or RED DICE HOLDINGS, LLC.

32.     Documents evidencing, reflecting or referring to plaintiffs' purported loans taken allegedly caused to occur because of acts and/or omissions of MEDICAL MARIJUANA, INC. and/or RED DICE HOLDINGS, LLC.

33.     Documents evidencing, reflecting or referring to plaintiffs' purported consequential damages allegedly caused by acts and/or omissions of MEDICAL MARIJUANA, INC. and/or RED DICE HOLDINGS, LLC.

34.     Documents evidencing, reflecting or referring to plaintiffs' purported statutory damages allegedly caused to occur because of acts and/or omissions of MEDICAL MARIJUANA, INC. and/or RED DICE HOLDINGS, LLC.

MURA & STORM, PLLC • 930 RAND BUILDING • 14 LAFAYETTE SQUARE • BUFFALO, NEW YORK 14203
(716) 855-2800 • FAX (716) 855-2816

35.     Documents evidencing, reflecting or referring to plaintiffs' alleged loss of livelihood as alleged in paragraph "20" of the complaint.

36.     Documents evidencing, reflecting or referring to plaintiffs' alleged loss of benefits, as alleged in paragraph "20" of the complaint.

37.     Documents evidencing, reflecting or referring to plaintiffs' alleged loss of insurance, as alleged in paragraph "20" of the complaint.

38.     Documents evidencing, reflecting or referring to plaintiffs' alleged loss of pension, as alleged in paragraph "20" of the complaint.

39.     Documents evidencing, reflecting or referring to plaintiffs' alleged loss of job security, as alleged in paragraph "20" of the complaint.

40.     Documents evidencing, reflecting or referring to plaintiffs' alleged inability as alleged in paragraph "21" of the complaint to continue in commercial trucking for at least seven years from October 11, 2012.

41.     Documents evidencing, reflecting or referring to alleged advertising materials, statements, and/or media published by MEDICAL MARIJUANA, INC. and/or RED DICE HOLDINGS, LLC during the period February 24, 2012 through October 1, 2012 in which MEDICAL MARIJUANA, INC. and/or RED DICE HOLDINGS, LLC represented, whether on social media, websites or elsewhere, that the elixir product allegedly purchased by plaintiffs on or around October 1, 2012 as alleged at paragraph "14" of the complaint will not produce a positive toxicology test for illegal substances.

42.     Documents evidencing, reflecting or referring alleged advertising materials, statements, and/or media published by MEDICAL MARIJUANA, INC. and/or

MURA&STORM, PLLC • 930 RAND BUILDING • 14 LAFAYETTE SQUARE • BUFFALO, NEW YORK 14203
(716) 855-2800 • FAX (716) 855-2816

RED DICE HOLDINGS, LLC during the period February 24, 2012 through October 1, 2012 in which MEDICAL MARIJUANA, INC. and/or RED DICE HOLDINGS, LLC represented, whether on social media, websites or elsewhere, that the elixir product allegedly purchased by plaintiffs on or around October 1, 2012 as alleged at paragraph "14" of the complaint was safe and legal for consumers.

43.     Documents evidencing, reflecting or referring to alleged advertising materials, statements, and/or media published by MEDICAL MARIJUANA, INC. and/or RED DICE HOLDINGS, LLC during the period February 24, 2012 through October 1, 2012 in which MEDICAL MARIJUANA, INC. and/or RED DICE HOLDINGS, LLC represented, whether on social media, websites or elsewhere, that the elixir product allegedly purchased by plaintiffs on or around October 1, 2012 as alleged at paragraph "14" of the complaint had been adequately tested.

44.     Documents evidencing, reflecting or referring to alleged advertising materials, statements, and/or media published by MEDICAL MARIJUANA, INC. and/or RED DICE HOLDINGS, LLC during the period February 24, 2012 through October 1, 2012 in which MEDICAL MARIJUANA, INC. and/or RED DICE HOLDINGS, LLC represented, whether on social media, websites or elsewhere, that the elixir product allegedly purchased by plaintiffs on or around October 1, 2012 as alleged at paragraph "14" of the complaint complied with New York State and/or U.S. federal laws and regulations.

45.     Documents evidencing, reflecting or referring to alleged advertising materials, statements, and/or media published by MEDICAL MARIJUANA, INC. and/or

MURA&STORM, PLLC • 930 RAND BUILDING • 14 LAFAYETTE SQUARE • BUFFALO, NEW YORK 14203
(716) 855-2800 • FAX (716) 855-2816

RED DICE HOLDINGS, LLC during the period February 24, 2012 through October 1, 2012 in which MEDICAL MARIJUANA, INC. and/or RED DICE HOLDINGS, LLC represented, whether on social media, websites or elsewhere, that the elixir product allegedly purchased by plaintiffs on or around October 1, 2012 as alleged at paragraph "14" of the complaint contained no THC.

46.     Documents evidencing, reflecting or referring to conduct of MEDICAL MARIJUANA, INC. and/or RED DICE HOLDINGS, LLC from the period February 24, 2012 through October 1, 2012 that was allegedly materially misleading to plaintiffs.

47.     Documents evidencing, reflecting or referring to plaintiffs' allegations that MEDICAL MARIJUANA, INC. and/or RED DICE HOLDINGS, LLC knew or should have known that the elixir product allegedly purchased by plaintiffs on or around October 1, 2012 as alleged at paragraph "14" of the complaint was allegedly a controlled substance or otherwise illegal or otherwise in violation of federal or state law.

48.     Documents evidencing, reflecting or referring to plaintiffs' allegations that MEDICAL MARIJUANA, INC. and/or RED DICE HOLDINGS, LLC concealed the true chemical content of the elixir product allegedly purchased by plaintiffs on or around October 1, 2012 from consumers in advertising and/or labeling.

49.     Documents evidencing, reflecting or referring to applicable insurance agreements providing insurance coverage for the acts and/or omissions complained of in the complaint of any defendant.

50.     Documents evidencing, reflecting or referring to reports of EMSL Analytical, Inc. concerning analysis of the elixir product conducted between January 1, 2011 and the present.

51.     Documents evidencing, reflecting or referring to testing by EMSL Analytical, Inc. of the elixir product conducted between October 1, 2012 and the present.

52.     Documents evidencing, reflecting or referring to communications between plaintiffs and EMSL Analytical, Inc. concerning the elixir product between October 1, 2012 and the present.

53.     Documents evidencing, reflecting or referring to refusals by EMSL Analytical, Inc. to test and/or analyze the elixir product between October 1, 2012 and the present.

54.     Documents evidencing, reflecting or referring to refusals by EMSL Analytical, Inc. to place the elixir product into the U.S. Mail between October 1, 2012 and the present.

55.     Documents evidencing, reflecting or referring to testing aborted by EMSL Analytical, Inc. of the elixir product between October 1, 2012 and the present.

56.     Documents evidencing, reflecting or referring to marketing of the elixir product to any consumer between February 24, 2012 and October 1, 2012 by MEDICAL MARIJUANA, INC. and/or RED DICE HOLDINGS, LLC.

MURA&STORM, PLLC • 930 RAND BUILDING • 14 LAFAYETTE SQUARE • BUFFALO, NEW YORK  14203
(716) 855-2800 • FAX (716) 855-2816

57.    Documents evidencing, reflecting or referring to distribution of the elixir product to any consumer or business between February 24, 2012 and October 1, 2012 by MEDICAL MARIJUANA, INC. and/or RED DICE HOLDINGS, LLC.

58.    Documents evidencing, reflecting or referring to promotion of the elixir product to any consumer between February 24, 2012 and October 1, 2012 by MEDICAL MARIJUANA, INC. and/or RED DICE HOLDINGS, LLC.

59.    Documents evidencing, reflecting or referring to advertising of the elixir product to any consumer between February 24, 2012 and October 1, 2012 by MEDICAL MARIJUANA, INC. and/or RED DICE HOLDINGS, LLC.

60.    Documents evidencing, reflecting or referring to sale of the elixir product to any consumer or business between February 24, 2012 and October 1, 2012 by MEDICAL MARIJUANA, INC. and/or RED DICE HOLDINGS, LLC.

61.    Documents evidencing, reflecting or referring to alleged misrepresentations made to any consumer or business other than plaintiffs between February 24, 2012 and October 1, 2012 by MEDICAL MARIJUANA, INC. and/or RED DICE HOLDINGS, LLC concerning the marketing, distribution, promotion, advertising and/or sale of the elixir product.

62.    Documents evidencing, reflecting or referring to alleged representations made to any consumer or business other than plaintiffs between February 24, 2012 and October 1, 2012 by MEDICAL MARIJUANA, INC. and/or RED DICE HOLDINGS, LLC that the Dixie products were safe and legal for all consumers to consume.

MURA&STORM, PLLC • 930 RAND BUILDING • 14 LAFAYETTE SQUARE • BUFFALO, NEW YORK  14203
(716) 855-2800 • FAX (716) 855-2816

63.     Documents evidencing, reflecting or referring to the identity of employees or agents of MEDICAL MARIJUANA, INC. and/or RED DICE HOLDINGS, LLC alleged to be responsible for marketing, manufacturing and/or distributing the elixir product between February 24, 2012 and October 1, 2012, whether to plaintiffs specifically or to other consumers and/or businesses.

64.     Documents evidencing, reflecting or referring to plaintiffs' salaries, wages, benefits and/or any other compensation received from their employers between January 1, 2012 and December 31, 2012.

65.     Documents evidencing, reflecting or referring to New York State Commercial Driver Licenses held by plaintiffs between February 24, 2012 and the present.

66.     Documents evidencing, reflecting or referring to communications between plaintiffs and the New York State Department of Motor Vehicles between February 24, 2012 and the present concerning New York State Commercial Driver Licenses held or once held by plaintiffs.

67.     Documents evidencing, reflecting or referring to communications between plaintiffs and the U. S. Department of Transportation between February 24, 2012 and the present concerning Commercial Driver Licenses, toxicology test results and/or random urinalysis screenings.

68.     Documents evidencing, reflecting or referring to plaintiffs' purported loss of accumulated employment benefits and/or other financial benefits or assets as a result of the events alleged by paragraphs "12" through "21" of the complaint. Please

provide authorizations signed by plaintiffs allowing MEDICAL MARIJUANA, INC. and RED DICE HOLDINGS, LLC to obtain from Enterprise as well as any other employer of plaintiffs in 2012 the plaintiffs' employment records, including, but not limited to, records evidencing, reflecting or referring to plaintiffs' time sheets and/or other records of hours worked, expense reports, salary records, wage records, expense reimbursement records, paid time off/vacation records, and fringe benefit records from the year 2012.

69.    Documents evidencing, reflecting or referring to plaintiffs' pay stubs from the year 2012.

70.    Documents evidencing, reflecting or referring to plaintiffs' Form 1099-Misc.'s from the year 2012.

71.    Documents evidencing, reflecting or referring to plaintiffs' Form W-2's from the year 2012.

72.    Documents evidencing, reflecting or referring to plaintiffs' pay stubs, Form 1099-Misc.'s, and/or Form W-2's from the years 2011, 2013, 2014, 2015, and 2016.

73.    Documents evidencing, reflecting or referring to plaintiffs' federal and/or state income tax returns as filed for tax years 2011, 2012, 2013, 2014, 2015, and 2016.   Please provide IRS Form 4506 authorizations signed by plaintiffs allowing MEDICAL MARIJUANA, INC. and RED DICE HOLDINGS, LLC to obtain copies of each of the respective plaintiff's federal tax returns as filed for tax years 2011, 2012, 2013, 2014, 2015, and 2016.

MURA & STORM, PLLC • 930 RAND BUILDING • 14 LAFAYETTE SQUARE • BUFFALO, NEW YORK 14203
(716) 855-2800 • FAX (716) 855-2816

74.     Documents evidencing, reflecting or referring to plaintiff Douglas J. Horn being informed on October 11, 2012, as alleged at paragraph "17" of the complaint, that he had tested positive for a high level of THC.

75.     Documents evidencing, reflecting or referring to plaintiff Douglas J. Horn being informed by any person or entity during any day of calendar year 2012 besides October 11, 2012 that he had tested positive for any drug or chemical compound, including but not limited to THC.

76.     Documents evidencing, reflecting or referring to plaintiff Cindy Harp-Horn being informed by any person or entity during calendar year 2012 that she had tested positive for any drug or chemical compound, including but not limited to THC.

77.     Documents evidencing, reflecting or referring to employment policies of Enterprise in effect during 2012 concerning random urinalysis screening of employees or independent contractors, and/or toxicology screening of employees or independent contractors, and/or drug testing of employees or independent contractors, and/or chemical testing of the blood or urine of employees or independent contractors.

78.     Documents evidencing, reflecting or referring to plaintiff Douglas J. Horn being terminated from any employment during the period January 1, 2000 to the present for having failed any random urinalysis screening, any toxicology screening, and/or any drug or chemical testing required by an employer and/or the U.S. Department of Transportation.

MURA & STORM, PLLC • 930 RAND BUILDING • 14 LAFAYETTE SQUARE • BUFFALO, NEW YORK 14203
(716) 855-2800 • FAX (716) 855-2816

79.     Documents evidencing, reflecting or referring to plaintiff Cindy Harp-Horn being terminated from any employment during the period January 1, 2000 to the present for having failed any random urinalysis screening, any toxicology screening, and/or any drug or chemical testing required by an employer and/or the U.S. Department of Transportation.

80.     Documents evidencing, reflecting or referring to offers or opportunities from plaintiffs' employer and/or the U.S. Department of Transportation for plaintiff Douglas J. Horn to enter into a voluntary rehabilitation program after allegedly testing positive for THC in October 2012.

81.     Documents evidencing, reflecting or referring to efforts of the plaintiffs to obtain new employment after being terminated from employment with Enterprise, as alleged at paragraph "17" of the complaint.

82.     Documents evidencing, reflecting or referring to purchase orders plaintiffs placed to obtain additional quantities of the Dixie X CBD tincture, as alleged in paragraph "18" of the complaint, after allegedly testing positive for THC in October 2012.

83.     Documents evidencing, reflecting or referring to communications plaintiffs had with each laboratory that plaintiffs sent additional quantities of the Dixie X CBD tincture to subsequent to allegedly testing positive for THC in October 2012.

84.     Documents evidencing, reflecting or referring to each prescription drug, non-prescription drug, or other product plaintiffs obtained between January 1,

2012 and October 9, 2012 whose purpose was or was said to be in whole or in part to treat or relieve pain, nausea, anxiety and/or convulsions.

85.     Documents evidencing, reflecting or referring to the advertising media, website posts, and/or press releases from the period February 24, 2012 through October 1, 2012 by which MEDICAL MARIJUANA, INC. and/or RED DICE HOLDINGS, LLC allegedly represented the elixir product contains no illegal tetrahydrocannabinol.

86.     Documents evidencing, reflecting or referring to the advertising media, website posts, and/or press releases from the period February 24, 2012 through October 1, 2012 by which MEDICAL MARIJUANA, INC. and/or RED DICE HOLDINGS, LLC allegedly represented the elixir product was "THC free" and/or "non-THC", as alleged in paragraph "28" of the complaint.

87.     Documents evidencing, reflecting or referring to information set forth in advertising media, website posts, and/or press releases from the period February 24, 2012 through October 1, 2012 by which MEDICAL MARIJUANA, INC. and/or RED DICE HOLDINGS, LLC allegedly falsely advertised and/or allegedly falsely marketed the elixir product.

88.     Documents evidencing, reflecting or referring to information set forth in advertising media, website posts, and/or press releases from the period February 24, 2012 through October 1, 2012 by which MEDICAL MARIJUANA, INC. and/or RED DICE HOLDINGS, LLC allegedly misrepresented the elixir product.

89.     Documents evidencing, reflecting or referring to wire fraud allegedly committed at any time during the period February 24, 2012 through October 1, 2012 by MEDICAL MARIJUANA, INC. and/or RED DICE HOLDINGS, LLC.

90.     Documents evidencing, reflecting or referring to mail fraud allegedly committed at any time during the period February 24, 2012 through October 1, 2012 by MEDICAL MARIJUANA, INC. and/or RED DICE HOLDINGS, LLC.

91.     Documents evidencing, reflecting or referring to unlawful activity allegedly carried out at any time during the period February 24, 2012 through October 1, 2012 by MEDICAL MARIJUANA, INC. and/or RED DICE HOLDINGS, LLC.

92.     Documents evidencing, reflecting or referring to monetary transactions in property derived from specific unlawful activity allegedly carried out at any time during the period February 24, 2012 through October 1, 2012 by MEDICAL MARIJUANA, INC. and/or RED DICE HOLDINGS, LLC.

93.     Documents evidencing, reflecting or referring to interstate transportation of controlled substances allegedly committed at any time during the period February 24, 2012 through October 1, 2012 by MEDICAL MARIJUANA, INC. and/or RED DICE HOLDINGS, LLC.

94.     Documents evidencing, reflecting or referring to interstate transportation of controlled substances allegedly committed at any time during the period February 24, 2012 through October 1, 2012 by MEDICAL MARIJUANA, INC. and/or RED DICE HOLDINGS, LLC.

MURA & STORM, PLLC • 930 RAND BUILDING • 14 LAFAYETTE SQUARE • BUFFALO, NEW YORK 14203
(716) 855-2800 • FAX (716) 855-2816

95.   Documents evidencing, reflecting or referring to telephone calls containing misrepresentations or omissions allegedly made at any time during the period February 24, 2012 through October 1, 2012 by MEDICAL MARIJUANA, INC. and/or RED DICE HOLDINGS, LLC in furtherance of alleged racketeering activity.

96.   Documents evidencing, reflecting or referring to alleged material misrepresentations, concealments and/or omissions made by MEDICAL MARIJUANA, INC. and/or RED DICE HOLDINGS, LLC at any time between February 24, 2012 and October 1, 2012 as to the ingredients, toxicology, and/or effects of the elixir product, and with full knowledge of the alleged falsities and/or with reckless disregard of the truth, as alleged at paragraph "51" of the complaint.

97.   Documents evidencing, reflecting or referring to the allegedly knowing sale by MEDICAL MARIJUANA, INC. and/or RED DICE HOLDINGS, LLC at any time between February 24, 2012 and October 1, 2012 of a defective, illegal and/or unreasonably dangerous elixir product.

98.   Documents evidencing, reflecting or referring to the allegedly illegal and harmful substances that were contained in the elixir product plaintiffs allegedly purchased and consumed, as alleged by paragraphs "58" and "59" of the complaint.

99.   Documents evidencing, reflecting or referring to the terms and provisions of the alleged written agreement plaintiffs allegedly entered into with MEDICAL MARIJUANA, INC., RED DICE HOLDINGS, LLC, DIXIE ELIXIRS AND EDIBLES, DIXIE BOTANICALS and/or Dixie Holdings, LLC, as alleged at paragraph "61" of the complaint.

Mura&Storm, pllc • 930 Rand Building • 14 Lafayette Square • Buffalo, New York 14203
(716) 855-2800 • fax (716) 855-2816

100.    Documents evidencing, reflecting or referring to specific alleged representations and express warranties made by MEDICAL MARIJUANA, INC. and/or RED DICE HOLDINGS, LLC in connection with the sale of the elixir product, as alleged at paragraph "66" of the complaint.

101.    Documents evidencing, reflecting or referring to plaintiffs' allegation as set forth at paragraph "74" of the complaint that MEDICAL MARIJUANA, INC. and/or RED DICE HOLDINGS, LLC have retained funds paid by plaintiffs.

102.    Documents evidencing, reflecting or referring to an alleged failure of MEDICAL MARIJUANA, INC. and/or RED DICE HOLDINGS, LLC to exercise due care in the processing of the elixir product at issue and/or in the distribution of the elixir product allegedly sold to plaintiffs in order to ensure its safety for human consumption, as alleged at paragraph "77" of the complaint.

103.    Documents evidencing, reflecting or referring to an alleged failure of MEDICAL MARIJUANA, INC. and/or RED DICE HOLDINGS, LLC to exercise due care in the product testing, reporting of the results of the toxicity levels, sale, marketing and/or distribution of the elixir product allegedly sold to plaintiffs, as alleged at paragraph "78" of the complaint.

104.    Documents evidencing, reflecting or referring to an alleged failure of MEDICAL MARIJUANA, INC. and/or RED DICE HOLDINGS, LLC to exercise due care to ensure that its products complied with all relevant state and federal laws and regulations, as alleged at paragraph "79" of the complaint.

MURA & STORM, PLLC • 930 RAND BUILDING • 14 LAFAYETTE SQUARE • BUFFALO, NEW YORK 14203
(716) 855-2800 • FAX (716) 855-2816

105.    Documents evidencing, reflecting or referring to physical harm suffered by plaintiffs in the ingestion of caustic, toxic and/or illegal substance, as alleged at paragraph "84" of the complaint.

106.    Documents evidencing, reflecting or referring to plaintiffs' current employment, including but not limited to, plaintiffs' 2016 paystubs.

107.    Documents evidencing, reflecting or referring to plaintiffs' retainer agreement with Jeffrey Benjamin, P.C., and any record indicating the terms of plaintiffs' agreement as to how plaintiffs are obligated to compensate Jeffrey Benjamin, P.C. for legal services provided to plaintiffs in this action.

108.    Documents evidencing, reflecting or referring to each controlled substance and/or listed chemical from the definitions and lists set forth in 18 U.S.C. §1961(1)(A) that MEDICAL MARIJUANA, INC. and/or RED DICE HOLDINGS, LLC allegedly manufactured, imported, received, concealed, bought, sold, or otherwise dealt with or in between February 24, 2012 and October 1, 2012.

109.    Documents evidencing, reflecting or referring to financial or fringe benefits other than salary and wages from their employer that plaintiffs allege they lost after October 11, 2012 as a result of plaintiff Douglas J. Horn allegedly testing positive for THC.

110.    Documents evidencing, reflecting or referring to actions plaintiffs took after October 11, 2012 to mitigate their damages.

MURA & STORM, PLLC • 930 RAND BUILDING • 14 LAFAYETTE SQUARE • BUFFALO, NEW YORK 14203
(716) 855-2800 • FAX (716) 855-2816

111.    Documents evidencing, reflecting or referring to medical treatment plaintiffs received after October 1, 2012 that was necessitated by plaintiffs' alleged use and/or consumption of the elixir product on or after October 1, 2012.

**PLEASE TAKE FURTHER NOTICE,** that in the event you do not respond to this demand, a motion will be made to compel same seeking, among other things costs and disbursements, including reasonable attorneys' fees for your failure and refusal to so respond.

DATED:    Buffalo, New York
          May 18, 2016

                                    _Eric T. Boron_
                                    _____
                                    Eric T. Boron, Esq.
                                    MURA & STORM, PLLC
                                    *Attorneys for Defendants Medical*
                                    *Marijuana, Inc. and Red Dice Holdings,*
                                    *LLC (only)*
                                    930 Rand Building, 14 Lafayette Square
                                    Buffalo, New York 14203
                                    (716) 855-2800
                                    eric.boron@muralaw.com (not for
                                    service other than through ECF)

To:    Jeffrey Benjamin, Esq.
       JEFFREY BENJAMIN, P.C.
       *Attorneys for Plaintiffs*
       118-21 Queens Boulevard, Suite 501
       Forest Hills, New York, New York 11375
       (718) 263-1111

Cc:    Wendy J. Lindstrom, Esq.
       MESSNER REEVES LLP
       *Attorneys for Defendant Dixie Elixirs and Edibles*
       805 Third Avenue, 18th Floor
       New York, New York 10022
       (646) 663-1860

MURA&STORM, PLLC • 930 RAND BUILDING • 14 LAFAYETTE SQUARE • BUFFALO, NEW YORK  14203
(716) 855-2800 • FAX (716) 855-2816