```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
DOUGLAS J. HORN and CINDY HARP-HORN,
                                                                    Civ Action No: 15-cv-701 FPG/MJR
                      Plaintiff,
                                                                    ***DECLARATION***
         -against-                                                  ***JEFFREY BENJAMIN, ESQ.***


MEDICAL MARIJUANA, INC.,
DIXIE ELIXIRS AND EDIBLES,
RED DICE HOLDINGS, LLC, and
DIXIE BOTANICALS,
                      Defendants,
-----------------------------------------------------------------X
```

### DECLARATION OF JEFFREY BENJAMIN IN OPPOSITION TO DEFENDANTS' MOTIONS *IN LIMINE*

I, Jeffrey Benjamin, Esq., declare under penalty of perjury, as provided for by the laws of the United States, that the following statements are true:

1. I am an attorney and counselor at law, duly admitted to practice before the Courts of the State of New York and this Court, and counsel for Plaintiffs. As such, I am fully familiar with the facts stated herein submitted in support of the instant Motion.

2. I submit this Declaration in opposition to Defendants virtually identical and verbatim Motions *in Limine*.

3. On September 17, 2020, Plaintiff filed his pre-trial Exhibit and Witness List. At the pre-trial Conference on October 2, 2020, the Court indicated that any amended Exhibit and Witness List may be filed at a later time.

4. Depending on how the Court rules on these motions in limine, Plaintiff may be amending his Exhibits and Witness list to include documents and witnesses for purposes of authentication. However, Plaintiff respectfully requests denial of every aspect of Defendants'

Motions given what evidence Plaintiff will proffer at the time of trial, and those documents and testimony submitted in opposition to the motions herein:

5. Annexed immediately hereto is the Affidavit of Plaintiff testifying to the process he undertook to learn the information from Defendants' online information to allay his concerns as to THC content which led him to purchase the product.

6. Annexed immediately hereto is the Affidavit of Jon A. Berryhill, computer forensic analyst testifying to the Defendants' website, press release and YouTube videos at issue here.

7. Annexed immediately hereto is the Affidavit of Elizabeth Rosenberg, records processor testifying to the authenticity of the Defendants website material Plaintiff viewed and including the YouTube videos.

8. Annexed immediately hereto is the Affidavit of Dr. Kenneth Graham, Ph.D., Plaintiff's forensic toxicologist and pharmacologist expert testifying in response to Defendants' expert's Affidavit of Dr. Cindy Orser.

9. Annexed immediately hereto is the Affidavit of Scott Van Etten, Lab Manager at EMSL Analytical who tested Defendants' product as requested by Plaintiff in October, 2012 testifying to the authentication and validity of EMSL's report and emails to Plaintiff, and testifying in response to Defendants' expert's Affidavit of Dr. Cindy Orser.

10. As to the YouTube videos, on October 21, 2020, I was advised by YouTube's legal Department that the subject videos are available publicly online and authentication of their existence by Google is not needed. This is more fully argued in the annexed Plaintiff's Memorandum of Law in opposition.

11. Lastly, in addition to the above testimony by authentication witnesses, the following was the testimony of the defense expert Dr. Cindy Orser with their corresponding page and line numbers in the transcript.

12. Defendants' expert Dr. Cindy Orser testified at her deposition on December 12, 2017. Relevant portions of her deposition transcript are as follows:

a) THC is "pretty amazing." (Orser Dep page 61: line 19);

b) Dr. Orser is an advocate of keeping THC in formulated cannabis products. (Orser 61:25);

c) THC is a key contributor to the effectiveness of cannabis. So removing THC from cannabis per se wouldn't make sense. (Orser 62:3-6);

d) Dr. Orser did not know the allowable amount of THC in industrial hemp or raw plant prior to the 2014 Farm Bill; (Orser 97:6, 99:2);

e) The Certificates of Analysis provided to Dr. Orser for her review do not correspond to the tincture product taken by Plaintiff. (Orser 153:14-18); those would have been useful. (Orser 153:19-22).

f) Dr. Orser asked for the particular Certificates of Analysis but learned "they do not exist," and Defendants did not have them. (Orser 153:23-25; 154:2-10).

g) Dr. Orser did not even know if what was represented on her Certificates of Analysis were a representative sample of the product Plaintiff took. (Orser 157:9-12).

h) In 2012, the .3% threshold she used did not apply. (Orser 158:2-10).

i) Dr. Orser could not say that her testimony was a relevant as to the measure of THC content in the product Plaintiff took. (Orser 159:15-22);

j) Dr. Orser did not review or even ask for batch records for the product. (Orser 160:6-19);

k) Dr. Orser found it unusual that she was given Certificates for a different product. (Orser 161:11-14);

l) Dr. Orser acknowledged *a detectable amount of THC as noted in Defendants' Certificate of Analysis*. (Orser 167:16-25; 168:2).

m) Dr. Orser was never provided the product by the Defendants. (Orser 176:9-11).

n)      When Dr. Orser referenced a legal limit for THC of .3%, she was talking about for Colorado. (Orser 178:4-6); but she did not know of a federal maximum threshold for THC content in 2012. (Orser 178:14-17).

o)      Dr. Orser opined that the product Mr. Horn took was never tested at all by Defendants. (Orser 189:18-25, 190:2-13).

p)      Dr. Orser interpreted Defendants' FAQs to mean they knew there could be some THC, but they were now making efforts to have THC free products. (Orser 248:12-22).

13.     The above statements by the defense expert suggest multiple contradictions with both the Defendants' positions in this case, and undermine their attempt at precluding Plaintiff's evidence in these motions. This is more fully explained in the annexed Affidavits of both forensic toxicologist Dr. Kenneth Graham and that of EMSL chemist Scott VanEtten.

14.     For the foregoing reasons, Plaintiff hereby respectfully requests this Court deny Defendants' Motions *in Limine* in their entirety and with prejudice, along with any other relief this Court deems appropriate.

Dated: New York, New York                             BENJAMIN ♦ HART, P.C.

October 22, 2020                                      *Jeffrey Benjamin*
                                                      Jeffrey Benjamin, Esq.,
                                                      Attorney for Plaintiffs
                                                      5 Penn Plaza, 23rd Floor
                                                      New York, New York 10001
                                                      (212) 835-1532