UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
DOUGLAS J. HORN and CINDY HARP-HORN,

                Civ Action No: 15-CV-701 FPG

        Plaintiff,

                ***AFFIDAVIT OF PLAINTIFF***

   -against-

MEDICAL MARIJUANA, INC.,
DIXIE ELIXIRS AND EDIBLES,
RED DICE HOLDINGS, LLC, and
DIXIE BOTANICALS,
        Defendants,
------------------------------------------------------------------X

STATE OF ARKANSAS      )
                                 ss.:
COUNTY OF RANDOLPH   )

       DOUGLAS J. HORN, being duly sworn, deposes and says:

1. I am the Plaintiff in this action.

2. I submit this Affidavit in opposition to the Defendants' motions *in limine* attempting to preclude certain of my evidence that we offered in the Court's Exhibit and Witness List.

3. In summary, the Defendants continue to try to escape the statements they made in various media that the tincture product I took from them contained "no THC."

4. They do so in this motion by trying to deny me the opportunity to show the jury the exact process by which I was brought to this product. I can do this by, with the help of courtroom technology, showing them the actual websites, articles and YouTube videos that I visited and viewed eight years ago since they are all still currently available for public viewing, as they were back then.

5. In general, when it comes to the authenticity and attribution of the evidence I offer, that can be shown by my testimony and the Affidavits we attach to these papers. I should have the

1

opportunity to walk the jury through that process which brought me to the Defendants' still-current publicly available information as to the product.

6. As the Court found in its Decision on April 17, 2019 ECF Doc #88 on page 19: both I and my wife Cindy indeed "carefully researched the product to ensure that it did not contain THC." I knew I would get fired if I did not.

7. As the Court further found on page 19-20 of its Decision, we did this in a number of ways:

> "It is reasonable to conclude that the explicit representations in the FAQs and in the YouTube videos regarding the absence of THC would allay consumers' concerns about ingesting a product associated with marijuana . . . misrepresenting THC would go a long way to dispelling consumer concerns."

8. The Court aptly identified exactly why we carefully researched the product.

9. In addition and as defense counsel comprehensively questioned us in our depositions in May, 2017, before we bought the product in September, 2012, we researched the product on the Defendants' website through a) FAQs, b) the YouTube videos and c) "articles", namely the Defendants' press release of May 2, 2012 (my trial exhibit #4). I needed to be absolutely sure before I ordered and took the product. Our exhibit #4 was a link that I clicked on which directed me specifically from the *Dixie X website* and to that press release. All of this research was connected: the Dixie website and FAQs were linked to their press release article and linked to the YouTube videos.

10. In summary, every piece of information my wife and I researched was directly attributable to the Defendants herein. I did not do a general "Google search" to find third-party statements as to their product. I went directly to the source: Defendants themselves.

11. To be clear, in the YouTube videos, Defendants' CEO Tripp Keber states continuously that the products are "THC-free", there was "no THC" and it had "0% THC." He also said these were "wellness products."

12. The FAQs the Company published back in September, 2012 that I accessed. In those, Defendants' specifically state:

**"What is the difference between CBD from hemp and CBD from medical cannabis?"** (bold in the original).

> "While the two plants are botanically related, *our hemp contains no THC* and numerous medical studies have shown CBD to have significant potential health benefits from a variety of ailments ranging from epilepsy to pain management. Medical cannabis contains THC and may provide relief from various ailments, however, with a psychotropic effect." Emphasis added.

13. All of their advertising that I relied upon, FAQs and YouTube videos and the linked press release in the FAQs were consistent. According to Defendants, their products had no THC.

14. For purposes of this motion, I should be allowed to testify to the jury how I was brought to this information that the Court acknowledged, and that I read them before purchasing and taking the product. I cannot do that unless the Court allows me to walk the jury through the process as to what I searched for, clicked on, printed and read before purchasing and taking the product.

Dated: October 21, 2020

_____
DOUGLAS J. HORN

Subscribed and Sworn to before me this
21 day of October, 2020.

_____
Notary Public

JAUNITA JOHNSON
MY COMMISSION # 12392374
EXPIRES: March 5, 2023
Randolph County