UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------
DOUGLAS J. HORN and CINDY HARP-HORN,

                                    Plaintiff,

-vs-

MEDICAL MARIJUANA, INC.,
DIXIE HOLDINGS, LLC a/k/a DIXIE ELIXERS
RED DICE HOLDINGS, LLC, and
DIXIE BOTANICALS,
                                   Defendants,
-----------------------------------------------------------------

**AFFIDAVIT OF
SCOTT W. VANETTEN**

Case No. 15-cv-701 FPG/MJR

      I, Scott W. VanEtten, declares the following, pursuant to 28 USC §1746, under penalty of perjury:

      1.    I make and submit this affidavit in response to Defendants' Motions *in Limine* to preclude Plaintiff's Trial Exhibits #8 and #9 as those are the documents that pertain to EMSL: our Report as to the Dixie product's THC content and my subsequent emails with Plaintiff.

      2.    I understand that the Defendants' are seeking to discredit our report (Plaintiff's Exhibit #8) for trial.

      3.    If called to testify at the trial of this matter, among other relevant aspects, I will testify as follows.

      4.    I am a Chemist with over 40 years of experience. I am a Certified Industrial Hygienist in Comprehensive Practice since 2009 and I managed the laboratory unit that analyzed the sample submitted by Plaintiff.

      5.    EMSL maintains accreditations from leading organizations including state and federal regulating bodies. EMSL is also ISO 17025 certified and accredited.

6. On October 18, 2012, EMSL Analytical, Inc. (EMSL) was retained by the Plaintiff to analyze a sample of Dixie Elixirs product for its THC content.

7. Contrary to Defendants' expert's Affidavit, measurement of the CBD content int the product was not requested and had no impact on the measurement of the THC content in the Dixie product for this analysis.

8. We received the sample unopened, unpreserved and analyzed it as is.

9. As noted in our report, the Chain of Custody was completed properly and complied with our procedures. The sample was analyzed on 10/31/12 through 11/2/12. The final report was issued to the Plaintiff on 11/8/12.

10. EMSL is DEA registered to receive and handle controlled substances such as those containing THC.

11. The sample was analyzed using state of the art LC-MS methodology.

12. The analytical system was calibrated using certified commercial reference material, and the quality of the calibration curve met acceptance criterion.

13. Quality control samples were included as part of the THC assay and all quality control sample values met acceptance criteria.

14. As a result of the test, we reported 170 ug/g (ppm) of THC in the sample provided by the Plaintiff. We would not have reported the test result if it did not meet our assay quality assessments and was not scientifically valid.

15. As I stated in my emails to Plaintiff (trial Exhibit #9), EMSL did not return the product because our DEA registration restricts us from shipping a controlled substance, such as a THC-containing product, to an entity that is not registered with the DEA.

_____
SCOTT VAN ETTEN

Subscribed and Sworn to before me this
22 day of October, 2020.

_____
Notary Public

EVELYN CAVANAUGH
Notary Public of New Jersey
My Commission Expires March 18, 2025