IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

DOUGLAS J. HORN,

                Plaintiff,

-vs-

MEDICAL MARIJUANA, INC.,
DIXIE ELIXIRS AND EDIBLES,
RED DICE HOLDINGS, LLC,
and DIXIE BOTANICALS,

                Defendants.

**REPLY MEMORANDUM OF LAW**

Case No. 1:15-cv-00701

Defendants, Medical Marijuana, Inc. and Red Dice Holdings, LLC ("MMI/RDH"), by and through their undersigned counsel, submit this memorandum of law in reply to the plaintiff's opposition to, and in further support of, MMI/RDH's motion *in limine* for an order precluding plaintiff from mentioning and introducing into evidence plaintiff's proposed trial exhibits 2, 3, 4, 7, 8, 9, 10, 13 and 14, and to limit the testimony and documentary exhibits related to Cindy Horn.

**I.    RULE 34 AND RULE 26 OBJECTIONS**

MMI/RDH moved to preclude Plaintiff's Trial Exhibits 2, 3, and 4 on the basis that plaintiff failed to disclose the same during discovery.

Again, the Plaintiff's Exhibit and Witness List (ECF Doc. 133) lists the following exhibits plaintiff intends to offer and introduce into evidence at trial:

    2.    FAQs by Defendant Dixie;
    3.    YouTube videos; and
    4.    Dixie Press Release of May 2, 2012.

As set forth in our initial papers, MMI/RDH specifically requested plaintiff provide all evidence, including online evidence, of MMI/RDH allegedly having represented that the product

at issue contained no THC (Doc. 142-5 at 4). There is no question that plaintiff seeks to introduce Exhibits 2, 3 and 4 to prove that MMI/RDH represented that the product at issue contained no THC. There is also question that plaintiff failed to produce these documents in response to MMI/RDH's specific discovery demands for the same.

In opposition, plaintiff's counsel speaks broadly about the discovery process but does not, at any point, claim that plaintiff provided any of the disputed exhibits in response to MMI/RDH's specific discovery demands for the same, or even prior to the summary judgment motions in this action (ECF Doc. 151-6 at 8).

Instead, plaintiff's counsel argues that MMI/RDH could have been aware of the existence of such documents through deposition testimony and through plaintiff's submission of the exhibits as part of their summary judgment motion. However, neither argument explains, or excuses, why plaintiff failed to disclose the documents in response to MMI/RDH's specific discovery demands for those exact type of documents during discovery.

Plaintiff's counsel further states that this "Court fully considered all of these subject evidentiary items in rendering its April 17, 2018 Decision" and that "Defendants did not previously argue or assert that these items should be excluded or not considered by the Court" (Doc. 151-6 at 8). The first statement is a mischaracterization, and the second statement is false.

In its April 17, 2018 decision, this Court stated:

Defendants contend that Plaintiffs did not produce the You Tube videos during discovery. Although these are colorable issues, both sides have failed to sufficiently develop them. … Likewise, while Defendants argue that Plaintiffs failed to disclose the YouTube videos in discovery, they do not cite any specific discovery request that Plaintiffs did not adequately answer or supplement. Consequently, the Court concludes that these issues are better raised in the context of a pretrial motion than on summary judgment. Doc. 88 at 22.

As per this Court's direction, MMI/RDH has now identified the discovery requests that specifically asked for the evidence that plaintiff seeks to introduce as Exhibits 2, 3 and 4. In

response, plaintiff's counsel admits that they failed to provide the exhibits during discovery but argues that, because his clients made opaque references to these documents during their depositions, MMI/RDH should have specifically requested them after the depositions–even though MMI/RDH had already asked for that exact type of document during discovery and plaintiffs had failed to provide them.

As stated in our initial papers, this failure to disclose these proposed trial exhibits and evidence during discovery was substantially prejudicial insofar as the defendants were prevented from fully questioning the plaintiff regarding the same during depositions. Those same exhibits – never provided to MMI/RDH prior to the summary judgment motions – then provided a basis for the Court to deny summary judgment to defendants dismissing plaintiff's RICO and fraudulent inducement claims (*see* Decision and Order issued April 17, 2019 [ECF Doc. 88) and Decision and Order issued November 22, 2019 [ECF Doc. 124]).

Given the foregoing, Plaintiff's Trial Exhibits 2, 3 and 4 should be excluded from evidence pursuant to Rule 37(c)(1) based on the plaintiff's failure to disclose the same in response to demands that specifically requested "advertising materials, statements, and/or media" and "advertising media, website posts, and/or press releases" pertaining to whether the product at issue contained THC.

**II.    AUTHENTICATION OBJECTIONS**

Plaintiff objects to all other parts of MMI/RDH's motion *in limine* under the subheading "Authentication" (ECF Doc. No. 151-6, p. 10). However, only a select few of these issues involve authentication. As set forth in MMI/RDH's initial motion papers, these issues also involve relevance, hearsay, and preclusion of fact and expert witness testimony.

    **a.**   **Plaintiff's Trial Exhibit 2 – "FAQs by Defendant Dixie" and Plaintiff's Trial Exhibit 4 – "Dixie Press Release dated May 2, 2012"**

MMI/RDH also moved to preclude Exhibits 2 and 4 on the basis that plaintiff had not authenticated the same. In opposition, plaintiff seeks to ameliorate this failure by submitting the affidavits of Elizabeth Rosenberg and Jon Berryhill.

The affidavit from Elizabeth Rosenberg was clearly not prepared with respect to this litigation (Doc. 151-2). It appears to be a form document that exists to explain, generally, how the Internet Archive website functions. Ms. Rosenberg does not state, at any point in this affidavit, that she is prepared to testify with respect to this matter or that she is personally capable of authenticating Trial Exhibits 2 and 4. This affidavit does not meet the standard set forth by the Second Circuit in *United States v. Gasperini*, 894 F.3d 482, 490 (2d Cir. 2018) and *Novak v. Tucows, Inc.*, 330 F.App'x 204 (2d Cir. 2009).

The affidavit of Jon Berryhill does not provide any authentication with respect to Trial Exhibits 2 and 4. Mr. Berryhill has no personal knowledge regarding the exhibits and merely expresses his personal opinion regarding the Internet Archive website (Doc. 151-3 at 6).

Plaintiff has not otherwise indicated how else he may authenticate these items pursuant to Fed. R. Evid. 901 (a) such that he can "produce evidence sufficient to support a finding that the items [are] what [he] claims [they are]." As plaintiff cannot authenticate the items in Plaintiff's Exhibits 2 and 4, the same should be excluded from evidence.

### b.     Plaintiff's Trial Exhibit 3 – "YouTube videos"

MMI/RDH also moved to preclude Exhibit 3 on the basis that plaintiff had not authenticated the same. Again, plaintiffs attempts to remedy this failure with the affidavits of Elizabeth Rosenberg and Jon Berryhill.

Ms. Rosenberg expresses no personal knowledge with respect to the three YouTube videos contained in Exhibit 3 (Doc. 151-2).

-4-
MURA&STORM, PLLC • 930 RAND BUILDING • 14 LAFAYETTE SQUARE • BUFFALO, NEW YORK  14203
(716) 855-2800 • FAX (716) 855-2816

Mr. Berryhill does not state that he works for YouTube, or Google, which is YouTube's parent company, or any other company affiliated with YouTube (Doc. 151-3). He is a self-described computer forensic specialist.

This fails to meet the standard set forth in *United States v. Hassan*, 742 F.3d 104, 133 (4th Cir. 2014), for "establishing the admissibility of" YouTube videos, which is that the party must present "the certifications of records custodians of… Google, verifying that the… YouTube videos had been maintained as business records in the course of regularly conducted business activities. According to those certifications… Google create[s] and retain[s] such pages and videos when (or soon after) their users post them through use of the… Google servers."

Plaintiff has still not listed or provided any certifications of records custodians from Google verifying that the YouTube videos listed by their alleged hyperlinks, comprising Plaintiff's Exhibit 3, have been maintained as business records in the course of regularly conducted business activities and that Google has created and retained the pages and videos contemporaneous with when they were posted.

Plaintiff has offered no indication as to how he may, otherwise, authenticate these videos pursuant to Fed. R. Evid. 901 (a) such that he can "produce evidence sufficient to support a finding that the items [are] what [he] claims [they are]." As the plaintiff cannot authenticate the videos in Plaintiff's Exhibit 3, the same should be excluded from evidence.

  c. **Plaintiff's Trial Exhibit 7 - "Clinical Reference Laboratory Test Results"**

MMI/RDH moved to preclude Exhibit 7 on the basis that plaintiff had not authenticated the same, it is not self-authenticating and Plaintiff lists no witnesses on his witness list who can or will testify to the authenticity of those records.

Moreover, Exhibit 7 contains hearsay results of testing, and Plaintiff has never disclosed any expert who will testify to the underlying science and expert results and conclusions of that testing.  In opposition, plaintiff states that he may provide "Dr. David Kuntz" at trial (Doc. 151-6 at 16), evidently intending to use him both to authenticate the exhibit and offer expert testimony regarding its contents

Plaintiffs has never disclosed Dr. Kuntz as an expert witness in this matter, depriving MMI/RDH the opportunity to depose him regarding his alleged findings. It would be extraordinarily prejudicial to allow plaintiff to call Dr. Kuntz to offer expert testimony in such circumstances.

As Exhibit 7, otherwise, cannot be authenticated and contains nothing but hearsay, the same should be precluded from evidence.

### d. Plaintiff's Trial Exhibit 8 - "EMSL Report" and Exhibit 9 - "EMSL Emails to Plaintiff"

MMI/RDH moved to preclude Exhibit 8 on the basis that it is irrelevant because EMSL was not accredited in 2012 to test cannabis, had no validated procedures for testing cannabis and that no testing results were provided by EMSL or by plaintiff for the Dixie X Hemp 500 mg Dew Drop product that plaintiff actually consumed, among other reasons.

In opposition, plaintiff submits the affidavits of Dr. Kenneth Graham and Scott Van Etten (Doc. 151-6 at 16). However, neither of these affidavits overcomes the relevance arguments raised on the initial motion.

MMI/RDH moved to preclude Exhibit 9 on the basis that the emails contained therein were offered for the truth of their contents, constitute improper bolstering of plaintiff's anticipated testimony, are inadmissible hearsay and fall without the exception to hearsay for business records.

In opposition, plaintiff points to nothing but the affidavit of Scott VanEtten (Doc. 151-5). This affidavit does nothing to cure the various issues raised with respect to Exhibit 9.

### e. **Plaintiff's Trial Exhibit 10 - "Defendants' Certificates of Analysis"**

MMI/RDH moved to preclude Exhibit 10 on the basis that the information contained in these documents is inadmissible hearsay and does not satisfy any exception to the rule against hearsay under FRE 803 and the records are not otherwise self-authenticating under Rule 902. The plaintiff has failed to submit any certification of a custodian or another qualified person that complies with Rule 803(6)(A)-(C) or Rule 902(11).

Further, regardless of the foregoing, the records contained in Exhibit 10 are not relevant to the plaintiff's claim as they concern testing of a different product performed on October 16, 2012, several weeks after the plaintiff allegedly purchased the product at issue in this lawsuit on September 17, 2012.

In opposition, the plaintiff does nothing to explain how he plans to overcome the hearsay objection (Doc. 151-6 at 17). Plaintiff, erroneously, refers to the documents in the exhibits as defendants' "own testing results" and that they are somehow "declarations against interest."

The testing was performed by a company called "CannLabs." CannLabs is not a defendant in this action and plaintiff has never offered any evidence that CannLabas is associated with any party in this action. These are not the defendants' "own testing." They are tests performed by a third party that defendants disclosed to plaintiff during discovery. It is still plaintiff's responsibility to authenticate the documents and overcome any hearsay objections if plaintiff wishes to introduce the documents into evidence.

Plaintiff says nothing to even respond to the argument that the documents in exhibit 10 are not relevant as they concern testing of a different product performed on October 16, 2012, several

weeks after the plaintiff allegedly purchased the product at issue in this lawsuit on September 17, 2012 – apparently, conceding the same.

### f.  Plaintiff's Trial Exhibit 13 - "Expert Reports: Kenneth Graham" and Exhibit 14 – "Expert Report: Mark Zaparowski"

MMI/RDH moved to preclude Exhibit 13 on the basis that Dr. Kenneth Graham's reports dated August 29, 2017 and October 31, 2017 are unsworn, contain narratives that are unlikely to be connected to testimony at trial, and present conclusions of law, interpreting federal and state criminal statutes.

MMI/RDH requested that the Court strike all references in Dr. Graham's Affidavit and annexed reports regarding what is legal or lawful (e.g., references in the Graham Affidavit and August 2017 report at pp. 6-7 regarding legal THC levels, labeling and packaging requirements, what constitutes a controlled substance and false advertising, etc.).

MMI/RDH moved to preclude Exhibit 14 on the basis that Mark Zaparowski's report is unsworn, contains irrelevant information, contains hearsay information, contains inflammatory and argumentative statements, would constitute improper bolstering, is predicated upon invalid, unsupportable assumptions, and contains expert opinion not disclosed in this action until just last month.

In opposition, plaintiff only directly addresses the argument that Dr. Graham presents conclusions of law  (Doc. 151-6 at 18) and only says that it is a "red herring." Plaintiff does not actually do anything to address the specific arguments and examples set forth by defendants, showing that Dr. Graham does, in fact, impermissibly draw such conclusions.

Beyond this, plaintiff's opposition becomes only less substantive. Plaintiff does not address any of the arguments set forth by defendants with respect to these issues. Instead, plaintiff merely states, in conclusory fashion, that both reports are properly admissible  (Doc. 151-6 at 19).

Plaintiff's statement that defendants' arguments go to the "weight of evidence and testimony" and not "admissibility," is not true. Again, MMI/RDH's position – that Mr. Zaporowski's report is unsworn, contains irrelevant information, contains hearsay information, contains inflammatory and argumentative statements, would constitute improper bolstering, is predicated upon invalid, unsupportable assumptions, and contains expert opinion not disclosed in this action until just last month – are all issues of admissibility.

Plaintiff does not directly respond to any of this other than to briefly state that the report was not disclosed until recently because it was updated to reflect the dismissal of Cindy Horn's claims. However, this is also not true. The "second scenario" set forth in Mr. Zaporowki's recent report does not state it is based on Cindy Horn's claim being dismissed. It states: "Mr. Horn's lost income as a truckdriver is based on a wage of $120,000 beginning in 2013" (Plaintiff's Trial Exhibit 14, pg. 2).

This is an entirely new expert opinion from Mr. Zaporowksi. The first scenario is based on Mr. Horn's income he was earning at the time of this termination and the second scenario is based on a wage of $120,000 beginning 2013 (Plaintiff's Trial Exhibit 14, pg. 2). On its face, the new second scenario is not related to Cindy Horn's claim being dismissed.

Plaintiff's expert disclosure for Mr. Zaporowski attached his original report dated August 23, 2017, in which Mr. Zaporowski said nothing about and made no calculation based on this "second scenario". Defendants have had no opportunity to depose Mr. Zaporowski on that "second scenario" and his calculations based on same. As such, these parts of his report should be precluded from evidence and the remainder of the report should be precluded for the reasons stated in MMI/RDH's initial motion, which plaintiff has failed to address.

### III. POINTS ON MOTION *IN LIMINE* TO WHICH THE PLAINTIFF OFFERED NO OPPOSITION

The above points are only those that plaintiff directly addressed in his opposition to MMI/RDH's motion. Plaintiff offered no opposition with respect to the following points. As these points are uncontested, MMI/RDH respectfully requests the Court grant defendants' motion with respect to same.

    a. <u>Plaintiff Should be Precluded from Introducing Any Testimony or Exhibits Regarding Cindy Horn's Dismissed Claims or Alleged Damages</u>

As plaintiff has not opposed this part of the motion, MMI/RDH requests, to the extent plaintiff intends for Cindy Horn to testify, or to introduce evidence involving Cindy Horn, plaintiff's counsel and witnesses be precluded from making any mention of Cindy Horn's dismissed claims and damages.

    b. <u>Plaintiff's Trial Exhibit 2 and Third Video Listed as a Hyperlink on Plaintiff's Exhibit 3 Should be Precluded from Evidence as the Same Postdate the Purchase Date of the Product and are Not Relevant</u>

As plaintiff has not opposed this part of the motion, plaintiff should be precluded from using these documents – all of which postdate September 17, 2012, the date plaintiff allegedly purchased the Dixie X product – as evidence that he relied on any statements therein with respect to the THC content of the product prior to purchasing it.

    c. <u>Plaintiff Should be Precluded From Attributing Any Statements in Plaintiff's Trial Exhibits 2, 3 and 4 to MMI/RDH</u>

As plaintiff has not opposed this part of the motion – and plaintiff has not listed or offered any evidence showing that any statements made in these documents can be attributed to any person who now, or has ever had, any affiliation with MMI or RDH – in the event plaintiff is allowed to introduced these exhibits into evidence, plaintiff should be precluded from attributing any statements in them to MMI/RDH.

Dated: Buffalo, New York
December 14, 2020

                                              Respectfully submitted,

                                              _____
                                              Roy A. Mura, Esq.
                                              Scott D. Mancuso, Esq.

                                              MURA & STORM, PLLC
                                              *Attorneys for Defendants*
                                              *Medical Marijuana, Inc.*
                                              *and Red Dice Holdings, LLC*
                                              930 Rand Building
                                              14 Lafayette Square
                                              Buffalo, New York 14203
                                              (716) 855-2800

cc: All parties via ECF