IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

DOUGLAS J. HORN and CINDY HARP-HORN,

*Plaintiffs*,

-against-

MEDICAL MARIJUANA, INC., DIXIE HOLDINGS, LLC, RED DICE HOLDINGS, LLC, and DIXIE BOTANICALS,

*Defendants*.

Civil Action No. 15-cv-701-FPG

Hon. Frank P. Geraci, Jr.
Chief U.S. District Judge

**Memorandum in Reply and in Further Support of Defendant's Motion in Limine to Preclude Plaintiff's Proposed Trial Exhibits**

Mazzola Lindstrom LLP

Jean-Claude Mazzola
Richard E. Lerner
Hanoch Sheps
*Attorneys for defendant Dixie Holdings, LLC*
1350 Avenue of the Americas, 2nd Floor
New York, New York 10019
Tel: 646-216-8300
Cell: 646-250.6666
jeanclaude@mazzolalindstrom.com

Dated: December 14, 2020
New York, New York

## TABLE OF CONTENTS

**I. Preliminary Statement ........................................................................ 1**

**II. Rule 34 and Rule 26 Objections ........................................................ 2**

**III. Authentication Objections ................................................................ 4**

a. Exhibit 02 – "FAQs by Defendant Dixie" and Exhibit 04 – "Dixie Press Release dated May 2, 2012" ........................................................................ 4

b. Exhibit 03 – "YouTube videos" ........................................................ 5

c. Exhibit 07 - "Clinical Reference Laboratory Test Results" ........................ 6

d. Exhibit 08 - "EMSL Report" and Exhibit 09 - "EMSL Emails to Plaintiff" ........ 7

e. Exhibit 10 - "Defendants' Certificates of Analysis" ................................ 7

f. Exhibit 13 - "Expert Reports: Kenneth Graham" and Exhibit 14 – "Expert Report: Mark Zaporowksi" ........................................................................ 8

**IV. Unopposed Points on Motion in Limine ................................................ 10**

a. Plaintiff Should be Precluded from Introducing any Testimony or Exhibits Regarding Cindy Horn's Dismissed Claims or Alleged Damages ........................................ 10

b. Exhibit 02 and the Third Video on Exhibit 03 Should be Precluded from Evidence as they Postdate the Purchase Date of the Product and are Not Relevant ........................ 10

c. Plaintiff Should be Precluded from Attributing Any Statements in Exhibits 02, 03 and 04 to Dixie ........................................................................ 10

**V. Conclusion ........................................................................ 10**

# TABLE OF AUTHORITIES

## Cases

*Novak v. Tucows, Inc.*, 330 F.App'x 204 (2d Cir. 2009) .......... 4

*United States v. Gasperini*, 894 F.3d 482 (2d Cir. 2018) .......... 4

*United States v. Hassan*, 742 F.3d 104 (4th Cir. 2014) .......... 5

## Rules

FRCP 34 .......... 8

FRCP 37 .......... 3

FRE 803 .......... 7

FRE 901 .......... 5, 6

FRE 902 .......... 7

## I. Preliminary Statement

Defendants, Dixie Holdings, LLC ("Dixie"), by and through their undersigned counsel, submit this memorandum of law in reply to plaintiff's opposition to, and in further support of, Dixie's motion in limine for an order precluding plaintiff from mentioning and introducing into evidence plaintiff's proposed trial exhibits 02, 03, 04, 07, 08, 09, 10, 13 and 14, and to limit the testimony and documentary exhibits related to Mrs. Cindy Harp-Horn.

Plaintiff's opposition is organized thematically, by basis of objection, rather than addressing each exhibit separately. We address each objection in turn.

Plaintiff's opposition is replete with gross misstatements of the facts and law of the case, and outlandish mischaracterizations of the procedural history and decisions of this Court. It would be a fool's errand to respond to each, but it merits some general comments at the outset. Every litigant is bound by the same rules and can and should utilize them to present the best argument, mount the best defense, whilst avoiding undue prejudice and surprise.[1] That a piece of evidence can be used to paint a party in a negative light does not make it admissible. That the evidence was submitted in discovery does not make it admissible at trial. Evidentiary rules exist for a reason.

Plaintiff believes himself unbound by those rules and has not missed a single opportunity to skirt them during the pendency of this matter (*e.g.*, when he attempted to conduct discovery after its closure, submitted previously undisclosed documents in dispositive motions, filed untimely and frivolous appeals, motions and so on).

---

[1] It is rather daft of plaintiff to accuse defendants of attempting to relitigate old issues when the Court admonished plaintiff for doing precisely that in summarily dismissing his September 2020 Rule 60(b) motion. "Even if Rule 60(b)(1) were an appropriate vehicle for Plaintiffs' arguments, in substance they seek to relitigate old issues, press new legal and factual theories, and, put simply, take a 'second bite at the apple'." (Decision and Order, ECF No. 132, pg. 2).

Plaintiff also blatantly misstated the facts of the case in arguing that "[a]ll of the items now objected to were in the record prior to and in connection with summary judgment." Indeed, this Court has recognized that defendants dispute that assertion. [2] The fact is that the Court welcomed motions in limine on the evidence submitted by plaintiff in its April 17, 2019, Decision and Order (ECF No. 88, Decision and Order, April 17, 2019). *See* Fn. 2. It is in this context and under the purview of the Federal Rules of Civil Procedure and Federal Rules of Evidence that the instant motions were brought. That the defendants raised similar arguments does not diminish their merits.

**II. Rule 34 and Rule 26 Objections**

Dixie moved to preclude Exhibits 02, 03, and 04 because plaintiff failed to timely disclose them during discovery. By so moving, defendants complied with the Court's request for briefing on this issue.

Plaintiff seeks to introduce "FAQs," YouTube videos, and "Dixie Press Release of May 2, 2012." As set forth in our initial papers, plaintiff failed to respond to Dixie's tailored demands for evidence that Dixie allegedly represented that the tincture contained "no THC" (ECF No. 142-5 at 4). Dixie first moved to strike these items from consideration when plaintiff annexed them to a summary judgment motion.

In opposing Dixie's current motion, plaintiff only speaks broadly about the discovery process but does not claim, much less prove, that he disclosed the disputed exhibits in response to Dixie's discovery demands, or in advance of summary judgment. Counsel falsely and cursorily stated that plaintiff had disclosed them earlier.

---

[2] "[w]hile Defendants argue that Plaintiffs failed to disclose the YouTube videos in discovery, they do not cite any specific discovery request that Plaintiffs did not adequately answer or supplement. Consequently, the Court concludes that these issues are better raised in the context of pretrial motions than on summary judgment. To the extent Defendants prevail on their arguments, the Court may revisit whether the fraudulent inducement claim may proceed to trial." *Id*.

Plaintiff's counsel also argues that Dixie was given notice of the YouTube videos during plaintiff's deposition testimony, and argues that there is no prejudice because the documents and videos were annexed to plaintiff's summary judgment motion. However, neither argument explains, or excuses, why plaintiff failed to timely disclose the documents and videos in response to Dixie's discovery demands.

Plaintiff's counsel further stated that this "Court fully considered all of these subject evidentiary items in rendering its April 17, 2018 decision" and that "Defendants did not previously argue or assert that these items should be excluded or not considered by the Court" (ECF No. 151-6 at 8). The first statement is a mischaracterization; the second is flatly false.

In fact, this Court specifically noted in its April 17, 2018 decision (ECF No. 88, at p. 22):

> Defendants contend that Plaintiffs did not produce the You Tube videos during discovery. Although these are colorable issues, both sides have failed to sufficiently develop them.… Likewise, while Defendants argue that Plaintiffs failed to disclose the YouTube videos in discovery, they do not cite any specific discovery request that Plaintiffs did not adequately answer or supplement. Consequently, the Court concludes that these issues are better raised in the context of a pretrial motion than on summary judgment.

Dixie stated in its moving papers that plaintiff's failure to disclose these exhibits and evidence during discovery was substantially prejudicial. Defendants were precluded from fully questioning plaintiff regarding the exhibits during depositions. The exhibits – never provided to Dixie prior to the summary judgment motions – then provided a basis for the Court to deny summary judgment to defendants as to plaintiff's RICO and fraudulent inducement claims (*see*, ECF No. 88, and ECF No. 124, Decision and Order, November 22, 2019).

Given the foregoing, Exhibits 02, 03 and 04 should be excluded from evidence at trial pursuant to FRCP 37(c)(1) based on plaintiff's failure to disclose them in response to discovery

demands that requested "advertising materials, statements, and/or media" and "advertising media, website posts, and/or press releases" pertaining to whether the product at issue contained THC.

## III. Authentication Objections

Plaintiff objected to the remainder of Dixie's motion in limine under the subheading "Authentication." We note that Dixie raised multiple bases including relevance, hearsay, and preclusion of fact and expert witness testimony.

### a. Exhibit 02 – "FAQs by Defendant Dixie" and Exhibit 04 – "Dixie Press Release dated May 2, 2012"

Dixie moved to preclude Exhibits 02 and 04 because plaintiff failed to authenticate them. Plaintiff failed to cure this defect through Elizabeth Rosenberg and Jon Berryhill's affidavits. Rosenberg submitted a template affidavit not specific to this litigation (ECF No. 151-2). Rosenberg provided a generic explanation of how the Internet Archive website functions. Rosenberg failed to state that she is prepared to testify with respect to this litigation or that she can authenticate any exhibit. Her affidavit, therefore, fails to satisfy the requirements of *United States v. Gasperini*, 894 F.3d 482, 490 (2d Cir. 2018), and *Novak v. Tucows, Inc.*, 330 F.App'x 204 (2d Cir. 2009).

Rosenberg annexed an illegible "browser printout of the [website's] records." Exhibit 04 is purported to be a May 2, 2012 article entitled "Dixie Elixirs and Edibles Brand to Launch First CBD Line of Health and Wellness Products." Of the eight items under the heading "2012 All Press and News" on Rosenberg Exhibit A, none have a May 2 publication date. The dates do not match; the title does not match; and there is no proof that the contents match the proposed exhibit. Moreover, plaintiff has not offered any evidence showing that any statements can be attributed to Dixie or that plaintiff accessed the website prior to purchasing the product at issue.

Plaintiff offered nothing but speculation to argue that defendants had a role in publishing the "press release." This Court opined that plaintiff may not proceed with his claim of fraudulent

inducement based on the alleged misrepresentations contained in the "High Times" article for similar reasons. *See*, ECF. No. 88, pg. 21). The Court did not specifically address the press releases at that time and defendants aver that the FAQ and press releases should be precluded on the same grounds of inadmissibility and hearsay.

Berryhill's affidavit does not provide any authentication of Exhibits 02 and 04. Berryhill has no personal knowledge of the exhibits and merely expressed his personal opinion regarding the Internet Archive website (ECF No. 151-3 at 6).

Plaintiff has not otherwise indicated how else he may authenticate these exhibits under FRE 901 (a) such that he can "produce evidence sufficient to support a finding that the items [are] what [he] claims [they are]." As plaintiff cannot authenticate the items in Exhibits 02 and 04, they should be excluded from evidence.

**b. Exhibit 03 – "YouTube videos"**

Dixie moved to preclude Exhibit 03 because plaintiff failed to authenticate it.[3] Again, plaintiff attempted to remedy this failure with the Rosenberg and Berryhill affidavits. Rosenberg expressed no personal knowledge of the exhibits. Berryhill is a self-described computer forensic specialist, not an agent or employee of YouTube, or Google (YouTube's parent company).

Both affidavits fail to meet the standard set forth in *United States v. Hassan*, 742 F.3d 104, 133 (4th Cir. 2014), for "establishing the admissibility of" YouTube videos, which is that the party must present "the certifications of records custodians of… Google, verifying that the… YouTube videos had been maintained as business records in the course of regularly conducted business

[3] The Court disregarded the third YouTube video in reaching its April 17, 2019 Decision and Order (ECF No. 88, pg. 5, fn. 5) on the cross motions for summary judgment. The Court should do so again here. "Plaintiffs cite a third YouTube video in their materials, but it appears that this video was posted on YouTube after Plaintiffs purchased Dixie X. *See* ECF No. 60-1 ¶ 7(c). The Court therefore disregards that video."

activities. According to those certifications… Google create[s] and retain[s] such pages and videos when (or soon after) their users post them through use of the… Google servers."

Plaintiff has still not listed or provided any certifications of records custodians from Google verifying that the YouTube videos listed by their alleged hyperlinks have been maintained as business records in the course of regularly conducted business activities and that Google has created and retained the pages and videos contemporaneous with when they were posted.

Plaintiff has offered no indication as to how he may, otherwise, authenticate these videos pursuant to FRE 901 (a) such that he can "produce evidence sufficient to support a finding that the items [are] what [he] claims [they are]."

Based on the foregoing, the Court should exclude the videos in Exhibit 03.

**c. Exhibit 07 - "Clinical Reference Laboratory Test Results"**

Dixie moved to preclude Exhibit 07 because plaintiff failed to authenticate it, because it is not self-authenticating, and because plaintiff failed to identify an authenticating witness. The exhibit also contains inadmissible hearsay testing results, and plaintiff failed to timely disclose any expert who will testify to the underlying science, or the results and conclusions of that testing.

Plaintiff now seeks to disclose "Dr. Kuntz" as an expert witness (ECF No. 151-6 at 16), evidently to authenticate the exhibit and offer expert testimony regarding its contents. Plaintiff has never disclosed Dr. Kuntz as an expert witness in this matter, depriving Dixie of the opportunity to depose him regarding his alleged findings.[4] It would be extraordinarily prejudicial to allow

[4] When Magistrate Judge Roemer issued the Case Management Order (ECF No. 31) on October 7, 2016, during the last presidential administration, it was ordered that plaintiff would disclose all experts by September 1, 2017. Plaintiff had the proposed exhibits to hand back when they sought to modify the discovery deadlines in December 18, 2017, but did not disclose, much less mention, the need for an expert like "Dr. Kuntz."

plaintiff to call Dr. Kuntz to offer expert testimony in such circumstances. As Exhibit 07 cannot be authenticated and contains nothing but hearsay, the Court should preclude it from evidence.

**d. Exhibit 08 - "EMSL Report" and Exhibit 09 - "EMSL Emails to Plaintiff"**

Dixie moved to preclude Exhibit 08 because it is irrelevant, in that EMSL lacked the necessary accreditations, had no validated cannabis testing procedures, and did not test relevant product. In opposition, plaintiff submitted affidavits by Dr. Graham and Scott VanEtten (ECF No. 151-6 at 16), but neither overcomes the defects raised by defendants.

Dixie moved to preclude Exhibit 09 because the emails, albeit hearsay, were offered for the truth of their contents, constitute improper bolstering of plaintiff's anticipated testimony, and fall outside the exception to hearsay for business records. Scott VanEtten's opposition affidavit (ECF No. 151-5) does nothing to cure the defects.

Based on the foregoing, both Exhibit 07 and 09 should be excluded from evidence.

**e. Exhibit 10 - "Defendants' Certificates of Analysis"**

Dixie moved to preclude Exhibit 10 because it contains inadmissible hearsay and does not fall within any of the hearsay exceptions in FRE 803. The exhibits are not otherwise self-authenticating under FRE 902. Plaintiff failed to submit any custodial certification or another qualified person that complies with FRE 803(6)(A)-(C) or FRE 902(11). This notwithstanding, the exhibit is irrelevant because it concerns tests for an unrelated product performed on October 16, 2012, several weeks after plaintiff allegedly purchased the product at issue on September 17, 2012. Mr. VanEtten failed to address the false equivalence of the testing of a product that plaintiff did not consume to the product that he allegedly consumed. In other words, he failed to address how the test, or communications regarding that test, is in any way relevant to a discussion about a

completely different product, purchased and tested after plaintiff was terminated. Plaintiff failed to rebut defendants' arguments on this relevancy issue, apparently conceding its merits.[5]

In opposition, plaintiff does nothing to explain how he plans to overcome the hearsay objection (ECF. 151-6 at 17). Plaintiff, erroneously, refers to the documents in the exhibits as defendants' "own testing results" and that they are somehow "declarations against interest."

A defunct third party named CannLabs conducted the testing. Plaintiff never offered evidence connecting CannLabs to any named party. The reports are not defendants' "own testing." It bears repeating that just because a document must be disclosed in discovery (due to the broad rules of FRCP 34), this does not make it admissible at trial. It is still plaintiff's burden to authenticate the documents, overcome hearsay objections, and demonstrate the document's relevance. Plaintiff has failed to do so.

**f. Exhibit 13 - "Expert Reports: Kenneth Graham" and Exhibit 14 – "Expert Report: Mark Zaporowksi"**

Dixie moved to preclude Exhibit 13 because Dr. Graham's reports (dated August 29, 2017 and October 31, 2017, respectively) are unsworn, contain narratives unlikely to be connected to testimony at trial, and present conclusions of law, interpreting federal and state criminal statutes.

Dixie requested that the Court strike all references in Dr. Graham's affidavit and annexed reports regarding what is legal or lawful (*e.g.*, references in the Graham affidavit and August 2017 report at pp. 6-7 regarding legal THC levels, labeling and packaging requirements, what constitutes a controlled substance and false advertising, etc.)

[5] Plaintiff's counsel conceded that the certificate did not correspond to the tincture product taken by plaintiff. Again, they were disclosed merely to show that Dixie did have a quality control and testing process. (ECF No. 151, at 4, para 12(e)). Plaintiff also misconstrued Dr. Orser's testimony in several instances, for example, Dr. Orser never claimed that defendants did not test the products.

Dixie moved to preclude Exhibit 14 because Dr. Zaporowski's report is unsworn, contains irrelevant information, contains hearsay information, contains inflammatory and argumentative statements, would constitute improper bolstering, is predicated upon invalid, unsupportable assumptions, and contains expert opinion not disclosed in this action until just last month.

In opposition, plaintiff claimed that any argument characterizing Dr. Graham's testimony as a legal conclusion was a red herring. (ECF No. 151-6 at 18). Plaintiff failed to address the specific arguments and examples set forth by defendants, *viz.* that Dr. Graham does, in fact, impermissibly draw such conclusions. The remainder of plaintiff's opposition is conclusory, *viz.* he claims, without support, that both reports are admissible. (ECF. No. 151-6 at 19).

Plaintiff's statement that defendants' arguments go to the "weight of evidence and testimony" and not "admissibility," is not true. Again, Dixie's arguments – that Dr. Zaporowski's report is unsworn, contains irrelevant information, contains hearsay information, contains inflammatory and argumentative statements, would constitute improper bolstering, is predicated upon invalid, unsupportable assumptions, and contains expert opinion not disclosed in this action until just last month – raise issues of admissibility, not mere weight of the evidence.

Plaintiff does not directly respond to any of this. Rather, he claims that the report was only recently disclosed to reflect the dismissal of Mrs. Horn's claims. On its face, the "second scenario" is unrelated to the dismissal of Mrs. Horn's claim. In fact, Dr. Zaporowksi's report did not state that it is based on Mrs. Horn's claim being dismissed. It stated: "Mr. Horn's lost income as a truckdriver is based on a wage of $120,000 beginning in 2013." (Exhibit 14, pg. 2). The first scenario was based on Mr. Horn's income at the time of this termination and the second scenario was based on a wage of $120,000 beginning 2013. (Exhibit 14, pg. 2). This new scenario is an entirely new expert opinion: Dr. Zaporowksi's August 2017 report had no "second scenario." The

Court should preclude exhibits and testimony concerning the "second scenario" because defendants had no opportunity to depose Dr. Zaporowksi on it and will be prejudiced.

**IV. Unopposed Points on Motion in Limine**

Plaintiff offered no opposition to the following points and Dixie respectfully requests that the Court therefore grant the relief sought.

**a. Plaintiff Should be Precluded from Introducing any Testimony or Exhibits Regarding Cindy Horn's Dismissed Claims or Alleged Damages**

If Mrs. Horn testifies, or plaintiff introduces evidence involving her, plaintiff should be precluded from mentioning her dismissed claims and damages.

**b. Exhibit 02 and the Third Video on Exhibit 03 Should be Precluded from Evidence as they Postdate the Purchase Date of the Product and are Not Relevant**

Plaintiff should be precluded from using these exhibits – all of which postdate September 17, 2012, the date plaintiff allegedly purchased the Dixie X product – as evidence that he relied on any statements therein with respect to the THC content of the product prior to purchasing it.

**c. Plaintiff Should be Precluded from Attributing Any Statements in Exhibits 02, 03 and 04 to Dixie**

There is no evidence establishing that any "statements" in these documents are directly attributable Dixie – if plaintiff is allowed to introduce these exhibits, plaintiff should be precluded from attributing any "statements" to Dixie.

**V. Conclusion**

Plaintiff's proposed trial exhibits No. 02, 03, 04, 07, 08, 09, 10, 13 & 14 must be precluded.

Dated: December 14, 2020
New York, New York

Respectfully submitted,
Mazzola Lindstrom LLP

By: Jean-Claude Mazzola
Richard E. Lerner
Hanoch Sheps