# Exhibit 1

Google LLC
1600 Amphitheatre Parkway
Mountain View, California 94043



google-legal-support@google.com
www.google.com

October 20, 2020

*Via Email Only*
*jbenjamin@nyfraudlaw.com*

Jeffrey Benjamin
Benjamin Hart, P.C.
5 Penn Plaza, 23rd Floor
New York, New York 10001
212-835-1532

      **Re:** *Douglas J. Horn v. Medical Marijuana, Inc., Dixie Elixirs, et al.*, **United States District Court for the Western District of New York, 15-cv-701 (FPG) (Internal Ref. No. 4116853)**

Dear Jeffrey Benjamin:

    Google LLC ("Google"), a non-party to your litigation, has received your subpoena, dated October 09, 2020, in the above-referenced matter (the "Subpoena"). Your Subpoena states that you are requesting "a Certification of Authenticity" pertaining to the YouTube video(s) associated with the External IDs Urlwtw_xQ48, yDjIGXS58ds, k42_Kpp13mk.

    At this point, however, as set forth below in the objections, it is not clear precisely what information the Subpoena is requesting. Because Google is unable to discern the scope of the Subpoena, Google is unable to respond to the Subpoena as currently presented. Google further hereby makes the following objections to the Subpoena.

    As an initial matter, Google objects to the Subpoena on the grounds that it does not appear to be signed.

**Service**

    Google objects to the Subpoena to the extent it was improperly served. *See* Fed. R. Civ. P. § 45(b)(1).

**User Notification**

    Google objects to the Subpoena to the extent it fails to allow sufficient time for Google to notify the affected user and for the user to assert his or her rights in response. Google provides its users at least 21 days to object to your request or to inform Google of their intent to file a motion to quash. If your subpoena sufficiently identifies a Google account, Google intends to forward notice of this matter, including your name and contact information, to the user at the email address provided by the user.

**Authentication**

    You do not need Google to authenticate any records. Google cannot authenticate the identity of the person who drafted or received a communication. Moreover, under California law, any of the following can authenticate the content in question: the owner of the account; any witness with knowledge; any participant to the communications; circumstantial evidence; or the person who collects the content for production. *See* Cal. Evid. Code § 1410 (No restriction on "the means by which a writing may be authenticated."); *id*. § 1421 (Writing can be authenticated by its contents.). The Court of Appeal has held that a printout of an online profile was sufficiently authenticated by the police investigator that



Google LLC  
1600 Amphitheatre Parkway  
Mountain View, California 94043

google-legal-support@google.com  
www.google.com

downloaded the printout, noting that the "threshold authentication burden for admissibility is not to establish validity or negate falsity in a categorical fashion, but rather to make a showing on which the trier of fact reasonably could conclude the proffered writing is authentic." *People v. Valdez*, 201 Cal. App. 4th 1429, 1434-37 (2011). Thus, defendant, his or her authorized representative, a defense investigator, or any witness with knowledge are all proper parties to authenticate content, and authentication by Google is therefore unnecessary.

**Additional Objections**

1. Google objects to the Subpoena to the extent it seeks to impose an undue burden on a disinterested non-party. Google further objects to the Subpoena to the extent it seeks information already in a party's possession or available to a party from some other source (including public sources) that is more convenient, less burdensome or less expensive. Google objects to the Subpoena to the extent it seeks electronically stored information that is not reasonably accessible to Google.
2. Google objects to the Subpoena to the extent it seeks information that is not proportionate to the needs of the case, not relevant to any party's claims or defenses, or not reasonably calculated to lead to the discovery of admissible evidence.
3. Google objects to the Subpoena to the extent it specifies a date of production that is unreasonable and unduly burdensome, including because it may not afford Google time to provide sufficient notice to the user.
4. Google objects to the Subpoena to the extent that it is vague, ambiguous, unlimited in time or scope, or fails to identify the information sought with reasonable particularity. Accordingly, Google further objects to the Subpoena to the extent it purports to require Google to preserve the requested information. Therefore you should not assume that Google will undertake steps to preserve any information in response to your Subpoena. Google is willing to meet and confer to discuss any preservation request.
5. Google objects to the Subpoena to the extent it seeks to impose obligations on Google beyond what is permissible under applicable law.
6. Non-party Google is located in Santa Clara County, California, which is also where Google resides. Google therefore objects to the Subpoena because it designates a place for compliance that is more than 100 miles from its headquarters. *See* Fed. R. Civ. P. 45(c)(2)(A).

Google reserves the right to further object to the Subpoena in any additional response.

If you have any questions, please feel free to contact the undersigned at the Legal Support Department alias at GOOGLE-LEGAL-SUPPORT@GOOGLE.COM. Additionally, should you wish to seek any judicial relief in connection with this matter, Google requests the opportunity to meet and confer in advance of any such filing. Thank you.

Very truly yours,  
/s/  Danny O'Donnell  
Legal Investigations Support