UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

DOUGLAS J. HORN and CINDY HARP-HORN,

                *Plaintiffs*,

-against-

MEDICAL MARIJUANA, INC., DIXIE HOLDINGS, LLC, RED DICE HOLDINGS, LLC, and DIXIE BOTANICALS,

                *Defendants*.

Civil Action No.
15-cv-00701-FPG-MJR

Hon. Frank P. Geraci, Jr.
Chief U.S. District Judge

***Voir Dire* Information**

**1.**     **Short Description of the Case**

Plaintiff Douglas J. Horn brought this action to recover damages allegedly sustained when he was terminated by his employer after testing positive for THC. Plaintiff alleges that the positive THC test was caused by his consumption of a product called "Dixie X CBD Dew Drops 500 mg Tincture." Testimony will be elicited showing that defendant Medical Marijuana Inc. imported and tested the unrefined hemp paste, and provided management, investing and consulting services, that defendant Dixie Elixirs manufactured the product, and defendant Red Dice Holdings, LLC sold the product.

Plaintiff's only remaining causes of actions against the defendants are those he has styled as "COUNT II – RICO VIOLATION" and "COUNT III – Fraudulent Inducement." Plaintiff alleges that he consumed the product at issue while relying on representations made by the defendants that the product did not contain THC. Plaintiff alleges that the product did contain THC and it caused him to test positive for THC, resulting in termination from his employment. Plaintiff claims monetary damages against the defendants allegedly related to his termination.

Defendants have taken the position that the plaintiff cannot recover under these causes of action as he cannot prove that the product he consumed contained THC, that the product caused his positive test for THC, that defendants knew that the product contained THC, that the defendants

knowingly misrepresented that the product did not contain THC, or that the plaintiff relied on representations that the product did not contain THC in deciding whether to consume the product.

**2.   Name and Address of the Client**

| | |
|---|---|
| Clients: | Dixie Holdings, LLC<br>Denver, Colorado 80202 |
| Corporate Representative: | Chuck Smith, Manager and/or CJ Chapman, General Counsel |

**3.   Name and Address of Counsel**

| | |
|---|---|
| Counsel: | Jean-Claude Mazzola<br>Richard E. Lerner<br>Hanoch Sheps<br><br>Mazzola Lindstrom LLP<br>1350 Avenue of the Americas, 2nd Floor<br>New York, New York 10019 |
| Assistants: | Steven Prifti, Paralegal<br>Lucas Calderon, Paralegal |

**4.   List of Prospective Witnesses**

**Douglas Horn**

   (i)    Douglas J. Horn

   (ii)   Commercial truck driver

   (iii)  195 Parker Road, Lockwood, New York 14859

   (iv)   Testimony regarding allegations made as plaintiff against the defendants in this action.

**Charles S. Amodio**

   (i)    Charles A. Amodio

   (ii)   CPA, CFF, MAFF, MBA at Ferraro, Amodio & Zarecki, CPAs.

   (iii)  18 Division Street, Suite 413, Saratoga Springs, NY 12866.

   (iv)   Expert testimony regarding plaintiff's alleged claim of economic loss.

**Cindy S. Orser**

 (i) Cynthia S. Orser

 (ii) Ph.D., Chief Science Officer and Lab Director of CLIP Labs

 (iii) 5946 Pacific Center Blvd, Suite 504, San Diego, CA 92121

 (iv) Expert testimony regarding plaintiff's inability to prove that the subject product caused plaintiff to fail his random urine test.

**5.** **Proposed *Voir Dire* Questions**

 (i) Are you, or is any member of your family, or any close friend, a biologist, chemist, toxicologist or any other type of scientist?

 (ii) Have you, any member of your family, or any of your close friends ever been charged with a marijuana-related crime or offense?

 (iii) What are your views on the legalization of marijuana, whether for medicinal purposes, holistic purposes, or recreational use?

 (iv) Do you use hemp oil or hemp seed products for nutritional or medicinal purposes, or wear clothes with hemp fibers?

 (v) Do you use CBD products?

 (vi) Have you ever heard that eating a poppyseed muffin or bagel can result in failing a drug test?

 (vii) Have you ever heard that eating granola bars can result in failing a drug test?[1]

 (viii) What is your opinion as to the idea that a "caffeine-free" coffee or tea may still contain a trace amount of caffeine? Are you aware that decaffeinated coffee has caffeine in it?

 (ix) What is your understanding of the concept of margin of error in statistics? What do you understand it to mean?

---

[1] See, "Granola Bars Contain Hemp Seeds, Army Warns," USA Today, August 12, 2015 (available at https://www.usatoday.com/story/news/nation-now/2015/08/12/army-strong-and-kind-bars-hemp-seeds/31526589/#:~:text=Snacking%20%22Strong%20%26%20KIND%22%20may,drug%20test%2C%20the%20Army%20says – last accessed 6/15/21)

    (x)    If a company advertises a product as being fat-free, and it's found that it's really only 99.99% fat free, would you think it a problem?

    (xi)    Which would be more in line with your personality – "The devil is in the details" or "Look at the big picture."?

***

Is there any additional information that came to mind after you completed your written questionnaire which may have some bearing on your service as a juror in this case?

Is there anything else we have not touched on in our questions that you think the court or the attorneys should know about you or your opinions in selecting a jury for this case?

***

Dated:    June 18, 2021
           New York, New York

Respectfully submitted,

Mazzola Lindstrom LLP

By: Jean-Claude Mazzola
Richard E. Lerner
Hanoch Sheps
*Attorneys for defendant*
*Dixie Holdings, LLC*
1350 Avenue of the Americas, 2nd Floor
New York, New York 10019
Tel:    646-216-8300
Cell:    646-250-6666
Email: jeanclaude@mazzolalindstrom.com

cc:    All parties via ECF