IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| DOUGLAS J. HORN,<br><br>      Plaintiff,<br><br> -vs-<br><br>MEDICAL MARIJUANA, INC.,<br>DIXIE ELIXIRS AND EDIBLES,<br>RED DICE HOLDINGS, LLC,<br>and DIXIE BOTANICALS,<br><br>      Defendants. | ***VOIR DIRE* INFORMATION**<br><br>Case No. 1:15-cv-00701 |

    Defendants MEDICAL MARIJUANA, INC. ("MMI") and RED DICE HOLDINGS, LLS ("RDH") submit this *Voir Dire* Information pursuant to the Court's order dated April 29, 2021 (Dkt. No. 174):

**1.  Short Description of the Case**

    This is an action brought plaintiff, Douglas J. Horn, to recover damages allegedly sustained when he was terminated by his employer after testing positive for THC. Plaintiff alleges that the positive THC test was caused by his consumption of a product called "Dixie X CBD Dew Drops 500 mg Tincture," which was manufactured by defendant, Dixie Elixirs, sold by defendant, Red Dice Holdings, LLC, and for which defendant, Medical Marijuana Inc., provided management, investing and consulting services.

    Plaintiff's only remaining causes of actions against the defendants are those he has styled as "COUNT II – RICO VIOLATION" and "COUNT III – Fraudulent Inducement." Plaintiff alleges that he consumed the product at issue while relying on representations made by the defendants that the product did not contain THC. Plaintiff alleges that the product did contain THC and it caused

him to test positive for THC, resulting in termination from his employment. Plaintiff claims monetary damages against the defendants allegedly related to his termination.

Defendants have taken the position that the plaintiff cannot recover under these causes of action as he cannot prove that the product he consumed contained THC, that the product caused his positive test for THC, that defendants knew that the product contained THC, that the defendants knowingly misrepresented that the product did not contain THC, or that the plaintiff relied on representations that the product did not contain THC in deciding to consume the product.

**2.     Name and Address of the Client**

Clients:                         Medical Marijuana, Inc.
                                 4901 Morena Boulevard
                                 Suite 701
                                 San Diego, California 92117

                                 Red Dice Holding, LLC
                                 1610 Wynkoop Street
                                 Suite 400
                                 Denver, Colorado 80202

Corporate Representative:        Phillip E. Koehnke, APC

**3.     Name and Address of Counsel**

Counsel:                         Roy A. Mura, Esq.
                                 Scott D. Mancuso Esq.

                                 MURA LAW GROUP, PLLC
                                 f/k/a Mura & Storm, PLLC
                                 930 Rand Building
                                 14 Lafayette Square
                                 Buffalo, New York 14203

Assistants:                      Doreen Watson, Paralegal
                                 Jaime Doktor, Legal Assistant
                                 Sharyl Hummel, Legal Assistant

**4.     List of Prospective Witnesses**

**Douglas Horn**

- (i) Douglas J. Horn
- (ii) Commercial truck driver
- (iii) 195 Parker Road, Lockwood, New York 14859
- (iv) Testimony regarding allegations made as plaintiff against the defendants in this action.

**Charles S. Amodio**

- (i) Charles A. Amodio
- (ii) CPA, CFF, MAFF, MBA at Ferraro, Amodio & Zarecki, CPAs
- (iii) 18 Division Street, Suite 413, Saratoga Springs, NY 12866
- (iv) Expert testimony regarding plaintiff's alleged claim of economic loss.

**Cindy S. Orser**

- (i) Cynthia S. Orser
- (ii) Ph.D., Chief Science Officer and Lab Director of CLIP Labs
- (iii) 5946 Pacific Center Blvd, Suite 504, San Diego, CA 92121
- (iv) Expert testimony regarding plaintiff's inability to prove that the subject product caused plaintiff to fail his random urine test.

5. **Proposed *Voir Dire* Questions**

Defendants, MMI/RDH, respectfully requests that the Court ask the following questions of prospective jurors in this case:

1. Do you think you can render a fair and impartial decision to defendants Medical Marijuana, Inc. and Red Dice Holdings, LLC even though they were or still are in the business of selling marijuana-based products?

2. Do you believe that marijuana use should be legal, whether for medicinal, holistic, or recreational use?

3. Have you, any member of your family, or any of your close friends ever been arrested for any crime related to marijuana possession or use?

4. Have you, any member of your family, or any of your close friends ever been terminated from employment due to a positive drug test?

5. Have you, any member of your family, or any of your close friends ever worked as a commercial truck driver?

6. Have you, any member of your family, or any of your close friends ever worked as a chemist or toxicologist?

7. Do you understand the difference between CBD and THC?

8. Have you ever purchased and/or used a CBD product?

9. Have you ever purchased and/or used hemp oil or hemp seed products?

10. Do you believe that products that are listed as "caffeine-free" may have trace amounts of caffeine in them?

DATED:   Buffalo, New York
         June 18, 2021

s/Roy A. Mura

MURA LAW GROUP, PLLC
f/k/a Mura & Storm, PLLC
*Attorneys for Defendants*
*Medical Marijuana, Inc. and*
*Red Dice Holdings, LLC*
930 Rand Building
14 Lafayette Square
Buffalo, New York 14203
(716) 855-2800
roy.mura@muralaw.com