IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| DOUGLAS J. HORN,<br><br>　　　　　　　　　Plaintiffs,<br><br>-vs-<br><br>MEDICAL MARIJUANA, INC., et al.,<br><br>　　　　　　　　　Defendants. | **DECLARATION**<br><br>Case No. 1:15-cv-00701 |

　　　　　Roy A. Mura, Esq. declares the following, pursuant to 28 USC §1746, under penalty of perjury:

　　　　　1.　　I am an attorney at law, duly admitted to practice in the United States District Court for the Western District of New York and am the principal of Mura Law Group, PLLC, attorneys for the defendants, Medical Marijuana, Inc., ("MMI"), and Red Dice Holdings, LLC ("RDH") (or collectively "MMI/RDH") in the above-captioned matter. As such, I am fully familiar with the facts and circumstances set forth in this declaration.

　　　　　2.　　I make and submit this declaration in support of MMI/RDH's motion pursuant to Fed. R. Civ. P. 45(d)(3) for an order quashing the plaintiff's attorney's trial subpoena of MMI's Chief Operating Officer, Michelle Sides, Esq., dated June 25, 2021 (Docket # 181-4).

　　　　　3.　　I also make and submit this declaration in opposition to that aspect of plaintiff's motion filed July 5, 2021 which seeks "an Order pursuant to Fed. R. Civ. P. 43 and 45…directing that Defendants' party officers, Tripp Keber, Chuck Smith and Michelle Sides

appear for trial and testify before this Court via contemporaneous video transmission" (Docket # 181).

4. The Sides subpoena must be quashed because: (1) it purports to subpoena Ms. Sides to a location in California that is not where the jury trial of this action is scheduled to take place starting on July 26, 2021; and (2) it was issued prior to this Court authorizing or permitting trial testimony from a remote location. *See*, *In Re: 3M Combat Arms Earplug Products Liability Litigation*, 2021 WL 2605957, at *2 (N.D. Fla. May 28, 2021).

5. A Rule 45 subpoena seeking a witness's remote testimony is a legal nullity without a corresponding order under Rule 43(a) permitting such testimony. *See Wagner v. Gallup, Inc.*, 2014 WL 2808914, at *3 (D. Minn. June 20, 2014).

6. Fed. R. Civ. P. 43(a) provides:

Rule 43. Taking Testimony

(a) IN OPEN COURT. At trial, the witnesses' testimony must be taken in open court unless a federal statute, the Federal Rules of Evidence, these rules, or other rules adopted by the Supreme Court provide otherwise. **For good cause in compelling circumstances and with appropriate safeguards**, the court may permit testimony in open court by contemporaneous transmission from a different location.  (Emphasis added.)

7. Plaintiff's attorney's declaration in support of plaintiff's motion for an order of this Court permitting the remote trial testimony of Keber, Smith, and Sides misquotes Rule 43 and conspicuously (if not deliberately) omits the "in compelling circumstances" requirement:

> Rule 43(a) authorizes the Court, "for good cause shown…[to] permit presentation of testimony in open court by contemporaneous transmission from a different location." F.R.C.P. 43(a).  See, Declaration of Jeffrey Benjamin, Esq., dated July 5, 2021 ("the Benjamin Declaration"), ¶ 28 (Docket # 181-1, p. 10).

8.      "Federal courts have been admonished to proceed with caution under Rule 43(a) to ensure what is typically an exception (live testimony by contemporaneous transmission) does not swallow the rule (live in-person testimony)".  *In Re: 3M Combat Arms Earplug Products Liability Litigation*, 2021 WL 2605957, at *2 (N.D. Fla. May 28, 2021).

9.      Plaintiff has demonstrated neither good cause nor compelling circumstance for an order permitting remote, videoconference trial testimony.  For that reason alone, plaintiff's motion must be denied.

10.     Plaintiff has also failed to set forth any "appropriate safeguards" for taking the trial testimony of Keber, Smith or Sides via videoconference.

11.     The "**Notes of Advisory Committee on Rules—1996 Amendment**" to Rule 43 state, in pertinent part (underlining added):

> <u>Contemporaneous transmission of testimony from a different location is permitted only on showing good cause in compelling circumstances.</u> The importance of presenting live testimony in court cannot be forgotten. The very ceremony of trial and the presence of the factfinder may exert a powerful force for truthtelling. The opportunity to judge the demeanor of a witness face-to-face is accorded great value in our tradition. Transmission cannot be justified merely by showing that it is inconvenient for the witness to attend the trial.
>
> <u>The most persuasive showings of good cause and compelling circumstances are likely to arise when a witness is unable to attend trial for unexpected reasons, such as accident or illness, but remains able to testify from a different place.</u> Contemporaneous transmission may be better than an attempt to reschedule the trial, particularly if there is a risk that other—and perhaps more important—witnesses might not be available at a later time.
>
> <u>Other possible justifications for remote transmission must be approached cautiously.</u> Ordinarily depositions, including video depositions, provide a superior means of securing the testimony of a witness who is beyond the reach of a trial subpoena, or of resolving difficulties in scheduling a trial that can be attended by all witnesses. Deposition procedures ensure the opportunity of all parties to be represented while the witness is testifying. An unforeseen need for the testimony

of a remote witness that arises during trial, however, may establish good cause and compelling circumstances. Justification is particularly likely if the need arises from the interjection of new issues during trial or from the unexpected inability to present testimony as planned from a different witness.

\* \* \* \* \*

<u>A party who could reasonably foresee the circumstances offered to justify transmission of testimony will have special difficulty in showing good cause and the compelling nature of the circumstances. Notice of a desire to transmit testimony from a different location should be given as soon as the reasons are known, to enable other parties to arrange a deposition, or to secure an advance ruling on transmission so as to know whether to prepare to be present with the witness while testifying.</u>

\* \* \* \* \*

Other safeguards should be employed to ensure that advance notice is given to all parties of foreseeable circumstances that may lead the proponent to offer testimony by transmission. Advance notice is important to protect the opportunity to argue for attendance of the witness at trial. Advance notice also ensures an opportunity to depose the witness, perhaps by video record, as a means of supplementing transmitted testimony.

12. In *Niemeyer v. Ford Motor Co.*, 2012 WL 5199145 (D. Nev. Oct. 18, 2012) the district court cited the Advisory Committee notes and various court decisions in discussing what constitutes "good cause and compelling reasons":

> The advisory committee notes state "other possible justifications for remote transmission must be approached cautiously." Fed.R.Civ.P. 43(a) advisory committee's note (1996 amendment). "A party who could reasonably foresee the circumstances offered to justify transmission of testimony will have special difficulty in showing good cause and the compelling nature of the circumstances." *Id.*; *see e.g.*, *Palmer v. Valdez*, 560 F.3d 965, 968–69 n. 4 (9th Cir. 2009 (quoting advisory committee note immediately *supra*); *Rodriguez v. SGLC, Inc.*, No. 2:08–cv–01971, 2012 WL 3704922, at \*2–3 (E.D. Cal. Aug. 24, 2012)(denying a Rule 43(a) motion because "the circumstances confronting plaintiffs can hardly be construed as unforeseen"); *Garza–Castillo v. Guajardo–Ochoa*, No. 2:10–cv–00359, 2012 WL 15220, at \*2 (D. Nev. Jan. 4, 2012) (reasoning that a party's failure to secure witness' deposition testimony prior to trial does not establish good cause).

13. Plaintiff commenced this action on August 6, 2015 (Docket # 1) and was apprised by no later than May 2, 2016, that Sides, Keber and Smith were "individuals

who may have discoverable information that MMI and/or RDH may use to support defenses". See, Rule 26 Initial Disclosures of Medical Marijuana, Inc. and Red Dice Holdings, LLC, attached hereto as **Exhibit A**.

14. In spite of that disclosure and the fact that this Court's Case Management Order dated and filed October 7, 2016 (Docket # 31) ordered that all fact discovery was to be completed by June 1, 2017, plaintiff conducted no fact discovery and no party depositions.

15. The Case Management Order, in bold text, concluded with this admonishment: "No extension of the above deadlines will be granted except upon written application, filed prior to the deadline, showing good cause for the extension."

16. Plaintiff's counsel, Jeffrey Benjamin, was suspended from the practice of law in New York from June 3, 2016, through April 5, 2017. See, *Matter of Benjamin*, 139 A.D.3d 110 (4th Dept. 2016) and *Matter of Benjamin*, 149 A.D.3d 731 (4th Dept. 2017). During that period of time, however, Buffalo attorney Frank Housh represented the plaintiff.

17. Instead of moving for an extension of the fact discovery deadline before its June 1, 2017 date, plaintiff's counsel, Jeffrey Benjamin, waited until June 22, 2017 to move for a five-month extension of all Case Management Order deadlines so he could "get current on what has been conducted over the past one year" (Docket # 38-1, ¶ 4, p. 1).

18. In his supporting declaration (Docket # 38-1), Mr. Benjamin averred:

> 5. The reasons for this request are threefold. First, I understand that the current status of the case is that depositions of the plaintiffs have gone forward, but defendants' have not. There is significant fact discovery yet to be completed.

6. Second, I will need a short time to obtain the file from former counsel and prepare for continued fact discovery.

7. Third, it appears that prior plaintiffs' counsel was not able to make the instant motion earlier. No prior request for the relief requested herein has been made and this is plaintiffs' first such motion.

8. This case involves complicated issues of liability and damages involving a certain chemical product of the defendants that plaintiffs' allege was not as advertised, and which had an adverse effect on his employment. Fact and expert discovery is extensive and is substantially not complete. As such, it was likely that this request would have come to Court in any event, despite the current change in counsel.

19. Mr. Benjamin did not show for the hearing of his motion on July 10, 2017, and Magistrate Judge Roemer denied the motion, ruling:

> I have reviewed the parties' papers. I will deny the plaintiffs' motion. The case management order required that the request for extension be filed before the deadline expired, and plaintiff failed to do that. Plaintiff has failed to show good cause for not complying with the scheduling order. They have not been diligent in pursuing discovery. The current scheduling order will remain in place. There's still plenty of time left for the plaintiff to do expert discovery. And I find that any further request would prejudice the defendants.
>
> The case is already two years old. And basically the plaintiff is asking to go back to square one to do discovery, and we're not going to do that. And I do believe that when we initially met and we found out that the plaintiff [*sic*] had been suspended and Mr. Housh took over, I said something to the effect that I'm not going to restart the clock when -- if or when the plaintiffs' counsel reappeared. And I meant that when I said it, and I mean it now. We're not going to start over again.
>
> So for all those reasons the plaintiffs' motion is denied.

See, Docket # 42.

20. Plaintiff knew or should have known since no later than May 2016 that securing the trial testimony of Keber, Smith and Sides, given their out-of-state locations, would take more than serving a simple Rule 45 subpoena. Plaintiff certainly could have

- 6 -

MURA LAW GROUP, PLLC • 930 RAND BUILDING • 14 LAFAYETTE SQUARE • BUFFALO, NEW YORK 14203
(716) 855-2800 • FAX (716) 855-2816

reasonably foreseen circumstances justifying videoconference transmission of their deposition or trial testimony, and yet took no steps to conduct their remote depositions or obtain their videotaped testimony.

21. The predicament plaintiff finds himself in with respect to Keber, Smith and Sides being beyond the geographical reach of a Rule 45 subpoena is plaintiff's counsel's own making. He should not be heard to blame defense counsel for not agreeing to accept service of trial subpoenas on behalf of Keber, Smith and Sides when he or his co-counsel, Frank Housh, had nearly two years to conduct fact discovery. Had plaintiff conducted party depositions of Keber, Smith and Sides to "elicit essential information bearing upon the Plaintiff's case", as plaintiff's counsel puts it (see Benjamin Declaration, ¶ 10), the predicament of lacking usable testimony of the three for trial to prove or attempt to prove plaintiff's claims would not exist. Had he deposed Keber, Smith and Sides during discovery, plaintiff would be in a position to use those deposition transcripts at trial.

22. Plaintiff's counsel cannot legitimately claim surprise or prejudice from the fact that defendants did not list Keber, Smith or Sides on their lists of trial witnesses. Plaintiff's counsel knew or should have known from the very commencement of this action, if not before, that he would need sworn testimony from officers or authorized and knowledgeable representatives of the defendants to prove his client's claims.

23. In essence, plaintiff is again seeking to reopen discovery with his present motion for an order permitting Keber, Smith and Sides to testify at trial via contemporaneous videoconferencing transmission. He did not demonstrate good cause for reopening fact discovery back in 2017, and he has not demonstrated good cause or compelling circumstances for ordering Keber, Smith and Sides—purportedly "key fact

witnesses" identified but not deposed during discovery—to appear and give trial testimony remotely.

24. Parties, like the plaintiff in this case, who have decided, neglected or failed to conduct party depositions during fact discovery should neither be heard nor permitted to avail themselves of Rule 43(a) to undo the potential consequences of having not deposed such witnesses who, at the time of trial, live or work outside the geographical reach of a Rule 45 subpoena. Both the language and the Advisory Committee notes of Rule 43 make that clear.

25. So do the decisions of the federal courts both from this district and other districts. For example, in *Williams v. Arctic Cat, Inc.*, 2014 WL 1028476 (N.D.N.Y. 2014), the court denied plaintiffs' motion, made on the eve of trial, for leave to arrange for trial testimony either by contemporaneous transmission or by the use of yet-to-be conducted videotaped trial depositions of witnesses in Minnesota, ruling:

> The Court finds that good cause and compelling circumstances do not exist to compel these witnesses to submit to video conference depositions, and that Plaintiffs have offered no such evidence to support their request. While these witnesses cannot be compelled by subpoena under Rule 45 to appear for trial, their testimony has already been preserved and can be presented to the jury at trial. Plaintiff had an opportunity to elicit any relevant information during these examinations. The testimony of the witnesses will not disappear if they do not testify in open court, as that testimony has previously been recorded and can be presented in this Court. Thus the value of live video conference testimony would not outweigh the cost and expense of having these witnesses testify by video conference, as well as the inconvenience to the witnesses and parties in this case from such testimony. This case is not multi-district litigation that involves multiple parties choosing to try a case at a courthouse far distant from the residence of any of those parties. *See Allen,* 2014 U.S. Dist. Lexis at *26, 2014 WL 108923. The logistics of the case do not require the complications and expense of video testimony. Moreover, Plaintiffs have known of the location of these witnesses for years and have been aware that the Court could not subpoena them to trial. Despite this knowledge, Plaintiffs failed to request that the witnesses be produced for video testimony until shortly before the

trial, when arranging for that process would be only more difficult. Finally, Plaintiffs claim to the need for additional witness testimony, as explained above, is misplaced.

26. Similarly, in *Christians of California, Inc. v. Clive Christian New York, LLP*, 2014 WL 6467254 (S.D.N.Y. 2014), the court denied plaintiff's motion to permit certain witnesses to testify at trial via videoconferencing, holding:

> Although there is no rule requiring a party to take a deposition prior to presenting a witness's testimony, a party's failure to depose or question an individual or to authenticate documents about which that individual has knowledge does not thereby entitle them to have that individual testify at trial via videoconferencing.
>
> * * * * *
>
> Plaintiff now seeks to correct the problem caused by their failure to depose Warbrick with a double-fix: to have him testify at trial (which would solve the problem caused by their failure to depose him) via videoconferencing (which would solve the problems caused by his being located overseas). As the Court earlier determined, no compelling circumstances justify doing so- there has been no showing that illness, incapacity, unavailability or conflict will prevent Warbrick from stepping on a plane to make the seven-hour flight to appear in person at the trial in this matter.
>
> * * * * *
>
> [P]laintiff argues that the Court incorrectly applied Rule 43 because under the Court's rationale, the contemporaneous transmission of live testimony is never appropriate because it is always possible to take a witness's deposition before trial. (ECF No. 231 at 11.) This is incorrect. The Court did not interpret Rule 43 to *never* allow for testimony via videoconferencing. Rather, the Court interpreted Rule 43 as not allowing for testimony via videoconferencing by certain witnesses who plaintiff had the opportunity to depose and who are not subject to compelling circumstances preventing them from testifying in person at trial. That is, the Court interpreted Rule 43 as favoring in-person testimony to testimony via videoconferencing when both are viable options.

27. In *DYC Fishing, Ltd v. Beaver Street Fisheries, Inc.*, 2007 WL 9718905 (M.D. Fla. June 6, 2007), the court denied plaintiff's "emergency motion" under

Rule 43(a) for an order permitting testimony of overseas witnesses by telephone or video conference, finding:

> Plaintiff request to permit testimony of "distant witnesses" is due to be denied for a plethora of reasons. First. Plaintiff specifically identifies only one witness by name, Mr. Cox. Therefore, neither the Court nor the Defendant has notice as to which other witnesses Plaintiff seeks to provide testimony by telephone or video conference. Then, Plaintiff has waited to the brink of the trial to seek such relief. The request embedded in the motion in limine was filed only a few weeks before the commencement of the June trial term, and the "emergency motion" regarding Mr. Cox was filed on the first day of the trial term, and merely one week before the date certain set for commencement of this trial. The record establishes that Plaintiff has been aware of Mr. Cox's physical limitations for quite some time. Plaintiff has wholly failed to provide the Court or Defendant ample notice of its intentions.

28.  In *Rodriguez v. SGLC, Inc.*, No. 2:08–cv–01971, 2012 WL 3704922, at *2–3 (E.D. Cal. Aug. 24, 2012), the court denied plaintiffs' motion for remote transmission of witnesses' trial testimony, observing:

> First, the circumstances confronting Plaintiffs can hardly be construed as unforeseen. Plaintiffs have known for years that the costs of international travel can be prohibitive, just as they have known that visas may prove difficult to come by. There is simply nothing unexpected about the difficulties Plaintiffs anticipate in this case. In addition, while Plaintiffs have shown the Court that that they have little resources, they have not provided evidence as to how much it will actually cost to secure their attendance at trial. On the current record, then, Plaintiffs have shown only that it will be inconvenient for them to attend trial. Moreover, Plaintiffs waited until well after the close of discovery, when the time for either party to capture deposition testimony has already passed, to file their instant Motion. Had Plaintiffs pursued their requested relief earlier, the parties could possibly have preserved deposition testimony for use at trial.

29.  Court after court has held that when a party could have anticipated or should have expected difficulties in having particular witnesses appear in person and testify at trial, good cause in compelling circumstances for permitting remote testimony via videoconference is not shown.  *See, e.g., Sille v. Parball Corp.*, 2011 WL 2680560 (D.

- 10 -

MURA LAW GROUP, PLLC • 930 RAND BUILDING • 14 LAFAYETTE SQUARE • BUFFALO, NEW YORK 14203
(716) 855-2800 • FAX (716) 855-2816

Nev. July 8, 2011) ("There is nothing unexpected concerning the ability of Plaintiff's witnesses to attend."); *Hayes v. SkyWest Airlines, Inc.*, 2017 WL 11546040 (D. Colorado Sep. 6, 2017) ("Defendant acknowledges it knew almost from the inception of this case that Mr. Vallejo would be a material witness. Yet it never noticed Mr. Vallejo's deposition or made other alternative arrangements for preservation and presentation of his trial testimony. This fact in itself suggests the type of relief contemplated by [Rule 43(a)] is not warranted").

30. Plaintiff's eleventh-hour motion has already prejudiced defendants MMI and RDH. Rather than spending time preparing for trial, your declarant finds it necessary to research and respond to plaintiff's untimely and unsupported application. Clearly plaintiff has failed to give notice of his desire to transmit trial testimony from a different location as soon as the reasons for such remote testimony were known to him; he and his counsel have prevented the defendants from either arranging a remote deposition or securing an advance ruling from this Court far in advance of trial so as to know whether to prepare to be present with the witness while testifying.

31. Contrary to plaintiff's counsel's assertion, Keber, Smith and Sides have not given "sworn testimony in this case"; Smith and Sides signed very short declarations in support of the defendants' respective summary judgment motions. Docket ## 181-5 and 181-6, respectively. As this Court can see, the scope of those declarations was extremely limited.

32. In addition to misquoting Rule 43 (by quoting from an earlier, since-amended version), plaintiff's counsel miscites the various sections and subsections of

Rule 45 on page 13 of his declaration. Rule 45 was amended in 2013 by, among other things, adding subdivision (c).

33. Because all of the cases cited and discussed on pages 13 and 14 of the Benjamin Declaration were decided before the 2013 amendments to Rule 45, none of those cases applies to support plaintiff's motion.

34. An unexpected accident or illness can constitute good cause in compelling circumstances to permit remote trial testimony via videoconference transmission. The COVID-19 pandemic was deemed a compelling circumstance warranting use of videoconferencing technology to conduct trials during the pandemic.

35. Neglecting to conduct party depositions, however, is neither good cause nor a compelling circumstance warranting the court's use of its discretionary authority under Rule 43(a) to permit testimony in open court by contemporaneous transmission from a different location.

36. Even if it could be said that the five-factor test of *In re Vioxx Prod. Liab. Litig.*, 439 F. Supp. 2d 640, 643 (E.D. La. 2006) applied in this case, three or four of the five factors of that test are clearly not met in this case:

➢ this is not a complex, multi-party, multi-state action;

➢ defendants are seeking no tactical advantage by not producing witnesses that plaintiff has known of and admittedly regards as "key witnesses" with "essential information" in proving his remaining RICO and fraudulent inducement claims;

➢ defendants are prejudiced by this 11th-hour, untimely application to, in effect, depose Keber, Smith and Sides via remote videoconferencing at trial,

preventing defense counsel from making the decision, had they been deposed during discovery, to produce them for in-person testimony at trial so the jury could meet and see them in person; and

➢ this is not an MDL (multi-district litigation matter) or "bellwether" case, and there is no "flexibility" needed to manage it.

37. For these reason, defendants MMI and RDH respectfully ask that this Court: (1) deny plaintiff's motion for an order pursuant to Rule 43(a) permitting the testimony of Tripp Keber, Chuck Smith and Michelle Sides in open court by contemporaneous transmission from remote locations; and (2) quash the subpoena of Michelle Sides dated June 26, 2021.

DATED:   Buffalo, New York
         July 7, 2021

/s/Roy A. Mura_____
Roy A. Mura, Esq.

MURA LAW GROUP, PLLC
*Attorneys for Defendants*
*MEDICAL MARIJUANA, INC., and*
*RED DICE HOLDINGS, LLC,*
930 Rand Building
14 Lafayette Square
Buffalo, New York 14203
(716) 855-2800
roy.mura@muralaw.com

cc:   All parties via ECF