**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| DOUGLAS J. HORN and CINDY HARP-HORN, | Civil Action No. 15-cv-701-FPG |
| *Plaintiffs*, | |
| -against- | |
| MEDICAL MARIJUANA, INC., DIXIE HOLDINGS, LLC, RED DICE HOLDINGS, LLC, and DIXIE BOTANICALS, | **Declaration of Jean-Claude Mazzola** |
| *Defendants*. | |

1. I, Jean-Claude Mazzola, am an attorney with the firm of Mazzola Lindstrom LLP, counsel for Dixie Holdings, LLC, duly licensed to practice before this court, and state the following under penalty of perjury, pursuant to 28 U.S.C. § 1746. Having reviewed the file maintained for the defense of this action, I am fully familiar with the facts and circumstances set forth herein.

2. I submit this declaration in opposition to plaintiff's motion for an order pursuant to FRCP 43 and 45 (i) directing that defendants' officers Tripp Keber, Chuck Smith and Michelle Sides appear for trial and testify before this court via contemporaneous video transmission; (ii) granting plaintiff leave to serve trial subpoenas on Tripp Keber and Chuck Smith by alternative means including substituted service, overnight courier, certified mail, email, social media post or any other method directed by the court; and (iii) such other and further relief as this court deems just and proper.

3. In that plaintiff has not yet personally served either Mr. Keber or Mr. Smith, defendant Dixie reserves the right to move for an order to quash the plaintiff's trial subpoenas of Chuck Smith and Tripp Keber (ECF DKT. # 181-2 and 181-3) in the event personal service is eventually effectuated.

4. In the interest of judicial economy and expediency, and upon prior approval of the court, we adopt and incorporate by reference the arguments made in behalf of defendants Medical Marijuana Inc. and Red Dice Holdings LLC in opposition to plaintiff's motion. (See ECF DKT 183, *et. seq.*). Attached as Exhibit A are Dixie's Rule 26 Initial Disclosures.

5. The rule followed by the majority of jurisdictions is that a Rule 45 subpoena does in fact constitute discovery. See, *e.g.*, *Dodson v. CBS Broad. Inc.*, 2005 U.S. Dist. LEXIS 29703, at *3 (S.D.N.Y. Nov. 29, 2005) (collecting cases). Although *Dodson* and the collected cases therein predate the amendments to FRCP 43 and 45, to the extent that they weigh against the plaintiff, they do so even more today under the more stringent current rules. See also *Valerino v. Holder* 2014 U.S. Dist. Lexis 119724 at *4 (D.V.I., 2014) (declining to compel contemporaneous transmission under FRCP 43 from locations outside the district where good cause in compelling circumstances not shown, and noting that it is a stringent requirement.)

6. If FRCP 43 can be used to hale these witnesses to appear via video from wherever they may be, then the requirement of a showing of "good cause in compelling circumstances" can be satisfied with just the ask. If plaintiff's motion is granted, the governing principle would be that any excuse may be deemed "a good enough cause." If granted, plaintiff's entire case (almost) will be by remote witnesses, undermining the traditions of live testimony in front of a jury.

7. Plaintiff's subpoenas are an attempted substitute for orderly discovery, which plaintiff waived. The scope of the subpoenas is broad – indeed there is no limit, the prospective witness merely being instructed to appear and testify. While under *Dodson* (and the collected cases) subpoenas are acceptable for last-minute trial needs (such as to get an original of a document brought to court where the party seeking it only has a photocopy), here the plaintiff

would seek to use to witnesses' testimony to probe whether they even have evidence to support plaintiff's case. This is an improper use of trial subpoenas.

8. Plaintiff has long known that Keber, Smith and Sides are located outside the Western District of New York. Accordingly, plaintiff's failure to schedule a deposition during the discovery period cannot be excused. Plaintiff must not be permitted to employ a subpoena after the discovery cutoff to obtain testimony that could have been obtained during discovery.

9. Furthermore, the court's policy of requiring parties to submit a pretrial order detailing deposition testimony that it intends to use in its direct case is rendered nugatory if a trial subpoena may issue demanding testimony not previously obtained. (EFC DKT 174, ¶ F).

10. Plaintiff also seeks leave to serve the subpoenas by alternate means upon Keber and Smith. Even were this court inclined to grant alternative service, it must only do so where the serving party has been diligent yet unsuccessful at an earlier attempt to make personal service. But plaintiff has failed to demonstrate *any* effort – much less the diligence required or proof thereof – to attempt to serve these individuals. No affidavit of a process server was submitted by the plaintiff.[1] Nor has the plaintiff provided any proof that he has "paid the travel expenses" for all three witnesses" or that he was "rebuffed." (ECF DKT 38-1, ¶ 31).

---

[1] We trust the court will reject any attempt to remedy the procedural deficiencies on reply. *Pointdujour v. Mount Sinai Hosp.*, 121 F. App'x 895, 896 n. 1 (2d Cir. 2005) ("As a rule, we will not consider an argument raised for the first time in a reply brief, even by a pro se civil litigant."); *United States v. Harrison*, 48 F. Supp. 3d 381, 385 n.1 (N.D.N.Y. 2014) ("[A]rguments raised for the first time in a reply brief are not usually considered, even when made by a pro se litigant."). When parties engage in motion practice, "reply papers may properly address new material issues raised in the opposition papers so as to avoid giving unfair advantage to the answering party." *Jiles v. Rochester Genesee Reg'l Transp. Auth.*, 317 F. Supp. 3d 695, 701 (W.D.N.Y. 2018).

WHEREFORE, plaintiff's motion should be denied in its entirety.

Dated: July 12, 2021
      New York, New York

                                       Respectfully submitted,

                                       Mazzola Lindstrom LLP

                                       By: Jean-Claude Mazzola
                                       1350 Avenue of the Americas, 2nd Floor
                                       New York, New York 10019
                                       Cell:   646-250.6666
                                       Email: jeanclaude@mazzolalindstrom.com