# EXHIBIT A

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

DOUGLAS J. HORN and CINDY HARP-HORN,

    *Plaintiffs*,

-against-

MEDICAL MARIJUANA, INC., DIXIE ELIXIRS AND EDIBLES, RED DICE HOLDINGS, LLC, and DIXIE BOTANICALS,

    *Defendants*.

Civil Action No. 15-cv-701-G

## DEFENDANT DIXIE HOLDINGS, LLC.
## (INCORRECTLY NAMED AS DIXIE ELIXIRS AND EDIBLES)
## RULE 26 DISCLOSURE

Defendant Dixie Holdings, LLC ("DHL") (incorrectly named as Dixie Elixirs and Edibles) by and through its counsel MESSNER REEVES, LLP, hereby makes its Initial Disclosures pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure. DHL's Initial Disclosures represent the present results of a good faith effort to identify information and documents which at this time it reasonably believes may be used to support its claims or defenses.

These Initial Disclosures are based on information that is currently available. By making the following disclosure, DHL does not represent that it is identifying every document, tangible thing, or witness it may use to support its claims or defenses. DHL's investigation and discovery efforts are ongoing and DHL reserves the right to amend or supplement the Initial Disclosures as necessary and appropriate when further information and/or documents are identified and available.

DISCLOSURES:

**(i) The name and, if know, the address and telephone number of each individual likely to have discoverable information – along with the subjects of that information – that the disclosing party may use to support its claim or defenses, unless the use would be solely for impeachment**

DHL is aware of the following individual who may have discoverable information DHL may use to support its claims or defenses: Chuck Smith, President, Dixie Holdings, LLC, 6701 North Stapelton Drive, Denver, Colorado 80216.

DHL reserves the right to identify other individuals who are not yet known or who may have been overlooked in this initial disclosure, including, but not limited to, individuals known to Plaintiffs and other defendants but presently not known to DHL. DHL also reserves the right to remove the names of individuals listed above who, through discovery, are found not having involvement or knowledge of the facts of the claims or defenses at issue in this action.

**(ii) A copy – or a description by category and location – of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment**

DHL has no documentation to disclose at this time. DHL's investigation into the facts and circumstances surrounding, relating and/or giving rise to the allegations propounded in this litigation, including potential causes and defenses, has not been completed and is ongoing in nature at this time. As such, DHL anticipates that additional information, materials or documents, otherwise responsive, may be discovered or learned during the course of this lawsuit and discovery – specifically after the Plaintiff's form of payment is learned by DHL.

Therefore, DHL expressly reserves the right to supplement this response in the future.

**(iii) A computation of each category of damages claimed by the disclosing party – who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered.**

DHL is not claiming any damages in connection with the claims asserted by Plaintiffs in their action with the exception of the request for judgment in its favor, an award of attorneys' fees, expert witness fees, costs, and such other further relief as the Court deems proper in this case, which cannot be calculated at this time. DHL reserves the right to amend or supplement this response if further information becomes available.

**(iv) For inspection and copying as under Rule 34, any insurance agreement under which an insurance business may be liable to satisfy all or part of possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment**

DHL has no insurance coverage applicable to this claim.

Dated: New York, New York
April 7, 2016

Respectfully submitted,
MESSNER REEVES LLP

By: *[signature]*
Wendy J. Lindstrom (WL2940)
*Attorneys for Defendant Dixie Holdings LLC*
805 Third Avenue, 18th Floor
New York, NY 10022
Tel:   646-663-1860
Fax:   646-663-1895
Email: wlindstrom@messner.com

{01880951 / 1}                                                3