IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| DOUGLAS J. HORN,<br><br>　　　　　　　　　Plaintiff,<br><br>-vs-<br><br>MEDICAL MARIJUANA, INC., et al.<br><br>　　　　　　　　　Defendants. | **DEFENDANTS MMI AND RDH'S OBJECTIONS TO PLAINTIFF'S REQUESTS TO CHARGE**<br><br>Case No. 1:15-cv-00701 |

**Preliminary Statement**

　　　　　　Defendants, Medical Marijuana Inc. and Red Dice Holdings, LLC ("MMI/RDH"), by their undersigned counsel, submit the following objections to "Plaintiff's Substantive Jury Instructions." Although Plaintiff has seemingly not filed the document with this title that plaintiff's counsel distributed during the final pre-trial conference in this action on June 29, 2021, these objections are to those proposed instructions.

　　　　　　To the extent not inconsistent with MMI/RDH's objections herein, MMI/RDH adopt and incorporate the arguments made on behalf of co-defendant, Dixie Holdings, LLC ("Dixie") in opposition to the plaintiff's request to charge (Docket # 187).

　　　　　　In addition, MMI/RDH set for the following objections and reserves their right to submit their own requests to charge.

**I.　　Model or Pattern Civil RICO Jury Instructions**

　　　　　　As this Court is likely aware, the Second Circuit has not adopted or published a model or pattern set to jury instructions for criminal or civil actions. MMR/RDH objects to the wholesale, unedited use in this action of the Matthew Bender's Modern Federal Jury

Instructions-Civil, IV. Substantive Civil Instructions, Chapter 84 RICO, ¶ 84.04 Civil Actions Based on Violations of 18 U.S.C. § 1962(c).

MMI/RDH respectfully submits that the [Eleventh Circuit's Pattern Jury Instructions, Civil Cases (February 2020 revision)](#) for civil RICO actions based on 18 U.S.C. § 1962(c)—[7.3 Conduct the Affairs of the Enterprise](#)—edited with respect to the following elements, more closely align with the Second Circuit's holdings regarding the required elements of a civil RICO action (*see, generally*, *DeFalco v. Bernas*, 244 F.3d 286 [2nd Cir. 2001]):

    A.    <u>Generally</u>

With respect to the elements a plaintiff must prove to establish a violation of 18 U.S.C. § 1962(c), the Second Circuit in *DeFalco* reminded that "[t]he requirements of section 1962(c) must be established as to each individual defendant." *Id.* at 306. Accordingly, all instructions regarding plaintiff's RICO claim should be written to make clear that each element must be proven as to each defendant. Additionally, to the introduction of the jury's instruction on plaintiff's RICO claim, MMI/RDH respectfully request that this sentence be added to the Court's jury instructions:

*To hold a defendant liable under RICO, plaintiff is required to establish the elements of his RICO claim as to that particular defendant. In other words, your focus in deliberating on plaintiff's RICO claim should not be on the collective activities of the members of the alleged enterprise, but on the individual patterns of racketeering, if any, engaged in by a particular defendant.*

    B.    <u>Participation in the Conduct of the Enterprise's Affairs</u>

For this element, MMI/RDH proposes the Court charge the jury:

- 2 -

MURA LAW GROUP, PLLC • 930 RAND BUILDING • 14 LAFAYETTE SQUARE • BUFFALO, NEW YORK 14203
(716) 855-2800 • FAX (716) 855-2816

*For the fourth element, [name of plaintiff] must also prove by a preponderance of the evidence that [name of defendant] "participated, directly or indirectly, in the conduct of the affairs of the enterprise." To prove this, [name of plaintiff] must show that [name of defendant] actively conducted or participated in conducting the affairs of the alleged enterprise through a pattern of racketeering activity. The phrase "to participate ... in the conduct of [the] enterprise's affairs" means participation in the operation or management of the alleged enterprise. [Name of defendant] doesn't need to participate in, or be aware of, all of the enterprise's activities. It's sufficient if [name of defendant] conducted or participated in the conduct of some of the enterprise's activities through a pattern of racketeering activity.*

(Source: Eleventh Circuit's pattern instruction and *DeFalco*, *id.* 309.)

## II.     Inclusion of Instructions on the Alleged and Proven Predicate RICO Acts

With respect to plaintiff's RICO cause of action, the plaintiff must prove that each defendant committed predicate acts of racketeering activity. However, the plaintiff failed to include proposed instructions with respect to the only two predicate acts of alleged racketeering activity on which the plaintiff may proceed at trial: (1) mail fraud (18 U.S.C. § 1341); and (2) wire fraud (18 U.S.C. § 1343) (s*ee* Docket # 124, pg. 8, "…the Court concludes that Douglas Horn may proceed with his RICO claim based on predicate acts of mail and wire fraud").

As such, MMI/RDH request that if plaintiff adduces evidence at trial sufficient to create a question of fact as to mail fraud and/or wire fraud, that this Court include instructions to the jury on the elements plaintiff must prove to establish mail fraud and/or wire fraud, such as those set forth in the model or pattern jury instructions for the District Courts:

- ➢ of the Ninth Circuit:

    - o [8.121 MAIL FRAUD—SCHEME TO DEFRAUD OR TO OBTAIN MONEY OR PROPERTY BY FALSE PROMISES (18 U.S.C. § 1341)]
    - o [8.124 WIRE FRAUD (18 U.S.C. § 1343)]

- ➢ the Eleventh Circuit:

    - o [O50.1, Mail Fraud, 18 U.S.C. § 1341]
    - o [O51, Wire Fraud, 18 U.S.C. § 1343]

- ➢ or any other Circuit-level pattern jury instructions, which are substantively comparable.

DATED:   Buffalo, New York
         July 12, 2021

                                    s/Roy A. Mura

                                    Roy A. Mura, Esq.
                                    Scott D. Mancuso, Esq.
                                    MURA LAW GROUP, PLLC
                                    *Attorneys for Defendants MMI and RDH*
                                    930 Rand Building
                                    14 Lafayette Square
                                    Buffalo, New York 14203
                                    (716) 855-2800
                                    roy.mura@muralaw.com

- 4 -

MURA LAW GROUP, PLLC • 930 RAND BUILDING • 14 LAFAYETTE SQUARE • BUFFALO, NEW YORK 14203
(716) 855-2800 • FAX (716) 855-2816