UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

DOUGLAS J. HORN and CINDY HARP-HORN,

               *Plaintiffs*,

 -against-

MEDICAL MARIJUANA, INC., DIXIE HOLDINGS, LLC, RED DICE HOLDINGS, LLC, and DIXIE BOTANICALS,

               *Defendants*.

Civil Action No.
15-cv-00701-FPG

Hon. Magistrate Judge
Jonathan W. Feldman


## Defendant Dixie Holdings' Motion In Limine to Preclude Testimony of Mark P. Zaporowski, Ph.D.


MAZZOLA LINDSTROM, LLP
Attorneys for defendant Dixie Holdings, LLC
1350 Avenue of the Americas, 2nd Floor
New York, NY 10019
Tel: 646-216-8300
Cell: 646-250-6666


Of Counsel:   Jean-Claude Mazzola
                  Richard E. Lerner
                  Hanoch Sheps


Dated: July 22, 2021
       New York, New York

**Preliminary Statement**

Defendant Dixie Holdings, LLC, by its undersigned counsel, hereby moves, *in limine*, to preclude the trial testimony of plaintiff's expert economist Mark P. Zaporowski, Ph.D. Plaintiff claims loss of earnings as a result of having taken an allegedly THC-contaminated product.[1] However, loss of earnings is not recoverable in a civil RICO action. As for the sole remaining state-law claim of fraud, loss of earnings is not recoverable. Moreover, even if tort damages for loss of earnings were recoverable, such damages are measured by loss of earning capacity, as opposed to loss of earnings. In other words, without a preliminary finding that plaintiff Douglas Horn had a loss of earning capacity he cannot recover for loss of earnings.

**Argument**

**Point I:**   **Because RICO Does Not Contemplate Loss-of-Earnings Damages, Dr. Zaprorowski's Proposed Testimony Must be Precluded on the Ground That It Is Irrelevant.**

Plaintiff postulates that he suffered damages as a result of exposure to THC. The harm from which plaintiff's alleged damages flow is thus the THC that was allegedly found in his system on urinalysis testing. If there is a nexus between the alleged RICO violations and the damages plaintiff allegedly sustained, that nexus can only be the harm of the THC found in his system.

The Eastern District of New York held in *Gause v. Philip Morris* that a claim of loss of earnings is not recoverable in RICO:

> Although Plaintiff characterizes her injuries as a "loss of property," … in an effort to create a cognizable injury under RICO, an analysis of her complaints reveals otherwise. Specifically, Plaintiff's asserted "loss of property" is, in essence, a loss of income due to an alleged inability to work since becoming afflicted with emphysema. … A loss of income, however, is not considered a "loss of property" as required under RICO. See, e.g., *Doe v. Roe*, 958 F.2d 763, 770 (7th Cir. 1992) ("loss of earnings … reflect personal injuries which are not compensable under

---

[1] Annexed is the Plaintiff's Final Pre-Trial Order Compliance submission (ECF DKT #179) indicating (at pg. 3) the anticipated scope and substance of Dr. Zaporowski's testimony.

2

>RICO). In *Doe v. Roe*, the Seventh Circuit provided some insight into how the characterization of personal injuries may resemble loss of property, but under the statutory requirements of RICO, these injuries are insufficient to establish standing.

*Gause v. Philip Morris*, CV-99-6226 (JS), 2000 U.S. Dist. LEXIS 14268 (E.D.N.Y. Aug. 2, 2000).

Similarly, the Northern District of New York held loss-of-earnings damages to have been unrecoverable under RICO in *Gilfus v. Vargason*, stating:

>In their Complaint, Plaintiffs' submit as a result of Defendants' alleged RICO violation, they "suffered economic loss, ***including his [sic] inability to pursue his [sic] chosen career***, as well as serious physical and emotional injuries . . . As a result of [Defendants' RICO Violations] the Plaintiffs . . . was [sic] made ill, suffered extreme physical, mental suffering and distress, [and] was subjected to overwhelming humiliation . . . ." … As stated above, Section 1964(c) of the RICO statute creates a private right of action for "[a]ny person injured in his business or property by reason of a violation of section 1962." 18 U.S.C. § 1964 (emphasis added).
>
>A plain reading of the RICO statute reveals that Plaintiffs cannot seek damages for physical injury, mental suffering, distress, or humiliation. See 18 U.S.C. § 1964(c). Although the Second Circuit has not squarely addressed the issue, other Circuits have held that economic damages resulting from personal injuries are not actionable under RICO. As the Seventh Circuit explained:
>
>>Most personal injuries-loss of earnings, loss of consortium, loss of guidance, mental anguish, [*27] and pain and suffering, to name a few-will entail some pecuniary consequences. Perhaps the economic aspects of such injuries could, as a theoretical matter, be viewed as injuries to "business or property," ***but engaging in such metaphysical speculation is a task best left to philosophers, not the federal judiciary.*** Rather, we must determine if these injuries fall within the framework of § 1964(c) as understood by Congress . . . They do not.
>
>*Doe v. Roe*, 958 F.2d 763, 770 (7th Cir. 1992); see also *Bast v. Cohen, Dunn & Sinclair, P.C.*, 59 F.3d 492, 495 (4th Cir. 1995)(citing Doe and explaining that pecuniary losses flowing from extreme mental anguish do not constitute injury to property); *Schiffels v. Kemper Fin. Servs.*, 978 F.2d 344, 353 (7th Cir. 1992) (explaining that personal injuries such as embarrassment, humiliation, and emotional distress, do not constitute an injury "to business or property" even if those injuries resulted in a pecuniary loss); *Genty v. Resolution Trust Corp*., 937 F.2d 899, 918-19 (3d Cir. 1991) (holding that physical and emotional injuries caused by exposure to toxic waste and [*28] resulting in medical expenses not compensable as injury to property under § 1964(c)); *Grogan v. Platt*, 835 F.2d 844, 848 (11th Cir. 1988) (holding recovery not available under RICO for pecuniary losses best understood as part of a personal injury claim, including loss

3

of income, resulting from murder); *Drake v. B.F. Goodrich Co.*, 782 F.2d 638, 644 (6th Cir. 1986) (finding RICO inapplicable to wrongful death action); Hollander v. Flash Dancers Topless Club, 340 F.Supp.2d 453 (S.D.N.Y. 2004) (explaining that damages to plaintiff's "'business reputation and good will' . . . and 'imperil[ing] his safety, life, liberty and right not to live in fear' . . ., simply are not the type of injuries to 'business or property" that are actionable under RICO.").

Regardless of whether Plaintiffs' damage claim for the "inability to pursue his chosen career" might qualify as an injury to "business or property," the remaining damages sought, serious physical and emotional injuries and humiliation, are not actionable under RICO. Defendants are entitled to judgment on the pleadings as against Plaintiffs in their cause of action under RICO.

*Gilfus v. Vargason*, No. 5:04-CV-1379 (HGM/DEP), 2006 U.S. Dist. LEXIS 74037, at *25-28 (N.D.N.Y. Sep. 30, 2006) (emphasis added).

Plaintiff has disclosed Dr. Zaporowski as a trial witness to give expert opinion testimony about plaintiff's loss of earnings; however, the metaphysical connection between the alleged RICO violation and the loss of earnings can only be connected, if at all, through the harm of having been exposed to THC. This is no different than the harm in *Gause v. Philip Morris* – inhalation of cigarette smoke – causing an inability to earn a living. As there is no basis for such recovery in RICO, Dr. Zaporowski's proposed testimony as to loss of earnings is irrelevant to this case, and he must therefore be precluded from testifying.

**Point II:      Because New York Does Not Allow for Loss-of-Income Damages for Fraud, Dr. Zaprorowski's Proposed Testimony Must Be Precluded on the Ground That It Is Irrelevant.**

Under New York law, the measure of damages in an action for fraud is indemnity for the actual pecuniary loss sustained as a direct result of the wrong; that is, only out-of-pocket losses are recoverable. *Continental Cas. Co. v PricewaterhouseCoopers, LLP*, 15 N.Y.3d 264 (2010). Where an investor or purchaser claims that he was defrauded into making an investment, he may not recover what he claims would have been his income or profit:

> In a fraud action, a plaintiff may recover only the actual pecuniary loss sustained as a direct result of the wrong (*Reno v. Bull*, 226 NY 546 [1919]). Under this rule, the actual loss sustained as a direct result of fraud that induces an investment is the "difference between the value of the bargain which a plaintiff was induced by

4

> fraud to make and the amount or value of the consideration exacted as the price of the bargain" (*Sager v Friedman*, 270 NY 472, 481 [1936]). The damages are to compensate plaintiffs for what they lost because of the fraud, not for what they might have gained (see *Lama Holding Co. v Smith Barney*, 88 NY2d 413, 421 [1996]).

*Id.* at 271.

In *Mihalakis v. Cabrini Med. Ctr.*, 151 A.D.2d 345 (1st Dep't 1989), a medical student claimed that she was defrauded by defendant Cabrini Medical Center into accepting a position as a medical intern and then being terminated in violation of Cabrini's policies and procedures. The plaintiff sued for $345,324,000 in lost earnings caused by the allegedly deficient internship program, claiming that she gave up an opportunity to complete an internship program having the characteristics that defendant hospital allegedly represented its program had but did not. She sought damages "representing plaintiff's lifetime prospective earnings as a physician." *Id.* at 345.

The Appellate Division reversed the trial court's determination that the complaint stated a viable claim for damages for fraud, ruling that such damages were not recoverable in fraud, as they were entirely speculative. *See*, *also*, *Gomez-Jimenez v. New York Law School*, 36 Misc. 3d 230 (Sup. Ct., NY Co., 2012), *aff'd* 103 A.D.3d 13 (1st Dep't 2012) ("Despite the factual differences between this case and *Mihalakis,* the court is of the opinion that the general rule set forth in *Mihalakis* is applicable here. Namely, the court there refused to speculate as to *both* the 'true value' of an internship program and the value of an internship program having the characteristics that defendants allegedly misrepresented.")

In the case at bar, while the plaintiff could at most recover his out-of-pocket loss – perhaps recovery of the money he paid for a bottle of CBD oil – he cannot recover, on a cause of action for fraud, for his alleged loss of earnings. Accordingly, there is no basis for Dr.

5

Zaporowski's proposed testimony, as it is irrelevant to the damages that may be recovered for fraud.

**Point III:   Loss-of-Income Damages Must be Predicated Upon a Loss of Earning Capacity. As Plaintiff Failed to Notice a Vocational Expert to Lay a Foundation for Dr. Zaprorowski's Proposed Testimony, Dr. Zaprowski's Testimony Would Be Lacking a Foundation and Must Be Precluded.**

In New York, while there is often loose language referring to claims of "loss of earnings," such damages are only recoverable where there is a loss of earning *capacity*. So, for example, if a plaintiff has lost his job, for whatever tortious reason – wrongful termination, slip-and-fall injury, medical malpractice, etc. – he may only recover if such alleged tort caused a loss of earning capacity. If he can go out and get a job earning the same or more pay, then he cannot recover, regardless whether he does or does not actually go out and accept a job earning at least equivalent remuneration, as loss of earning capacity is an element of a claim of loss of earnings. *See*, *Clanton v. Agoglitta*, 206 A.D.2d 497 (2d Dep't 1994) ("We find, however, that the verdict as to damages for impairment of earning ability deviates materially from what would be reasonable compensation. The basic rule is that loss of earnings must be established with reasonable certainty, focusing, in part, on the plaintiff's earning capacity both before and after the accident. In this case, the plaintiff's earnings prior to the accident, combined with his failure to mitigate damages lead to the conclusion that the jury's award for impairment of earning ability deviates materially from what would be reasonable compensation and should be reduced to the extent indicated.") (Citations and internal quotes omitted).

Here, there is no foundation for an economist to extrapolate as to the damages resulting from a loss of earning capacity because there is no evidence that plaintiff Horn sustained a loss of earning capacity, nor even a loss of earnings, as there was nothing that prevented him from finding equally remunerative employment. Indeed, he testified that he was able to find work with

6

several trucking companies after the claim arose, and even earned comparable amounts of money. Moreover, as there will be no expert opinion evidence that he is not suited for and capable of working in another field of endeavor, there can be no basis for Dr. Zaporowski to opine that plaintiff sustained actual damages as a result of having been (allegedly) exposed to THC and terminated from his job at the trucking company that employed him. The necessary part of the claim for lost earnings upon which one must focus – *viz*, the element of loss of earning capacity – is wholly absent here.

\*\*\*

WHEREFORE, it is respectfully submitted that plaintiff's expert economist Mark P. Zaporowski, Ph.D. must be precluded from testifying at trial.

Dated:     July 22, 2021
           New York, New York

                                                Respectfully submitted,

                                                MAZZOLA LINDSTROM, LLP

                                                By: Jean-Claude Mazzola
                                                *Attorneys for defendant*
                                                *Dixie Holdings, LLC*
                                                1350 Avenue of the Americas, 2nd Floor
                                                New York, NY 10019
                                                Tel:    646-216-8300
                                                Cell:   646-250.6666
                                                Email: jeanclaude@mazzolalindstrom.com

cc:     All parties via ECF