UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
DOUGLAS J. HORN and CINDY HARP-HORN,

                              Civ Action No: 15-cv-701 FPG/MJR

                Plaintiff,

                              **PLAINTIFF'S FINAL**
   -against-                              **PRE- TRIAL ORDER**
                              **COMPLIANCE**

MEDICAL MARIJUANA, INC.,
DIXIE ELIXIRS AND EDIBLES,
RED DICE HOLDINGS, LLC, and
DIXIE BOTANICALS,
                Defendants,
------------------------------------------------------------------X

       Pursuant to the Pre-Trial Order of Court of April 29, 2021, the Plaintiff makes the following Statements:

       **A. VOIR DIRE INFORMATION**

       1. This case is brought by plaintiff Douglas James Horn pursuant to the Racketeer Influenced and Corrupt Organizations Act "RICO" statute, 18 U.S.C. 1962(c) and New York State common law fraudulent inducement and concealment.

            Plaintiff brought this case against three parties. Medical Marijuana Inc. as the parent company of Red Dice Holdings, LLC who together sold finished hemp and cannabis based products across the United States. Together, these companies purchased various companies, such as the third Defendant and its brand, Dixie Elixirs, LLC. Dixie was the company that researched, developed, manufactured, and distributed the hemp-based products, specifically the Cannabidiol ("CBD") product at issue here and the one Plaintiff took: the 500 mg "Dixie X Elixir" which was a liquid taken by the consumer with an eye-dropper squeezed, placed under the tongue and swallowed.

            In September, 2012, James and his wife Cindy were over-the-road semi truck drivers hauling various materials across the U.S. since 1998. As truck drivers for thirteen years with an impeccable record, the couple had to submit to random drug testing required by the U.S. Department of Transportation ("DOT") to insure they would not be driving under the influence of drugs or alcohol.

            In September, 2012, the couple researched hemp-based products to treat James' shoulder and back pain that he sustained in a truck accident in early 2012. Normal medications were not helping James' pain. The couple specifically researched Defendant's Dixie X liquid Tincture product after seeing an article in a magazine at a truck stop. They first observed a YouTube video with the CEO of the Dixie X; they were then led to website articles and Frequently Asked

Questions ("FAQs") as to the content of the Dixie X Tincture product. They had also contacted customer service for the product to inquire as to what they found in Defendants' advertising across the various media.

In all advertising and statements they found in September, 2012, Defendants' represented that the product contained "no-THC" (Tetrahydrocannabidiol Delta-9), had "0% THC", was "THC-free" and was a "non-THC" product. In September, 2012, the Dixie X product was a brand new product that was launched that month. THC is the psycho-active component in marijuana and in 2012 is a controlled substance under federal law, and was illegal in New York. After over 10 years at the same company, Enterprise Transport, and after their extensive research, James and Cindy decided that the product was safe for James to use to treat his pain, and it would not produce a positive drug test.

On September 17, 2012, James and Cindy ordered the product. Defendant Red Dice Holdings sent James the product to their home in New York from its distributor in Colorado. Since they were on the road every day across the country, James did not take the Dixie X tincture until around October 1, 2012. He took it every day as prescribed through October 9, 2012.

On October 9, 2012, Plaintiff was called in by his employer Enterprise to submit a random urine sample for drug screening. He did so. Two days later, on October 11, 2012, James and Cindy were notified that James' urine contained an amount of THC and he was immediately fired and told to leave the company.

Plaintiff's case is for compensation for the substantial loss of wages that followed after he was fired on October 11, 2012 due to his taking of Defendants' Dixie X product which produced a positive drug test for THC.

2. Douglas James Horn
   195 Parker Road
   Lockwood, NY 14859

3. Plaintiff's Counsel
   Jeffrey Benjamin Esq.
   The Linden Law Group PC
   5 Penn Plaza, 23rd Floor
   New York, NY 10001
   (212) 835-1532

   Frank Housh Esq.
   Housh Law Offices
   70 Niagara Street
   Buffalo, NY 14202
   (716) 362-1128

   Legal Assistants: Kirsten Anderson and Jennifer Wettlaufer
   Law Clerks: Nicholas Ramirez and Roxanna Herreid

Case 1:15-cv-00701-JWF Document 191 Filed 06/28/21 Page 2 of 3

4. **WITNESSES**

Plaintiff's List of Witnesses were listed on the Court form and overnighted on June 14, 2021 to both Court and counsel pursuant to the Final Pre-Trial Order.

E. **EXPERT TESTIMONY**

Dr. Kenneth Graham, Forensic Toxicologist, Pharmacologist and Pharmacist.

Dr. Graham is expected to testify consistent with his report and rebuttal disclosed in discovery in this case. His ultimate opinions will be that Defendants' falsely represented in advertising in various media, Defendants' bottle labelling on the product, and Defendants' Certificates of Analysis that the Dixie X product had no THC.

Dr. Mark Zaporowski, Economist. Canisius College.

Dr. Zaporowski is expected to testify consistent with his report, rebuttal and Tables in Plaintiff's Exhibit List as to Plaintiff's past lost compensation, future lost compensation, value of lost health benefits, lost retirement savings and difference in work effort post separation.

G. **DAMAGES**

Plaintiff's damages of past and future lost compensation, lost health benefits, lost retirement savings and difference in work effort mileage driven are detailed in Plaintiff's Exhibit 12 on Plaintiff's exhibit list. (The Tables of Calculations of expert economist Dr. Mark Zaporowski).

Dated: June 22, 2021
New York, New York

THE LINDEN LAW GROUP, P.C.

*Jeffrey Benjamin*
Jeffrey Benjamin, Esq.,
Attorney for Plaintiff
5 Penn Plaza, 23rd Floor
New York, New York 10001
(212) 835-1532