# THE LINDEN LAW GROUP, P.C.

5 Penn Plaza, 23rd Floor
New York, New York 10001
(212) 835-1532
(718) 425-0692 (Fax)

---

July 26, 2021

<u>**Via ECF**</u>

Mag. J. Jonathan W. Feldman
U.S. Magistrate Judge, U.S. Courthouse
100 State Street
Rochester, NY 14614

  Re: *Horn v. Medical Marijuana, Inc., et al.*
     **Case No: 15-CV-701 (FPG-MJR)**

Dear Judge Feldman:

  We represent Plaintiff in this matter.

  As Your Honor is aware, we received the Dixie Defendant's Motion for Summary Judgment on damages (though styled a "Motion in Limine") on Thursday, July 22, 2021, two (2) days before trial. Then, after the Court conference where I committed to a time for Plaintiff's opposition to be filed, I then received Dixie's counsel's email just before 5:00 p.m. on Friday, July 23, 2021, citing three previously absent cases purportedly in further support of their motion. I will now have to piece together where this further purported support fits in to Dixie's originally filed motion.

  I cannot express enough to the Court the substantial prejudice the timing of this motion has caused to the Plaintiff, his experts, his witnesses and his counsel and co-counsel. Most respectfully, everyone on our side relied on Your Honor's Pre-Trial Order stating that trial would start today, as a "day-certain . . . which will not be adjourned." The sums of money expended by the Plaintiff and his team in the last month, but particularly last week, was substantial, and the Horns as truck drivers to and from the West Coast will now lose more time from work.

  In incurring these expenses, the Plaintiff's side additionally relied on the unequivocal directive in the Court's Order Page 23, Paragraph H:

> "The Court expects the parties to raise any potential issues at the pre-trial conference, or as soon as they become evident, so that the Court and the parties will have adequate time to consider the issues."

  The Dixie Defendant's "eve of trial" motion is clearly inconsistent with those portions of the Order, and as we will argue in our brief, these issues should have been evident, at a minimum, at the pre-trial conference on June 29, 2021. Of course, the time for dispositive motions expired years ago, and Judge Geraci decided all summary judgment motions long ago.

      The above all said, I respectfully wish to clarify whether we will have the week of August 16, 2021 to complete the trial. I believe Your Honor indicated at the phone Conference that the jury would not be held beyond August 15.

      I must respectfully repeat that Plaintiff will not be able to finish the entire case by August 13, 2021 should Plaintiff defeat Dixie's late-filed motion. If that is the case, I am compelled to request of the Court an adjournment to an earliest trial date of <u>October 11, 2021</u>, due to scheduling issues and religious observances through the entire month of September.

      The Horns, their experts and their counsel sustained a substantial loss of money and time, and loss of work, due to the timing of Dixie's motion. The Plaintiff and his witnesses made a complete effort consistent with the Final Pre-Trial Order to start today as ordered, and at great and lost expense.

      In sum, I must respectfully request further clarification whether the parties will have the week of August 16 to complete the trial.

      Thanking the Court for consideration of this request.

                                Very truly yours,

                                *Jeffrey Benjamin*

                                Jeffrey Benjamin, Esq.

cc: All parties via ECF