UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

DOUGLAS J. HORN and CINDY HARP-HORN,

            *Plaintiffs*,

-against-

MEDICAL MARIJUANA, INC., DIXIE HOLDINGS, LLC, RED DICE HOLDINGS, LLC, and DIXIE BOTANICALS,

            *Defendants*.

Civil Action No.
15-cv-00701-FPG

Hon. Magistrate Judge
Jonathan W. Feldman

**Defendant Dixie Holdings' Memorandum of Law
in Response to Court's Request
for Briefing on Supplemental Jurisdiction**

MAZZOLA LINDSTROM, LLP
Attorneys for defendant Dixie Holdings, LLC
1350 Avenue of the Americas, 2nd Floor
New York, NY 10019
Tel: 646-216-8300
Cell: 917-584-4864

Of Counsel:   Richard E. Lerner
                Jean-Claude Mazzola
                Hanoch Sheps

Dated: August 10, 2021
       New York, New York

**Adoption of Co-Defendants' Arguments, and Supplement Thereto**

Defendant Dixie Holdings, LLC, by their undersigned counsel, submit the following memorandum of law in response to the court's text order of August 3, 2021 (ECF DKT. No. 202), in which the court directed the parties to "brief the issue of whether the Court should exercise supplemental jurisdiction over Plaintiff's sole remaining cause of action: a state law claim for fraudulent inducement." In the interest of judicial economy and expediency, we adopt and incorporate by reference the arguments made in behalf of defendants Medical Marijuana Inc. and Red Dice Holdings LLC on the issue before the court. However, we add the following.

In *Wolde-Meskel v. Vocational Instruction Project Community Services*, 166 F. 3d 59 (2d Cir. 1999), the Second Circuit noted that, for determining whether the amount-in-controversy requirement is satisfied, the court must look to the complaint at the time it was filed. Thus, in the case at bar, the court should focus not just on whether plaintiff's fraudulent-inducement claim is worth more than the $75,000 threshold amount, but instead on whether the original state-law claims asserted in plaintiff's complaint satisfied the $75,000 requirement.

Here, the original complaint did not allege a dollar amount sought in the ad damnum clause, or within the allegations themselves. However, the plaintiff did specifically allege, with respect to one the state-law claims, that the damages were in excess of the jurisdictional amount required for diversity jurisdiction. (See, paragraph 87, with respect to the claim of negligent infliction of emotional duress). Additionally, the ad damnum requested, as to all causes of action, as follows: (emphasis added)

> **WHEREFORE,** Plaintiffs demand judgment against the defendants, for actual, consequential, incidental, statutory and punitive damages as follows:
>
> i. ***On all causes of action***, actual and compensatory damages in a sum of money having a present value ***which exceeds the jurisdictional limits of this Court***;

The issue then is whether, to a legal certainty, at the time the complaint was filed, there was no legal possibility of a recovery on the state-law claims of over $75,000. As the *Wolde-Meskel* court stated:

> [T]here has been no argument presented or finding made that the jurisdictional allegations of the complaint were made in bad faith in an attempt to feign jurisdiction. In any event, to demonstrate a filing in bad faith, "[i]t must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal." *St. Paul [Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289-90, 58 S.Ct. at 590 (1938)] Legal certainty is analyzed by what appears on the face of the complaint; subsequent events – such as a valid defense offered by the defendant, or actual recovery in an amount less than the minimum jurisdictional amount—"do[] not show [plaintiff's] bad faith or oust the jurisdiction." *St. Paul*, 303 U.S. at 289, 58 S.Ct. at 590.

The case of *Yong Qin Luo v. Mikel*, 625 F.3d 772 (2d Cir. 2010), is instructive because the complaint in that matter, having been removed to federal court from a New York state court, lacked a specific dollar amount claimed as damages, because New York prohibits stating a dollar amount in such complaints. After the case was dismissed, the plaintiff argued that removal was improper because the jurisdictional threshold amount had not been pled. The Second Circuit noted (a) that the plaintiff had made a settlement demand of $600,000, and (b) that the plaintiff, at the initial status conference, declined to limit her damages to less than $75,000. This sufficed to establish that the claim was worth more than the threshold amount at the time of removal.

Here, plaintiffs Douglas and Cindy Harp-Horn alleged in their original complaint that "all causes of action" that had been pled satisfied the jurisdictional threshold; therefore, it does not appear that plaintiff Douglas Horn can now argue that diversity jurisdiction is lacking; rather, this case can only be dismissed for lack of diversity jurisdiction if this court were to find, to a legal certainty, that there was no possible way for the plaintiff to have recovered more than $75,000 on the state-law causes of action when the suit was brought, such that such claims must have been asserted in bad faith.

## Conclusion

Should the court conclude, to a legal certainty, that plaintiffs' original state-law claims could not possibly have satisfied the jurisdictional $75,000 threshold for diversity jurisdiction, defendant Dixie Holdings LLC submits that the court should nonetheless exercise supplemental jurisdiction, for the reasons stated by co-defense counsel. If, however, the court were to find that the original state-law claims were not, to a legal certainty, worth less than $75,000, it must retain diversity jurisdiction.

DATED:   New York, New York
         August 10, 2021

Respectfully submitted,

Mazzola Lindstrom LLP

By: */s/ Richard E. Lerner*
Richard E. Lerner
*Attorneys for defendant Dixie Holdings, LLC*
1350 Avenue of the Americas, 2nd Floor
richard@mazzolalindstrom.com