UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____X
DOUGLAS HORN AND CINDY HARP-             Docket No. 1:15-cv-00701
HORN,
                    Plaintiffs,

-against-

MEDICAL MARIJUANA, INC.,
                    Defendant.
_____X

**<u>PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF MOTION
(i) TO CERTIFY THE COURT'S SEPTEMBER 14, 2021 DECISION AS
AN APPEALABLE FINAL JUDGMENT; and (ii) FOR A STAY OF
PROCEEDINGS PENDING APPEAL</u>**

Respectfully submitted,

THE LINDEN LAW GROUP, P.C.

*Jeffrey Benjamin*

By:  Jeffrey Benjamin, Esq.
*Attorney for Plaintiffs*
5 Penn Plaza, 23rd Floor
New York, NY 10001
(212) 835-1532
jbenjamin@nyfraudlaw.com

Dated: New York, New York
       November 19, 2021

TABLE OF CONTENTS

*Page*

TABLE OF AUTHORITIES ....................................................................................................ii

PRELIMINARY STATEMENT ............................................................................................. 1

PROCEDURAL HISTORY .................................................................................................... 3

ARGUMENT ........................................................................................................................... 5

     I.      REQUIREMENTS OF FRCP RULE 54(B) ...................................................... 5

     II.     THE RICO CLAIM SHOULD BE IMMEDIATELY APPEALABLE ............ 6

     III.    THE COURT SHOULD STAY THE TRIAL PENDING APPEAL OF
             THE RICO CLAIM ........................................................................................ 8

CONCLUSION ........................................................................................................................ 8

TABLE OF AUTHORITIES

**Cases:**

*Advanced Magnetics, Inc. v. Bayfront Partners, Inc.*, 106 F.3d 11, 16 (2d Cir. 1997).........6, 7

*Bricklayers and Allied Craftworkers Local 2 v. Wietecha Enterprises, Inc.*, No. 1:15-cv-0582, 2017 WL 5905569 (N.D.N.Y. November 30, 2017).............................................5, 6

*Cullen v. Margiotta*, 811 F.2d 698 (2d Cir. 1987).................................................................6, 7

*Ginett v. Computer Task Grp., Inc.*, 962 F.2d 1085, 1091 (2d Cir. 1992) ...............................5

*Horn v. Medical Marijuana, Inc.*, No. 19-1437 [Doc. 45] (dated November 12, 2019)...........2

*Polycast Technology Corp. v. Uniroyal, Inc.*, 792 F. Supp. 244 (S.D.N.Y. May 4, 1992)..........................................................................................................................................7

**Rules:**

28 U.S.C. § 1291 ......................................................................................................................5

Fed. R. App. P. Rule 8(a)(1)(A) ...............................................................................................8

Fed. R. Civ. P. Rule 54(b) ..............................................................................................3, 4, 5, 7, 8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
DOUGLAS J. HORN and CINDY HARP-HORN,

                                                    Civil Action No: 15-CV-701 (JWF)

                Plaintiffs,

                -against-

MEDICAL MARIJUANA, INC.,
DIXIE ELIXIRS AND EDIBLES,
RED DICE HOLDINGS, LLC, and
DIXIE BOTANICALS,

                Defendants,
-------------------------------------------------------------------X

### PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF MOTION (i) TO CERTIFY THE COURT'S SEPTEMBER 14, 2021 DECISION AS AN APPEALABLE FINAL JUDGMENT; and (ii) FOR A STAY OF PROCEEDINGS PENDING APPEAL

Plaintiff Douglas Horn, by and through his undersigned counsel, hereby submit this memorandum of law in support of his motion (i) to certify the Court's September 14, 2021 Decision and Order [Doc 206] as an appealable final judgment; and (ii) for a stay of proceedings pending decision on appeal.

### PRELIMINARY STATEMENT

Plaintiffs commenced this action on August 6, 2015.  [Doc. 1] (Complaint).  Along with certain New York common law claims either withdrawn or dismissed, the crux of Plaintiff's lawsuit lay in the first three causes of action:

Count I:      Deceptive Business Practices/False Advertising (*Id.* at p. 8)

Count II:     RICO Violations (*Id.* at p. 9)

Count III:    Fraudulent Inducement (*Id.* at p. 11)

The RICO violations in Count II included two prongs: i) that the THC content in Defendants' Dixie X Elixir product made it a "Controlled Substance" violative of the federal

Controlled Substances Act; and 2) that the sending of the product to Plaintiff across state lines in interstate commerce was mail and wire fraud also violative of RICO.

On September 14, 2021 at Doc #206, this Court dismissed Plaintiff's last statutory claim under RICO, that of mail and wire fraud. In summary, the Court defined Plaintiff's case as one of personal injury or "bodily invasion" and as such ruled that Plaintiff's sole claim for damages, his economic loss of earnings as a truck driver, is not recoverable under RICO.

This motion is Plaintiff's respectful "response" to the Court's defining away of Plaintiff's RICO claim for damages. Plaintiff is master of his own pleading. Not only did he not plead a personal injury or bodily injury case, but he did also not conduct discovery, testify in Affidavit or in deposition, or allege damages consistent with a personal injury case. Plaintiff seeks no damages for pain and suffering; he did not allege negligence leading to bodily injury, but only as to Defendants' *manufacturing, promotion and advertising process* leading to his loss of earnings. He has never called a medical doctor expert to testify as to bodily injury or invasion. In sum, he has never put forward any of the typical, or even prefatory, indicators of a personal injury/bodily invasion case.

From his case's beginning in 2015, Plaintiff has prosecuted this case as a consumer fraud stemming from false advertising of a product. His damages have always been solely economic. He has never maintained that the loss of his job came from his physical inability to work, but only from false representations by Defendants in YouTube, print and internet advertising, and the label on the product itself.

Respectfully contrary to the Court's opinion, the factual and legal issues originally brought by Plaintiff and that which remain today are indeed novel. In certain proposed questions to the jury by the Defendants' herein, they asked this Court to ask the jury if they have "ever heard that eating

2

a poppyseed muffin, bagel, or granola bars can result in failing a drug test." Mr. Horn's case was as simple as him eating a product and then testing positive. It was never of him eating a product and needing continued medical treatment and therapy the next day. The Court's recent decision defining the case in a way Plaintiff never intended or conducted, should respectfully be researched, written upon, and submitted to the Second Circuit before trial.

It is specifically because these issues are novel in this District and in this Circuit, that Plaintiff respectfully requests the Second Circuit should consider them before trial. Otherwise, Plaintiff contends there is a risk that Plaintiff, and indeed the Defendants, will be subject to a second trial and post-trial appeals.

Plaintiff for his part, would intend to handle any appeal, if certified by this Court, in the most expeditious fashion.

## PROCEDURAL HISTORY

A.     On August 30, 2018, Defendant Medical Marijuana, Inc. (Defendant "**MMI**") moved for summary judgment. [Doc. 61].  After substantial briefing, argument and consideration, the Court, in its Decision and Order dated April 17, 2019 [Doc. 88] granted the motion in part and sustained Plaintiff's claims on Counts II (RICO Violation) and III (Fraud).  The balance of this significant litigation was premised on and relied upon this ruling.

B.     On August 9, 2019, Plaintiffs moved, per Federal Rule of Civil Procedure ("FRCP") 54(b) for an Order certifying the dismissal of all of Cindy's claims as final, so that she could appeal prior to final judgment after trial.  [Doc. 102].

C.     On August 14, 2019, Douglas also sought final judgment as to the dismissal of Count I (New York General Business Law Sections 349 for Deceptive Practice and 350 for False Advertising) [Doc. 104].  Thus, by way of Docs. 102 and 104, Plaintiffs sought "certification under

FRCP 54(b) and an order of Entry of final judgment against both CINDY and DOUGLAS, and an express determination that there is no just reason for delay of both Plaintiffs' appeal." [Doc. 104].

D.      By Decision and Order dated October 3, 2019 [Doc. 115], the Court denied Plaintiffs' motions, though it recognized the threat Plaintiff contends here: "it would not advance the interests of sound judicial administration of efficiency to have piecemeal appeals that require two . . . three-judge panels to familiarize themselves with [t]he case in successive appeals." *Id.* at p.3 (internal quotation marks and citations omitted).

E.      By Decision and Order dated November 22, 2019 [Doc. 124], the Court held that Defendants' respective motions for reconsideration [Docs. 97 and 106] were granted in part and denied in part.  Its November 22, 2019 Decision modified the Court's prior order "insofar as Douglas Horn may now proceed with his RICO claim only to the extent it is premised on predicate acts of wire and mail fraud.  He may not proceed with his claim on the theory that Dixie X is a controlled substance." *Id.* at p. 10.  Again, this Court sustained Plaintiffs' RICO claims, albeit as modified.

F.      Then one (1) day before jury selection and trial, the Court entertained a latent application by the Defendants and, by Decision and Order dated September 14, 2021, dismissed Douglas's remaining RICO claim.  The Court stated that Plaintiff's loss of earnings damages was not recoverable under RICO because they are predicated upon the bodily invasion suffered when Plaintiff ingested Defendant's THC product (Dixie X).  The Court stated, "In other words, what connects defendants' fraudulent scheme to plaintiff's loss of employment and earnings is a personal injury:  the bodily invasion that plaintiff suffered when he unwittingly ingested TCH." *Id.* at 8-9 (citations omitted).  It is respectfully contended that this ruling was an abuse of discretion, or erroneous as a matter of law on a novel issue the Second Circuit should consider before trial.

It is unclear to Plaintiff why summary dismissals of all of his statutory causes of action took three (3) separate decisions. The threat to Plaintiff of going to trial under these circumstances is that he will be effectively deprived of his day in Court on these certain issues.  Again, Plaintiff's only alleged damages are economic and pecuniary and resulted from the Defendants' improper manufacturing, advertising, and marketing efforts. While Plaintiff certainly wants to get to trial one day, there is no real prejudice or emergent need to try the fraud claim before the statutory claim(s) is at least considered by the Second Circuit. And given what Plaintiff has vehemently contended to be the prejudicial lateness of Defendants' motion on the RICO claim, a temporary pause to allow Plaintiff to take the case up would seem fair and in the interests of justice.

## <u>ARGUMENT</u>

### I.      Requirements of FRCP Rule 54(b)

FRCP Rule 54(b) states:

> (b) Judgment on Multiple Claims or Involving Multiple Parties. When an action presents more than one claim for relief—whether as a claim, counterclaim, crossclaim, or third-party claim . . . the court may direct entry of a final judgment as to one or more, but fewer than all, claims . . . only if the court expressly determines that there is no just reason for delay....

As the Northern District explained in *Bricklayers and Allied Craftworkers Local 2 v. Wietecha Enterprises, Inc.*, No. 1:15-cv-0582, 2017 WL 5905569 (N.D.N.Y. November 30, 2017), the court may issue a final judgment under Rule 54 where, "(1) multiple claims or multiple parties must be present, (2) at least one claim, or the rights and liabilities of at least one party, must be finally decided within the meaning of 28 U.S.C. § 1291, and (3) the district court must make 'an express determination that there is no just reason for delay' and expressly direct the clerk to enter judgment." *Id.* (citing *Ginett v. Computer Task Grp., Inc.*, 962 F.2d 1085, 1091 (2d Cir. 1992)). Moreover, "[t]o be appropriate, a Rule 54(b) must take account of both the policy against

piecemeal appeals and the equities between or among the parties…  It is therefore proper for the District Judge to consider such factors as whether the claims under review are separable from the others remaining to be adjudicated and whether the nature of the claims already determine is such that no appellate court would have to decide the same issues more than once even if there were subsequent appeals." *Id.* (internal quotation marks and citation omitted).

In this regard, the Second Circuit has squarely held that "a district court may properly make a finding that there is no just reason for delay only when "there exists some danger of hardship or injustice through delay which would be alleviated by immediate appeal." *Advanced Magnetics, Inc. v. Bayfront Partners, Inc.*, 106 F.3d 11, 16 (2d Cir. 1997) (quoting *Cullen v. Margiotta*, 811 F.2d 698 (2d Cir. 1987)).  One example of such hardship or injustice is "where an expensive and duplicative trial could be avoided if, without delaying prosecution of the surviving claims, a dismissed claim was reversed in time to be tried with the other claims [.]" Bricklayers *v. Wietecha*, 2017 WL 5905569, at *3 (quoting *Advanced Magnetics*, 106 F.3d at 16)).  There is simply no reason or prejudice that would arise from permitting an immediate appeal and holding the fraudulent inducement claim in abeyance pending its outcome.

## II.    The RICO Claim Should Be Immediately Appealable

Under the totality of the circumstances presented here, the Court should direct entry of a final judgment as to the RICO claim, as the Court's decision that the damages sought via RICO constituted impermissible personal injury damages is a distinct issue unrelated to the fraud claim. Akin to the present case, in *Cullen v. Margiotta*, 811 F.2d 698, 712 (2d Cir. 1987) (*rev'd on other grounds*), the Second Circuit held that "plaintiffs' RICO claims are sufficiently distinct from their [Section] 1983 claims that the entry of an early final judgment dismissing the RICO claims was not precluded."  The Court explained that "[w]hile the two sets of claims arise from the same

underlying facts, both their elements and the potential recoveries differ." *Id.* (holding that "if the RICO claims are viable, judicial economy will be served by having them reinstated immediately rather than after a prolonged remedy-determining process that might then have to be repeated).

In *Polycast Technology Corp. v. Uniroyal, Inc.*, 792 F. Supp. 244 (S.D.N.Y. May 4, 1992), the Southern District explained why an immediate appeal of a RICO denial was appropriate: "If my judgment on the issue is reversed by the court of appeals after what is sure to be a protracted trial, then the case will have to be tried again with the RICO claim reinstated." *Id.* at 278. The Court thus found "no just reason for the delay," and directed the Clerk to enter judgment dismissing the claim. The Court relied on *Cullen* in making its ruling. *Id.*

Similarly, in *Advanced Magnetics, Inc. v. Bayfront Partners, Inc.,* 106 F.3d 11 (2d Cir. 1997)—a case involving alleged violations of the Securities Exchange Act—the Court held that the district court had properly certified a final judgment pursuant to Rule 54(b) thus allowing an appeal of certain claims. The Court reasoned that plaintiff's (still active) claims and those of certain shareholders (whose claims had been dismissed) were each based on a single offering of stock by the defendants. Thus, as discussed, it was efficient case management for plaintiff's and the shareholders' claims (if reinstated) to be tried together since only one jury would be employed to learn the terms of and events of the offering and short sale. The court noted that even though the Rule 54(b) judgment might have resulted in piecemeal appeals, the Rule 54(b) certification was appropriate because it would not have resulted in overlapping issues for the appellate court.

As the Court here is aware, in this case the Plaintiff's claims involve the actions and misrepresentations of the Defendant resulting in Douglas's termination from his employment. If the RICO claim is reversed, Douglas will be forced to try the case twice (once for fraud and again for RICO). The financial and personal hardship to Douglas, a cross-country truck driver, in

addition to the delay occasioned by the Defendants' 12-hour motion, would be untold.  Moreover, a jury should not have to be empaneled twice.  Because the RICO issue to be appealed (whether or not Douglas's damages are recoverable under RICO) is distinct from other issues that may be appealed, there is no risk of duplication in the appellate court.  For all of the foregoing reasons, an interlocutory appeal is appropriate herein.

**III.    The Court Should Stay the Trial Pending Appeal of the RICO Claim**

Since no true prejudice will ensue, this Court should stay the trial on the fraud claim pending resolution on appeal of the RICO claim.  *See* Federal Rule of Appellate Procedure 8(a)(1)(A).

<u>**CONCLUSION**</u>

For the reasons stated above, it is respectfully requested that the Court issue an Order (i) granting Plaintiffs' motion for certification of the RICO dismissal pursuant to Rule 54(b); (ii) staying further proceedings pending appeal; and (iii) granting such other and further relief as this Court deems just and appropriate.

DATED:        New York, New York
              November 19, 2021                    Respectfully,

                                                   THE LINDEN LAW GROUP, P.C.

                                                   *Jeffrey Benjamin*

                                                   By:  Jeffrey Benjamin, Esq.
                                                   *Attorney for Plaintiffs*
                                                   5 Penn Plaza, 23rd Floor
                                                   New York, NY 10001
                                                   (212) 835-1532
                                                   jbenjamin@nyfraudlaw.com