UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

DOUGLAS J. HORN,

Plaintiff,

vs.

MEDICAL MARIJUANA, INC.,
DIXIE HOLDINGS, LLC,
RED DICE HOLDINGS, LLC,
DIXIE BOTANICALS,

Defendants.
_____

Case No. 1:15-cv-00701-JWF
_____

**MEMORANDUM OF LAW OF MEDICAL MARIJUANA, INC.,
AND RED DICE HOLDINGS, LLC, IN RESPONSE TO PLAINTIFF'S
MOTION TO CERTIFY THE COURT'S SEPTEMBER 14, 2021 DECISION
AS AN APPEALABLE FINAL JUDGMENT**

Roy A. Mura, Esq.
Scott D. Mancuso, Esq.
Mura Law Group, PLLC
*Attorneys for Defendants
Medical Marijuana, Inc.
and Red Dice Holdings, LLC*
930 Rand Building
14 Lafayette Square
Buffalo, New York 14203
(716) 855-2800
roy.mura@muralaw.com
scott.mancuso@muralaw.com

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................... ii

PRELIMINARY STATEMENT ..............................................................................................1

ARGUMENT .............................................................................................................................3

    I.    IMMEDIATE CERTIFICATION MAY BE WARRANTED WITH RESPECT TO THE DISMISSAL OF THE CIVIL RICO CAUSE OF ACTION, ALONE ..........3

CONCLUSION ..........................................................................................................................6

i

Mura Law Group, PLLC • 930 Rand Building • 14 Lafayette Square • Buffalo, New York 14203
(716) 855-2800 • fax (716) 855-2816

## TABLE OF AUTHORITIES

**<u>Federal Rules</u>**

FRCP Rule 54(b)..................................................................................................................1, 2, 3

**<u>Cases</u>**

*Cullen v. Margiotta*, 811 F.2d 698, 712 (2d Cir. 1987).....................................................................4

*Polycast Tech. Corp. v. Uniroyal, Inc.*, 792 F. Supp. 244, 278 (S.D.N.Y. 1992) ...........................4

MURA LAW GROUP, PLLC • 930 RAND BUILDING • 14 LAFAYETTE SQUARE • BUFFALO, NEW YORK 14203
(716) 855-2800 • FAX (716) 855-2816

**PRELIMINARY STATEMENT**

Defendants, Medical Marijuana Inc. and Red Dice Holdings, LLC ("MMI/RDH"), by their undersigned counsel, submit the following memorandum of law in response to Plaintiff's two-part motion (Doc. 208) asking the Court: 1) to certify the Court's September 14, 2021 decision as an appealable final judgment; and 2) for a stay of proceedings pending appeal.

First, it is worth pointing out that this is not the first time that Plaintiff has requested similar relief. On August 9, 2019, Plaintiff filed another motion, also pursuant to FRCP 54(b), seeking an immediate appeal of the order dismissing Cindy Harp-Horn from this action (Doc. 102). Judge Geraci denied that motion (Doc. 115) on the grounds that:

> Both the surviving claims and the failed claims arise from the same underlying set of facts: Plaintiff's purchase and use of Defendant's product and Douglas' subsequent failed drug test. Thus, if Plaintiffs were permitted to appeal some of their claims, the Second Circuit would be "forced to review identical facts" in any subsequent appeal after trial.

Doc. 115 at pp. 2 – 3.

Judge Geraci further held that there are "no countervailing equities that would justify partial judgment notwithstanding the relatedness of the claims at issue. Contrary to Plaintiffs' argument, the mere risk that Plaintiffs could incur additional expense if a second trial is required is not enough to justify partial judgment under these circumstances." *Id*. at 3.

Additionally, more recently, although Plaintiff did not make a motion pursuant to FRCP 54(b), he did informally ask for essentially the same relief in a short letter to this Court dated August 10, 2021, which was in response to the Court's request for party positions on jurisdiction (Doc. 205). Plaintiff stated:

> Plaintiff requests herein that pursuant to the provisions of 28 USC 1367(c), the Court decline supplemental jurisdiction over the fraud

1

claim leaving Plaintiff to file in state court, **or otherwise pursuant to FRCP 54(b) the Court certify final judgment as to all prior dismissed claims in this matter.**

(Emphasis added.)

In its September 14, 2021 Decision and Order (Doc. 206 – the very order that Plaintiff now seeks to convert to a final judgment), the Court did not explicitly respond to Plaintiff's informal request to "certify final judgment as to all prior dismissed claims in this matter" pursuant to FRCP 54(b).

As such, although Plaintiff previously requested a final judgment with respect to Cindy Harp-Horn's dismissed claim (Doc. 102), and informally requested final judgment with respect to "all prior dismissed claims" prior to the issuance of the September 14, 2021 order (Doc. 205), it does not appear that Plaintiff has ever requested the specific relief that he seeks on this motion (Doc. 208) – final judgment certification of the order (Doc. 206) that dismissed Plaintiff's civil RICO claim.

However, even though this relief was not specifically previously requested, MMI/RDH submits that Plaintiff certainly could have made the present motion prior to two weeks before the final pre-trial conference (and the week prior to Thanksgiving). Plaintiff and his counsel, having already exhibited full understanding of how FRCP Rule 54(b) works, should have been aware of the grounds for this motion as soon as they read the September 14, 2021 order.

Regardless of the foregoing, MMI/RDH neither opposes nor supports Plaintiff's present motion and only submits the following for the Court's consideration.

MMI/RDH submits that there may be considerations, specific to the RICO cause of action and the circumstances of this case, which would warrant the immediate appeal of the dismissal of the RICO cause of action only. For the reasons stated below, immediate appeal of this

2

order can be seen as distinct from something like the immediate appeal of Cindy Harp-Horn's claims in that it could prevent the potential waste of judicial resources and increase the likelihood of settlement. However, ultimately, MMI/RDH defers to the Court's judgment as to what course of action is most likely to lead to an expeditious resolution of this matter.[1]

## ARGUMENT

## POINT I

### IMMEDIATE CERTIFICATION MAY BE WARRANTED WITH RESPECT TO THE DISMISSAL OF THE CIVIL RICO CAUSE OF ACTION, ALONE

As stated above, the parties are already well-briefed on the standard for entering a final judgment on a separate claim pursuant to FRCP Rule 54(b). Judge Geraci previously considered a motion on this basis with respect to Cindy Harp-Horn's claims and denied the same on two major grounds: 1) that the surviving claims and the failed claims arise from the same underlying set of facts; and 2) that there were no countervailing equities.

While, on the surface, the failed RICO cause of action arises from the same underlying set of facts as the surviving fraudulent inducement cause of action – there are actually few common facts on which dismissal of the RICO cause of action would be appealed.

This Court's dismissal of Plaintiff's RICO claim was based on a legal interpretation of the type of damages that are specifically recoverable in a RICO cause of action, holding that "because plaintiff's loss of earnings flows from, and is derivative of, a personal injury he suffered, his lost earnings do not constitute an injury 'to business or property' that is recoverable in a civil RICO action" (Doc. 206 at p. 13 – 14).

---

[1] Counsel for co-defendant, Dixie Holdings, LLC, has communicated to us that they join with MMI/RDH with respect to this submission.

It does not appear that there is much, if any, overlap between this discrete issue and any other issue that is presently before the Court because this is an issue that is unique to a civil RICO claim. As such, even though the RICO claim arises from the same set of facts as the fraudulent inducement claim, those common facts are not strictly necessary to a determination of whether the September 14, 2021 order was correctly decided under the law.

This is distinct from a claim like Cindy Harp-Horn's, which was entirely derivative of Plaintiff's claim. As such, Judge Geraci correctly noted that "the Second Circuit would be 'forced to review identical facts' in any subsequent appeal after trial" with respect to Cindy's claim, but the same is not necessarily applicable with respect to review of the RICO claim.

Indeed, Plaintiff has cited to several cases which seem to recognize that RICO claims are potentially distinct. However, it should be noted that in *Cullen v. Margiotta*, 811 F.2d 698, 712 (2d Cir. 1987), the court held that even if two sets of claims arise from the same underlying facts, one claim might be separately appealable where "both their elements and the potential recoveries differ." Here, the "elements" of the RICO claims and the fraudulent inducement claims are similar; however, their "potential recoveries" do differ. Indeed, it is the difference in these "potential recoveries" that caused the RICO cause of action to be dismissed in the first place.

*Polycast Tech. Corp. v. Uniroyal, Inc.*, 792 F. Supp. 244, 278 (S.D.N.Y. 1992) is more similar to the present matter in that also involved a common law fraud claim and a RICO claim that was dismissed because on an issue that is unique to RICO, namely, whether or not plaintiffs could satisfy the continuity requirement of a RICO claim. In allowing for immediate appeal, the court recognized that "whether or not trebled damages are available to plaintiffs if they

4

Mura Law Group, PLLC • 930 Rand Building • 14 Lafayette Square • Buffalo, New York 14203
(716) 855-2800 • fax (716) 855-2816

prevail on the merits is a question of considerable importance to all parties" and "an appellate ruling on the issue in advance of trial may enhance settlement negotiations."

With respect to the "countervailing equities" portion of analysis, as Judge Geraci previously noted, the "mere risk that Plaintiffs could incur additional expense if a second trial is required is not enough to justify partial judgment under these circumstances" (Doc 115 at 3).

As such, Plaintiff's protestations that if the "RICO claim is reversed, [he] will be forced to try the case twice (once for fraud and again for RICO)" does not necessarily meet the standard of a "countervailing equity" alone. However, MMI/RDH would submit that, similar to those recognized by the *Polycast* court, there are additional pragmatic considerations given the nature of the cause of action sought to be appealed and the specifics of this case which could provide the necessary "countervailing equities."

It does not appear to be any secret that Plaintiff considers the civil RICO cause of action (and the treble damages that come with it) to be vitally important to his case. The dismissal of the same is, inevitably, going to be appealed by Plaintiff, whether before or after the trial presently scheduled for January 2022. Though MMI/RDH is confident in its position with respect to the dismissal of the RICO claim, which was adopted by this Court in its September 14, 2021 order, MMI/RDH can also recognize that this is an issue that has not been extremely well-developed at the appellate-level and would not be a garden-variety appeal.

Rather than have the propriety of the dismissal of the RICO claim hanging over this case while it proceeds to trial, it may be best to have the Second Circuit weigh in immediately. Not only would this prevent the potential for multiple trials if the decision is overturned, but it would also provide the potential for finality if the decision is affirmed. All parties seem to tacitly understand that the RICO claim is at the heart of Plaintiff's case. If it is affirmed that the RICO

5

Mura Law Group, PLLC • 930 Rand Building • 14 Lafayette Square • Buffalo, New York 14203
(716) 855-2800 • fax (716) 855-2816

claim was properly dismissed, Plaintiff may re-evaluate his position in this case and whether he wishes to proceed to trial at all, knowing that RICO damages are forever off the table.

In other words, final resolution with respect to the RICO claim, alone, could drastically increase the chance of settlement.

As an alternative, MMI/RDH also offers the suggestion that if Plaintiff voluntarily discontinues his fraudulent inducement cause of action, with prejudice, Plaintiff would not only have the immediate right to appeal the dismissal of the RICO claim, but the right to appeal all other dismissed claims as well. It is our understanding that this idea has been presented to Plaintiff's counsel but that he has yet to respond with respect to the same.

## **CONCLUSION**

Based on the foregoing, MMI/RDH respectfully submits that it defers to this Court's judgment in determining the course of action that is most likely to lead to the expeditious resolution of this action and best administer and conserve the resources of the judiciary and the parties.

DATED:    Buffalo, New York
          November 29, 2021

Respectfully submitted,

_____
Scott D. Mancuso, Esq.
Roy A. Mura, Esq.
Mura Law Group, PLLC
*Attorneys for Defendants Medical Marijuana Inc. and Red Dice Holdings, LLC*
930 Rand Building
14 Lafayette Square
Buffalo, New York 14203
(716) 855-2800
scott.mancuso@muralaw.com
roy.mura@muralaw.com