UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

DOUGLAS J. HORN and CINDY HARP-HORN,

        *Plaintiffs*,

-against-

MEDICAL MARIJUANA, INC., DIXIE
HOLDINGS, LLC, RED DICE HOLDINGS, LLC,
and DIXIE BOTANICALS,

        *Defendants*.

Civil Action No.
15-cv-00701-FPG-MJR

Hon. Frank P. Geraci, Jr.
Chief U.S. District Judge

## Defendant Dixie Holdings' Objections to Plaintiff's Requests to Charge & Dixie Holdings' Request to Charge

MAZZOLA LINDSTROM, LLP
Attorneys for defendant Dixie Holdings, LLC
1350 Avenue of the Americas, 2nd Floor
New York, NY 10019
Tel: 646-216-8300
Cell: 646-250-6666
jeanclaude@mazzolalindstrom.com

Dated: July 12, 2021
      New York, New York

1

**Preliminary Statement**

Defendant Dixie Holdings, LLC by its undersigned counsel, hereby submits the following objections to plaintiff Douglas Horn's proposed substantive[1] requests to charge. Of course, if plaintiff fails to proffer evidence in support of each element of each or either of the causes of action, defendant will object to the jury being charged as to such claim or claims. Defendant reserves its rights to submit further requests to charge based upon the evidence adduced at trial..

***

**I:** **Plaintiff Should be Required to Prove the Alleged Predicate RICO Acts to a Clear-and-Convincing Level.**

As to civil RICO, to preserve the issue for appellate review, defendant Dixie hereby objects to the preponderance-of-the-evidence standard, and requests that plaintiff be required to prove the alleged predicate acts of fraud to a clear-and-convincing standard.

Defendant acknowledges that the Second Circuit has held that the plaintiff's burden in a civil RICO case is to prove his case by a preponderance of the evidence. See, e.g., *Goldstein v. Cogswell*, 1992 U.S. Dist. LEXIS 7842 (SDNY 1992) ("[A]lthough a plaintiff asserting a claim of common-law fraud under New York law must prove its claim by "clear and convincing" evidence, see, e.g., *Katara v. D.E. Jones Commodities, Inc*., 835 F.2d 966, 971 (2d Cir. 1987), under RICO a plaintiff seeking to prove fraud need establish that element only by a preponderance of the evidence. See, e.g., *Cullen v. Margiotta*, 811 F.2d at 731. Accord, *Fleischhauer v. Feltner*, 879 F.2d at 1296; *Wilcox v. First Interstate Bank of Oregon*, N.A., 815 F.2d at 531." Defendant objects to such holding, while recognizing that this court is of course bound by Second Circuit precedent. Defendant submits that the proper standard in cases such as

---

[1] We assume that the court will give the litany of standard charges, such as *falsus in uno*, etc.

2

this, wherein fraud underlies the plaintiff's claim, is that predicate acts sounding in fraud must be proved by clear and convincing evidence.

**II: Defendant Dixie Objects to Plaintiff's Request to Charge NY PJI 3:20.2 (Fraud by Omission).**

New York PJI 3:20.2 is used principally in cases where there is a duty to disclose certain material facts known to the defendant, by virtue of superior knowledge of the facts or some other duty. As the charge contemplates a scenario wherein the defendant who allegedly failed to disclose material information knew that the plaintiff would rely on the defendant to disclose such information, and there is no such evidence, nor will there be, that Dixie knew that the plaintiff Horn would so rely, the charge is inapplicable to this case.

**III: Defendant Dixie Objects to Plaintiff's Request to Charge NY PJI 2:278 (Punitive Damages).**

It is well established that punitive damages are available not to remedy private wrongs, but to vindicate public rights and where a defendant's conduct evinces a "high degree of moral turpitude," demonstrating "such wanton dishonesty as to imply a criminal indifference to civil obligations." *Walker v Sheldon*, 10 N.Y.2d 401, 405, 223 N.Y.S.2d 488 (1961); *Rocanova v Equitable Life Assurance Society*, 83 N.Y.2d 603, 613, 612 N.Y.S.2d 339 (1994). Thus, to support a claim for punitive damages, there must harm to the public generally, and defendant's acts must have been done with willful or malicious intent. *P.W.B. Enterprises v. Ark Management*, 227 A.D.2d 104, 641 N.Y.S.2d 645 (1996). No such evidence exists in this case. Therefore, there is no basis for a punitive-damages charge, and consequently no basis for special verdict questions on the issue.

**IV:  Defendant Dixie Holdings' Request to Charge on Apportionment of Fault.**

Defendant Dixie requests, in the event there is evidence presented from which it may be found by a jury that two or more defendant's are at fault, and that their culpable acts were a proximate cause of plaintiff's damages, then there should be a charge on apportionment of fault, in sum and substance, as follows:

> After you have determined which of the defendants are liable to the plaintiff, you must also determine the degree of fault, expressed as a percentage of fault, that each of those defendants contributed to the total injury. You shall apportion the damages among the defendants according to each defendant's percentage of fault. The total percentage of fault derived from adding together all of the defendant's percentages of fault shall equal 100%. In determining each defendant's percentage of fault, you shall consider both the nature of the conduct of the parties and the extent to which that conduct caused the injury.

(See Lexis, Jury Instructions in Tort Actions, 3.03 (available at https://plus.lexis.com/api/document?id=urn:contentItem:55K7-GT80-R03K-2189-00000-00&idtype=PID&context=1530671) and NYI PJI 2:275.

Dated:    July 12, 2021
          New York, New York

                                        Respectfully submitted,

                                        Mazzola Lindstrom LLP

                                        By: Jean-Claude Mazzola
                                        Attorneys for defendant
                                        Dixie Holdings, LLC
                                        1350 Avenue of the Americas, 2nd Floor
                                        New York, NY 10019
                                        Tel:    646-216-8300
                                        Cell:   646-250.6666
                                        Email: jeanclaude@mazzolalindstrom.com

cc:    All parties via ECF

4