UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

===============================================

DOUGLAS J. HORN, et al.,

                Plaintiffs,            <u>Decision and Order</u>

    v.                              15-CV-701-JWF

MEDICAL MARIJUANA, INC., et al.,

                Defendants.

===============================================

## <u>PRELIMINARY STATEMENT</u>

On July 22, 2021 — four days before trial — defendant Dixie Holdings, LLC filed a motion in which it identified potentially dispositive defects with plaintiff Douglas J. Horn's two remaining claims: (1) a civil RICO claim premised on mail and wire fraud, and (2) a state-law claim for fraudulent inducement. <u>See</u> Docket # 194. The trial was cancelled. After motion practice, the Court dismissed plaintiff's civil RICO claim. <u>See</u> <u>Horn v. Medical Marijuana, Inc.</u>, No. 15-CV-701, 2021 WL 4173195 (W.D.N.Y. Sept. 14, 2021) [hereinafter <u>Horn II</u>]. Trial on the fraud claim was rescheduled to January 2022, but on November 19, 2021, plaintiff moved for entry of judgment on his civil RICO claim, pursuant to Federal Rule of Civil Procedure 54(b), with the intent to immediately appeal the Court's ruling. Docket # 208. Defendants do not oppose Plaintiff's motion. Docket # 213 at 5-6; Docket #

214 at 1 n.1.   Because of the unusual procedural history of this case, the discreteness of the issue to be appealed, and plaintiff's unique circumstances, the Court GRANTS plaintiff's motion.

### DISCUSSION

Rule 54(b) provides:

> When an action presents more than one claim for relief
> — whether as a claim, counterclaim, crossclaim, or
> third-party claim — or when multiple parties are
> involved, the court may direct entry of a final judgment
> as to one or more, but fewer than all, claims or parties
> only if the court expressly determines that there is no
> just reason for delay. Otherwise, any order or other
> decision, however designated, that adjudicates fewer
> than all the claims or the rights and liabilities of
> fewer than all the parties does not end the action as to
> any of the claims or parties and may be revised at any
> time before the entry of a judgment adjudicating all the
> claims and all the parties' rights and liabilities.

Fed. R. Civ. P. 54(b) (emphasis added).   The Rule creates "an exception to the general principle that a final judgment is proper only after the rights and liabilities of all the parties to the action have been adjudicated."   Hogan v. Consol. Rail Corp., 961 F.2d 1021, 1024-25 (2d Cir. 1992).   "The determination of whether to grant Rule 54(b) certification is committed to the discretion of the district court."   Id. at 1025.   While "sound judicial administration does not require that Rule 54(b) requests be granted routinely," the "task of weighing and balancing the contending

2

factors is peculiarly one for the trial judge, who can explore all the facets of the case." Id. at 10, 12.

"Rule 54(b) authorizes a district court to enter partial final judgment when three requirements have been satisfied: (1) there are multiple claims or parties, (2) at least one claim or the rights and liabilities of at least one party has been finally determined, and (3) the court makes an express determination that there is no just reason for delay of entry of final judgment as to fewer than all of the claims or parties involved in the action." Linde v. Arab Bank, PLC, 882 F.3d 314, 322-23 (2d Cir. 2018) (internal quotation marks and brackets omitted). The first two requirements are met here. See Estate of Metzermacher v. Nat'l R.R. Passenger Corp., 487 F. Supp. 2d 24, 27 (D. Conn. 2007) (dismissed claims were "finally determined" for purposes of Rule 54(b)).

The Court therefore will focus on the third requirement. "[I]n deciding whether there are no just reasons to delay the appeal of individual final judgments in [a] setting such as this, a district court [is to] take into account judicial administrative interests as well as the equities involved." Curtiss-Wright Corp. v. Gen. Elec. Co., 446 U.S. 1, 8 (1980); see also Novick v. AXA Network, LLC, 642 F.3d 304, 310-11 (2d Cir. 2011). Both factors

favor the entry of partial final judgment as to the civil RICO claim premised on mail and wire fraud.

On the issue of judicial economy, a court's assessment of "judicial administrative interests" is necessary to "preserve[] the historic federal policy against piecemeal appeals." Novick, 642 F.3d at 310-11 (emphasis omitted). A court should consider "such factors as whether the claims [at issue are] separable from the others remaining to be adjudicated and whether the nature of the claims already determined [are] such that no appellate court would have to decide the same issues more than once even if there were subsequent appeals." Curtiss-Wright, 446 U.S. at 8. That is, "a Rule 54(b) certification of the dismissal of fewer than all the claims in an action should not be granted if the same or closely related issues remain to be litigated." Harriscom Svenska AB v. Harris Corp., 947 F.2d 627, 629 (2d Cir. 1991) (internal quotation marks omitted).

The claim to be certified here is "separable or extricable" from plaintiff's surviving fraud claim and the other claims that have previously been dismissed. Ginett v. Comput. Task Grp., Inc., 962 F.2d 1085, 1096 (2d Cir. 1992) (internal quotation marks omitted). To be sure, all of plaintiff's claims "stem from essentially the same factual allegations," Cullen v. Margiotta,

4

618 F.2d 226, 228 (2d Cir. 1980), but that fact alone is not dispositive.  See Ginett, 962 F.2d at 1095 ("[I]nterrelatedness cannot, in itself, 'inextricably intertwine' the claims so as to preclude appellate review; otherwise, . . . every multiclaim case[] would elude the entry of a rule 54(b) judgment, and rule 54(b) would be meaningless.").  "Only those claims 'inherently inseparable' from or 'inextricably interrelated' to each other are inappropriate for rule 54(b) certification."  Id.

Here, plaintiff seeks to appeal a narrow, dispositive issue with respect to his civil RICO claim premised on mail and wire fraud: whether his "requested 'loss of earnings' damages are [] recoverable in a civil RICO action," where the lost earnings are "predicated on the bodily invasion [he] allegedly sustained when THC was introduced into his system through the ingestion of Dixie X." Horn II, 2021 WL 4173195, at *2.  In other words, the dispute is whether plaintiff's theory for damages is legally cognizable in a civil RICO cause of action.  That is a discrete question of statutory interpretation, and neither the previously dismissed claims nor the remaining fraud claim implicate that question in a way that would create a risk that the Second Circuit would be "forced to review . . . identical legal issues in multiple

appeals."[1]   Nat'l Asbestos Workers Med. Fund v. Philip Morris, Inc., 71 F. Supp. 2d 139, 154 (E.D.N.Y. 1999).

Likewise, there is little risk that successive appellate panels would need to retread the same factual ground.  See id.; see also Arlinghaus v. Ritenour, 543 F.2d 461, 464 (2d Cir. 1976) (certification inappropriate where appellate court would be required to "review the same conduct twice").  In this respect, the present circumstances are unusual.  Even in cases where the requested immediate appeal presents a discrete legal question, Rule 54(b) certification may be properly denied on the basis that a "fulsome review" of the legal issue requires consideration of the same underlying factual record relevant to the remaining claims.  In re Trilegiant Corp., No. 12-CV-396, 2015 WL 13901228, at *5 (D. Conn. Mar. 26, 2015); see, e.g., Novick, 642 F.3d at 313-14; Uni-Rty Corp. v. Guangdong Bldg., Inc., 249 F.R.D. 149, 152 (S.D.N.Y. 2008) (certification of civil RICO claims inappropriate where successive appellate panels would need to

---

[1] To the contrary, resolution of this issue through Rule 54(b) certification could have the effect of significantly shrinking any subsequent appeal.  If the Second Circuit were to affirm the Court's ruling, plaintiff's other, previously dismissed RICO claims would likely fail for the same reason, and it would therefore be unnecessary to address the separate legal grounds on which District Judge Geraci relied to dismiss them.  See generally Horn v. Med. Marijuana, Inc., 383 F. Supp. 3d 114 (W.D.N.Y. 2019), modified on reconsideration, 2019 WL 11287650 (Nov. 22, 2019).

6

"familiarize themselves with th[e] complicated factual history" of
the case in order to address issue of proximate causation).

By contrast, an assessment of the civil RICO claim which
plaintiff seeks to appeal would demand little analysis of the
underlying facts. The parties agree that it is simply a question
of whether, assuming he has sufficient facts to prove his theory,
plaintiff's requested "loss of earnings" damages are legally
recoverable via a civil RICO action.[2]  Horn II, 2021 WL 4173195,
at *3 (quoting plaintiff's brief at Docket # 198 at 7).  The
underlying factual record is largely irrelevant, as this Court's
Decision & Order on the issue demonstrates. See id. at *2-5. In
addition, pretrial resolution of the RICO issue via Rule 54(b)
certification will impact the length of the trial, the proof at
trial, the arguments of counsel, and the instructions given to the
jury at the close of the case, further serving the interest of
judicial economy.

Therefore, because "[t]he issue presented here . . . is a
discrete and straightforward legal issue which the Court of Appeals

_____

[2] In his Rule 54(b) motion, plaintiff now accuses the Court of "defining away"
his claim by framing his damages in terms of "personal injury/bodily invasion."
Docket # 208-1 at 5.  While plaintiff is clearly critical of the Court's
rationale, the Court does not interpret plaintiff's remarks to mean that he is
retracting his prior acknowledgment that the "nexus between the RICO violations"
and his "resulting economic damages" is the "harm of the THC that was introduced
into [his] system."  Docket # 198 at 7.

can resolve quickly and which will serve the goal of judicial economy," judicial administrative interests do not militate against certification. Roebuck v. Guttman, 678 F. Supp. 68, 70 (S.D.N.Y. 1988).

The equities also favor the immediate entry of judgment. Ordinarily, the most obvious factor weighing against an immediate appeal is that it "simply delays trial." Campbell v. Westmoreland Farm, Inc., 403 F.2d 939, 942 (2d Cir. 1968). That concern is not so salient here. This case has been ready for trial since December 2019. Docket # 125. With the COVID-19 pandemic, scheduling conflicts among counsel, and intervening motion practice, trial was delayed to January 2022. On December 2, 2021, the Court held a status conference and indicated that it intended to grant plaintiff's Rule 54(b) motion. See Docket # 216. At the time of the status conference, it was far from clear that the trial could even proceed on schedule: as the Court previously informed the parties, there were other trials scheduled for the same timeframe that could have taken priority over this case, and, unfortunately, COVID transmission had been extremely high in Western New York in the preceding weeks.[3]  Cf. Vaad L'Hafotzas Sichos, Inc. v. Kehot

---

[3] Indeed, the highly transmissible Omicron variant has since emerged, which may have necessitated an adjournment of trial regardless of the merits of the Rule

Pub'n Soc'y, No. 10-CV-4976, 2014 WL 1026592, at *2 (E.D.N.Y. Mar. 20, 2014) (denying certification where the court was confident it could try the case "and render a final, appealable judgment in less time than it would take to pursue an immediate appeal to completion"). The potential for further delay due to the pandemic and possible scheduling conflicts, and the parties' agreement that an immediate appeal is appropriate, diminish the Court's otherwise strong intent to give the parties their day in court. Cf. Gidatex, S.r.L. v. Campaniello Imps., Ltd., 73 F. Supp. 2d 345, 348 (S.D.N.Y. 1999) (finding that equities did not favor certification where nonmoving party "vigorously oppose[d] postponement of the trial date").

More importantly, the potential for "hardship or injustice," Harriscom, 947 F.2d at 629, and the interest of "fairness to the parties," New York v. AMRO Realty Corp., 936 F.2d 1420, 1426 (2d Cir. 1991), weigh heavily in favor of certification. The claim plaintiff seeks to immediately appeal was dismissed days before trial and resulted in the cancellation of trial. Plaintiff, a cross-country truck driver by trade, was thereby forced to incur "a substantial loss of money and time" due to the sunk costs of

---

54(b) motion.   In-person court appearances, including jury trials, have been significantly reduced in 2022.

travel and trial preparation.   Docket # 198 at 6 n.2; see also
Docket # 208-1 at 10-11.   The unique financial and personal
hardships that plaintiff has already faced, and may face again if
the Court's ruling on the RICO claim is reversed, render the risk
of duplicative trials more unfair and harsh than in the mine run
of cases.  See In re Gentiva Secs. Litig., 2 F. Supp. 3d 384, 390
(E.D.N.Y. 2014) ("The mere potential for duplicative trials should
not by itself result in 54(b) certification, except in the
infrequent harsh case." (internal quotation marks omitted and
emphasis added)); Bowne of New York City, Inc. v. AmBase Corp.,
161 F.R.D. 270, 273 (S.D.N.Y. 1995) (in deciding whether partial
final judgment is appropriate, a court "can take into account
whether delay would cause financial hardship to either party").
Plus, as defendants point out, definitive appellate resolution of
plaintiff's civil RICO claim could dramatically alter the
potential damages, see 18 U.S.C. § 1964(c), and may therefore help
to facilitate settlement of this matter.   See Docket # 213 at 9;
see also Curtiss-Wright, 446 U.S. at 8 n.2; Polycast Tech. Corp.
v. Uniroyal, Inc., 792 F. Supp. 244, 278 (S.D.N.Y. 1992)("Whether
or not trebled damages are available to plaintiffs if they prevail
on the merits is a question of considerable importance to all

10

parties.  An appellate ruling on the issue in advance of trial may enhance settlement negotiations.").

For these reasons, the Court concludes that there is "no just reason[] to delay the appeal." Curtiss-Wright Corp., 446 U.S. at 8.  In reaching this conclusion, the Court is mindful that Judge Geraci previously denied a Rule 54(b) motion filed by plaintiff with respect to the claims dismissed at summary judgment.  See Horn v. Med. Marijuana, Inc., No. 15-CV-701, 2019 WL 4871499 (W.D.N.Y. Oct. 3, 2019).  However, the certification request that Judge Geraci considered — entry of partial final judgment as to all of Cindy Harp-Horn's claims as well as Douglas Horn's claims under Sections 349 and 350 of New York General Business Law — stands in stark contrast to the narrow request before this Court. Given the number of claims and issues, the prior request presented a greater likelihood of duplicative effort in successive appeals. Id. at *1.  Furthermore, intervening developments, including the pandemic and the unnecessary expenses and hardships plaintiff has already borne, give rise to "countervailing equities" that did not exist before Judge Geraci.  Id. at *2.

As a matter of law, I determined that plaintiff's primary cause of action, his civil RICO claim, is not cognizable.  Both parties agree that an immediate appeal of this determination is

11

appropriate and justified.   Based on the unique posture of this case, I concur.   If my determination as to the viability of plaintiff's RICO claim was erroneous, absent Rule 54(b) relief, this case would have to be tried again with the RICO cause of action reinstated, an event that would be inefficient and costly. Accordingly, the Court concludes that entry of a partial final judgment pursuant to Rule 54(b) is appropriate with respect to plaintiff's civil RICO claim predicated on mail and wire fraud.

CONCLUSION

For the reasons stated above, the Court GRANTS plaintiff Douglas J. Horn's Rule 54(b) motion (Docket # 208).  The Clerk of Court is directed to enter partial final judgment on Douglas J. Horn's civil RICO claim predicated on mail and wire fraud, which the Court dismissed in its September 14, 2021 Decision & Order. See Docket # 206.

**SO ORDERED.**

_____
JONATHAN W. FELDMAN
UNITED STATES MAGISTRATE JUDGE

Dated:      Rochester, New York
            January 20, 2022